# Chimicles & Tikellis LLP

ATTORNEYS AT LAW

One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642.8500
Telecopier: (610) 649.3633
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly M. Donaldson
Joseph G. Sauder
Daniel B. Scott
Kimberly Litman Kimmel
Timothy N. Mathews
A. Zachary Naylor *
Benjamin F. Johns
Scott M. Tucker *
Meghan A. Adams *
Tiffany J. Cramer *
Kimberly A. Sanders
Alison R. Gabe
Matthew D. Schelkopf

OF COUNSEL
Morris M. Shuster
Denise Davis Schwartzman
Anthony Allen Geyelin
David M. Maser

*Attorneys admitted to
Jurisdiction other than PA

Writer's Direct E-mail:
Steveschwartz@chimicles.com

August 21, 2008

Honorable Faith S. Hochberg
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *In Re: LG Front Load Washing Machine Class Action Litigation*,
      No. 2:08-cv-00051-FSH-MAS

Dear Judge Hochberg:

This firm represents Plaintiffs in the above-captioned matter. I am writing to inform your Honor about a recent decision of the Third Circuit Court of Appeals that relates to Plaintiffs' Opposition to Defendant LG Electronics USA, Inc.'s Motion to Dismiss, specifically their arguments concerning the reliance requirement under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (Pl. Oppos. Br. at 22). On August 5, 2008, the Third Circuit, in *Hunt v. U.S. Tobacco*, No. 07-2134, 2008 U.S. App. LEXIS 16547, vacated the decision of Judge Buckwalter of the Eastern District of Pennsylvania. The Third Circuit concluded that the private-plaintiff standing provision, unique to the Pa. UTPCPL, requires proof of justifiable reliance for all claims under the UTPCPL, including those arising from deceptive conduct under the amended catch-all provision.

Regardless of this decision, which relates solely to one cause of action pled in the alternative by Plaintiffs here, Plaintiffs' claims should not be dismissed, for the reasons stated in their Opposition. Plaintiffs allege, first and foremost, claims on behalf of a nationwide class for violations of the New Jersey Consumer Fraud Act ("CFA"), for unjust enrichment and for breaches of express and implied warranties under New Jersey law and the Magnuson-Moss Warranty Act. The New Jersey



WILMINGTON OFFICE
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Telephone: (302) 656.2500
Telecopier: (302) 656.9053

Honorable Faith S. Hochberg
August 21, 2008
Page 2

CFA applies to LG's misconduct with respect to all Plaintiffs and Class members, including those who purchased their LG front-load washing machines in Pennsylvania, because New Jersey has the strongest state interest in having its law applied to conduct emanating from within New Jersey by a company headquartered in New Jersey. (Pl. Oppos. Br. at 8-18). Moreover, Plaintiffs sufficiently alleged justifiable reliance (*Id.* at 24 n.27 (citing Consolidated Amended Complaint at ¶¶ 46-47)), and are otherwise entitled to a presumption of reliance (*Id.* at 23 n.23), since LG's omissions concerning the "nature [and] quality" of its front-load washing machines were material to Plaintiffs' decisions to purchase these products. *Hunt*, 2008 U.S. App. LEXIS 16547 at **28-29 ("where a seller deceives a potential purchaser as to the nature, quality or origin of a product, it is easy to understand the purchaser's later claim that the misrepresented information was important to his purchasing decision"). Plaintiffs allege that they, naturally, would not have purchased LG's front-load washing machines had LG been forthright about the fact that such products were susceptible to defects that caused the development of mold and mildew and associated odors. For these reasons, as well as those set forth more fully in Plaintiffs' Opposition, the Third Circuit's decision in *Hunt* does not compel dismissal of Plaintiffs' well-pled, alternative, claim for violations of the UTPCPL, nor any other consumer protection claim pled in Plaintiffs' Complaint.

Respectfully submitted,

/DSS

Steven A. Schwartz

cc: Counsel of Record