UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

2 / 2008

| | |
|---|---|
| In re LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION | Civil Action No. 08-51 (FSH)<br><br>**ORDER** |

WHEREAS, on March 20, 2008, this Court entered an Order Consolidating Matters ("Consolidation Order") in putative class actions captioned *Jason Harper and Gina Harper v. LG Electronics USA, Inc.*, Civil Action No. 08-51 (FSH); *Figueroa v. LG Electronics USA, Inc.*, Civil Action No. 08-479 (FSH); *Burke v. LG Electronics USA, Inc.*, Civil Action No. 08-786 (FSH) and *Boone v. LG Electronics USA, Inc.*, Civil Action No. 08-787 (FSH) (hereinafter the "Consolidated Actions") under the above caption; and

WHEREAS, the Consolidation Order further provided that any other cases filed in this District should also be consolidated into the Consolidated Action; and

WHEREAS, an action captioned *Kim Scalise v. LG Electronics USA, Inc.*, Civil Action No. 08-1045 (FSH) was thereafter consolidated into the Consolidated Actions by Order dated April 3, 2008; and

WHEREAS, an action captioned *Jill Olejniczak v. LG Electronics USA, Inc.*, Civil Action No. 08-1501 (FSH) had been filed on March 21, 2008; and

WHEREAS, on May 6, 2008, pursuant to the Consolidation Order, Plaintiffs filed a Consolidated Amended Complaint, which included the claims of Plaintiff Olejnickzak; and

WHEREAS, Defendant filed a Motion to Dismiss the Consolidated Amended Complaint, including the claims of Plaintiff Olejnickzak, on June 20, 2008; and for good cause shown,

IT IS THIS 27TH day of August, 2008 ORDERED as follows:

1. *Jill Olejniczak v. LG Electronics USA, Inc.*, Civil Action No. 08-1501 (FSH) is

hereby consolidated with the Consolidated Actions for all purposes;

2. The Court's Order Consolidating Matters shall apply to the *Olejniczak* Action;

3. All further filings in the *Olejniczak* Action shall be made in the Master Docket established in the Order Consolidating Matters;

4. The consolidation of these actions is for the procedural and administrative convenience of the Court and the parties, and does not constitute a waiver or compromise of any rights of the parties would otherwise have.

_____
Michael S. Shipp, U.S.M.J.