UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON HARPER, et al., | Civil Action No. 08-51 (FSH) |
| Plaintiff, | **OPINION and ORDER** |
| v. | |
| LG ELECTRONICS USA, INC., | February 3, 2009 |
| Defendant. | |

**HOCHBERG, District Judge**

This matter comes before the Court upon Defendant LG's Motion to Dismiss Certain Counts of Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the arguments of the parties on the papers pursuant to Federal Rule of Civil Procedure 78 and will deny Defendant's Motion to Dismiss.

*I.     Background*

Plaintiffs, residents of New Jersey, California, Colorado, Connecticut, Florida, Illinois, Massachusetts, Michigan, New York, North Carolina, Ohio, Pennsylvania and Texas,[1] bring the instant action on behalf of themselves and a nationwide class of persons who purchased front-loading automatic washing machines that were marketed and sold by LG, and that have a common drainage defect that causes the proliferation of mold and mildew, as well as foul odors

---

[1] Plaintiffs each filed significantly similar actions both in this Court and other Districts in 2007 and 2008. Each of these actions was transferred or re-filed in this Court, where they were consolidated for all proceedings pursuant to Federal Rule of Civil Procedure 42. In accordance with the consolidation order filed in this action, Plaintiffs filed their consolidated Amended Complaint on May 6, 2008.

in the machines and on clothing washed in the machine.  More specifically, Plaintiffs allege that all of LG's front load washing machines posses a common design defect in the dryer drum and/or door gasket that causes water to not fully or properly drain after each wash cycle, and that this remaining water causes the proliferation of mold and mildew.  Plaintiffs assert claims against Defendant under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., for breach of express and implied warranties under New Jersey law, and for unjust enrichment under New Jersey law.  In the alternative, Plaintiffs bring claims for breaches of express and implied warranties, unjust enrichment and consumer fraud and deception under the laws of the states where Plaintiffs reside.

    II.    *Motion to Dismiss*

A motion to dismiss should be granted only when, accepting all the allegations in the complaint to be true, and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to show that he is entitled to the relief being sought.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).  To survive a Rule 12(b)(6) Motion to Dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007).  According to the Third Circuit, "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotations omitted) (citing *Twombly*, 127 S. Ct. at 1965).

Although a court need not credit a complaint's "bald assertions" or "legal conclusions," it is required to accept as true all of the allegations in the complaint, as well as all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), *citing Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the Plaintiff's claims are based on those documents. *Pension Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1992).

   III.   Discussion

   *A. Choice of Law in Defendants' Motion to Dismiss*

New Jersey is the "forum state" for the instant litigation, and the Court "must apply the law of the forum state, including its choice of law rules." Barbey v. Unisys Corp., No. 06-2849, 2007 WL 4219470, *1 (3rd Cir. Nov. 30, 2007) (citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941)). New Jersey "currently subscribe[s] to the more flexible governmental-interests analysis." Rowe v. Hoffman-La Roche, Inc., 917 A.2d 767, 771 (N.J. 2007). The governmental interest approach requires a two-step analysis:

> "The first step in the analysis is to determine whether a conflict exists between the laws of the interested states. Any such conflict is to be determined on an issue-by-issue basis." If there is no actual conflict, then the choice-of-law question is inconsequential, and the forum state applies its own law to resolve the disputed issue.
>
> ———
>
> If there is an actual conflict, the second step "seeks to determine the interest that each state has in resolving the specific issue in dispute." The Court must "identify the governmental policies underlying the law of each state" and determine

3

whether "those policies are affected by each state's contacts to the litigation and to the parties." We must apply the law of "the state with the greatest interest in governing the particular issue."

Id. at 621 (quoting Veazey v. Doremus, 510 A.2d 1187, 1189 (N.J. 1986)) (internal citations omitted).

Plaintiffs' claims can be categorized into three groups: those that sound in contract or quasi-contract,[2] those that sound in tort,[3] and those that sound in fraud.[4] Each category will require the Court to undertake a slightly different choice-of-law analysis. For Plaintiffs' contract claims, the Court considers the factors described in the Restatement (Second) of Conflict of Laws § 188. See CSR Ltd. v. Cigna Corp., No. 95-2547, 2005 WL 3132188, *13 (D.N.J. Nov. 21, 2005) ("In so doing, the New Jersey Supreme Court requires that courts consider the guidance of the Restatement."). As one court has explained:

> In the context of contract matters, the Restatement provides that "[i]f the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied" unless the principles stated in § 6 dictate a different result. Section 188 offers various contacts for courts to consider in applying the principles of § 6 to contract issues, including: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of

---

[2] See Amended Compl. Counts II (breach of written warranty), III (Breach of express warranty), IV (breach of implied warranty), VII (breach of express warranty).

[3] See Amended Compl. Count VI (unfair competition).

[4] See Amended Compl. Counts I (New Jersey Consumer Fraud Act), IX (violation of Colorado Consumer Protection Act), X (violation of Connecticut's Unfair Trade Practices Act), XI (violation of Florida's Deceptive and Unfair Trade Practices Act), XII (violation of Illinois Consumer Fraud and Deceptive Practices Act), XIII (violation of Michigan Consumer Protection Act), XIV (violation of New York's General Business Law: Deceptive Acts and Practices), XV (violation of North Carolina's Unfair and Deceptive Trade Practices Act), XVI (violation of Pennsylvania Unfair Trade Practices and Consumer Protection Laws), XVII (violation of Texas' Deceptive Trade Practices -Consumer Protection Act), XVIII (violation of Wisconsin Deceptive Trade Practices Act).

> performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." "These contacts are to be evaluated according to their relative importance with respect to the particular issue."

Id. at *13 (internal citations omitted) (citing Gilbert Spruance Co. v. Pa. Mfrs.' Assoc. Ins. Co., 629 A.2d 885, 888 (N.J. 1993)). In tort cases, "four factors must be taken into account: 1) the place where the injury occurred; 2) the place where the conduct causing the injury occurred; 3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and 4) the place where the relationship, if any, between the parties is centered." Weisbrot v. Schwimmer, No. 97-2711, 2007 WL 2683642, *3 (D.N.J. Sept. 7, 2007) (citing Lebegern v. Forman, 471 F.3d 424, 428-29 (3d Cir. 2006)). For tort claims that sound in fraud the Restatement lists several relevant contacts to determine which state has the most significant relationship to the occurrence and the parties. In fraud claims, New Jersey courts look to these factors:

> The Restatement [(Second) Conflict of Laws § 148(2)(a)-(f)] enumerates six contacts[:]
>
> (a) the place . . . where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where the defendant made the representations, (d) the . . . place of incorporation and place of business of the parties . . . (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Pratt v. Panasonic Consumer Electronics Co., 2006 WL 1933660, 12 (N.J. Super. Ct. Law Div. July 12, 2006) (internal citations omitted).

With respect to the first step of the governmental interest approach, Defendant has made a sufficient showing that with respect to at least certain of Plaintiffs' claims against Defendant there are genuine conflicts of law between the laws of the interested states. The Court must nonetheless deny Defendant's motion to dismiss certain counts of the Amended Complaint.

The Court is unable to make the fact-intensive choice-of-law determination on the record before it. As the New Jersey Supreme Court has noted, choice of law analysis must be undertaken on an issue-by-issue basis. Rowe, 917 A.2d 767, 771 (N.J. 2007). As the Third Circuit has noted, "[t]he [second step of the] governmental interest analysis is fact-intensive: 'Each choice-of-law case presents its own unique combination of facts – the parties' residence, the place and type of occurrence and the specific set of governmental interest – that influence the resolution of the choice-of-law issue presented.'" Warriner v. Stanton, 475 F.3d 497, 500 (3d Cir. 2007) (quoting Erny v. Estate of Merola, 792 A.2d 1208, 1221 (N.J. 2002)). The choice-of-law decision that the Third Circuit affirmed in Warrnier was fact-intensive, and, consequently, the district court judge made his choice-of-law ruling at the summary judgment stage. Warriner v. Stanton, No. 03-2211, 2005 WL 1397015, *1 (D.N.J. June 14, 2005). Some choice of law issues may not require a full factual record and may be amenable to resolution on a motion to dismiss. In this case, however, the Court will defer its choice-of-law decision until the parties present a factual record full enough to permit this Court to undertake the second step of the "governmental interest" analysis.

The Court need only determine if the Complaint contains "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" in order to allow the challenged counts of the Amended Complaint to remain. See Phillips v. County of

6

Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quotations omitted) (quoting Twombly, 127 S. Ct. at 1965 (2007)).  Plaintiffs have presented a set of facts where New Jersey law governs this action.  In accepting all of Plaintiffs' claims as true under the Rule 12(b)(6) standard, Plaintiffs' allegations in the Amended Complaint state a legal claim.  Therefore, Defendant's motion to dismiss is denied.

*B.  Failure to Plead Fraud with Particularity under Fed. R. Civ. P. 9(b)*

Plaintiffs bring statutory fraud claims under the New Jersey Consumer Fraud Act, as well as the comparable statutes in Plaintiff's home jurisdictions.  Plaintiffs' statutory fraud claims are subject to Rule 9(b)'s heightened pleading standards.  See Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 512 (D.N.J. 1999); see also Parker v. Howmedica Osteonics Corp., No. 07-2400, 2008 WL 141628, *2 (D.N.J. Jan. 14, 2008) ("Importantly, [New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).").  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).

Defendant moves to dismiss the fraud claims, arguing that Plaintiffs have failed to plead these claims with the particularity required by Fed. R. Civ. P. 9(b).  Plaintiffs have adequately plead fraud claims against Defendant by alleging that LG marketed defective washing machines as providing superior quality, and knowingly failed to disclose the defects in an attempt to sell more washing machines.  The Court finds that Plaintiffs have included the factual basis for the allegations of fraud with sufficient specificity to put Defendant on notice of the "precise

7

misconduct with which [it is] charged."[5]  See Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004).  Accordingly, Defendant's Motion to Dismiss on this ground is also denied.

IV.   ORDER

**ACCORDINGLY**, **IT IS** on this 3rd day of February, 2009,

**ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**

---

[5] Defendant also argues that Plaintiffs have failed to allege certain components of the other jurisdictions' consumer fraud laws, such as reliance and public harm.  The Court finds, however, that Plaintiffs have alleged these other elements with sufficient particularity to satisfy the requirements of Rule 9(b).