# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 214 NORTH TRYON STREET<br>CHARLOTTE, NORTH CAROLINA 28202-1078 | ONE RIVERFRONT PLAZA<br>NEWARK, NEW JERSEY 07102-5401 | 4 STASOVOY ULITSA<br>119071 MOSCOW, RUSSIAN FEDERATION |
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | (973) 848-7676 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | FACSIMILE (973) 848-7650 | 25 AVENUE MARCEAU<br>CS 31621<br>75773 PARIS CEDEX 16 |
| 11TH FLOOR, GLOUCESTER TOWER,<br>THE LANDMARK, 15 QUEEN'S ROAD CENTRAL<br>HONG KONG | www.winston.com | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5802 |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | | |

JAMES S. RICHTER
(973) 848-7645
jrichter@winston.com

April 17, 2009

**BY ECF AND HAND DELIVERY**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
  and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:    **In re LG Front Load Washing Machine Class Action Litigation
> Case No. 08 CV 51 (FSH)(MAS)**

Dear Judge Shipp:

    As Your Honor is aware, this firm represents Defendant LG Electronics USA, Inc. ("LG USA") in the above-referenced matter.  Enclosed please find a proposed Protective Order, as well as Certifications of Counsel pursuant to L.Civ.R. 5.3.  All parties have consented to the form and entry of the protective order.

    If the enclosed proposed form of Order is acceptable to Your Honor, we respectfully request that it be entered.

Respectfully submitted,

James S. Richter

cc:    All Counsel (w/encl.)(by e-mail)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING         :
MACHINE CLASS ACTION LITIGATION     : Civil Action
                                    : No.:08-cv-00051(FSH/MAS)
_____:

## STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

**WHEREAS**, the parties to the above-captioned matter believe that one or more of them

may be required to disclose to another party trade secrets, proprietary business information,

and/or confidential personal or business information relating to the subject matter of this action;

**WHEREAS**, the parties consider such information to be confidential and proprietary

within the meaning of *Fed.R.Civ.P.* 26(c)(1)(G), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772

(3d Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995), and, therefore,

mutually desire that a protective order limiting use, access to, and disclosure of such information

be entered;

**WHEREAS**, the parties desire to preserve the confidentiality of their Confidential

Information without unduly encroaching upon the public's right to be informed of judicial

proceedings, in accordance with Local Civil Rule 5.3;

**WHEREAS**, the parties recognize that Confidential Information may be produced by a

non-party, and the parties seek to facilitate the production and protection of such Confidential

Information;

**WHEREAS**, the parties desire to limit the extent of disclosure and use of Confidential

Information, and to protect Confidential Information from unauthorized use and/or further

disclosure, and wish to ensure that no advantage is gained by any party by the use of such

Confidential Information that could not have been gained had discovery in this action not occurred; and

**WHEREAS**, the parties have consented to the entry of this Protective Order pursuant to Fed.R.Civ.P. 26(c)(1)(G) and Local Civil Rule 5.3, and the Court having considered the foregoing and for good cause shown,

**IT IS** on this _____ of _____, 2009,

HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, that the following provisions shall govern the disclosure of information during pretrial discovery herein, and ORDERED by the Court, as follows:

1.      This Stipulation and [Proposed] Order Governing the Protection and Exchange of Confidential Material ("Stipulation") shall govern all documents, interrogatory answers, responses to requests to admit, depositions and deposition exhibits, electronically stored information, and any other information produced or obtained from any party or non-party in the course of this Action, whether produced or obtained pursuant to a formal discovery request or subpoena, a request made at deposition, or any other formal or informal means (collectively, "Discovery Material").

2.      All Discovery Material shall be used solely for the purpose of the above-captioned litigation (including any appeals) (collectively the "Action") and shall not be used for any other purpose or disclosed to any person except in accordance with the terms hereof.  Discovery Material designated pursuant to Paragraph 3 below shall be used solely for purposes of this Action and, except as otherwise provided herein, shall not be used for any other purpose, including, without limitation, any business, commercial, or governmental purpose.

3.      Any party to the Action may in good faith, consistent with *Fed.R.Civ.P.*

26(c)(1)(G), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995), designate any Discovery Material produced by any party or non-party as Confidential or Highly Confidential in accordance with and subject to the terms of this Stipulation.  Any non-party who agrees to be bound by the terms of this Stipulation may designate any Discovery Material provided by him, her, or it in the same manner.  Discovery Material shall not be so designated if it is information that is in the public domain, unless such information is believed, in good faith, to improperly be in the public domain.

Plaintiffs anticipate making the following designations with respect to the following types or category of documents:

- Confidential:  the specific portions of documents reflecting the social security number, credit card billing number or similarly financial or tax account information.

- Highly Confidential: none.

Defendant LG USA anticipates making the following designations with respect to the following types or category of documents:

- Confidential:  documents including non-public marketing, sales, development, business, trade, financial, and operational information, as well as research, know-how,  and all other valuable or sensitive information.

- Highly Confidential: documents of heightened commercial, economic, or competitive importance, including design plans or specifications, non-public product information, customer information or lists, current or future business plans, new product or business developments, trade secrets, proprietary

3

engineering information, internal financial information, contracts (with

distributors, licensors, retailers, developers, sales representatives, or others),

proprietary data, and pricing or cost information..

Nothing herein shall be taken as a statement that LG USA intends to or will produce any

particular document.

Upon receipt of notice in writing that Discovery Material was produced or disclosed

inadvertently without an appropriate confidentiality designation or with an incorrect

confidentiality designation, the receiving party shall return all copies of such Discovery Material

promptly to the designating party.  The designating party shall provide substitute documents

bearing the correct confidentiality designation.

4.      The designation of Discovery Material as Confidential or Highly Confidential

shall be made in the following manner:

(a)      In the case of documents, discovery responses, electronically stored

information, and other materials (apart from depositions and other pretrial testimony), by affixing

(without obscuring or defacing the document) the legend "CONFIDENTIAL - SUBJECT TO

CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," as appropriate, to each page; and

(b)      In the case of depositions and other pretrial testimony, (i) by

a statement on the record by counsel for the designating party or non-party at the time the

testimony is given, or (ii) by written notice sent by counsel for the designating party or non-party

to all other parties to the Action within 30 days after receiving a copy of the transcript thereof,

listing the specific pages and lines of the transcript that should be treated as Confidential or

4

Highly Confidential. A copy of such written notice shall be attached to the face of the transcript and each copy thereof in the possession, custody, or control of the parties and non-parties to the Action. All deposition transcripts shall be treated as Highly Confidential in their entirety, and shall not be submitted to the Court except as provided in paragraph 11 below, until the expiration of 5 business days after the final date for giving written notice of confidentiality as provided for in this paragraph.

5.       Confidential Discovery Material may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

(a)       Counsel for the parties, including in-house counsel, and regular and temporary employees of such counsel assisting in the conduct of this Action. This category includes any outside vendor retained by counsel to perform any photocopying, disk copying, computer imaging, data processing, court reporting, or other clerical services.

(b)       Experts or consultants retained by the parties or their counsel in connection with the prosecution or defense of this Action, as follows:

Plaintiffs or their counsel may provide to any of their experts and consultants in this litigation any Discovery Material that is not designated Confidential or Highly Confidential. Plaintiffs may also provide Discovery Material that is designated by LG USA as Confidential or Highly Confidential to any of their experts and consultants in this litigation subject to the restrictions set forth below in this paragraph.

Neither Plaintiffs nor their counsel may provide any of LG USA's Confidential or Highly Confidential Discovery Material to any current employee of the following competitors of

LG USA: Whirlpool (including but not limited to the KitchenAid and Amana sub-brands),

Maytag, Sears, Kenmore, GE (including but not limited to the GE Profile sub-brand), Samsung,

Frigidaire, Bosch (including but not limited to the Seimens sub-brand), Miele, Electrolux, Asko,

Speed Queen, Haier, or Dawoo.

In addition, neither Plaintiffs nor their counsel may provide any of LG USA's

Confidential or Highly Confidential Discovery Material to any expert or consultant who at any

time during this litigation is retained by, consulting for, or accepts an offer from a competitor to

be a consultant on the subject of washing machines or an employee. If consulting work for a

competitor is solely on the subject of products other than washing machines, the expert or

consultant may receive Confidential and Highly Confidential Discovery Material.  Pursuant to

guidance from the Court, the restrictions contained in this paragraph are subject to review and re-

evaluation by the Court at the request of either party.

All Experts and Consultants retained by Plaintiffs who are given access to

Confidential or Highly Confidential Discovery Material or information contained therein, shall

be required to confirm their understanding and agreement to abide by the terms of this

Stipulation by signing a copy of Exhibit "A" attached hereto.

If Plaintiffs are uncertain or disagree about whether a particular expert or

consultant is or should be prohibited under this paragraph from receiving Confidential or Highly

Confidential Discovery Material, they shall provide LG USA with the person's name and with

sufficient information for LG USA to evaluate the propriety of Plaintiffs providing Confidential

or Highly Confidential Discovery Material to such expert or consultant. Plaintiffs' disclosure will

be made to person(s) designated by LG USA, who shall not be members of LG USA's litigation

team (though such person(s) may be attorneys at Winston & Strawn). LG USA's designee (who shall be identified within 20 days of the execution of this agreement) shall not reveal the identity of such expert or consultant to members of LG USA's litigation team, provided, however, that attorneys at Winston & Strawn's New Jersey office may be involved, to the extent required by the local rules, in filing any application described below or any related hearing.

If at any time LG USA contends that any expert or consultant is or should be prohibited from receiving Confidential or Highly Confidential Discovery Material under this paragraph, the parties shall confer in good faith on an informal basis. If the dispute cannot be resolved within 20 days, LG USA shall, within 10 days thereafter, apply to the Court, on reasonable notice, for an order prohibiting such person from receiving Confidential or Highly Confidential Discovery Material. Until the Court issues its final determination of any such application, the person shall not be provided with any Confidential or Highly Confidential Discovery Material.

Except as provided above, nothing in this paragraph shall permit LG USA to obtain any discovery regarding Plaintiffs' experts or consultants beyond that permitted by the Federal Rules of Civil Procedure.  Nothing in this paragraph shall be deemed to alter or expand the substantive legal standards for confidential treatment pursuant to Fed.R.Civ.P. 26(c)(1)(G), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995).

(c)    The named Plaintiffs, Ralph Ashe, Lyla Boone, Jill Burke, Mark Cook, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn and Lori Grosso, Cheryl Harder, Jason and Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, James

and Wendy McClure, Jill Olejniczak, Kim Scalise, Ann Trethewey, Nancy Vanasse, and

Jonathan and Carolyn Zimmerman, the Defendant, LG USA (including any directors, officers,

trustees and employees assisting in the conduct of the Action or to whom disclosure is deemed

necessary by disclosing counsel), in this Action.

(d)    Witnesses or deponents, and their counsel, in preparation for, or during the

course of, testimony in this Action, but only if the person making the Discovery Material

available has good faith reason to believe, based on information in the Discovery Material itself

or information provided by the witness or deponent, that the witness or deponent (1) has

previously seen the Discovery Material, or (2) has personal knowledge of the specific

information or events contained within the Discovery Material.  Nothing in this Stipulation shall

waive any objection that LG USA has to Plaintiffs conferring with any current or former

employee of LG USA without counsel for LG USA present.

(e)    The Court and Court personnel, including specifically the Court's law

clerk(s) and the Clerk of the Court, and members of the jury.

(f)    Any person who is indicated on the face of a document to have been an

author, addressee or recipient thereof.

(g)    Any other person upon order of the Court, after notice and a hearing, or

upon written consent of the designating party or non-party.

Highly Confidential Discovery Material may only be disclosed, summarized,

described, characterized, or otherwise communicated or made available in whole or in part to the

persons identified in subparts (a) through (g) above, but excluding persons identified in subpart

(c).

6.      Every person given access to Confidential or Highly Confidential Discovery Material or information contained therein shall be advised that such material or information is being disclosed pursuant and subject to the terms of this Stipulation and may not be used or disclosed except as permitted herein, and that failure to abide by the terms hereof may be punished as a contempt of court. All persons, other than those listed in paragraphs 5(a) and (e) above, who are given access to Confidential or Highly Confidential Discovery Material or information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Stipulation by signing a copy of Exhibit "A" attached hereto. Counsel for the party obtaining any signed copy of Exhibit "A" shall maintain it but shall only be required to provide it to counsel for all other parties upon good cause shown. In the case of any testifying expert, counsel obtaining a signed copy of Exhibit "A" shall provide it, together with the expert's name, present employer, title, and CV, to counsel for all other parties at such time counsel determines that the person will serve as a testifying expert.

7.      Documents to be inspected shall be treated as Highly Confidential during inspection. Such inspected documents shall subsequently be designated as Confidential or Highly Confidential at the time of copying by the producing party or non-party and shall be treated accordingly thereafter.

8.      All persons not subject to the terms of this Stipulation or to whom disclosure is prohibited hereunder shall be excluded from those portions of a deposition in which reference to Confidential or Highly Confidential Discovery Material is made.

9.      In the event any party to this Action shall receive a subpoena, civil investigative demand or other form of legal process from any non-party (including any party to any action

9

other than this Action, or any federal or state regulatory or administrative body or agency), such party shall immediately disclose such fact to the producing and/or designating party or non-party and shall not disclose any Confidential or Highly Confidential Discovery Material in response thereto without first providing the producing and/or designating party or non-party a reasonable opportunity to seek appropriate protective treatment or other relief. Notice shall be given at least 10 days before the return date of any subpoena, civil investigative demand or other form of legal process. The party receiving the subpoena, demand, or process shall also inform the party seeking the Discovery Material that the Discovery Material is governed by this Stipulation and that the parties to this Stipulation intend to keep the Discovery Materials confidential.

10.    In the event that a party or non-party desires to use or refer to any Confidential or Highly Confidential Discovery Material in any documents filed with or submitted to the Court, such documents shall be submitted pursuant to the rules governing the filing of documents under seal in the United States District Court for the District of New Jersey, including any rules specific to the Court. Nothing herein shall be construed to preclude provision of courtesy copies of all documents filed in unredacted form to Chambers.

11.    In the event additional parties are joined or permitted to intervene in this Action, they shall not have access to any Confidential or Highly Confidential Discovery Material unless and until such parties (and their counsel) agree in writing to be bound by the terms of this Stipulation by executing a copy of Exhibit "A."

12.    A party shall not be obligated to challenge the propriety of a designation as Confidential or Highly Confidential at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Any party may in good faith object to the designation of any

10

Discovery Material as Confidential or Highly Confidential, or to the limitations as to the use and disclosure of such information, by providing written notice of such objection to the producing and/or designating party or non-party. The grounds for any objection shall be stated with reasonable particularity. The parties and affected non-parties shall thereafter attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within 20 days, either party may, within 10 days thereafter, apply to the Court, on reasonable notice, for an order resolving the designated status or limitation as to the use and disclosure of such information, as the case may be. The designating party will have the burden of persuasion on this issue. The designated status of such information shall remain in effect pending the final determination of any such application.

13.     Nothing herein shall prevent any counsel of record from utilizing any Confidential or Highly Confidential Discovery Material at any hearing or trial in this Action. The parties reserve the right to seek additional protective relief from the Court in connection with any such hearing or trial.

14.     Nothing herein shall be deemed or construed to restrict or prejudice in any manner:

(a)     the right of any party or non-party to resist or object to the production of documents or disclosure of information on any other grounds;

(b)     the right of any party to contest another party's or non-party's basis for designating Discovery Material as Confidential or Highly Confidential;

(c)     the right of any party or non-party to seek additional protective relief with respect to any document or information sought in the course of discovery;

11

(d)    the right of any party to object to the admissibility, authenticity or use of any Discovery Material at any hearing or trial;

(e)    the right of any party to seek to compel additional discovery;

(f)    the right of the parties to agree to modify, alter, amend the provisions or protections provided for herein, by filing a stipulation with the Court;

(g)    the right of any party to waive in writing the provisions or protections provided for herein; or

(h)    the right of any party to seek modification or other relief from the Court with respect to any or all of the provisions of this Stipulation.

15.    Nothing herein shall restrict the right of any party or non-party to use his, her, or its own documents and information designated as Confidential or Highly Confidential for any purpose whatsoever.  In the event a designating party publicly discloses such a document in any Court filing or hearing, the other party shall inquire whether the public disclosure of the document was inadvertent.  If it was, the designating party shall take reasonable steps to correct the public disclosure.  If the designating party does not take reasonable steps to correct the public disclosure within 10 days, the Confidential or Highly Confidential designation of the document shall terminate .

16.    Confidential or Highly Confidential Discovery Material and all copies thereof in the possession of any party or non-party other than the producing or designating party or non-party shall be maintained solely in the offices of, or under the control of, counsel for such party or non-party, provided that counsel may temporarily furnish copies to experts and consultants to whom disclosure is otherwise permitted hereunder to the extent necessary for the preparation and

12

trial of this Action.

17.    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy or proprietary interest with respect to any Discovery Material. Inadvertent production or disclosure of any privileged document or communication by any party shall not be deemed or construed as a waiver of any applicable attorney-client or work product privilege either generally or specifically with respect to particular documents, testimony or information and/or the subject matter thereof.  Upon receipt of notice in writing that such privileged material was produced or disclosed inadvertently, produced materials (including all copies thereof) as to which a claim of privileged is asserted shall promptly be returned to the producing party.

After the return of such privileged material, any party may in good faith object to the designation of any Discovery Material as privileged by providing written notice of such objection.  The grounds for any objection shall be stated with reasonable particularity and shall not make use of the contents of the Discovery Material.  The parties and affected non-parties shall thereafter attempt to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved within 20 days, either party may, within 10 days thereafter, apply to the Court, on reasonable notice, for an order determining whether the Discovery Material is privileged.  The designating party shall bear the burden of persuasion on this issue.  This application may not make use of the contents of the Discovery Material.  The privileged status of such information shall remain in effect pending the final determination of any application.

18.    In the event of an inadvertent disclosure of another party's Discovery Material designated Confidential or Highly Confidential, the party making or aware of the inadvertent

13

disclosure shall, upon learning of the disclosure: (1) promptly notify the person(s) to whom the disclosure was made that it contains Confidential or Highly Confidential information subject to this Protective Order; (2) promptly make all reasonable efforts to obtain the return of the Discovery Material and to prevent further dissemination of it; and (3) within five days (holidays and weekends included) notify the producing party of the identity of the person(s) to whom disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure any use or further dissemination of it.

19.    Within 45 days after receiving notice of the entry of a final non-appealable order, judgment or settlement with respect to the claims in this Action, all parties and non-parties having received Discovery Material shall, absent a court order or agreement to the contrary, either return such Discovery Material and all copies thereof to the producing party or non-party or, alternatively, shall destroy all such materials and certify in writing that such materials have been destroyed. The certification shall confirm that counsel have destroyed all documents within their possession, as well as documents that have been provided to others in accordance with this Stipulation. Notwithstanding the foregoing, counsel (including in-house counsel) for the parties shall be entitled to retain for their files a set of all pleadings, motion papers, court filings, discovery requests, expert reports, deposition, hearing and trial transcripts (including exhibits) and attorney work product (including legal research) which incorporate, contain or refer to any Discovery Material (including Confidential or Highly Confidential Discovery Material), provided that such materials remain subject to the terms and conditions of this Stipulation.

20.    Neither the termination of this Action or any related proceedings nor the termination of employment of any person who has had access to any Confidential or Highly

14

Confidential Discovery Material, or the contents thereof, shall relieve such person of his or her obligations hereunder, which shall survive.

21.   This document may be executed in counterparts.


Dated: April 17, 2009              By:_____s/ James C. Shah_____
                                   James C. Shah
                                   SHEPHERD, FINKELMAN, MILLER
                                   & SHAH, LLP
                                   475 White Horse Pike
                                   Collingswood, NJ 08107-1909
                                   Telephone: 856/858-1770
                                   Facsimile: 856/858-7012
                                   Email: jshah@sfmslaw.com



Dated: April 17, 2009              By:_____s/ Steven A. Schwartz_____
                                   Steven A. Schwartz
                                   CHIMICLES & TIKELLIS, LLP
                                   One Haverford Centre
                                   361 West Lancaster Avenue
                                   Haverford, Pa 19041
                                   Telephone: 610/642-8500
                                   Email: SAS@chimicles.com



Dated: April 17, 2009              By:_____s/ Oren Giskan_____
                                   Oren Giskan
                                   GISKAN SOLOTAROFF ANDERSON &
                                     STEWART, LLP
                                   11 Broadway, Suite 2150
                                   New York, NY 10004
                                   Telephone:
                                   Email: ogiskan@gslawny.com


Dated: April 17, 2009              By:_____s/ Paul M. Weiss_____
                                   Paul M. Weiss
                                   FREED & WEISS, LLC
                                   111 West Washington Street, Suite 1331
                                   Chicago, IL  60602
                                   Telephone: 312/220-0000
                                   Email: paul@freedweiss.com

                                   *Attorneys for Plaintiffs*

Dated: April 17, 2009          By:_____ s/ James S. Richter _____
                                    James S. Richter
                                    WINSTON & STRAWN, LLP
                                    The Legal Center
                                    One Riverfront Plaza
                                    7th Floor
                                    Newark, NJ 07102
                                    Telephone: 973/621-2230
                                    Email: jrichter@winston.com

                                    *Attorney for Defendant*

## **[PROPOSED] PROTECTIVE ORDER**

The Stipulation And [Proposed] Order Governing the Protection and Exchange of

Confidential Material (as modified above by the Court) is hereby adopted by the Court for the

case, and the parties are ordered to comply with this Order.


Dated: _____          _____

                                    HON. MICHAEL A. SHIPP
                                    United States Magistrate Judge

18

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING     :
MACHINE CLASS ACTION LITIGATION    : Civil Action
             : No.:08-cv-00051(FSH/MAS)
_____:

## **EXHIBIT A TO STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

_____ being duly sworn, deposes and says that

he/she has read the Stipulation And [Proposed] Order Governing the Protection and Exchange of

Confidential Material executed by the parties in this action, that he/she understands the terms

thereof, that he/she agrees to be bound by such terms, that he/she agrees to be subject to the

personal jurisdiction of the court in which this action is pending, or such other court as may be

appropriate, for the purpose of enforcement of the Stipulation and [Proposed] Order Governing

the Protection and Exchange of Confidential Material.

_____

Sworn to and subscribed before me

this _____ day of _____, 2009.

_____

Notary Public

Steven A. Schwartz, Esquire (PA I.D. No. 50579)
Admitted *Pro Hac Vice*
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041
Phone: 610-642-8500
Fax: 610-649-3633
Email: steveschwartz@chimicles.com

**Plaintiffs' Co-Lead Counsel**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE LG FRONT LOAD WASHING** | : |
| **MACHINE CLASS ACTION LITIGATION** | : **Civil Action** |
| | : **No.:08-cv-00051(FSH/MAS)** |
| | : |

**CERTIFICATION OF STEVEN A. SCHWARTZ PURSUANT TO L.Civ.R. 5.3**

Steven A. Schwartz hereby certifies as follows:

1.  I am a member of Chimicles & Tikellis LLP and have been appointed by the

    Court to serve as Co-Lead Counsel for Plaintiffs in this consumer class action.

    I submit this certification in support of entry of the parties' Joint Stipulation

    and [Proposed] Order Governing the Protection and Exchange of Confidential

    Information pursuant to the 'good cause" requirements of *Pansy v. Borough of*

    *Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v.*

    *Thompson*, 56 F.3d 476 (3d Cir. 1995).

2.  The only information that Plaintiffs propose to designate as confidential is the

    specific portions of documents reflecting the social security number, credit

card billing number or similar financial or tax account information of the individual plaintiffs or absent class members.

3. This information is properly deserving of confidentiality protection to prevent disclosure of personal identifying information that could pose a danger of identity theft if it were placed in the public record.

4. For the foregoing reasons, Plaintiffs respectfully submit that good cause exists for entry of the proposed stipulation and order in order to protect this information.

5. Defendant LG USA also seeks entry of the proposed stipulation and order to protect disclosure of information that it deems confidential for the reasons set forth in its separate certification pursuant to L.Civ.R. 5.3. Plaintiffs do not opposes entry of the stipulation and proposed order to the extent it seeks to protect LG USA's information that meets the good cause standards set forth in *Pansy* and *Glenmede Trust Co.*

I certify under penalty of perjury the following is true and correct.

Dated:  April 6, 2009                    /s/ *Steven A. Schwartz*

2

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, 7th Floor
Newark, New Jersey 07102
(973) 848-7676
James S. Richter
Melissa Steedle Bogad

Attorneys for Defendant
LG Electronics USA, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— x
                                              :
**IN RE LG FRONT LOAD WASHING**     :  Honorable Faith S. Hochberg, U.S.D.J.
**MACHINE CLASS ACTION**                  :
**LITIGATION**                                    :  Case No. 2:08-cv-00051-FSH-MAS
                                              :
                                              :
                                              :  **CERTIFICATION OF JAMES S. RICHTER**
                                              :  **IN SUPPORT OF STIPULATION AND**
                                              :  **[PROPOSED] ORDER GOVERNING THE**
                                              :  **PROTECTION AND EXCHANGE OF**
                                              :  **CONFIDENTIAL MATERIAL**
                                              :
———————————————————— x

JAMES S. RICHTER, of full age, hereby certifies the following facts in support of entry

of the accompanying Stipulation and [Proposed] Discovery Confidentiality Order:

1.     I am an attorney at law of the State of New Jersey and a member of Winston &

Strawn LLP, attorneys for Defendant, LG Electronics USA, Inc. ("LG USA"). I make this

Certification in support of the parties' application for a discovery confidentiality order pursuant

to Local Civil Rule 5.3(b)(2).

2.     The parties have agreed on terms for the handling of confidential information

exchanged between them during this case. Those terms are embodied in the accompanying

Stipulation and [Proposed] Order Governing the Protection and Exchange of Confidential Material.

      3.     The parties submit the accompanying Stipulation and [Proposed] Order Governing the Protection and Exchange of Confidential Material for entry by the Court.

      4.     The nature of the materials to be kept confidential is:

Plaintiffs have alleged that front load washing machines manufactured and/or distributed by LG USA contain a common design defect that causes water to pool inside the machine and a moldy, musty odor to develop. These alleged defects, Plaintiffs contend, give rise to alleged class claims under various statutes and common law theories. Accordingly, it is likely that confidential technical information and sensitive business information will be provided by LG USA. Documents containing such information cannot otherwise be determined and are kept confidential by LG USA.

In addition, LG USA may disclose confidential documents including non-public marketing, sales, development, business, trade, financial, and operational information, as well as research, know-how, and other valuable or sensitive information. This information is proprietary and confidential and thus not otherwise available to the public.

It is also anticipated that Plaintiffs will request, and LG USA may disclose, highly confidential documents of heightened commercial, economic, or competitive importance, including design plans or specifications, non-public product information, customer information or lists, current or future business plans, new product or business developments, trade secrets, proprietary engineering information, internal financial information, contracts (with distributors, licensors, retailers, developers, sales representatives, or others) proprietary data, and pricing or

cost information. This information is also highly proprietary and confidential, and thus is not otherwise available to the public.

5.    The legitimate private or public interests which warrant confidentiality are:

LG USA has a legitimate interest in maintaining the confidentiality of product technical information and product sales and marketing information.

There is a substantial public interest in assuring companies who possess confidential product and business information that such information will not become public simply by virtue of the companies being sued. There also is a substantial public interest in assuring companies that lawsuits can be defended without losing the secrecy of their otherwise private information that should not be learned by competitors.

6.    The clearly defined and serious injury that would result should the Stipulation and [Proposed] Order Governing the Protection and Exchange of Confidential Material not be entered is:

LG USA would be seriously injured if this order were not entered. The free exchange of information through discovery would be chilled as LG USA would have to make every colorable argument to avoid producing confidential information. To the extent LG USA was compelled to provide confidential information to Plaintiffs without the safety of the Stipulation and [Proposed] Order Governing the Protection and Exchange of Confidential Material, competitors' decision-making management would be free to use the information to the detriment of LG USA. The decision-making management of competitors or potential competitors would obtain information which was not intended to be seen by competitors. Once publicly disclosed, there would be no possibility of preventing further dissemination and abuse of the information by competitors who would wrongfully benefit from such information. Thus, it is respectfully submitted, the risk of

harm to LG USA with respect to the disclosure of this confidential information outweighs the need for public disclosure.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct.

_James S. Richter_

Dated: April 17, 2009