# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, P.C.

COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
KHOREN BANDAZIAN
LINDSEY H. TAYLOR

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
DAVID J. REICH

OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
MARC D. MICELI
RAYMOND E. STAUFFER°
JACOB A. KUBERT
STANLEY J. YELLIN
STEPHEN R. DANEK
ERIC MAGNELLI
DONALD A. ECKLUND
VINCENZO M. MOGAVERO
°MEMBER N.Y. BAR ONLY

December 2, 2009

**VIA ECF**

Honorable Michael A. Shipp
United States Magistrate Judge
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

      Re:    In re LG Front Load Washing Machine Class Action Litigation
               Civil Action No. 08-51 (FSH)(MAS)

Dear Judge Shipp:

This responds to LG's December 1, 2009 letter regarding discovery.

## 1)   30(b)(6) Depositions

LG's position with respect to the Rule 30(b)(6) witnesses is contrary to the terms of the Rule. LG repeatedly contends that Plaintiffs have not noticed any "fact" witness depositions. The Rule 30(b)(6) deposition notices are precisely for "fact" witnesses. They are not seeking expert testimony from LG. Rather, those notices are requesting LG to designate persons to testify as to facts on behalf of the corporation. Notwithstanding the fact that LG provided general descriptions of the knowledge of LG representatives, there is nothing in the Rules which requires Plaintiffs to notice individual depositions of persons listed in the initial disclosures. Indeed, the Rule 30(b)(6) notice is a more efficient method, from Plaintiffs' perspective, of obtaining information from LG, which would be binding upon the corporation, since it requires LG to produce persons with knowledge of a particular subject, rather than Plaintiffs having to guess about who would have the most knowledge about which subject. If LG wishes to produce one or more persons designated in its initial disclosures, that is its prerogative. It is not LGs prerogative to dictate to Plaintiffs how to run their own case. The 30(b)(6) depositions may reveal additional specific individuals whom Plaintiffs may wish to depose, but we will not know that until the depositions take place.

Honorable Michael A. Shipp
December 2, 2009
Page 2

Further, LGs contention that Plaintiffs' Rule 30(b)(6) notices are an abuse of the process is based upon a fundamental misreading of the Rule. Indeed, LG does not object to the requested topics being beyond the scope of discovery. Rather, it argues that it is impossible for any one person to testify with respect to a given subject.

A Rule 30(b)(6) designee is not limited to testifying as to his or her personal knowledge. Rather, "Rule 30(b)(6) places the burden upon the deponent to 'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.' The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information." *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007)(internal citations omitted). However, nothing in the Rule requires LG to produce only one witness to testify on any given subject. Specifically, Rule 30(b)(6) provides "[t]he named organization must then designate *one or more* officers, directors, managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." (emphasis added) LG knows who has knowledge about what subject(s) and who can be reasonably educated on what subjects. LG can designate however many persons would be appropriate to testify about any given subject, part of a given subject, or on multiple subjects. Its contention that no one person has complete knowledge on any subject is a red herring to avoid designating anyone to testify about anything, which it still has not done, despite its alleged willingness to do so in counsel's November 19 letter.

LG is giving the Court an incomplete, and self-serving, rendition of the parties' meeting-and-conferring prior to seeking Court intervention. As a starting point, LG objected to each and every category in the 30(b)(6) notice and refused to produce any witness to testify about anything, which is impossible to do in good faith. The parties had a lengthy telephone conference on Thursday, November 12, where LG's counsel pretended not to understand what any of the categories in the 30(b)(6) notice was seeking, and would not commit to agree to produce any witnesses for any category or even any portion of any category. Rather, Plaintiffs were advised that counsel had to consult with the client and Plaintiffs would be given a response the following Monday or Tuesday. Only after LG failed to comply with its own self-imposed deadline did Plaintiffs seek the Court's intervention, and then only because this dispute followed LG's prior pattern of foot-dragging. LG's November 19 letter was received after Plaintiffs had submitted their own letter to the Court.

**b)** **<u>Discovery deadline</u>**

Plaintiffs agree, unfortunately, that the fact discovery deadline should be extended. However, we disagree that a two-month extension is warranted at this time. We respectfully suggest, as an alternative, that the Court have a telephone conference in early January to discuss what discovery has been completed and what still needs to be completed as of that time, then make appropriate adjustments for expert report and deposition dates. The major holdup in discovery is getting depositions of LG, not the Plaintiffs. Plaintiffs concern is that if the Court

Honorable Michael A. Shipp
December 2, 2009
Page 3

grants a two-month extension, LG will use it as an excuse for further delay and discovery from LG will be in the same position in mid-February as it is now.

We would further note that the need for an extension is not realistically tied to Plaintiffs' delay in scheduling inspections of Plaintiffs' washing machines. Although LG had suggested in early November that it wished to make these inspections, it did not propose a schedule until November 30, and still has not advised Plaintiffs what type of expert is going to make what type of inspection of the machines. When Plaintiffs asked for LG's inspection protocol, LG pretended not to know what a "protocol" was, so Plaintiffs have suggested what inspection will be allowed.

c)      **Expert reports**

LG's request that the Court "clarify" its September 23, 2009 Scheduling Order is nothing of the sort. Rather, it is a request to change the Order. Indeed, if LG was confused about what expert reports were due from whom at what time, it should have raised the issue long ago, since the September 23 Order simply changed the dates from the original February 26, 2009 Scheduling Order. There is a clear difference between "plaintiff's" and "defendant's" expert, as opposed to "affirmative" and "responding" reports. Plaintiffs knew what the Court meant and have no doubt that the Court knows what it intended. However, nothing obligates LG to serve an "affirmative" expert report. The Scheduling Order simply provides that if a party wishes to present an expert report, it must do so by a date certain. If LG does not want to present an affirmative expert report as to why class certification is not appropriate, and simply take issue with Plaintiffs' view as to why class certification is appropriate, that is its prerogative. There are certain consequences which may flow from that course, but if LG is willing to live with those consequences, Plaintiffs are not going to tell LG how to defend the case.

Plaintiffs may request, if LG chooses only to serve a responsive report, that they be allowed to serve a reply expert report. The present schedule contemplates that each side would have an opportunity to respond to the other's position. If LG chooses to serve only a responsive report, Plaintiffs would be deprived of that opportunity, so, in that instance, if Plaintiffs think it is appropriate, they may ask the Court for an opportunity to serve a reply report.

Thank you for your continued attention to this matter.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

LINDSEY H. TAYLOR

cc:     All Counsel (via ECF)