RECEIVED
3 1 2009
AT 8:30
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------x
:
IN RE LG FRONT LOAD WASHING : Honorable Faith S. Hochberg, U.S.D.J.
MACHINE CLASS ACTION :
LITIGATION : Case No. 2:08-cv-00051-FSH-MAS
:
: STIPULATION AND ORDER REGARDING
: EXPERT DISCOVERY
:
:
:
---------------------------------x

WHEREAS, Plaintiffs and Defendant LG USA Electronics, Inc. ("LG USA"), through their respective counsel of record, have stipulated to the following provisions ("Stipulation") regarding the scope of expert-related discovery in the above-captioned matter, and have requested that this Court so order this Stipulation; and

WHEREAS the Judicial Conference Committee on Rules of Practice and Procedure issued its September 2009 report to the Chief Justice of the United States and members of the Judicial Conference of the United States in which the Committee describes in detail the problems of allowing discovery into communications between counsel and experts and their staff and of draft expert reports;

WHEREAS, the Court has reviewed the terms and conditions of this Stipulation submitted by the parties and finds them reasonable and appropriate,

Now, therefore, IT IS HEREBY STIPULATED AND AGREED BY THE UNDERSIGNED AS FOLLOWS:

1. Expert discovery in the above-captioned matter shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) except that the following shall not be discoverable or disclosed:

   a. the content of communications among and between: (i) counsel to a party and that party's expert witness(es) or consultant(s) and their respective staff, (ii) any expert witness and other expert witness(es) or consultant(s); (iii) any expert witness and their respective staff; and

   b. notes, drafts, written communications or other types of preliminary work created by consultant(s) or expert witness(es) - including, but not limited to, draft expert reports.

2. The protections against discovery agreed to in Paragraph 1(a-b) herein will not apply to any communications or documents upon which an expert relies as a basis for any of his or her opinions or reports.

*For Plaintiffs*

/s/ Natalie Finkelman
James C. Shah
Natalie Finkelman
Shepherd, Finkelman, Miller & Shah LLP

*For Defendant LG USA Electronics, Inc.*

/s/ Melissa Steedle Bogad
Melissa Steedle Bogad
Winston & Strawn LLP

SO ORDERED this 31st day of December, 2009.

HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

2