214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

11TH FLOOR, GLOUCESTER TOWER,
THE LANDMARK, 15 QUEEN'S ROAD CENTRAL
HONG KONG

99 GRESHAM STREET
LONDON EC2V 7NG

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

ONE RIVERFRONT PLAZA
SUITE 730
NEWARK, NEW JERSEY 07102-5401

(973) 848-7676

FACSIMILE (973) 848-7650

www.winston.com

4 STASOVOY ULITSA
119071 MOSCOW, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

25 AVENUE MARCEAU
CS 31621
75773 PARIS CEDEX 16

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

JAMES S. RICHTER
(973) 848-7645
jrichter@winston.com

January 8, 2010

**BY ECF AND HAND DELIVERY (1/11/10)**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
 and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:  **In re LG Front Load Washing Machine Class Action Litigation**
> **Civil Action No. 08 CV 51 (FSH)(MAS)**

Dear Judge Shipp:

    This firm represents Defendant LG Electronics USA, Inc. ("LG USA") in the above-referenced matter.  Pursuant to Your Honor's December 16, 2009 Order, please accept this letter on LG USA's behalf in support of its application to compel Plaintiffs to produce retainer agreements entered into between or among Plaintiffs and their attorneys.

## I.    INTRODUCTION

    Nearly a year ago, in March 2009, LG USA served document requests covering the retainer agreements.  In their response in April, Plaintiffs stated that they would produce all responsive, non-privileged documents, and shortly thereafter they informed LG USA that they were not withholding any privileged documents.  Only recently, during the depositions of several Plaintiffs, did LG USA learn that retainer letters exist but were never produced.

    Plaintiffs now contend the letters are irrelevant and privileged.  But the time for such arguments has long passed.  Plaintiffs did not assert relevance as an objection to LG USA's document requests, and Plaintiffs long ago admitted that they were not withholding any privileged documents.  Thus, they have waived any possible relevance or privilege argument.

In any event, the Third Circuit and other courts have held that in a class action case like this one, retainer agreements are relevant and are not privileged. LG USA respectfully urges this Court to direct Plaintiffs to produce the retainer agreements.

## II. BACKGROUND

The 26 named Plaintiffs in this case, represented by 15 law firms, seek to certify a class of everyone who ever purchased (other than for resale) an LG-brand washing machine. (Compl. ¶ 63.) In March 2009, LG USA served document requests. (Ex. A, LG USA document requests.) At least six of those requests—numbers 1, 3, 9, 14, 16, and 17—covered retainer agreements between Plaintiffs and their attorneys. Request 14 specifically asked for "All Documents relating to the fees charged or expenses incurred in this case by any attorney…." Plaintiffs have *never* disputed that the retainer agreements are responsive to these requests.

In April, Plaintiffs served their responses and objections. (Ex. B, Plaintiffs' responses and objections.) When objecting to the six requests mentioned above, Plaintiffs never objected that the retainer agreements were irrelevant. They never mentioned retainer agreements at all. Instead they agreed to produce all responsive, non-privileged documents or stated they had no such documents.

In May, the parties conferred about LG USA's document requests. From that time forward, Plaintiffs have consistently stated that they were not withholding any privileged documents. (Ex. C, LG USA letter, at 2; Ex. D, Plaintiffs' letter, at 3.) Plaintiffs have never produced a log of privileged documents that is required whenever such a privileged document is withheld. *See* Fed. R. Civ. P. 26(b)(5)(A).

During depositions of Plaintiffs, LG USA learned that they possess retainer agreements but never produced them. On November 25, LG USA again requested them. (Ex. E, LG USA's letter.) Plaintiffs refused, claiming privilege. (Ex. F, Plaintiffs' e-mail.) As in their April responses and objections, Plaintiffs did not mention relevance. LG USA replied to Plaintiffs, citing authority from the Third Circuit that the retainer agreements are not privileged and requesting production. (Ex. G, LG USA's email.) Plaintiffs did not respond.

The parties brought this issue to the Court's attention in their joint letter on December 8. (Ex. H, Joint letter.) There, for the first time ever, Plaintiffs argued that the letters are not relevant. LG USA explained that they are relevant and are not privileged.

The parties conferred in person about this issue prior to the December 15 status hearing before the Court, but were not able to reach an agreement. At the status hearing and in the December 16 Order, this Court directed the parties to file letter briefs on the issue.

## III.  ARGUMENT

LG USA is entitled to discovery of relevant, non-privileged documents.  *See* Fed. R. Civ. P. 26(b).  Plaintiffs long ago waived any argument that the retainer agreements are not relevant or are privileged, and, in any event, the retainer agreements are relevant and are not privileged. Accordingly, we respectfully submit they must be produced.

### A.  Plaintiffs waived any relevance or privilege objection.

Under the Federal Rules, there is a time and place for asserting relevance objections: within 30 days of the document request, and with the "reasons" for the objection.  Fed. R. Civ. P. 34(b)(2).  Objections not stated are waived and cannot be used as the reason to withhold documents.  *See, e.g.*, *Brock v. Gerace*, 110 F.R.D. 58, 65 (D.N.J. 1986).

In their objections to LG USA's document requests, back in April 2009, Plaintiffs never objected that the retainer agreements are irrelevant.  Nor did they assert that objection in the months that followed, or in early December, when responding to LG USA's renewed request for the retainer agreements.  Only in the December 8 letter to the Court, roughly nine months after LG USA's document requests, did Plaintiffs first assert the relevance objection.  The objection is a makeweight, as explained below, and it comes eight months late.  This Court should overrule it and order Plaintiffs to produce the retainer agreements.

Plaintiffs' privilege objection is, if anything, worse.  Again, the Federal Rules explain in clear terms how to assert this objection, *see* Fed. R. Civ. P. 26(b)(5)(A), and again, Plaintiffs never asserted it, because they have never produced a privilege log.  In fact, they specifically denied that they were withholding any privileged documents—which is correct, because as explained below the retainer agreements are not privileged.  Having failed to assert a privilege objection, and having specifically denied they were making any privilege objection, Plaintiffs waived it.  *See, e.g.*, *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 106-07 (D.N.J. 2006).  Indeed, based on Plaintiffs' January 8 submission to the Court in opposition to compelling production of the retainer agreements, it appears Plaintiffs have again abandoned any privilege claim. Therefore, this Court should order Plaintiffs to produce the retainer agreements.

### B.  The retainer agreements are relevant.

The retainer agreements are relevant for at least two reasons.  First, they govern the attorneys' fees and expenses that Plaintiffs seek to recover.  Second, Plaintiffs seek certification of a class, and the retainer agreements are relevant to class certification.

### 1. Attorneys' Fees and Expenses

The Plaintiffs are seeking to recover their attorneys' fees and expenses. LG USA is therefore entitled to discovery on that subject. As a district court in this circuit held just a few years ago, "[f]ee agreements may be relevant to … the question of awarding of attorneys fees upon settlement or judgment." *Porter v. Nationscredit Consumer Discount Co.*, No. CIV.A. 03-3768, 2004 WL 1753255, at *2 (E.D. Pa. 2004). If Plaintiffs want LG USA to pay their fees and expenses, they must show LG USA the agreements they have made about those fees and expenses.

### 2. Class Certification

The retainer agreements are also relevant to several class certification issues. For that reason, "[f]ee agreements have been typically voluntarily disclosed by counsel in class actions." *Ferraro v. General Motors Corp.*, 105 F.R.D. 429, 433 n.3 (D.N.J. 1984).

First, retainer agreements bear on the adequacy of counsel's representation. "Fee agreements may be relevant to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit." *Porter*, 2004 WL 1753255, at *2. Retainer letters may also reveal biases or conflicts among various attorneys seeking to represent a class. For example, in *In re Faro Tech. Sec. Litig.*, a case involving some of the same law firms that represent Plaintiffs here, the court found fee agreements to be relevant because of the strong pre-existing professional relationship of the firms appointed to lead the class. Case No. 6:05-cv-1810-Orl-22DAB, 2008 WL 205318, at *3 (M.D. Fla. 2008); *see also In re Sheffield*, 280 B.R. 719, 722 (Bankr. S.D. Ala. 2001). This case involves 26 Plaintiffs represented by 15 law firms, and the various agreements between them may expose problems in their ability to adequately represent the proposed class. *See Preston v. Malcolm*, Case No. 09-3714, 2009 WL 4796797, at * 5 (D.N.J. Dec. 8, 2009) ("Courts have construed [Rule 26] liberally, 'creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"" (citations omitted)).

The possibility of inter-counsel conflicts, biases, and inadequate representation are not theoretical or academic. For example, Plaintiff Boone retained the Shepherd Finkelman firm to represent her and has no knowledge of the firm that actually filed her lawsuit, Liner, Yankelevttz, Sunshine & Reuenstreif. (Ex. I, Boone Dep. Tr. at 117-118.) Plaintiff Jason Harper also does not know who filed his first lawsuit against LG USA. (Ex. J, Harper Dep. Tr. at 80.) Plaintiff Cook-Sommer does not know the lawyers leading the case and did not choose them. (Ex. K, Cook-Summer Dep. Tr. at 164.) The retainer agreements may shed light on whether the attorneys are adequately representing the clients they seem not to know.

In the December 8 joint letter to the Court, Plaintiffs cited some cases from other circuits and districts to argue that retainer agreements are not relevant at this stage of the case, before a specific fee request has been made. But those cases involved only one or two named plaintiffs, *see Piazza v. First American Title Ins. Co.*, 2007 WL 4287469, at *1 (D. Conn. 2007) (one); *Greene v. Emersons Ltd.*, 86 F.R.D. 47, 62 (S.D.N.Y. 1980) (two); *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (one), which dramatically reduces the potential conflicts, biases, and issues of inadequate representation that are present in spades in a case with 26 named Plaintiffs and 15 law firms.

Second, retainer agreements bear on whether the Plaintiffs themselves are fit to lead the class. If, for example, the retainer agreements create incentives for the Plaintiffs tied to the outcome of the case, that creates conflicts among them, the attorneys, and the rest of the class. *See, e.g., Rodriguez v. W. Pub. Corp.*, 563 F.3d 948, 968 (9th Cir. 2009). Other possibilities exist as well, and LG USA must see the retainer agreements to know if any of them exist here and present an impediment to class certification.

In the December 8 joint letter to the Court, Plaintiffs argued that the substantial weight of authority supports their position. But they were able to cite only one decision from the Third Circuit or this District, Magistrate Judge Shwartz's oral decision in *Chandran v. BMW of N. Am.*, 2:08-cv-02619-KSH-PS (D.N.J. Apr. 24 & May 20, 2009). Judge Shwartz's decision in *Chandran*, however, was clearly limited to the circumstances of that case, appears to be contrary to the prevailing law on this issue and certainly does not support a global application to all class actions. In fact, Judge Shwartz implicitly acknowledged that the retainer agreements are relevant to class certification, because she ordered plaintiffs' counsel to submit certifications about whether plaintiffs were being given incentives (Ex. L, 5/20/09 Tr. at 7)—one of the topics that retainer agreements often address.

Plaintiffs also misrepresented another of the cases they cited in the December 8 joint letter. Plaintiffs claimed that *Sandler v. McGraw-Edison Co.*, 92 F.R.D. 463, 465 (S.D. Ohio 1981), found a "fee agreement irrelevant for purposes of class certification." (Ex. H at 4.) But the *Sandler* court made no such finding; *Sandler* was not a class action case.

## C. The retainer agreements are not privileged.

Third Circuit decisions stretching back over 40 years have held that the fact of a retainer and retainer agreements are not privileged. This unbroken line of authority extends back at least to *In re Semel*, 411 F.2d 195, 197 (3d Cir. 1969), and also includes *In re Grand Jury Investigation*, 631 F.2d 17, 19 (3d Cir. 1980), and *Montgomery County v. Microvote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The attorney-client privilege does not shield fee arrangements."). The reason is simple: to be privileged, a document must communicate a fact for the purpose of

seeking legal advice, *see, e.g.*, *U.S. v Sensient Colors, Inc*., Case No. 07-1275, 2009 WL 2905474, at *9 (D.N.J. Sept. 9, 2009), and retainer agreements do not do so.

It is no surprise that in the December 8 joint letter, Plaintiffs cited no authority for the idea that a retainer agreement is privileged. (Ex. H at 4.) They have thus failed to carry their burden, *see id.*, on the issue.

## IV.    CONCLUSION

For the foregoing reasons, LG USA respectfully requests that Your Honor direct Plaintiffs to produce all retainer agreements entered into among Plaintiffs and their attorneys.

Respectfully submitted,

s/ James S. Richter

James S. Richter

Encl.

cc:    All Counsel (w/encl.)(by e-mail)

# EXHIBIT A

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, 7th Floor
Newark, New Jersey 07102
(973) 848-7676
James S. Richter
Melissa Steedle Bogad

Attorneys for Defendant
LG Electronics USA, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ———————————————————— x<br>           :<br>IN RE LG FRONT LOAD WASHING   :<br>MACHINE CLASS ACTION          :<br>LITIGATION                   :<br>           :<br>           :<br>           :<br>           :<br>           :<br>           :<br>           :<br>           :<br>           :<br>———————————————————— x | Honorable Faith S. Hochberg, U.S.D.J.<br><br>Case No. 2:08-cv-00051-FSH-MAS<br><br>**DEFENDANT LG ELECTRONICS USA, INC.'S**<br>**REQUEST FOR PRODUCTION OF**<br>**DOCUMENTS** |

Defendant LG Electronics USA, Inc. hereby requests that each named Plaintiff separately (a) within thirty days produce the following Documents for inspection and copying at the office of Winston & Strawn LLP, One Riverfront Plaza, 7th Floor, Newark, New Jersey, 07102-5401, or at an alternative location agreed by the parties; and (b) at a time agreed by the parties, permit entry into each Plaintiff's residence and produce the following tangible things for inspection, testing, sampling, and photographing.

**DEFINITIONS**

1.  "Communication" means any exchange of information by any means.

2. "Complaint" means the Consolidated Amended Complaint filed in this case on May 6, 2008, as well as any successor to it.

3. "Document" means all documents under Rule 34 and includes all paper documents and all electronically stored information. Each "Document" includes accompanying transmittal sheets, cover letters, exhibits, enclosures, attachments, post-it notes, and similar items. "Document" includes all Communications.

4. "LG USA" means defendant LG Electronics USA, Inc. and its employees, officers, and directors.

5. "Mold Problem" means any actual or alleged presence of mold, mildew, or associated odor in any Washing Machine or in or on any item washed in any Washing Machine.

6. "Person" means any natural person, business organization, government body, or any other entity.

7. "Plaintiff" refers to each person named as a plaintiff in the Complaint and includes any additional plaintiffs whose case is consolidated into the above-captioned action. For purposes of these requests, "Plaintiff" includes all members of each named Plaintiff's household.

8. "Relate to" and "relating to" mean anything that concerns, constitutes, contains, embodies, reflects, memorializes, identifies, states, refers to, discusses, or is pertinent to.

9. "Washing Machine" means any LG-branded front-loading washing machine, including any mentioned in the Complaint.

10. "You" and "Your" refers to each Plaintiff responding to the request. For purposes of these requests, "You" and "Your" includes all members of each Plaintiff's household.

<u>**INSTRUCTIONS**</u>

1.      These requests always include, rather than exclude, discoverable Documents and tangible things.  Accordingly, (a) the singular includes the plural, and vice versa; (b) "and" and "or" are to be read to include rather than exclude; (c) "each" includes "every," and vice versa; (d) "any" includes "all," and vice versa; and (e) "including" means "including but not limited to." No request limits any other request.

2.      Produce all electronically stored information in accordance with the parties' Stipulation Establishing Electronic Discovery Protocol.

3.      These requests are continuing and require supplemental responses under Rule 26(e).

4.      Each requests calls for all responsive Documents and tangible things in Your possession, custody, or control, including any held by Your agents, attorneys, representatives, consultants, or experts.

5.      If You withhold any responsive Document under a claim of privilege, identify its (a) author(s), (b) recipient(s), (c) type (for example: letter, memo, etc.), (d) subject matter, and (e) date, and identify the privilege claimed and provide a description sufficient to enable LG USA and the Court to evaluate the claim.

6.      If You claim that any term in these requests is vague or ambiguous, state in Your response the term at issue and the interpretation You used in responding to the request.

7.      Except as provided in this paragraph, produce all responsive Documents for the time period beginning January 1, 2003, or any other time period agreed by the parties or ordered by the Court.  For requests 16, 18, and 22 below, produce all responsive Documents without regard to time period.

8.      Produce all Documents as they are kept in the ordinary course of business, including all labels or markings on boxes, binders, files, folders, and the like.

9.      All Documents should be Bates stamped without covering any text or information on the Document.  Documents produced by each Plaintiff must have a different Bates prefix.

## TANGIBLE THINGS REQUESTED

1.      Your Washing Machine, as installed in Your home.  This request includes the water supply, pipes, tubing, and plumbing leading to Your Washing Machine.  It also includes any packaging or other materials that came with Your Washing Machine when it was purchased or delivered to Your home.

2.      All items washed in Your Washing Machine that have a Mold Problem.

3.      All products that have ever been used to clean or deodorize Your Washing Machine.  This request includes baking soda, bleach, vinegar, Whirlout, Affresh, Smellywasher, Purewasher, and Tide Washing Machine Cleaner.

4.      All detergents, bleaches, fabric softeners, and other laundry products that have ever been used in Your Washing Machine.

5.      All tangible things to which any consultant or expert is given access.

## DOCUMENTS REQUESTED

1.      All Documents relating to any Washing Machine or Mold Problem.

2.      All Documents containing or relating to any statement by LG USA, You, or any other Person (including any retailer) about any Washing Machine or Mold Problem.

3.      All Documents relating to any alleged misrepresentation, omission, or act of concealment by LG USA regarding any Washing Machine or any Mold Problem.  (This request includes all Documents relating to the conduct alleged in Complaint ¶¶ 221 and 222.)

4.     All Documents related to Your purchase of any Washing Machine.  This request includes all Documents related to any Washing Machine of which You were aware when making the purchase or thereafter, including advertisements, brochures, sales literature, articles, reviews, blog posts, studies, evaluations, or consumer reports.  This request also includes all paperwork, invoices, disclosures, receipts, contracts, and Documents sufficient to identify the date of purchase and date of delivery, as well as where Your Washing Machine was purchased and at what price.

5.     Documents sufficient to identify the model number, serial number, and any other identifying information for Your Washing Machine.

6.     All Documents relating to any warranty You received with Your Washing Machine, including the warranty itself.  This request includes all Documents that You contend create or define any such warranty.  This request also includes all Documents relating to any extended warranty or third-party warranty that covers Your Washing Machine, including all paperwork, invoices, disclosures, receipts, contracts, and the warranty itself.

7.     All Documents relating to the installation of Your Washing Machine, including all paperwork, invoices, disclosures, receipts, and contracts, as well as Documents sufficient to identify the date of installation and who installed Your Washing Machine.

8.     All Documents You received in connection with Your Washing Machine, including warranty information, service information, and owner's manual (including those described at Complaint ¶ 26).

9.     All Documents relating to Your Mold Problem, including Documents sufficient to identify the date on which You first became aware of it.

10.     All Documents relating to any cleaning or repair performed on Your Washing

Machine, including all paperwork, invoices, and receipts, as well as Documents sufficient to identify the repair/cleaning Person and Documents sufficient to identify all money spent on repairs. (This request includes all Documents relating to the repairs described at Complaint ¶¶ 6, 7, 14, 23, 45, and 49.) This request also includes all Documents related to any cleaning or repair You performed on Your Washing Machine.

11.    All Documents relating to any information contributed to or obtained from any website about any Washing Machine or Mold Problem. This request includes the information referred to in Complaint ¶ 48.

12.    All Documents relating to any contact You had with LG USA, any retailer, or any other Person about any Washing Machine or Mold Problem, including all Communications (including those described at Complaint ¶¶ 5 and 7-23).

13.    All Documents relating to any injury You claim to have suffered, or any damages You claim to have incurred, including any covered by the Complaint's Prayer for Relief.

14.    All Documents relating to the fees charged or expenses incurred in this case by any attorney, expert, or consultant.

15.    All Documents related to potential class members. This request includes all Documents sent to any potential class member, including You, about any Washing Machine or Mold Problem. This request also includes all Documents relating to the identity of potential members of the classes alleged in the Complaint, including any list of potential class members. This request also includes all Documents related to the allegations (Complaint ¶¶ 3, 62-71) that one or more classes should be certified in this case. This request also includes all Documents, including questionnaires, received or filled out by any Plaintiff or any potential class member related to this case.

16. All Documents related to any payment of any kind made, or consideration of any kind provided, to any Plaintiff relating to this case or to any other class action case.

17. All Documents relating to the contemplation of bringing, possibility of bringing, merits of, decision to bring, or actual bringing of this lawsuit, including any Communications involving any Plaintiff on any of those subjects.

18. All Documents relating to any class action lawsuit, arbitration, or other proceeding in which any Plaintiff was a named party or class representative.

19. All Documents referred to in the Complaint, including all Documents relating to:

- Warranties provided to purchasers of Washing Machines (including Complaint ¶¶ 36 and 38).

- Form or canned responses to customer complaints (including *id.* ¶ 25).

- LG USA's investigation of defects in any Washing Machine (including *id.* ¶ 29).

- The LG USA employees named in the Complaint (including *id.* ¶ 30).

- Any alleged defect in the design of any Washing Machine (including *id.* ¶¶ 2, 39-41, 43, and 53).

- LG USA's alleged refusal to remedy the problems or defects in the Washing Machines (including *id.* ¶ 42, 49).

- The allegation that LG USA recognized the scope and magnitude of the problems caused by the defects, internally and at conferences with salespeople and national outlets such as Best Buy (including *id.* ¶¶ 48 and 49).

- The allegation that LG USA has verified to its technicians at training seminars that its front-loading washing machines are predisposed to the formation of mold, mildew and/or odor (including *id.* ¶ 50).

- The allegation that LG USA representatives admitted to Best Buy employees that that the washing machines suffer from mold, mildew and/or odor problems (including *id.* ¶ 51).

- The allegation that a large percentage of returns of LG front-loading Washing Machines were returned to LG due to mold, mildew and/or odor problems (including *id.* ¶ 52).

- The allegation that by far the most common complaints for the Washing Machines related to Mold Problems (including *id.* ¶ 49).

- New Jersey's alleged contacts to the claims asserted by Plaintiffs (including *id.* ¶ 29, 30, 56, 58, and 59).

20.     All Documents identified in Your Rule 26(a)(1) disclosures.

21.     All Documents to which any consultant or expert is given access, and all Documents reviewed by any consultant or expert in connection with this case.

22.     All Documents that You (or anyone acting on Your behalf, including Your attorneys) received from any current or former employee of LG USA.

23.     All Documents related to any Mold Problem in any non-LG branded washing machine.

24.     All Documents that any Plaintiff may seek to introduce into evidence at trial or at any hearing in this case.

25.     All Documents identified or referred to in Your answers to Interrogatories, and all Documents reviewed, consulted, or relied upon in formulating Your answers.

WINSTON & STRAWN LLP
Attorneys for Defendant
LG Electronics USA, Inc.


By:   ___/s/ Melissa Steedle Bogad_____
     James S. Richter
     jrichter@winston.com
     Melissa Steedle Bogad
     mbogad@winston.com

Dated: March 11, 2009

**OF COUNSEL**:
Lawrence R. Desideri
Scott P. Glauberman
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5700

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on March 11, 2009, copies of the foregoing Defendant LG Electronics USA, Inc.'s Request for Production of Documents were served by electronic mail upon the following:

Steven A. Schwartz
CHIMICLES & TIKELLIS
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Oren Giskan
GISKAN SOLOTAROFF ANDERSON & STEWART, LLP
11 Broadway – Suite 2150
New York, New York 10004

Paul M. Weiss
FREED & WEISS, LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

James C. Shah
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, New Jersey 08107

/s/ Melissa Steedle Bogad
Melissa Steedle Bogad

Dated: March 11, 2009

# EXHIBIT B

James C. Shah
Natalie Finkelman Bennett
Nathan C. Zipperian
Shepard, Finkelman, Miller & Shah, LLP
475 White Horse Pike
Collingswood, NJ 08107
Telephone: (856) 858-1770
Facsimile: (856) 858-7012
jshah@sfmslaw.com
nfinkelman@sfmslaw.com
nzipperian@sfmslaw.com

**Counsel for Plaintiffs and the Class**

**(Additional Counsel appear on the signature page)**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LG FRONT LOADING WASHING : | |
| MACHINE CLASS ACTION        : | Case No. 2:08-cv-0051-FSH-MAS |
| LITIGATION                  : | |
| _____ : | |

## PLAINTIFFS' RESPONSE TO DEFENDANT LG
## ELECTRONICS USA, INC.'S DOCUMENT REQUESTS

### PRELIMINARY STATEMENT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby respond to

the First Set of Requests to Plaintiffs for the Production of Documents ("Document Requests")

propounded by LG Electronics USA, Inc. ("LG" or "Defendant").

The following Objections and Responses to the Document Requests are made on the

basis of information that is presently known and available to Plaintiffs and Plaintiffs' attorneys

of record. Plaintiffs' discovery, investigation and preparation for trial are not yet complete and

are continuing as of the date of these Objections and Responses. For that reason, there may exist

documents or information responsive to these Document Requests which Plaintiffs have not yet located, identified or reviewed, and the Objections and Responses to these Document Requests, therefore, may be incomplete. There is also a possibility that, upon further investigation, certain details set forth in these Objections and Responses may be altered or amended. These Objections and Responses represent Plaintiffs' reasonable effort to provide the information requested based upon documents in Plaintiffs' possession, custody or control, and based upon Plaintiffs' current knowledge developed within the limited time available. Plaintiffs reserve the right to continue the discovery and investigation of facts, witnesses, and supplemental data that may reveal information which, if presently within Plaintiffs' knowledge, would have been included in these Objections and Responses. Plaintiffs reserve the right to present additional information as may be disclosed through continuing discovery and investigation.

## GENERAL OBJECTIONS AND OBJECTION TO INSTRUCTIONS

1. Plaintiffs object to these Document Requests to the extent they seek to establish or imply a waiver of Plaintiffs' right to challenge the relevancy, materiality, or admissibility of the information or documents provided by Plaintiffs, or to object to the use of information or documents in any subsequent proceeding or trial. In responding to these Document Requests, Plaintiffs do not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by Plaintiffs, or to object to the use of the information or documents in any subsequent proceeding or trial.

2. Plaintiffs object to the Document Requests to the extent they seek disclosure of information protected by the attorney-client privilege or which constitutes attorney work-product/trial preparation materials or any other privileged information.

3. Plaintiffs object to the Document Requests to the extent they seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure. Plaintiffs will supplement Plaintiffs' Objections and Responses, if necessary, in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure and Plaintiffs reserve the right to do so as discovery progresses.

4. Plaintiffs object to the Document Requests to the extent they call for a legal conclusion or premature expert discovery.

5. Plaintiffs object to these Document Requests to the extent they seek or purport to seek information that already is known by or has been produced to Defendant, that is known to other individuals or entities, or that is in the public domain. To the extent Defendant is seeking information that is not in Plaintiffs' possession, custody or control, information that is more readily available from other sources, or information that already is known or produced to Defendant, Plaintiffs object to these Document Requests as unduly burdensome and oppressive.

6. Plaintiffs object to the Document Requests to the extent they call for Plaintiffs to provide information in the possession of persons other than Plaintiffs, and to the extent they call for Plaintiffs to speculate upon whether and what information is in the possession of any persons other than Plaintiffs.

7. Plaintiffs object to the Document Requests to the extent they seek information contained in the pleadings in this action.

8. Plaintiffs object generally to each Document Request to the extent it calls for information on "any" or "all" or "every" topic of a specified nature or type, when a limited

amount of such information will suffice on the ground that such request is overly broad, unduly burdensome and oppressive.

9.      Plaintiffs will make reasonable efforts to respond to each Document Request to the extent Plaintiffs understand and interpret the Document Request and no objection is made. If Defendant subsequently asserts any interpretation of a Document Request which differs from that of Plaintiffs, then, Plaintiffs reserve the right to supplement Plaintiffs' Objections and Responses.

10.     Plaintiffs do not waive any of Plaintiffs' general or particular objections in the event documents are furnished which come within the scope of any objection.

11.     Plaintiffs further object to the Document Requests to the extent they are contention discovery requests. Contention discovery requests have been held by courts in this district to be inappropriate at this stage of the proceeding. *In re Bristol-Myers Squibb Sec. Litig.,* Civil Action No. 00-1990 (SRC) (D.N.J. July 2, 2003). Courts have routinely found that requiring responses to contention discovery at an early stage of the discovery process is neither necessary nor wise. As Judge Brazil observed in *In re Convergent Technologies Sec. Litig.,* 108 F.R.D. 328, 332 (N.D. Cal. 1985) " [T]here is substantial reason to believe that the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings *is a serious form of discovery abuse.* Such comprehensive sets of contention interrogatories can be almost mindlessly generated, can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel. Moreover, at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing

plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail." 108 F.R.D. at 337-338 (emphasis added). *Accord Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) ("This Court agrees that judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted."); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 107 (D.N.J. 1989) (same).

12.    The General Objections set forth above, and the objections to specific Document Requests set forth below, are made as to matters which are clearly objectionable from the face of the Document Requests. These objections are made without prejudice to, or waiver of, Plaintiffs' right to object on all appropriate grounds for the production of specific categories of documents or information.

13.    All of the General Objections set forth herein are incorporated into each of the individual responses set forth below and have the same force and effect as if fully set forth therein.

## RESPONSES

**DOCUMENT REQUEST NO. 1:**

All Documents relating to any Washing Machine or Mold Problem.

**Response to Document Request No. 1:**

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG Electronics USA, Inc., LG Digital Appliance Company, or their affiliates (hereinafter "LG"). Plaintiffs further object to this

Request as overly broad and unduly burdensome to the extent it seeks information about other than LG Washing Machines as set forth in the Complaint in this matter.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents relating to LG, if any, that are in Plaintiffs' possession, custody or control.

## DOCUMENT REQUEST NO. 2:

All Documents containing or relating to any statement by LG USA, You, or any other Person (including any retailer) about any Washing Machine or Mold Problem.

### Response to Document Request No. 2:

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties. Plaintiffs further object to this Request to the extent that it calls for communications protected by the attorney-client privilege or work-product doctrine. Plaintiffs further object to this Request as overly broad and unduly burdensome, and to the extent it seeks documents about "any Washing Machine" or "any Mold Problem" neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

## DOCUMENT REQUEST NO. 3:

All Documents relating to any alleged misrepresentation, omission, or act of concealment by LG USA regarding any Washing Machine or any Mold Problem. (This request includes all Documents relating to the conduct alleged in Complaint ¶¶ 221 and 222.)

### Response to Document Request No. 3:

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

## DOCUMENT REQUEST NO. 4:

All Documents related to Your purchase of any Washing Machine. This request includes all Documents related to any Washing Machine of which You were aware when making the purchase or thereafter, including advertisements, brochures, sales literature, articles, reviews, blog posts, studies, evaluations, or consumer reports. This request also includes all paperwork, invoices, disclosures, receipts, contracts, and Documents sufficient to identify the date of purchase and date of delivery, as well as where Your Washing Machine was purchased and at what price.

## Response to Document Request No. 4:

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties. Plaintiffs further object to this Request as overly broad and unduly burdensome, and to the extent it seeks documents about "any Washing Machine" or "any Mold Problem" neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

## DOCUMENT REQUEST NO. 5:

Documents sufficient to identify the model number, serial number, and any other identifying information for Your Washing Machine.

## Response to Document Request No. 5:

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the

documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

## DOCUMENT REQUEST NO. 6:

All Documents relating to any warranty You received with Your Washing Machine, including the warranty itself. This request includes all Documents that You contend create or define any such warranty. This request also includes all Documents relating to any extended warranty or third-party warranty that covers Your Washing Machine, including all paperwork. invoices, disclosures, receipts, contracts, and the warranty itself.

## Response to Document Request No. 6:

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the

documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

## DOCUMENT REQUEST NO. 7:

All Documents relating to the installation of Your Washing Machine, including all paperwork, invoices, disclosures, receipts, and contracts, as well as Documents sufficient to identifying the date of installation and who installed Your Washing Machine.

## Response to Document Request No. 7:

Plaintiffs object to this Request as duplicative, overly broad and unduly burdensome in so

far as the documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

**DOCUMENT REQUEST NO. 8:**

All Documents You received in connection with Your Washing Machine, including warranty information, service information, and owner's manual (including those described at Complaint ¶ 26).

**Response to Document Request No. 8:**

Plaintiffs object to this Request as duplicative, overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

**DOCUMENT REQUEST NO. 9:**

All Documents relating to Your Mold Problem, including Documents sufficient to identify the date on which You first became aware of it.

**Response to Document Request No. 9:**

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

**DOCUMENT REQUEST NO. 10:**

All Documents relating to any cleaning or repair performed on Your Washing Machine, including all paperwork, invoices, and receipts, as well as Documents sufficient to identify the repair/cleaning Person and Documents sufficient to identify all money spent on repairs. (This request includes all Documents relating to the repairs described at Complaint ¶¶ 6, 7. 14, 23, 45, and 49.) This request also includes all Documents related to any cleaning or repair You performed on Your Washing Machine.

**Response to Document Request No. 10:**

Plaintiffs object to this Request as vague and ambiguous, duplicative, overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

**DOCUMENT REQUEST NO. 11:**

All Documents relating to any information contributed to or obtained from any website about any Washing Machine or Mold Problem. This request includes the information referred to in Complaint ¶ 48.

**Response to Document Request No. 11:**

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties. Plaintiffs also object to this Request as overly broad, unduly burdensome and neither relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about "any Washing Machine." Plaintiffs further object to this Request to the extent that it calls for communications protected by the attorney-client privilege or work-product doctrine.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

**DOCUMENT REQUEST NO. 12:**

All Documents relating to any contact You had with LG USA, any retailer, or any other Person about any Washing Machine or Mold Problem, including all Communications (including those described at Complaint ¶¶ 5 and 7-23).

**Response to Document Request No. 12:**

Plaintiffs object to this Request as duplicative, overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties. Plaintiffs further object to this Request to the extent that it calls for communications protected by the attorney-client privilege or work-product doctrine. Plaintiffs further object to this Request as overly broad and unduly burdensome, and to the extent it seeks documents about "any Washing Machine" or "any Mold Problem" neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

**DOCUMENT REQUEST NO. 13:**

All Documents relating to any injury You claim to have suffered, or any damages You claim to have incurred, including any covered by the Complaint's Prayer for Relief.

**Response to Document Request No. 13:**

Plaintiffs object to this Request as premature, overly broad and unduly burdensome in so

far as the documents requested are in the custody and control of LG and/or third parties.

Plaintiffs also object to this request to the extent it seeks an expert opinion.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

**DOCUMENT REQUEST NO. 14:**

All Documents relating to the fees charged or expenses incurred in this case by any attorney, expert, or consultant.

**Response to Document Request No. 14:**

Plaintiffs object to this Request because it is premature and seeks to impose duties and responsibilities on Plaintiffs that go beyond those required by the Federal Rules of Civil Procedure, the Local Rules and the Court's pre-trial scheduling order. Plaintiffs further object to the extent that this Request seeks disclosure of experts and related expert materials at this time. Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by the attorney work product privilege and/or work product doctrine.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged, expert - related documents, if any, that are in Plaintiffs' possession, custody or control following Defendants' production of documents to Plaintiffs, and in accordance with any applicable pre-trial scheduling orders in this case.

**DOCUMENT REQUEST NO. 15:**

All Documents related to potential class members. This request includes all Documents sent to any potential class member, including You, about any Washing Machine or Mold Problem. This request also includes all Documents relating to the identity of potential members of the classes alleged in the Complaint, including any list of potential class members. This request also includes all Documents related to the allegations (Complaint ¶¶ 3, 62-71) that one or more classes should be certified in this case. This request also includes all Documents, including questionnaires, received or filled out by any Plaintiff or any potential class member related to this case.

**Response to Document Request No. 15:**

Plaintiffs object to this Request to the extent that it is a premature contention request and to the extent that it calls for communications protected by the attorney-client privilege and work-

product doctrine. Plaintiffs also object to this Request to the extent it impermissibly is seeking

absent class member discovery. Further, Plaintiffs object to this Request as overly broad and

unduly burdensome in so far as the documents requested are in the custody and control of LG

and/or third parties and/or in the custody of absent class members.


**DOCUMENT REQUEST NO. 16:**

All Documents related to any payment of any kind made, or consideration of any kind
provided, to any Plaintiff relating to this case or to any other class action case.

**Response to Document Request No. 16:**

Plaintiffs object to this Request to the extent that it is improper harassment, and calls for

communications protected by the attorney-client privilege and work-product doctrine. Plaintiffs

also object to this Request to the extent it impermissibly is seeking absent class member

discovery. Further, Plaintiffs object to this Request as vague, overly broad and unduly

burdensome and not relevant or related to the issues in this case to the extent it seeks information

about "any other class action case."

Subject to and without waiving the foregoing Objection and General Objections, no such

documents exist.

**DOCUMENT REQUEST NO. 17:**

All Documents relating to the contemplation of bringing, possibility of bringing, merits
of, decision to bring, or actual bringing of this lawsuit, including any Communications involving
any Plaintiff on any of those subjects.

**Response to Document Request No. 17:**

Plaintiffs object to this Request to the extent that it is improper harassment, and calls for

communications protected by the attorney-client privilege and work-product doctrine. Plaintiffs

also object to this Request to the extent it impermissibly is seeking absent class member discovery.

## DOCUMENT REQUEST NO. 18:

All Documents relating to any class action lawsuit, arbitration, or other proceeding in which any Plaintiff was a named party or class representative.

## Response to Document Request No. 18:

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of third parties. Plaintiffs further object to this Request as overly broad and unduly burdensome in so far as the documents requested are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, related to the Washing Machine, that are in Plaintiffs' possession, custody or control.

## DOCUMENT REQUEST NO. 19:

All Documents referred to in the Complaint, including all Documents relating to:

- Warranties provided to purchasers of Washing Machines (including Complaint ¶¶ 36 and 38).

- Form or canned responses to customer complaints (including *id.* ¶ 25).

- LG USA's investigation of defects in any Washing Machine (including *id.* ¶ 29).

- The LG USA employees named in the Complaint (including *id.* ¶ 30).

- Any alleged defect in the design of any Washing Machine (including *id.* ¶¶ 2, 39-41, 43, and 53).

- LG USA's alleged refusal to remedy the problems or defects in the Washing Machines (including *id* ¶. 42, 49).

- The allegation that LG USA recognized the scope and magnitude of the problems caused by the defects, internally and at conferences with salespeople and national outlets such as Best Buy (including *id.* ¶¶ 48 and 49).

- The allegation that LG USA has verified to its technicians at training seminars that its front-loading washing machines are predisposed to the formation of mold, mildew and/or odor (including *id.* ¶ 50).

- The allegation that LG USA representatives admitted to Best Buy employees that that the washing machines suffer from mold, mildew and/or odor problems (including *id.* ¶ 51).

- The allegation that a large percentage of returns of LG front-loading Washing Machines were returned to LG due to mold, mildew and/or odor problems (including *id.* ¶ 52).

- The allegation that by far the most common complaints for the Washing Machines related to Mold Problems (including *id.* ¶ 49).

- New Jersey's alleged contacts to the claims asserted by Plaintiffs (including *id.* ¶¶ 29, 30, 56, 58, and 59).

**Response to Document Request No. 19:**

Plaintiffs object to this Request as duplicative, vague, overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties. Plaintiffs also object to this contention Request as premature because discovery is not yet complete in this case.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

**DOCUMENT REQUEST NO. 20:**

All Documents identified in Your Rule 26(a)( 1) disclosures.

**Response to Document Request No. 20:**

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

## DOCUMENT REQUEST NO. 21:

All Documents to which any consultant or expert is given access, and all Documents reviewed by any consultant or expert in connection with this case.

**Response to Document Request No. 21:**

Plaintiffs object to this Request because it is premature and seeks to impose duties and responsibilities on Plaintiffs that go beyond those required by the Federal Rules of Civil Procedure, the Local Rules and the Court's pre-trial scheduling order. Plaintiffs further object to the extent that this Request seeks disclosure of experts and related expert materials at this time.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control following Defendants' production of documents to Plaintiffs, and in accordance with any applicable pre-trial scheduling orders in this case.

## DOCUMENT REQUEST NO. 22:

All Documents that You (or anyone acting on Your behalf including Your attorneys) received from any current or former employee of LG USA.

**Response to Document Request No. 22:**

Plaintiffs object to this Request to the extent that it calls for communications protected by

the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

## DOCUMENT REQUEST NO. 23:

All Documents related to any Mold Problem in any non-LG branded washing machine.

## Response to Document Request No. 23:

Plaintiffs object to this Request as overly broad and unduly burdensome in so far as the documents requested are in the custody and control of LG and/or third parties. Plaintiffs further object to this Request as overly broad and unduly burdensome in so far as the documents requested are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving the foregoing Objection and General Objections, Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs' possession, custody or control.

## DOCUMENT REQUEST NO. 24:

All Documents that any Plaintiff may seek to introduce into evidence at trial or at any hearing in this case.

## Response to Document Request No. 24:

Plaintiffs object to this Request because it is premature and seeks to impose duties and responsibilities on Plaintiffs that go beyond those required by the Federal Rules of Civil Procedure, the Local Rules and the Court's pre-trial scheduling order. Plaintiffs further object to the extent that this Request seeks disclosure of experts and related expert materials at this time.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control following Defendants' production of documents to Plaintiffs, and

in accordance with any applicable pre-trial scheduling orders in this case.

## DOCUMENT REQUEST NO. 25:

All Documents identified or referred to in Your answers to Interrogatories, and all
Documents reviewed, consulted, or relied upon in formulating Your answers.

### Response to Document Request No. 25:

Plaintiffs object to this Request to the extent that it calls for communications protected by

the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing Objection and General Objections,

Plaintiffs will produce responsive, non-privileged documents, if any, that are in Plaintiffs'

possession, custody or control.

Dated: April 13, 2009

Oren Giskan
Darnley D. Stewart
GISKAN SOLOTAROFF
ANDERSON & STEWART LLP
11 Broadway- Suite 2150
New York, NY 10004
Telephone: (212) 847-8315
Facsimile: (646) 520-3236
ogiskan@gslawny.com
dstewart@gslawny.com

James C. Shah
Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107

18

Telephone: 856/858-1770
Facsimile: 856/858-7012
jshah@sfmslaw.com
nfinkelman@sfmslaw.com
nzipperian@sfmslaw.com

Steven A. Schwartz
Alison R. Gabe
CHIMICLES & TIKELLIS, LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
stevenschwart@chimicles.com
arg@chimicles.com

Paul M. Weiss
George K. Lang
FREED & WEISS, LLC
111 West Washington Street, Suite 1331
Chicago, IL 60602
Telephone: (312) 220-0000
paul@freedweiss.com
george@freedweiss.com

# EXHIBIT C

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG3

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

4 STASOVOY ULITSA
119071 MOSCOW, RUSSIAN FEDERATION

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5401

25, AVENUE MARCEAU
CS 31621
75773 PARIS CEDEX 16

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

August 4, 2009

**VIA E-MAIL**
Natalie Finkelman
Shepherd, Finkelman, Miller & Shaw, LLP
475 White Horse Pike
Collingsword, New Jersey 08107

George K. Lang
Freed & Weiss LLC
111 West Washington Street
Suite 1331
Chicago, Illinois 60602

> Re: **In re LG Front Load Washing Machine Class Action Litigation (08-cv-00051-FSH-MAS)**

Dear Natalie and George:

On behalf of LG USA Electronics, Inc. ("LG USA"), I write regarding various open issues as to Plaintiffs' discovery responses.

First, to-date we have not received a response from Plaintiff Ashe to LG USA's interrogatory request. As the response was due several months ago, please provide it as soon as possible.

Additionally, there are various open items remaining from our telephonic conference on May 18, 2009. At the conference you stated productions are still forth-coming from Plaintiffs. We have not received any supplemental productions from Plaintiffs since the conference. Please advise when Plaintiffs anticipate making their next production and when Plaintiffs anticipate completing production.

In that same vein, at the conference you agreed to email color copies of photographs produced in black and white to-date, to Scott P. Glauberman's attention, as the black and white copies are illegible. To-date, Mr. Glauberman has not received the color copies. Please send them as soon as possible.

Further, please advise whether Plaintiffs anticipate producing a privilege log. It is our understanding from the conference that, with the possible exception of documents responsive to Document Requests 15 and 17, to-date, no documents or tangible things have been withheld from production on the basis of any applicable privilege. Please confirm whether any responsive documents or tangible things are being withheld on the basis of any applicable privilege in response to any of LG USA's document or tangible things requests, and if so, to which requests documents and/or tangible things are being withheld, as well as when Plaintiffs anticipate producing a privilege log.

Additionally, at the conference LG USA proposed that any documents or tangible things provided to experts that have not been otherwise been produced to LG USA that are responsive to either Document Requests 14, 21 or 24 or Tangible Things Request 5, should immediately be produced during fact discovery. Please advise as to your response to this proposal.

With respect to Document Requests 15 and 17, LG USA clarified at the conference that Document Requests 15 and 17 are intended to cover, at a minimum, whether Plaintiffs are aware of any other LG-branded front-loading washing machine owners who allegedly suffer from the same issues as alleged in Plaintiffs' Consolidated Amended Complaint, as well as any communications between a named-Plaintiff and non-counsel regarding the validity of their claims asserted against LG USA in the Consolidated Amended Complaint. Accordingly, please advise whether there are any documents responsive to Document Requests 15 and 17, and if so, when they will be produced.

Similarly, LG USA clarified at the conference that Document Request 16 is intended to call for documents regarding compensation to any Plaintiff, whether in connection with this matter or another matter. Accordingly, please advise whether there are any documents responsive to Document Request 16, and if so, when they will be produced.

With respect to Plaintiffs' response to Document Request 18, you clarified that there should not be the qualification "related to the Washing Machine." As a result, please advise whether any responsive documents are being withheld in response to Document Request 18 based on that clarification, and if so, when they will be produced.

Additionally, you confirmed during the conference that Plaintiffs intend to produce all documents responsive to Document Request 19. Please confirm whether Plaintiffs have done so. If responsive documents do exist in response to Document Request 19, please advise when they will be produced.

With respect to Document Request 23, we appreciate Plaintiffs' agreement that to the extent Plaintiffs have documents about Mold Problems in other machines, those documents will be produced to LG USA and that Plaintiffs are not objecting on the grounds of relevance to producing those documents. LG USA also clarifies that it is not seeking production of documents Plaintiffs' counsel have from other front-loading washing machine litigations involving mold and odor issues. Accordingly, please advise whether there are any documents responsive to Document Request 23, and if so, when they will be produced.

Finally, as discussed, in connection with Tangible Things Requests 3 and 4, LG USA requests that Plaintiffs produce all products used in Plaintiffs' LG-branded front-loading washing machines. To the extent products have been used or are used, Plaintiffs should preserve and produce the product containers, and do so going forward. In the event Plaintiffs have used or will use the same product repeatedly, only one such container need be preserved, so long as Plaintiffs are willing to supplement their interrogatory responses to Interrogatory Requests 3, 4, 8 and/or 9, as applicable, for each product to state the average period of time it takes for Plaintiff to use an entire container, specifying the size of the container.

We look forward to receiving your responses to the items described above and working through these discovery issues amicably. In the meantime, please contact me with any questions.

Best regards,

Kristen V. Grisius

cc:    Scott P. Glauberman
       Karen Quirk

# EXHIBIT D

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
475 WHITE HORSE PIKE
COLLINGSWOOD, NJ 08107-1909
856/858-1770
Fax: 856/858-7012
*www.sfmslaw.com*

■

PENNSYLVANIA
NEW JERSEY
FLORIDA
CONNECTICUT
WISCONSIN
CALIFORNIA

**NATALIE FINKELMAN BENNETT**‡
*nfinkelman@sfmslaw.com*

August 18, 2009

**VIA ELECTRONIC MAIL**

Kristen V. Grisuis
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, Ill 60601

> Re:   **In re LG Front Load Washing Machine Class Action**
> **Litigation - Consolidated Docket No. 2:08-cv-00051-FSH-MAS**

Dear Kristen:

I write regarding a number of outstanding discovery issues that have not been addressed by Defendant, LG Electronics, USA, Inc. ("LG"), as well as in response to your letter of August 4, 2009.

## I.   LG's Partial Production

At present, LG has produced approximately 50,000 pages; however, despite our attempt to reach out to LG in May to try to avoid production issues, we are still without certain critical information. Plaintiffs expect to see, but have not seen, *inter alia*, substantial documents and information regarding drawings and design specifications, aggregate sales volumes, warranty and repair rates and claims, as well as reports, studies, testing and analysis of the machines relating to biofilms or mold.

‡ Admitted in NJ and PA

With respect to the written discovery responses, we have a few specific inquiries. First, with respect to the Interrogatory Responses, we will need LG to provide names in response to Interrogatory 1(c-g), as it is not enough to simply identify "employees of a division or group." If there are organization charts or other documents identifying the employees of these groups, we would be willing to look at those documents as an initial matter. Please let us know when we can expect to receive that information.

With respect to Document Request Nos. 10-14, 18, has LG completed its production of claims and warranty information as well as information about class member complaints?

With respect to Request No. 44, the objection is without merit, as there is no agreement that discovery is limited by the parties' disclosures. Please reconsider LG's objection to this straightforward and usually non-controversial discovery request.

With respect to Request Nos. 19, 30, 31, 45, 46-50, and Interrogatory No. 1 (a-b), LG appears to take the position that it markets and sells the machines, and nothing else, and is completely cut off from any documents or information about the design, development, engineering, manufacturing and assembling of the machines that it markets and sells and for which it administers the warranties. Because this position is directly contrary to positions LG has taken in written declarations regarding the existence of documents and witnesses in New Jersey, in order to assess its validity, we will need to, at a minimum, examine documents regarding the relationship between the entities. Please let us know immediately whether you will provide us with this baseline information so that we may assess the validity of these objections to highly material and relevant information.

In addition, there are certain "technical" issues inherent in the production that we would like to bring to your attention. First, the production includes a number of documents that use or appear to use Dingbat typeface. By way of example only, we have identified the following documents:

LGUSA_FLW0004057, LGUSA_FLW0004243, LGUSA_FLW0004316,
LGUSA_FLW0004414, LGUSA_FLW0005458, LGUSA_FLW0005579,
LGUSA_FLW0005677, LGUSA_FLW0005726, LGUSA_FLW0005799,
LGUSA_FLW0005848, LGUSA_FLW0005897, LGUSA_FLW0028145

(according to metadata from whiterose@lge.com), which all seem to be in Dingbat typeface (possibly Zapf) – can you provide the key, otherwise these documents are unresponsive and unintelligible.

Second, the production includes a number of documents (including for example LGUSA_FLW0025159, 25721, 25727) where the resolution is too low to view the document. Please provide better images.

Next, there are a number of documents (including for example LGUSA_FLW0025169-70, 25200, 25288, 25315, 25412, 25417-8, 25442, 25447, 25534-36, 25562, 25652 ) where the document as produced says "Placeholder—Document could not be converted." Can you let us know what the native format for these images should be, or let us know how to convert them.

The production also includes numerous examples of blank pages (including for example LGUSA_FLW0025171, 25195, 25206, 25290-316, 25324, 25419-25442, 25451, 25533, 25537-61, 25623-27, 25651). Please explain the production of blank pages.

Further, a number of documents do not have Bates numbers. Is this intentional, or is it LG's intent to produce all documents with a Bates number?

Finally, the production also includes a large number of fully or partially redacted documents. We will need to receive a privilege log and redaction log or explanation to begin to assess the validity of these redactions. Please provide a privilege log immediately or let us know why LG has not produced any privilege log.

## II.    Plaintiffs' Discovery Responses

In response to your letter, LG has received Ashe's responses to the Interrogatories and color copies of washing machine mold photos, and any additional Plaintiffs' documents are forthcoming.

As we discussed, other than correspondence with counsel, Plaintiffs do not have any privileged documents that are not produced and we do not intend to provide a privilege log of correspondence with litigation counsel.

With respect to Document Requests Nos. 14, 21, and 24, and Tangible Request No. 5, we thought we had agreed to provide this information in connection with the expert disclosures and any pretrial order. While we are willing to discuss this, we are not sure how LG would expect Plaintiffs to, for example, "immediately" produce "All documents that any Plaintiff may seek to introduce into evidence at trial or at any hearing in this case" (Request No. 24) when LG has not completed even half of its production of documents. Further, LG's request that Plaintiffs provide "immediately" "all tangible things to which any consultant or expert is given access" (Tangible Request No. 5) is not consistent with Plaintiffs' expert disclosure requirements.

Plaintiffs believe that to the extent the inquiries within Request Nos. 15 and 17 are not objectionable, they are best addressed in depositions. In any event, Plaintiffs will stand on their objections to Request No. 15, and we are not aware of responsive documents of Plaintiffs with respect to Request No. 17.

As stated in response to Request No. 16, no such documents exist.

With respect to Request No. 18, Plaintiffs are not withholding documents relating to any class action lawsuit, arbitration, or other proceeding in which any Plaintiff was a named party or class representative.

With respect to the tangible things request, Plaintiffs are willing to agree to preserve, on a going-forward basis, products used to clean or deodorize the machines and products used to clean clothes in the machine, but believe that deposition is the best forum for these questions rather than continued supplementation of interrogatory responses. We are however, willing to further discuss a reasonable resolution of this issue.

We look forward to receiving all of the information requested and continuing to work cooperatively in discovery. Please contact me to discuss any questions you might have.

Regards,

Natalie Finkelman Bennett
NFB/sm
cc:     Plaintiffs' Counsel

# EXHIBIT E

# WINSTON & STRAWN LLP

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG3

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

4 STASOVOY ULITSA
119071 MOSCOW, RUSSIAN FEDERATION

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5401

25, AVENUE MARCEAU
CS 31621
75773 PARIS CEDEX 16

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

November 25, 2009

**BY EMAIL**

Douglas Dehler, Esq.
SHEPHERD, FINKEMAN, MILLER &
SHAH, LLP
111 East Wisconsin Avenue, Suite 1750
Milwaukee, Wisconsin 53202

Re:    **In re LG Front Load Washing Machine Class Action Litigation,
Civil Action No. 08 CV 51 (FSH) (MAS)**

Dear Counsel:

As you are aware, this firm represents Defendant LG Electronics USA, Inc. ("LG USA") in the above-referenced matter. I write with respect to the November 23, 2009 depositions of Plaintiffs Lori and Glen Grosso.

On September 17, 2009, the Grosso Plaintiffs produced to LG USA printouts of three digital photographs. At their depositions, neither Grosso Plaintiff could remember when the pictures were taken. Mr. Grosso testified that the dates for the photographs are stored on his digital camera or on his computer. I therefore request proper production of the digital files pursuant to the ESI Protocol, with all metadata—including the date field—intact.

Mr. Grosso also testified that his digital camera or computer may hold additional pictures of his washing machine not yet produced to LG USA. I request that Plaintiffs either produce the additional pictures (in proper digital form under the ESI Protocol) or confirm, after a search, that none exist.

Mr. Grosso also testified that he received with his washing machine a "quick-start guide" but did not produce it because he was already producing his owner's manual. I request that Plaintiffs produce the quick-start guide to which Mr. Grosso referred.

Mr. Grosso also testified that he signed an agreement retaining an attorney in this matter, and that a copy of the agreement is in his files at home. The agreement has not yet been produced. I request that Plaintiffs produce it.

The items requested in this letter should already have been produced, and I respectfully request that Plaintiffs produce them by December 2.

Sincerely,

Kristen V. Grisius

cc:     All Counsel (by email)

# EXHIBIT F

**From:** Karen Leser-Grenon [kleser@sfmslaw.com]
**Sent:** Wednesday, December 02, 2009 8:43 PM
**To:** Grisius, Kristen Victoria
**Cc:** Doug Dehler; Natalie Finkelman; ogiskan@gslawny.com
**Subject:** LG-Grosso

Dear Kristen:

Thank you for your letter dated November 25, 2009, directed to Doug Dehler of my firm.  We are working on the request in your letter with respect to the Grosso Plaintiffs' digital files from their digital camera and will get back to you as soon as possible.  With respect to your request for the retainer agreement between the Grosso Plaintiffs and their attorneys, we are not willing to produce this agreement as it calls for communications protected by the attorney-client privilege.  Should you have additional questions, please do not hesitate to contact me.

Very truly yours,
Karen M. Leser-Grenon

Karen M. Leser-Grenon, Esq.
Shepherd, Finkelman, Miller & Shah, LLP
401 West A Street, Suite 2350
San Diego, California 92101
Tel/619.235.2416
Fax/619.234.7334
kleser@sfmslaw.com

NOTICE:  This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT G

**From:** Grisius, Kristen Victoria
**Sent:** Sunday, December 06, 2009 3:31 PM
**To:** 'Karen Leser-Grenon'
**Cc:** Doug Dehler; Natalie Finkelman; ogiskan@gslawny.com
**Subject:** RE: LG-Grosso

Dear Karen,

Thank you for your response.

I note that, although you are now claiming the retainer letters are privileged, no Plaintiff has ever produced a privilege log. In fact, lead Plaintiffs' counsel has told LG USA that no Plaintiff is withholding privileged documents. Yet retainer agreements were plainly included in LG USA's document requests, including requests 1, 3, 9, 14, 16 and 17.

We disagree that the Grosso retainer letter, or the retainer letter of any other Plaintiff, is protected by the attorney-client privilege. The retainer letters are relevant, especially in a putative class action in which Plaintiffs are seeking recovery of their attorneys' fees and litigation costs, and the retainer letters are neither privileged nor attorney work product. *See, e.g., Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3rd Cir. 1999); *Ferraro v. General Motors Corp.*, 105 F.R.D. 429, 433 (D.N.J. 1984); *Stanziale v. Vanguard Info-Solutions Corp.*, 2008 WL 1808318, at *1 (Bankr. D.N.J., Apr. 21, 2008) (citing *In re Semel*, 411 F.2d 195, 197 (3rd Cir. 1969)).

Accordingly, please produce the retainer letter of every Plaintiff as soon as possible. LG USA must receive the retainer letters for the remaining depositions (beginning with the three depositions on Tuesday, December 8) before the depositions take place.

If Plaintiffs continue to maintain that the retainer letters are privileged, we reserve our right to raise this issue with Judge Shipp at the discovery conference on December 15.

Thank you again.

Regards,
Kristen

**Kristen Grisius**
D: +1 (312) 558-8804
www.winston.com

# WINSTON & STRAWN LLP

**From:** Karen Leser-Grenon [mailto:kleser@sfmslaw.com]
**Sent:** Wednesday, December 02, 2009 8:43 PM

**To:** Grisius, Kristen Victoria
**Cc:** Doug Dehler; Natalie Finkelman; ogiskan@gslawny.com
**Subject:** LG-Grosso

Dear Kristen:

Thank you for your letter dated November 25, 2009, directed to Doug Dehler of my firm.  We are working on the request in your letter with respect to the Grosso Plaintiffs' digital files from their digital camera and will get back to you as soon as possible.  With respect to your request for the retainer agreement between the Grosso Plaintiffs and their attorneys, we are not willing to produce this agreement as it calls for communications protected by the attorney-client privilege.  Should you have additional questions, please do not hesitate to contact me.

Very truly yours,
Karen M. Leser-Grenon

Karen M. Leser-Grenon, Esq.
Shepherd, Finkelman, Miller & Shah, LLP
401 West A Street, Suite 2350
San Diego, California 92101
Tel/619.235.2416
Fax/619.234.7334
kleser@sfmslaw.com

NOTICE:  This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT H

## WINSTON & STRAWN LLP

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA  28202-1078
_____

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703
_____

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND
_____

11TH FLOOR, GLOUCESTER TOWER,
THE LANDMARK, 15 QUEEN'S ROAD CENTRAL
HONG KONG
_____

99 GRESHAM STREET
LONDON EC2V 7NG
_____

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5401

(973) 848-7676
_____

FACSIMILE (973) 848-7650
_____

www.winston.com

4 STASOVOY ULITSA
119071 MOSCOW, RUSSIAN FEDERATION
_____

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193
_____

25 AVENUE MARCEAU
CS 31621
75773 PARIS CEDEX 16
_____

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802
_____

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

Writer's Direct Dial Number
973-848-7643

December 8, 2009

**BY ECF AND FACSIMILE**
Honorable Michael A. Shipp, U.S.M.J.
United States District Court
Martin Luther King Jr. Federal Building
  and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   **In re LG Front Load Washing Machine Class Action Litigation**
>        **Case No. 08 CV 51 (FSH) (MAS)**

Dear Judge Shipp:

Please accept this letter as the joint case status update that Your Honor ordered the parties to file in anticipation of the conference scheduled for Tuesday, December 15, 2009.

The parties respectfully submit that they are still in disagreement over the following three issues: (1) the schedule for expert reports; (2) Plaintiffs' first Rule 30(b)(6) notice; and (3) Plaintiffs' second Rule 30(b)(6) notice.  The parties rely on their previous submissions to the Court regarding their respective positions as to each of these three issues. The parties outline below the additional topics they would like to bring to the Court's attention.

### LG USA's Additional Topics for the Court's Consideration

Although the parties are in agreement that an extension of the December 31 fact discovery deadline is necessary, the parties disagree as to the appropriate extension needed at this time.  Defendant LG USA Electronics, Inc. ("LG USA") respectfully requests an extension of two months for all dates in the Scheduling Order.  LG USA submits that a two-month extension of all dates is reasonable in light of the fact that 15 inspections of Plaintiffs' front-loading washing machines (which are located across the country) still need to take place as of the date of this letter, many of which the parties are still working on scheduling.  In order for LG

WINSTON & STRAWN LLP

Honorable Michael A. Shipp, U.S.M.J.
December 8, 2009
Page 2

USA to fully develop its defenses in this matter, the inspections need to be completed before expert reports can be prepared and before the class certification briefing stage.

Further supporting an extension is the fact that 11 Plaintiff depositions still need to take place as of the date of this letter, as well as any depositions resulting from Plaintiffs' two Rule 30(b)(6) notices.  Moreover, as LG USA conducts the depositions of each of the named-Plaintiffs, it is learning that certain Plaintiffs are not the primary user of their front-load washing machine that is the subject of their claims in the Consolidated Amended Complaint, which may result in LG USA needing to take additional depositions.

There is also an additional need for an extension because a new front-loading washing machine suit has been filed against LG USA in state court in Pennsylvania alleging substantially similar claims as that in Plaintiffs' Consolidated Amended Complaint.  LG USA anticipates removing the state court complaint to federal court and moving to consolidate it into the present action in short order, which will result in additional discovery (i.e., interrogatory and document responses, depositions, and an inspection).

Various document production issues also have arisen in connection with Plaintiffs' productions to LG USA that may require additional discovery, further supporting LG USA's request for an extension.  First, at several depositions of named-Plaintiffs, LG USA has learned that the Plaintiff has responsive documents that were never produced to LG USA (e.g., pictures taken of their front-loading washing machine, correspondence regarding their front-loading washing machine, or retainer letters with Plaintiffs' counsel).  In some instances, documents have been produced for a Plaintiff at or after their deposition.

Another document production issue has arisen in connection with Plaintiffs' productions of photographs taken with digital cameras which are electronic data and thus governed by the ESI Protocol applicable to both parties, which this Court signed and entered. Although LG USA has produced its electronic data consistent with the terms of the ESI Protocol, Plaintiffs have not done so in connection with any of the digital photographs they have produced, and doing so is critical, as most of the Plaintiffs do not remember when they took the pictures.  If, however, Plaintiffs produced the underlying metadata required by the ESI Protocol, LG USA would know when the pictures were taken.  Such metadata is especially critical for any Plaintiff, such as the Harper Plaintiffs, that produced photographs of their machine after their depositions. Plaintiffs have not provided LG USA with any support as to how and why production of such metadata required under the ESI Protocol is burdensome.  These various document production issues may result in LG USA having to re-depose the late-producing Plaintiffs, causing the need for additional time for discovery.

A third document production issue concerns Plaintiffs' recent refusal to produce retainer letters for each of the named-Plaintiffs.  Plaintiffs represented to LG USA on Wednesday, December 2 that despite LG USA's request for production of such documents in its March 2009 document requests, Plaintiffs have not produced retainer letters for each of the named-Plaintiffs and are for the first time claiming such documents as privileged.  Plaintiff

WINSTON & STRAWN LLP

Honorable Michael A. Shipp, U.S.M.J.
December 8, 2009
Page 3

retainer letters are neither privileged nor attorney work product, and are relevant, especially in a putative class action in which Plaintiffs are seeking recovery of their attorneys' fees and litigation costs, as well as to the class certification issue of adequate representation. *See, e.g.*, *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (fee agreement not protected by either attorney-client privilege or work product privilege); *Ferraro v. General Motors Corp.*, 105 F.R.D. 429, 433 (D.N.J. 1984) (directing plaintiff's counsel in a class action to furnish a copy of the fee agreement to defendant, as it was not privileged and highly relevant to the issue of adequate representation); *Stanziale v. Vanguard Info-Solutions Corp.*, No. 06-2208 (MBK), 2008 WL 1808318, at *1 (Bankr. D.N.J. Apr. 21, 2008) (noting that "fee agreements or retainer agreements generally are not privileged," court reviewed fee agreement at issue and produced it to opposing party with confidential portion redacted) (citing *In re Semel*, 411 F.2d 195, 197 (3d Cir. 1969)); *In re Grand Jury Investigation*, 631 F.2d 17, 19 (3d Cir. 1980) (ordering disclosure of fee agreement to grand jury, finding no unusual circumstances that would exempt document from general rule that fee information is not within the attorney-client privilege).  Further, LG USA is surprised by Plaintiffs' privilege claim in light of Plaintiffs' repeated representations since this summer that they have no privileged documents and will not be producing a privilege log to LG USA.  To date, Plaintiffs have not produced a privilege log.

Finally, as referred to earlier, the parties have been working to schedule inspections of each named-Plaintiff's front-loading washing machine.  LG USA is taking all reasonable steps available to conduct the inspections as efficiently and quickly as possible, but due to the importance of the inspections, LG USA must conduct thorough and accurate inspections.  Two inspections have taken place as of the date of this letter, and three more are scheduled to occur prior to the conference on December 15.  The parties will be in a better position after the next few inspections to know whether the Court's input regarding the inspections is necessary.

### Plaintiffs' Additional Topics for the Court's Consideration

As an initial matter, Plaintiffs note that the parties have not yet had an opportunity to meet and confer regarding the additional topics raised by LG USA for the Court's consideration.  Nevertheless, Plaintiffs will briefly address the newly raised issues.

First, with respect to the appropriate length of an extension to the discovery period, Plaintiffs have repeatedly conveyed to LG USA that they cannot reasonably make that determination until LG USA provides (1) the names of the deponents who will provide responsive testimony to Plaintiffs' 30(b)(6) deposition notices; and (2) actual dates for those depositions.  To date, LG USA has still failed to provide either, making it impossible for Plaintiffs to gauge how long of an extension is appropriate and necessary under these circumstances.

Second, with respect to the newly filed Pennsylvania action, Plaintiffs do not believe that this litigation, which has been pending in this District since in or about January 2008, should be delayed, in any respect, by that case.  To the extent the Pennsylvania action ultimately

WINSTON & STRAWN LLP

Honorable Michael A. Shipp, U.S.M.J.
December 8, 2009
Page 4

is consolidated, the parties can, at that time and with the Court's guidance, address any scheduling issues that arise.

Third, with respect to LG USA's representations regarding Plaintiffs' purported failure to produce certain documents and information, as the record will ultimately demonstrate, the depositions have resulted in Plaintiffs need only to produce a small number of additional documents, which will not require any delay in the discovery process.  Moreover, to the extent that LG USA has requested additional production, much of it is non-discoverable.  By way of example only, LG USA's request for retainer agreements is not appropriate and not supported by the substantial weight of authority.  *See Chandran v. BMW of North America, LLC*, (2:08-cv-02619-KSH-PS (D.N.J.) [Docket Nos. 80 and 91]) (denying defendant's motion to compel production of retainer agreements); *Piazza v. First American Title Ins. Co.*, No. 3:06-cv-765 (AWR), 2007 WL 4287469, at *1 (D. Conn. Dec. 5, 2007) ("[F]ee arrangements between a plaintiff and his counsel are not relevant to class certification issues") (citations omitted); *Mitchell-Tracey v. United General Title Ins. Co.*, No. CIV. AMD-05-1428, 2006 WL 149105, at *1-*2 (D. Md. Jan. 09, 2006) (noting that "[t]he weight of the case law holds that fee arrangements are irrelevant at this stage of the proceeding," that "fee arrangements are irrelevant to class certification" and finding an absence of support "attesting to the relevance of these hypothetical aspects of fee agreements to questions of adequacy or typicality during class certification discovery") (citations omitted); *Sandler v. McGraw-Edison Co.*, 92 F.R.D. 463, 465 (S.D. Ohio 1981) (finding fee agreement irrelevant for purposes of class certification and rejecting notion that request for attorneys' fees if litigation is successful requires production of retainer agreements); *Greene v. Emersons Ltd.*, 86 F.R.D. 47, 62 (S.D.N.Y. 1980) (details of the fee arrangement between class representative and its counsel were "none of the class action defendants' business").

Fourth, with respect to LG USA's purported complaint about ESI (and specifically the precise date of certain pictures), the parties disagree regarding LG USA's entitlement to this burdensome and unnecessary process.  This is particularly true in light of the fact that LG USA will have the opportunity to depose each of the Plaintiffs (and, in fact, already has taken numerous depositions) and will be inspecting each of the washing machines at issue in this case.  Additionally, the pictures produced to LG USA are in a "reasonably usable form" as required under Rule 34.

Fifth, with respect to the inspections, LG USA conducted its first inspection of a Plaintiff's washing machine this week (three additional inspections are scheduled to occur prior to the December 15, 2009 conference).  That inspection took approximately six hours, which was twice as long as LG USA represented it would take.  Plaintiffs are hopeful that LG USA will streamline the process so that the parties will not need to address the issue with the Court.

Lastly, LG USA produced a privilege log on December 2, 2009.  Based on Plaintiffs initial review, the log appears to be insufficient on a number of levels.  Plaintiffs intend to meet and confer with LG USA regarding the scope and content of the log as soon as possible.

WINSTON & STRAWN LLP

Honorable Michael A. Shipp, U.S.M.J.
December 8, 2009
Page 5

***

The parties look forward to speaking with Your Honor about the above issues at the December 15 conference.

Respectfully submitted,


WINSTON & STRAWN LLP

/s/ Melissa Steedle Bogad
James S. Richter
Melissa Steedle Bogad
Attorneys for Defendant LG USA


SHEPHERD, FINKELMAN, MILLER
& SHAH LLP

/s/ James C. Shah
James C. Shah
Attorney for Plaintiffs

cc:    All Counsel of Record (via e-mail)

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD

WASHING MACHINE CLASS        CASE NO. 2:08-cv-00051-FSH-MAS

ACTION LITIGATION
~~~~~~~~~~~~~~~~~~~~~~~~~~

**VIDEOTAPED DEPOSITION OF**

**LYLA BOONE**

December 1, 2009
10:06 a.m.

J.V. KILLINGSWORTH & ASSOCIATES
1422 Oregon Street
Redding, California

KINSIE ROWEN, C.S.R. No. 10225



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.708.8087
Facsimile: 312.673.8138

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

117

```
 1          MR. RICHTER:  Q  Ms. Boone, I'm going to show
 2    you what has been marked as Boone 8 for
 3    identification.  If you could just take a look at
 4    that, please.
 5          A.    Okay.
 6          Q.    Have you ever seen that document before?
 7          A.    Yes.
 8          Q.    Can you tell me what it is?
 9          A.    It's the initial Complaint against LG.
10          Q.    And that's the initial Complaint that was
11    filed against LG USA on your behalf --
12          A.    Mm-hmm.
13          Q.    -- correct?
14          A.    I believe it is, yeah.
15          Q.    Which attorney from the Shepherd Finkelman
16    firm did you get in touch with initially?
17          A.    Karen.
18          Q.    And that's Ms. Leser --
19                MS. LESER-GRENON:  Grenon.
20          Q.    -- Grenon?
21          A.    Yes.  Sorry.
22          Q.    Have you ever spoken with any lawyers at the
23    Liner Yankelevitz Sunshine firm?
24          A.    No.
25          Q.    Do you know who they are?
```



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.708.8087
Facsimile: 312.673.8138

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

118

1      A.    No.

2      Q.    Let me ask you to turn to page 17 of Boone 8.

3    The Complaint is signed by a Ronald S. Kravitz;

4    correct?

5      A.    It's typed.  I don't see a signature, but

6    yes.

7      Q.    Okay.  But it's typed?

8      A.    Uh-huh.

9      Q.    Did you ever have any conversations with

10   Mr. Kravitz about his filing a Complaint on your

11   behalf?

12     A.    No.

13         MS. LESER-GRENON:  Objection to form.

14         THE WITNESS:  Sorry.

15         MS. LESER-GRENON:  That's okay.

16         MR. RICHTER:  Q  Did you help prepare this

17   Complaint?

18         MS. LESER-GRENON:  Objection to form.

19         THE WITNESS:  The law firm would send me

20   drafts through fax and have me read it and make sure

21   everything was correct and then it would be sent to me

22   in a complete form.

23         MR. RICHTER:  Q  How much time did you spend

24   in reviewing the draft complaints prior to the time

25   the Complaint was filed?



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.708.8087
Facsimile: 312.673.8138

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: LG FRONT LOAD WASHING     CASE NO. 2:08-CV-00051-FSH-MAS
MACHINE CLASS ACTION LITIGATION
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### VIDEOTAPED DEPOSITION OF

### JASON HARPER

November 23, 2009
2:31 p.m.

Esquire Deposition Solutions
1819 Main Street, Suite 250
Sarasota, Florida

PAULINE C. BUNKER, FPR



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.708.8087
Facsimile: 312.673.8138

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

80

1      Q.    Is it your understanding that your wife

2    first reached out to a specific counsel, or that

3    counsel reached out to your wife about bringing a

4    lawsuit in connection with LG, USA?

5      A.    It's my understanding that she was

6    directed to a Web site that could help her with the

7    issues that we've had with our washing machine.  And

8    I believe that Web site was an attorney's of some

9    sort and -- because it's gone from there.

10     Q.    Do you know whose Web site that was?

11     A.    I don't know.

12     Q.    Do you know who your counsel is that

13   filed -- strike that.

14           Do you know the name of the counsel that

15   filed your first lawsuit against LG, USA?

16     A.    No, not personally.

17     Q.    Did you ever sign a retention letter with

18   any counsel?

19     A.    I don't remember.

20     Q.    Did you do any research into the

21   background of the counsel that eventually filed your

22   complaint against LG, USA?

23     A.    I did not, no.

24     Q.    Are you aware that your lawsuit against

25   LG, USA is a class action?



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.708.8087
Facsimile: 312.673.8138

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE LG FRONT LOADING WASHING

MACHINE CLASS ACTION LITIGATION,    Case No. 2:08-cv-0051-FSH-MAS

**VIDEOTAPE DEPOSITION OF**

**PAULA COOK-SOMMER**

December 8, 2009
10:03 a.m.

Sherman and Howard, LLC
633 17th Street, Suite 3100
Denver, Colorado

Jennifer Hayden, Registered Professional Reporter



ESQUIRE
an Alexander Gallo Company

Telephone:  312.782.8087
Toll Free:  800.708.8087
Facsimile:  312.704.4950

311 Monroe Street
Suite 1200
Chicago, IL 60606

164

1    what has your involvement been in the case?

2         A.    To give them the information that

3    they wanted and to be here and to -- that's

4    basically it.

5         Q.    Do you know the name of the judge

6    handling the case today?

7         A.    I don't.

8         Q.    Do you know the names of the lawyers

9    leading the case today --

10             MS. LESER-GRENON:    Objection to the

11   form.

12        Q.    (BY MR. GLAUBERMAN)    -- on the

13   plaintiffs' side?

14             MS. LESER-GRENON:    You can answer if

15   you know.

16        A.    I don't know.

17        Q.    (BY MR. GLAUBERMAN)    Did you have

18   any input into which lawyers would be leading

19   the case?

20        A.    No.

21        Q.    Let's take a look at an exhibit.

22   This is an exhibit previously marked as

23   Defendant's Deposition Exhibit 6.

24             MS. LESER-GRENON:    Thank you.

25        Q.    (BY MR. GLAUBERMAN)    Do you



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.708.8087
Facsimile: 312.673.8138

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

# EXHIBIT L

```
 1              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
 2

 3   CHANDRAN, et al.,              .
                                    .
 4        Plaintiffs,               .
                                    . Case No. 08-2619
 5   vs.                            .
                                    . Newark, New Jersey
 6   BMW of North America, LLC, et  . May 20, 2009
     al.,                           .
 7                                  .
          Defendants.               .
 8

 9
                     TRANSCRIPT OF RECORDED OPINION
10                   BY THE HONORABLE PATTY SHWARTZ
                     UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12

13    For the Plaintiffs:   No one was present

14

15    For the Defendants:   No one was present

16

17

18

19   Audio Operator:

20   Transcription Service:    KING TRANSCRIPTION SERVICES
                               65 Willowbrook Boulevard
21                             Wayne, New Jersey 07470
                               (973) 237-6080
22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

1  sparingly." <u>Maldonado v. Lucca</u>, 636 <u>F. Supp.</u> 621, 630,

2  (D.N.J. 1986).  <u>Damiano v. Sony Music Entertainment, Inc.</u>,

3  975 <u>F. Supp.</u> 623, 634 (D.N.J. 1996).

4         The Court first addressed BMW's request that the

5  Court reconsider its order denying the request to compel

6  production of plaintiff's retainer agreements based upon a

7  non-binding appellate division out of the Ninth Circuit.

8  While this case happened to be issued on the same day this

9  Court ruled on the request here, there's nothing to show the

10 moveant raised this request with the plaintiffs before

11 presenting it as part of its motion here, which is, in fact,

12 an ongoing discovery dispute.  Nonetheless, the Court finds

13 that the opinion only supports disclosure of a certain type

14 of information concerning potential conflicts and that such

15 information could be probed by way of a certification or an

16 interrogatory, but does not require the entire agreement.

17         Although the plaintiffs do make a representation

18 that the retainer agreements are unlike those in Rodriguez,

19 the Court will require them to produce a certification that

20 demonstrates whether or not class counsel has agreed to seek

21 certain incentive awards for the named plaintiffs, and if so,

22 whether the amount is tied to the amount of recovery sought

23 and whether or not that incentive award is tied to the amount

24 of recovery.

25         Although this discovery is being permitted, the