**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST. ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

Not for Publication

**LETTER OPINION AND ORDER**

July 29, 2010

**VIA CM/ECF**
All counsel of record

  Re: **In Re Front Loading Washing Machine Class Action Litigation**
    **Civil Action No. 08-51 (FSH) (MAS)**

Dear Counsel:

  This matter comes before the Court by way of a joint status letter (Docket Number ("Doc. No.") 146) and individual letters (Doc. Nos. 121-124, 141, 145, 147, 148) sent by the parties to this action setting forth several discovery disputes. After having met and conferred, the parties were able to resolve a majority of their disputes. (Doc. Nos. 147, 148.) As such, this Court will address only those disputes currently remaining before this Court.

**I. SUMMARY OF FACTS**

  This matter involves a proposed class action, in which Plaintiffs seek to certify a class of persons who purchased LG Electronics USA, Inc. ("LG USA" or "Defendant") Front-Loading Automatic Washers machines ("Washing Machines"). (Doc. No. 31 ("Am. Compl.") ¶¶ 1-3.) As the underlying facts of this matter are well-known by all parties, the Court will address only those facts relevant to the discovery disputes currently pending before this Court.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. *Id.* As this Court has recognized, Rule 26 is to be construed liberally and relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Evans v. Employee Benefit Plan*, No. 03-4915, 2006 WL 1644818, at *4 (D.N.J. June 6, 2006); *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990). Relevant information need not be admissible at trial, however, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *see also Nestle*, 135 F.R.D. at 104.

When the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(C) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Accordingly, a discovery request may be denied if this Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery;" and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The purpose of this rule of

proportionality is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Bowers v. Nat'l Collegiate Athletic Ass'n*, No. 97-2600, 2008 LEXIS 14944, at *15 (D.N.J. Feb. 27, 2008) (quoting *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989)) (Internal quotations omitted.)

### III.  LEGAL DISCUSSION

Based on the above-mentioned legal standard used to address discovery disputes, as well as any additional legal standards or case law set forth below, the Court shall now address each discovery dispute individually.

#### A.  Sufficiency of Defendant's Rule 30(b)(6) Witness

On April 22, 2010, Plaintiffs deposed the Defendant's 30(b)(6) witness designee, Calvin Thompson. (Doc. No. 134 ("Pls.' May 21 Ltr.") 1.) Plaintiffs allege that Mr. Thompson was unable to answer questions regarding the noticed deposition topics, for which the witness was produced. (*Id.*) The deposition was contentious. The principal area of concern was the witness's inability to speak or read Korean, which prevented him from being able to give testimony about certain Korean-language documents that Defendant produced in discovery. (*Id.* at 4.) Plaintiffs claim that the deponent should have been prepared to answer questions about the documents and his lack of preparation made him a non-responsive witness. (*Id.*) In fact, they allege that the deponent indicated more than 130 times in the course of his testimony that he did not have the requisite knowledge to answer questions about his designated topics. (*Id.*)

As set forth on the record on June 29, 2010, defense counsel present at the deposition interposed numerous objections throughout. Defendant claims that Mr. Thompson was in fact

fully prepared to testify, and did testify, about all of his designated topics. (Doc. No. 148 ("Def.'s 7/6/10 Ltr.") 2.) Defendant maintains that the documents written in Korean are outside the scope of the topics in the deposition notice. (Doc. No. 144, ("Def.'s 6/22/10 Ltr.") 2.) Defendant further claims that the Korean documents relate to the activities of LG Korea and are, therefore, not at issue in this case. (*Id.*) However, given the language barrier, it was impossible for the deponent to confirm one way or the other if the documents were relevant to any of LG USA's activities relevant to this controversy.

It appears that in the time since the telephone status conference on June 29, the parties have met and conferred, and have been unable to resolve this issue yet. In fact, Plaintiffs are now asking for three additional 30(b)(6) depositions. Plaintiffs seek 30(b)(6) depositions of two Korean-speaking engineers employed by LG USA, Hwan Joo (Jason) Myung and Jung Hoon Kang, whose names were included in Defendant's initial disclosures pursuant to Rule 26(a). (Doc. No. 151 ("Pls.' 7/22/10 Ltr.") 2.) They also seek yet another 30(b)(6) deposition to supplement the allegedly deficient testimony of Calvin Thompson. (*Id.*) Having reviewed the submissions and heard arguments from the parties, the Court finds that this latter request is unwarranted. Presumably, a 30(b)(6) designee who is bilingual would be capable of answering the questions about the Korean-language documents that have given rise to this discovery dispute, and rectifying any deficiencies in Mr. Thompson's testimony. If, as Defendant claims, the documents are not relevant to the activities of LG USA, a witness who is capable of reading Korean could indicate the same. Therefore, this Court instructs Defendant to provide a responsive 30(b)(6) witness, or, if necessary, multiple witnesses who can answer questions about the documents at issue.

B.  **<u>Plaintiffs' Production of Retainer Agreements</u>**

Defendant informally moves to require Plaintiffs' production of all retainer agreements between Plaintiffs and their attorneys. (Doc. No. 122 ("Def.'s Jan. 8th Ltr.") 1.) Defendant asserts that the retainers should have been produced in response to at least document request numbers 1, 3, 9, 14, 16 and 17. (*Id.* at 2.) According to LG USA, Plaintiffs never objected to providing the retainer agreements and never argued that they were irrelevant. (*Id.*) Moreover, because Plaintiffs failed to assert a relevance objection within thirty days of the document requests, LG USA takes the position that such objections were waived. (*Id.* at 3, citing Fed. R. Civ. P. 34(b)(2) and *Brock v. Gerace*, 110 F.R.D. 58, 65 (D.N.J. 1986).) Similarly, LG USA takes the position that Plaintiffs waived any privilege objections because Plaintiffs failed to set forth such objections via a privilege log, as required under Federal Rule of Civil Procedure 26(b)(5)(A). (*Id.*, citing *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 106-07 (D.N.J. 2006).)

According to LG USA, the retainer agreements are relevant because Plaintiffs seek to recover attorney's fees and expenses, and as such, Defendant is entitled to discovery regarding same. (*Id.* at 3-4.) Defendant also argues that the retainer agreements are relevant to class certification because they bear on the adequacy of counsel's representation and may reveal biases or conflicts among various attorneys seeking to represent a class member. (*Id.* at 4.) Likewise, the retainer agreements may provide information as to whether an individual Plaintiff is fit to represent the class, based on any incentives the retainer agreements contain, which may cause a conflict of interest for class representation purposes. (*Id.*) Thus, Defendant argues that the retainer agreements are relevant to its defense against Plaintiffs' class certification application. (Doc. No. 124 ("Def.'s Jan. 15th Ltr.") 2.) Finally, LG USA takes the position that retainer

agreements are not privileged, as such agreements are not entered for the purpose of seeking legal advice. (Def.'s Jan. 8th Ltr. 4-5, citing *In re Semel*, 411 F.2d 195, 197 (3d Cir. 1969); *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The attorney-client privilege does not shield fee arrangements."); *United States v. Sensient Colors, Inc.*, No. 07-1275, 2009 WL 2905474, at *9 (D.N.J. Sept. 9, 2009).)

In response, Plaintiffs argue that Defendant never specifically requested the retainer agreements and only served general interrogatories and document requests; otherwise, Plaintiffs would have asserted irrelevancy and privilege claims. (Doc. No. 123 ("Pls.' Jan. 15th Br.") 2.) The one request that may be interpreted to require production of the retainer agreements sought "[a]ll Documents relating to the fees charged or expenses incurred in this case by any attorney, expert, or consultant." (*Id.* at 2-3.) Plaintiffs argue that the aforementioned request is vague and ambiguous and that Plaintiffs interpreted it as requesting production of documents related to expert costs and expenses. (*Id.* at 3.) Also, Plaintiffs did not waive their right to objection, because they made general objections that specifically reserved relevancy and privilege objections. (*Id.*)

Plaintiffs take the position that the retainer agreements are not relevant to this matter, and therefore, Defendants request to compel production should be denied. (*Id.*) Regarding assessment of attorney's fees, the retainer agreements are not necessary, as the Court will address the reasonableness of attorney's fees once a judgment has been entered. (*Id.* at 4, citing *Chandran v. BMW of N. Am., LLC*, No. 08-2619, Doc. Nos. 80 (D.N.J. April 24, 2009) and 91 (D.N.J. May 20, 2009); *Stahler v. Jamesway Corp.*, 85 F.R.D. 85-86 (E.D. Pa. 1979).) As to Defendant's argument that the retainer agreements are relevant as to the adequacy of class representation and

class certification, "Defendants often request discovery regarding fee arrangements between plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of class certification." (Doc. No. 121 ("Pls.' Jan. 8th Br.") 2, quoting 7 A. Conte & H. Newberg, *Newberg on Class Actions* §22.79 (4th ed. 2005).) "Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information regarding resources to maintain [a] class." (*Id.* at 2-3, citing Federal Judicial Center, *Manual for Complex Litigation* §21.141 (4th ed. 2004).)

Here, this Court finds that while the retainer agreements are not necessarily privileged, disclosure of the retainer agreements is not required. Indeed, while discovery is broad at the pre-trial stage, this Court finds that Defendant failed to demonstrate how the information is relevant or necessary. Even assuming *arguendo* that the retainer agreements are relevant and may lead to admissible evidence, this Court nonetheless finds that disclosure is unwarranted, as Defendant can obtain the discovery by alternative means, such as through the depositions of individual Plaintiffs. Thus, based on the needs of this case, this Court finds that the importance of disclosure of retainer agreements is minimal. Accordingly, Defendant's request that this Court compel the production of the retainer agreements is denied.

### C. Production of Declarations Obtained by LG from Class Members

In association with this litigation, LG USA decided to contact Washing Machine customers "to inquire about their experience with their machines." (Doc. No. 145 ("Def.'s June 22nd Ltr.") 3.) According to LG USA, its attorneys informed the customers that were contacted "about the general nature of Plaintiffs' claims and the reason for the call: to locate customers who are satisfied with their washing machine and who are willing to submit a declaration stating that

fact." (*Id.* at 3-4.) Customers who were satisfied with the Washing Machines were then requested to sign declarations, which included the caption and docket number of this case. (*Id.* at 4.)

Plaintiffs assert that they are entitled to a copy of all declarations that Defendant received as a result of its inquiries, as well as the contact information for all persons called and any and all scripts that were used in making the calls. (Doc. No. 141 ("Pls.' June 16th Ltr.") 2.) Plaintiffs are concerned with the nature and content of the communications, asserting that they have a right to inspect the declarations and scripts to ensure that the customers contacted were not misled. (*Id.* at 2-3, quoting *In re School Asbestos Litig.*, 842 F.2d 671, 680 (3d Cir. 1988) ("Misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally.").) Moreover, Plaintiffs argue that there is no basis for designating the declarations as "Highly Confidential" under the Discovery Confidentiality Order. (*Id.* at 3.) Plaintiffs claim the declarations are not trade secrets, that there is no indication that those contacted were required to keep the information confidential and that they do not relate to propriety information or "documents of heightened commercial, economic, or competitive importance." (*Id.*) Finally, Plaintiffs argue that if LG USA refuses to produce the information, that it should be barred from using the requested information for any purpose related this matter. (*Id.*)

Defendant, on the other hand, vehemently disagrees. Defendant takes the position that the declarations need not be produced because: (1) Plaintiffs never served any interrogatory or document requests that required Defendant to produce the declarations and did not question any deponents regarding same; (2) Plaintiffs' insinuations that Defendant's counsel acted improperly during the conversations are unsupported and wrong. Defendant is permitted to investigate facts and matters

relevant to this case, which includes freely contacting persons and collecting evidence, as deemed appropriate; and (3) the information Plaintiffs seek is protected by the attorney work product doctrine. (Def.'s June 22nd Ltr. Br. 1-2.) Finally, Defendant notes that it has already produced several declarations to Plaintiffs, and more specifically, the "productions included every declaration that LG USA presently intends to use in the case. LG USA is not withholding declarations that can be sprung on Plaintiffs later in the case." (*Id.* at 4.) Defendant has also identified all the declarants and provided their addresses and phone numbers to Plaintiffs. (*Id.* at 4-5.) Thus, Defendant takes the position that it has produced everything required under the Federal Rules of Evidence and that it should not be compelled to produce "detailed information about its attorneys' legitimate and protected efforts to gather evidence and defend the case." (*Id.* at 5-10.)

Here, this Court is persuaded by Defendant's arguments. Defendant has a right to contact whomever it wants for purposes of defending against the litigation, in the same way Plaintiffs can, within the standard professional and ethical boundaries. This Court is convinced that Defendant has already provided all the declarations and contact information upon which it intends to rely in this matter. All other declarations may remain protected under the attorney work product doctrine, because LG USA has demonstrated that the declarations, scripts and the like, were prepared with the primary purpose of this litigation. *La. Municipal Police Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 306 (D.N.J. 2008) (citing *In Re Gabapentin Patent Litig.*, 214 F.R.D. 178, 183 (D.N.J. 2003); *Paris v. R.P. Scherer Corp.*, No. 02-1044, 2006 U.S. Dist. LEXIS 47413, at *2 (D.N.J. July 13, 2006)). However, if Defendant attempts to use any declarations not produced to Plaintiffs, Plaintiffs may move to strike or bar same from the evidence and record.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown, it is **ORDERED** that:

1. Defendant's request for production of Plaintiffs' retainer agreements is denied.

2. Plaintiffs' request for production of all declarations, scripts and related information related to Defendant's communications with certain persons or customers is denied. To the extent Defendant attempts to use declarations or related information that were not disclosed, Plaintiffs may move to bar and/or strike the evidence at the appropriate time.

3. Taking into consideration the rulings set forth in this Letter Opinion and Order, the parties shall submit a joint proposed amended scheduling order to this Court by **8/5/10**. The proposed order shall include the 30(b)(6) deposition dates, as well as all dates related to Plaintiffs' class certification application, including proposed briefing schedules.

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**