# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

## COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
KHOREN BANDAZIAN
LINDSEY H. TAYLOR

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
WALTER G. LUGER

OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
MARC D. MICELI
RAYMOND E. STAUFFER°
STEPHEN R. DANEK
ERIC MAGNELLI
DONALD ECKLUND
VINCENZO M. MOGAVERO
AUDRA E. PETROLLE
°MEMBER N.Y. BAR ONLY

November 17, 2010

<u>Via ECF and Fax</u>

Honorable Michael A. Shipp
United States Magistrate Judge
Martin Luther King Jr. Federal Building
  & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:** **In re LG Front Load Washing Machine Class Action Litigation**
**Consolidated Docket No. 08-51(FSH)(MAS)**

Dear Judge Shipp:

We represent the Plaintiffs in the captioned action. Please accept this letter in response to LG's November 12, 2010 letter requesting that the Court strike the witnesses contained in Plaintiffs' supplemental disclosures.

Again, LG's request is procedurally improper. LG failed to confer with Plaintiffs' counsel prior to seeking the Court's intervention, as is required by Local Civ. R. 37.1. The supplemental disclosures were served on November 9 and LG wrote to the Court on November 12, without even making an attempt to contact Plaintiffs' counsel beforehand.

Substantively, the supplemental disclosures listed potential rebuttal witnesses to the numerous customer declarations which LG gathered themselves. There was prior litigation with respect to the production of the declaration which LG had obtained from customers. [*See* Docket Entries 141, 145, 148, 153]. In particular, Plaintiffs sought to exclude the declarations LG had obtained unless LG also produced information relating to the process through which obtained the declarations. By way of Letter Order dated July 29, 2010, the Court allowed LG to use any declarations it had disclosed, but not any it had not disclosed, and did not require LG to produce information relating to how the declarations were obtained, or any information which it had obtained from customers which might be helpful to Plaintiffs, deeming that information to be work product. [Docket Entry 153 at 7-9].

As a result of this decision by the Court, Plaintiffs gathered their own declarations from customers to rebut the factual claims made in LG's declarations. All of the persons listed in Plaintiffs' supplemental disclosures are purchasers of LG front-loading washing machines who experienced mold or mildew problems with their machines. Plaintiffs began gathering these declarations in mid-August and the supplemental disclosures, along with the customers' declarations, were produced as soon as they were completed.[1]

a)     <u>**Applicable law**</u>

Rule 26(a)(1)(A) requires a party to disclose, among other information,

(i)      the name, and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, *unless the use would be solely for impeachment*. (emphasis added)

Fed.R.Civ.P. 26(e)(1) governs supplementing disclosures under Rule 26(a) relating to fact witnesses. Rule 26(e)(1) provides:

A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:

(A)      in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and *if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*; or

(B)      as ordered by the court.

(emphasis added).

b)     <u>**Plaintiffs were not obligated to previously disclose the identity of LGs customers**</u>

Here, Plaintiffs were not obligated to previously identify the persons listed in their supplemental disclosures for a number of reasons. First, discovery was bifurcated, with "class" discovery being taken first. While "class" fact discovery may be closed, "merits" fact discovery is not, and there is no prohibition against obtaining and disclosing the identities of persons with knowledge relating to the merits of the case, which all of the supplementary witnesses do.

---

[1]      LG's primary complaint is that the supplemental disclosures were served after the close of "class" fact discovery. Regardless of whether Plaintiffs had provided supplemental disclosures and declarations on a rolling basis as they came in, or provided them as a group as they were served, LG would still be making the same complaints.

Further, the persons identified in the supplementary disclosures, and their declarations, were gathered to rebut the declarations obtained by LG, in the event that LG used its own declarations in connection with class certification, *i.e.,* to impeach LG's witnesses to show that there are, in fact, widespread mold problems with LG front-loading washing machines. Finally, as LG front-loading machine customers, the identities of these persons were not unknown to LG.

New Jersey has taken a middle ground in determining whether a witness or evidence falls within the "solely for impeachment" exception under Rule 26(a). On the one hand, the First Circuit reasons that "solely for impeachment" means that the evidence would have no substantive value at all. On the other hand, cases in the Fourth and Seventh Circuits disagreed with this approach, holding that it meant that the evidence was offered only as impeachment and not in the party's case in chief. Those courts reasoned that the First Circuit's reading of the rule would read the "solely for impeachment" language out of the rule, since it would be rare for evidence to not relate somehow to a substantive element of a party's claim. *Hayes v. Cha*, 338 F.Supp.2d 470, 503 (D.N.J. 2004). The court balanced the competing interests between disclosure of evidence and encroaching on a party's trial strategy, and enunciated a balancing test to determine whether evidence should admitted. The factors to be considered are 1) the prejudice or surprise in fact of the party against whom the information was offered; 2) the ability of that party to cure the prejudice; and 3) the bad faith or willfulness in withholding the information. *Id.* at 504.[2]

c)      **LG was not surprised or prejudiced by the disclosure of customers
          with odor problems with their washing machines**

While LG complains that it is surprised and prejudiced by the disclosure of the additional customers complaining about mold or mildew problems with their washing machines (LG 11/12/10 letter at 5), a closer examination of the facts indicates that could not be the case. All of the persons listed in Plaintiffs' supplemental disclosures are LG customers. LG knew of their identities, their addresses and the fact that they had purchased LG front-loading washing machines prior to their listing in the supplemental disclosures.

Indeed, LG's own initial disclosures listed "FLW owners to be identified" who would have knowledge of their "Experience with LG-brand FLWs". *See* Exhibit A hereto. The fact that LG might not have known that these particular customers would submit declarations does not change the fact that LG knew of the existence of these particular witnesses and that they had knowledge about their "experience with LG-brand FLWs". Further, LG did its own survey of customers from the very same customer lists which contain the identities of the customers in Plaintiffs' supplemental disclosures.[3] It simply did not happen to contact these particular

---

[2]      These factors are substantially the same as those considered in determining whether the failure to disclose information is "harmless" for purposes of Rule 37(c)(1). *See infra.*

[3]      Likewise, LG can hardly be surprised that there were customer complaints about smelly washing machines. Aside from complaints that came in to LG's customer service department, at least anecdotally, Plaintiffs were advised that when LG was conducting the survey which led to

customers. In addition, there are no new or different facts contained in the declarations accompanying the disclosures. All of the customers in the supplementary disclosures have the same complaint as the plaintiffs: they bought an LG front-loading washing machine, they didn't know it would smell, but it developed a smell as it was used. (*See* Ex. B hereto) Whether these facts are provided by four or five witnesses or by an additional 281, the facts are still the same, and they are facts that LG already knows. LG can hardly be "surprised" by being told the same thing by more people. Further, Plaintiffs' claims are based upon the fact that there is an inherent design flaw in front-loading washing machines. This will be supported by an engineering expert, who is relying upon the facts obtained during discovery, not upon the declarations of supplementary witnesses. The design of the washing machines is either flawed or not from an engineering perspective. Plaintiffs' engineering expert's design flaw analysis is not based upon a theory that since so many people complained, there must be something wrong with the machines.

LG also complains that it would not have the opportunity to contact any of the witnesses in order to consider such information in connection with its expert reports. This is another red herring. First, it is not a mystery to LG what these customers know about. Plaintiffs did not simply provide a list of witnesses. They also provided declarations, which set forth under oath the customers' experience with their LG washing machine. Further, as is set forth above, these declarations do not, or at least should not, set forth any facts that LG does not already know.

Plaintiffs ability to cure any prejudice is tied in with the fact that LG is not prejudiced. As is set forth above, Plaintiffs do not intend to use any of the supplemental declarations in support of their class certification motion. Their only potential use in connection with class certification is to rebut LG's use of its own declarations, and whether Plaintiffs will even use it for that remains to be seen, since Plaintiffs have not yet seen what, if any, use LG will make of its own declarations. Its claim that discovery would have to be reopened for a year to allow it to subpoena and depose all 281 of the customers listed in Plaintiffs' supplemental disclosures is nonsense. (LG 11/12/10 letter at 5). Had the identities of these particular customers been provided earlier as persons who had signed declarations, LG cannot seriously contend that it would have subpoenaed documents or sought to depose all 281 of them. Indeed, such intensive discovery would probably run afoul of Rule 26(b)(2)(C)(i) and (iii).

Finally, LG's contention that Plaintiffs have acted in bad faith is based upon nothing more than its own say-so. As is set for the above, Plaintiffs had a reasonable basis for not previously disclosing the names of LGs customers, nor has LG been harmed in any way. Further, had LG contacted Plaintiffs prior to making an application to the Court, as is required by the local rules, it would have avoided making half-baked accusations of dilatoriness or bad faith.

---

the creation of LG's customer declarations, if a customer complained of a smelly washing machine, the caller immediately terminated the call. Plaintiffs do not know how many such responses LG received since the Court previously ruled that, except for the declarations which were produced to Plaintiffs, the results of the survey are work product. [Docket Entry 153 at 9] LG cannot, however, on the one hand hide any unhelpful results of their own survey of LG customers while at the same time express surprise that customers had complaints about smelly washing machines that Plaintiffs' counsel knows it had.

For all of these reasons, Plaintiffs were not obligated to previously disclose the identities of LG's own customers and, thus, they did not violate Rule 26 in failing to previously disclose them.

**d)** <u>**Plaintiffs witnesses should not be excluded under Rule 37**</u>

Precluding a witness who was not disclosed under Rule 26 from testifying is among the sanctions allowed by Rule 37(c)(1), "unless the failure was substantially justified or is harmless." "Substantial justification" for purposes of Rule 37 is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. *Gallup, Inc. v. Kenexa Corp.*, 2003 WL 22097495 at * (E.D.Pa. 2003). If there is a genuine dispute regarding the non-party's compliance, then substantial justification has been satisfied. *Id.* In determining whether a failure to disclose is harmless under this Rule, the Court should consider 1) the prejudice or surprise to the party against whom prejudice is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption of trial; and 4) any bad faith or willfulness involved in not complying with the disclosure rules. *In re Mercedes-Benz Anti-Trust Litigation*, 225 F.R.D. 498, 506 (D.N.J. 2005) (citing *Newman v. GHS Osteopathic, Inc., Parkview Hospital Division*, 60 F.3d 153, 156 (3d Cir. 1995). *Accord Bouder v. Prudential Financial, Inc.*, 2010 WL 2026707 at *3 (D.N.J. 2010) (citing *Nicholas v. Pa. State University*, 227 F.3d 133, 148 (3d Cir. 2000); *D&D Associates, Inc. v. Board of Education of North Plainfield*, 2006 WL 1644742 at *4 (D.N.J. 2006) (citing *Mercedes*, *id.*) "The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the proponent of the testimony." *Mercedes*, 225 F.R.D. at 504-05.

For the reasons set forth above, Plaintiffs were "substantially justified" in not previously disclosing the identities of LG customers who had complaints about their washing machines. Further, Plaintiffs have also covered three of the four factors relating to whether a failure to disclose is "harmless" under Rule 37(c)(1). With respect to the likelihood of disruption in trial, Plaintiffs believe that LGs contention that, if these witnesses are not stricken, the Court may as well "be torn up and thrown away" (LG 11/12/10 letter at 5) is a boogie man under the bed. The disclosure shouldn't change anything with respect to class certification and any potential disruption in the trial is simply imaginary. The present schedule has class certification expert discovery and briefing running through the summer of 2011. There is nothing scheduled past that. Once the class certification issues have been decided, the Court will still have to account for a motion for leave to appeal which will inevitably follow the class certification decision, whichever way it goes, schedule any outstanding "merits" fact and expert discovery, dispositive motions, and a pretrial conference. Further, Plaintiffs have no intention of calling all of the 281 supplementary witnesses, nor do they seriously believe that Judge Hochberg would allow testimony from more than a minute percentage of these witnesses. *See* Fed.R.Evid. 403. ("evidence may be excluded if its probative value is substantially outweighed by . . . needless presentation of cumulative evidence.") Given the present schedule, any potential disruption of the trial in this case is not even hypothetical.

Thus, for the reasons set forth above, Plaintiffs respectfully request that LG's application to strike the witnesses on Plaintiffs' supplemental disclosures be denied.

We appreciate the Court's attention to these issues. We are available at the Court's convenience if you wish to discuss them further.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ Lindsey H. Taylor

LINDSEY H. TAYLOR

cc:      All Counsel (via ECF)

# Exhibit A

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, 7th Floor
Newark, New Jersey 07102
(973) 848-7676
James S. Richter
Melissa Steedle Bogad

Attorneys for Defendant
LG Electronics USA, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

————————————————————————— x
     :
     :
IN RE LG FRONT LOAD WASHING    :   Honorable Faith S. Hochberg, U.S.D.J.
MACHINE CLASS ACTION         :
LITIGATION                :   Case No. 2:08-cv-00051-FSH-MAS
     :
     :   **DEFENDANT LG ELECTRONICS USA, INC.'S**
     :   **RULE 26(a)(1) DISCLOSURES**
     :
     :
     :
     :
     :
     :
————————————————————————— x

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant LG
Electronics USA, Inc. ("LG USA") hereby makes its initial disclosures. These initial disclosures
are based on information reasonably available to LG USA as of the date hereof. LG USA
reserves the right to amend or supplement these initial disclosures if additional information
becomes available to it.

I.     <u>Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)(A)(i)</u>

LG USA identifies the following individuals as likely to have discoverable information
that LG USA may use to support its claims or defenses:

A.    Employees of LG USA

| Person | Address and Telephone | Subject(s) |
|---|---|---|
| Christopher Hamdorf | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | The lack of complaints from retailers about mold or odor in LG-branded front-load washing machines ("FLWs"); sales of FLWs to retailers. |
| John Herring | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | The lack of complaints from retailers about mold or odor in LG-branded FLWs; sales of FLWs to retailers. |
| John Hollen | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | The lack of complaints from retailers about mold or odor in LG-branded FLWs; sales of FLWs to retailers. |
| Daniel Hollingsworth | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | Training of and operations of the technical support representative group; inquiries from technicians regarding LG-branded FLWs; potential causes of and solutions for mold and odor problems in FLWs. |
| Jung Hoon Kang | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | Design and operation of LG-branded FLWs and potential causes and solutions for mold and/or odor problems in FLWs. |
| Tina Lobins | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | The lack of complaints from retailers about mold or odor in LG-branded FLWs; sales of FLWs to retailers. |
| Hwan Joo Myung | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | Potential causes of and solutions for mold and odor problems in FLWs; design, operation and sales of LG-branded FLWs. |
| Patrick Nutley | c/o Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | Sales and warranty data for LG-branded FLWs. |

| Calvin Thompson | c/o Winston & Strawn LLP 35 W. Wacker Dr. Chicago, IL 60601 (312) 558-5600 | Customer inquiries involving LG-branded FLWs; potential causes of and solutions for mold and odor problems in FLWs; training for customer service and technical support agents. |

      B.    <u>Third Parties</u>

| Person | Address and Telephone | Subject(s) |
|---|---|---|
| Lyla Boone | Redding, California | FLW use and allegations of the complaint, as amended. |
| Jill Burke | Manorville, New York | FLW use and allegations of the complaint, as amended. |
| Mark Cook | Littleton, Colorado | FLW use and allegations of the complaint, as amended. |
| Richard Demski | Bradenton, Florida | FLW use and allegations of the complaint, as amended. |
| Marcia Figueroa | New York | FLW use and allegations of the complaint, as amended. |
| Glenn and Lori Grosso | Grosse Pointe, Michigan | FLW use and allegations of the complaint, as amended. |
| Cheryl Harder | Batavia, Ohio | FLW use and allegations of the complaint, as amended. |
| Jason and Gina Harper | Sarasota, Florida | FLW use and allegations of the complaint, as amended. |
| Cindy Launch | Santa Rosa Beach, Florida | FLW use and allegations of the complaint, as amended. |
| Edward Manzello | Shoreham, New York | FLW use and allegations of the complaint, as amended. |
| James and Wendy McClure | Cypress, Texas | FLW use and allegations of the complaint, as amended. |
| Jill Olejniczak | Fulshear, Texas | FLW use and allegations of the complaint, as amended. |
| Ralph Ashe | Thorofare, New Jersey | FLW use and allegations of the complaint, as amended. |
| Paula Cook-Sommer | Goldon, Colorado | FLW use and allegations of the complaint, as amended. |
| Mike Franko | Broadview Heights, Ohio | FLW use and allegations of the complaint, as amended. |
| Kim Scalise | Huntley, Illinois | FLW use and allegations of the complaint, as amended. |

| | | |
|---|---|---|
| Nancy Vanasse | Clinton, Massachusetts | FLW use and allegations of the complaint, as amended. |
| Jonathan and Carolyn Zimmerman | Hickory, North Carolina | FLW use and allegations of the complaint, as amended. |
| Cristen Irving | Ridgefield, Connecticut | FLW use and allegations of the complaint, as amended. |
| Ann Trethewey | Downington, Pennsylvania | FLW use and allegations of the complaint, as amended. |
| FLW owners to be identified | (to be determined) | Experience with LG-brand FLWs. |
| Employees of LG Electronics, Inc., or its subsidiaries, to be identified | (to be determined) | Design, manufacture, and testing of LG-brand FLWs. |

C.    Expert Witnesses

LG USA will, at the appropriate time, identify expert witnesses.

D.    Other Witnesses

Other persons to be identified as discovery progresses.

II.    Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)(A)(ii)

LG USA identifies the following categories of documents, electronically stored information ("ESI"), and tangible things that are in its possession, custody, or control and that it may use to support its claims or defenses.  These disclosures are not an assertion that any particular documents, ESI, or tangible things are in LG USA's possession, custody, or control.  The documents, ESI, or tangible things that are in LG USA's possession, custody, or control are located in Englewood Cliffs, New Jersey; Huntsville, Alabama; and Lincolnshire, Illinois.

LG USA identifies the documents and ESI below without waiving the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or limitation to disclosure.  LG USA reserves the right to object to the admissibility, on any grounds, of any documents, ESI, or tangible things.

A.    Documents and Electronically Stored Information

LG USA hereby identifies Documents and ESI related to:

Results of tests on FLW(s), and related materials

Parts used in FLW(s)

The design and manufacture of FLW(s)

The marketing or advertising of FLW(s)

Warranties

Claims made by consumers with respect to FLW(s)

Owners manual(s) for FLW(s)

Communication(s) with named-Plaintiffs or person(s) acting on their behalf

The website of LG USA or any affiliated company

Documents and/or ESI relied on by any expert witness for LG USA

B.    Tangible Things

FLW(s)

Part(s) used in FLW(s)

Detergent used in FLW(s)

Cleaning products used in FLW(s)

III.    Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)(A)(iii)

LG USA is not claiming damages at this time.  LG USA reserves the right to seek attorneys' fees and costs incurred in defending this matter, as well as any sanctions, damages, or other relief that may be appropriate.

IV.    Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)(A)(iv)

To the extent that LG USA has any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify

or reimburse for payments made to satisfy the judgment, LG USA will make it available for inspection and copying.

V.     <u>Additional Initial Disclosures Regarding ESI</u>

Pursuant to the parties' agreement to make the following additional ESI disclosures at the time of their Fed. R. Civ. P. 26(a)(1) disclosures, LG USA hereby makes these additional initial disclosures regarding ESI.  These additional initial disclosures regarding ESI are based on information reasonably available to LG USA as of the date hereof.  LG USA reserves the right to amend or supplement these additional initial disclosures regarding ESI.

A.     <u>A list of the most likely custodians of electronic or other discoverable materials that the disclosing party may use to support its claims or defenses, including a brief description of each person's title and responsibilities.</u>

LG USA identifies the following custodians:

| Person | Title | Responsibilities |
|---|---|---|
| Christopher Hamdorf | National Director of Sales – Best Buy | Oversees relationship between LG USA and Best Buy |
| John Herring | National Director of Sales – Home Depot | Oversees relationship between LG USA and Home Depot |
| John Hollen | Director – Sears Business Group | Oversees relationship between LG USA and Sears |
| Daniel Hollingsworth | Assistant Manager – Technical Support | Manages and trains employees who field calls from service personnel working on LG appliances |
| Jung Hoon Kang | Sales Engineering Manager | Oversees product planning and marketing for FLWs |
| Tina Lobins | National Director of Sales – Regional Accounts | Oversees relationship between LG USA and regional accounts |
| Jason Myung | Quality Engineer | Works on improving LG products; assists with marketing and sales efforts for LG-branded products |

| Patrick Nutley | Senior Manager – Sales Analysis | Compiles and reports sales information of LG products |
| Calvin Thompson | Quality Service Specialist – Technical Support | Trains customer service and technical support agents, who field calls regarding LG-branded products |

B.     <u>A list of each relevant electronic system that has been in place at all relevant times and a general description of each system.</u>

**Email Domino Server**

LG USA's email system is based on a Lotus Notes/Domino system. LG USA users can access their email by using: (1) a proprietary email web-based portal called LG Enterprise Portal ("LG EP") (the name of this portal was previously referred to as LG eNet) or (2) Microsoft Outlook client ("Outlook"), which is installed on most LG USA-issued computers. LG EP is simply a portal that displays emails that are currently on the Domino server. The majority of LG USA's employees, however, use Outlook. When users connect their LG USA-issued computer to the LG USA network and launch Outlook, email messages are downloaded from the Domino server to the users' local PST file. Emails are deleted from the Domino server based on user-defined Outlook settings that can range from immediately to never. However, LG USA's default setting is set to remove email from the Domino server immediately. Regardless, emails can only stay on the Domino server no more than 60 days unless the user moves the email to a personal folder using LG EP. Emails contained in LG EP personal folders can stay on the Domino server for no more than one year. There is a default size limit of 100 megabyte on all email inboxes unless the user requests an increase to

maximum of 300 megabytes.  The email server is backed up daily and these tapes are for disaster recovery purposes only and are reused every 30 days.  Emails sent through LG EP are only captured if the user sending the email selects "send and save" when prompted at which point the email is retained on the Domino server. For emails sent using Outlook, sent items are captured on the user's local Outlook sent folder.

### Email Replication Server

LG USA also has asked that email accounts of certain of its employees be placed on an email replication server in the possession, custody or control of LG Electronics, Inc.  Every 30 minutes, the replication server copies emails in the users' Inbox from the live Domino server.  The replication server maintains these emails until the user's account is manually removed from the email replication server.

### File Share Servers

There is one file server in New Jersey that stores user documents (e.g. Word, Excel, PowerPoint, etc.) that are saved to the network.  This file server is incrementally backed up daily and a full backup is conducted weekly.  These disaster recovery backup tapes are reused every 30 days.  LG USA's subsidiary, LG Electronics Alabama Inc. ("LGE AI") has five file servers in Huntsville that are fully backed up to tape weekly.  Incremental backups are made daily.  These disaster recovery backup tapes are reused every three weeks.  Two of these file servers store user documents while the other servers store databases.  LG USA's file servers are not subject to automatic deletion.

**Close Loop Service ("CLS") System**

The CLS system is an Oracle-based call center application used by LGE AI for receiving service requests, troubleshooting issues and dispatching technicians. This system is backed up to tape on a daily basis, and the disaster recovery backup tapes are kept for three weeks before being reused. Data from this system is not deleted. The CLS system was implemented in 2004. Prior to that, the BROCK system was used. All data from BROCK was migrated to CLS.

**M System**

The M system has three modules: Accounting, Sales and Service. The server gets backed up to tapes on a daily basis, and the tapes are kept for 30 days before being reused. Data older than two years gets archived off the main M system database and preserved indefinitely at least once a year to an Oracle database. Nothing from the archive server is deleted or modified.

**Visnetics Database**

The Visnetics database stores all emails sent to "customerservice@lge.com". Nothing from this database is deleted; nevertheless, a copy of this database has been preserved.

**Global Cyber Service Center ("GCSC") Database**

The GCSC database provides after-sales support, containing service materials and product information for LG products. It is a resource for LG employees, service centers authorized to repair LG products, and consumers, though consumers have only limited access to the database. A user name and password is required to gain full access to GCSC. GCSC also stores all emails

sent using the LG website's "Contact Us" feature. A copy of all email contained in this database has been preserved.

C.  The name of its Designated ESI Liaison(s), as defined in the Stipulation Establishing Electronic Discovery Protocol.

LG USA identifies Junghoon Park as its Designated ESI Liaison.

D.  A general description of relevant electronic document retention and "litigation hold" policies.

LG USA has in place several guidelines relevant to electronic document retention and "litigation holds." For electronic documents not related to pending or reasonably foreseeable litigation, LG USA's guideline is that such documents be retained for a period of time dependent upon on the subject matter of the document. For example, service manuals are permanently retained, while emails requiring no further reference can be deleted immediately and should not be kept for more than one year. Backup tapes are maintained only for limited periods of time, and are used only for disaster recovery purposes. Individual users are responsible for maintaining files stored on their own computers. LG USA instructs its employees that records pertaining to pending or reasonably foreseeable litigation must be preserved.

Pursuant to LG USA guidelines, prior to an employees' departure from LG USA, the employee is responsible for reviewing his or her hard drive, and transferring those documents that need preservation to the appropriate LG USA employees. The remaining contents of the user's hard drive are to be erased no later than one year after departure.

E.    <u>Any restrictions as to the scope and method of an electronic search to locate relevant electronic documents which might affect its ability to conduct a complete electronic search of the electronic documents.</u>

As reflected above, there is no single comprehensive source that captures email received by users prior to their placement on the replication server nor are email messages sent by Outlook users saved on a central server. As a result, emails need to be collected from the individual PCs of employees.

Regarding the CLS system described above, LG USA is not able to conduct searches directly in the system to locate relevant records. Data must be exported from the CLS system to a different platform, and it is in this other platform that searches can be conducted

F.    <u>Steps it has taken to preserve reasonably anticipated discovery material, including but not limited to suspension of media recycling.</u>

LG USA has engaged in extensive preservation efforts which include but are not limited to the following: LG USA issued an initial written hold notice as well as one or more reminder notice(s) to particular custodians; as additional custodians were identified that were not on the original hold notice, a hold notice was provided to those custodians; LG USA added certain custodians to the email replication server; LG USA imaged the hard drives of relevant custodians; LG USA preserved an April 2008 copy of its New Jersey file server; and LG USA confirmed that data on relevant electronic databases or systems was either not subject to automatic deletion or was preserved. To the extent that additional custodians are identified, LG USA may ask that they be added to the email

replication server, and their hard drives will be imaged. LG USA also issued preservation notices to two third-party vendors, which provided notice of this litigation and the vendors' duty to preserve potentially relevant information.

G.    A copy of or a description of electronically stored information in its possession, custody or control that it may use affirmatively to support its claims or defenses.

LG USA may use the email and user files of the custodians identified in Section I to support its claims or defenses. Additionally, LG USA may use information in the systems described in Section V(B) to support its claims or defenses.

H.    A description of electronically stored information that it will not provide on the grounds that it is not reasonably accessible on account of either undue burden or undue cost.

LG USA will not search any backup tapes. LG USA's backup tapes are purely for disaster recovery purposes. Also, LG USA will not search data contained on legacy systems to the extent such systems exist.

I.    A description, by category or type, of the sources containing potentially relevant information that it is neither searching nor producing.

As explained above, LG USA is not searching or producing information contained on disaster recovery backup tapes or, to the extent they exist, legacy systems. Further, any disaster recovery backup tape is not likely to contain substantial data that is unavailable elsewhere. There should be little if any non-redundant data contained on the email backup tapes that would not exist elsewhere. Nevertheless, when collecting data, to ensure that there is no gap

between data on the hard drive and data on the Domino server, emails from the Domino server were either downloaded prior to imaging a user's LG USA-issued computer, or that user's Inbox data was pulled separately from the Domino server. User hard drives are the most comprehensive source of email data.

In addition to the response provided in paragraph H above, it is important to note that LG USA plans to search only the following sources of data:

- Relevant employees' LG USA-issued computer.
- Relevant employees' e-mails from the Domino server.
- Relevant employees' document stored on the file server.
- The Visnetics database.
- The CLS system.
- The M system.
- The GCSC database.


WINSTON & STRAWN LLP
Attorneys for Defendant
LG Electronics USA, Inc.


By: ___/s/ Melissa Steedle Bogad___
    James S. Richter
    jrichter@winston.com
    Melissa Steedle Bogad
    mbogad@winston.com

Dated: March 11, 2009

**OF COUNSEL**:
Lawrence R. Desideri
Scott P. Glauberman
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5700

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on March 11, 2009, copies of the foregoing Defendant LG Electronics USA, Inc.'s Rule 26(a)(1) Disclosures were served by electronic mail upon the following:

> Steven A. Schwartz
> CHIMICLES & TIKELLIS
> 361 West Lancaster Avenue
> Haverford, Pennsylvania 19041
>
> Oren Giskan
> GISKAN SOLOTAROFF ANDERSON & STEWART, LLP
> 11 Broadway – Suite 2150
> New York, New York 10004
>
> Paul M. Weiss
> FREED & WEISS, LLC
> 111 West Washington Street, Suite 1331
> Chicago, Illinois 60602
>
> James C. Shah
> SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
> 475 White Horse Pike
> Collingswood, New Jersey 08107

/s/ Melissa Steedle Bogad
Melissa Steedle Bogad

Dated: March 11, 2009

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **IN RE LG FRONT LOAD WASHING** | : | |
| **MACHINE CLASS ACTION** | : | Case No. 2:08-cv-00051-FSH-MAS |
| **LITIGATION** | : | |

## DECLARATION OF ALLISON TALIAFERRO

Allison Taliaferro declares and states as follows:

1.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.  I purchased an LG front load washing machine in or about January 2006 from Best Buy, located in Altamonte Springs, Florida.

3.  I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately six months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.  When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.  Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.  I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Florida and the United States that the forgoing is true and correct to the best of my knowledge.

Dated: 8/12/10

_Allison Taliaferro_
Allison Taliaferro

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING   :
**MACHINE CLASS ACTION**       :   Case No. 2:08-cv-00051-FSH-MAS
**LITIGATION**                 :

## <u>DECLARATION OF DAVID R. TAYLOR</u>

David R. Taylor declares and states as follows:

1.     I have personal knowledge of the facts stated in this declaration.

2.     I purchased an LG front load washing machine in or about October, 2006 from Appliance Direct #4, located in Orange City, Florida.

3.     I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately three months after I purchased the machine. Although I have been able to reduce the odor by purchasing and using expensive Affresh tablets on a regular basis, constantly cleaning the rubber door seal, draining the water from the valve at the base of the washer and leaving the door open when not in use (which presents a problem as it partially blocks a bedroom door), I have been unable to get rid of the odor permanently.

4.     When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor. If I had known about that risk, I would not have purchased this LG washing machine.

5.     Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.     I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Florida and the United States that the forgoing is true and correct to the best of my knowledge.

Dated: __8/31/10__      Name: __David R. Taylor__

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING     :
MACHINE CLASS ACTION            :     Case No. 2:08-cv-00051-FSH-MAS
LITIGATION                      :

## DECLARATION OF _____

_Gary Thistlewood_ declares and states as follows:

1.      I have personal knowledge of the facts stated in this declaration.  If
        called as a witness, I could testify as to each of them.

2.      I purchased an LG front load washing machine in or about
_Dec 2005 & Jan 2006_ from _Best Buy_, located in
_Macon, Ga 31206_

3.      I have used my machine for its intended purpose, and used HE
        detergent with my LG machine in the recommended amount.  My
        machine developed a mold/odor problem, which I first noticed
        approximately _____6_____ months after I purchased the
        machine.  I have tried to get rid of the odor by various methods
        recommended by LG but have been unable to get rid of the odor.

4.      When I bought my LG washing machine, I did not know that there was
        any risk that it would develop mold, mildew or malodor even if I
        followed the instructions in the machine's user manual.  If I had known
        about that risk, I would not have purchased this LG washing machine.

5.      Because my LG washing machine has developed the mold/odor
        problems, I want to participate in any settlement or judgment recovered
        against LG.

6.      I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of
_Georgia_ and the United States that the forgoing is true and correct to
the best of my knowledge.

Dated:    _8-16-2010_                    _[signature]_

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING       :
MACHINE CLASS ACTION              :     Case No. 2:08-cv-00051-FSH-MAS
LITIGATION                        :

DECLARATION OF [Christina A. Trueblood]

[Christina A. Trueblood] declares and states as follows:

1.    I have personal knowledge of the facts stated in this declaration. If
      called as a witness, I could testify as to each of them.

2.    I purchased an LG front load washing machine in or about [12/29/05]
      from [Best Buy #421], located in [Chesapeake, VA].

3.    I have used my machine for its intended purpose, and used HE
      detergent with my LG machine in the recommended amount. My
      machine developed a mold/odor problem, which I first noticed
      approximately [18 months] after I purchased the machine. I have tried
      to get rid of the odor by various methods recommended by LG but
      have been unable to get rid of the odor.

4.    When I bought my LG washing machine, I did not know that there was
      any risk that it would develop mold, mildew or malodor even if I
      followed the instructions in the machine's user manual. If I had known
      about that risk, I would not have purchased this LG washing machine.

5.    Because my LG washing machine has developed the mold/odor
      problems, I want to participate in any settlement or judgment recovered
      against LG.

6.    I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of [Virginia] and
the United States that the forgoing is true and correct to the best of my
knowledge.

Dated:    8·23·10                    Christina A Trueblood
                                     [Christina A. Trueblood]

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **IN RE LG FRONT LOAD WASHING** | **:** | |
| **MACHINE CLASS ACTION** | **:** | Case No. 2:08-cv-00051-FSH-MAS |
| **LITIGATION** | **:** | |

## DECLARATION OF VINAY P. TSCHAND

VINAY P. TSCHAND declares and states as follows:

1.    I have personal knowledge of the facts stated in this declaration.  If called as a witness, I could testify as to each of them.

2.    I purchased an LG front load washing machine in or about JANUARY 2007 from Home Depot, located in Marlboro, New Jersey.

3.    I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount.  My machine developed a mold/odor problem, which I first noticed approximately 3 MONTHS after I purchased the machine.  I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.    When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual.  If I had known about that risk, I would not have purchased this LG washing machine.

5.    Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.    I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of NEW JERSEY and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:      August 13, 2010

_____
Vinay Tschand

IN RE LG FRONT LOAD WASHING : 
MACHINE CLASS ACTION :    Case No. 2:08-cv-00051-FSH-MAS
LITIGATION :

## DECLARATION OF [Jesse Turman]

[Jesse Turman] declares and states as follows:

1.    I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.    I purchased an LG front load washing machine in or about [Feb/06] from [Home Depot], located in [San Antonio, TX].

3.    I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately [Five months] after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.    When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.    Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.    I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of [Texas] and the United States that the forgoing is true and correct to the best of my knowledge.

Dated: _3Sep10_                 _____
                                               [Jesse Turman]

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING  :
MACHINE CLASS ACTION  :  Case No. 2:08-cv-00051-FSH-MAS
LITIGATION  :

## DECLARATION OF JANE ULMAN

Jane Ulman declares and states as follows:

1.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.  I purchased an LG front load washing machine on May 27, 2007, from Best Buy, Store #367, located in Los Angeles, Calif.

3.  I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold and odor problem, which I first noticed approximately a year after I purchased the machine. At the same time I also found black mold stains on clothes that had just been washed. I have tried to get rid of the odor, which is horrific, and the mold, some of which won't come off the rubber seal, by various methods recommended by LG but have been unable to get rid of them. We need to keep the door of the machine open when it is not being used in order to keep from the smell from being overwhelming.

4.  When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I certainly would NOT have purchased this LG washing machine.

5.  Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.  I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:          September 20, 2010

Jane Ulman

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **IN RE LG FRONT LOAD WASHING** | : | |
| **MACHINE CLASS ACTION** | : | Case No. 2:08-cv-00051-FSH-MAS |
| **LITIGATION** | : | |

**<u>DECLARATION OF ANNE LOUISE VALENTINE ANDREWS</u>**

I, Anne Louise Valentine Andrews, declare and state as follows:

1) I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2) I purchased an LG front load washing machine in or about May, 2009 from ABT Electronics, an on-line electronics store. I also purchased a matching LG front loading gas dryer, along with a stacking kit. I commenced using the machine in August 2009, when it was installed and my renovations concluded.

3) I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 4-5 months after I began using the machine. There is also brown gunk that has formed in the rubber rim of the machine, which is impossible to remove, although I have tried multiple times. I have tried to get rid of the odor by various methods such as using washing machine "rinse products" and also by leaving the door open constantly (recommended in on-line blogs), but have been unable to completely get rid of the odor. I have also tried to use only powder in the machine, as I read on-line that this could also fix the issue.

4) When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or odor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would definitely not have purchased this LG washing machine. I had thought that LG was the pre-eminent maker of washing machines of this type and bought the machine based on that reputation.

5) Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6) I believe it is LG's responsibility to fix the mold/odor problems given the extent of the mold/odor issues which the obvious design fault has caused.

I declare under the penalty of perjury under the laws of the State of New York and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:  13 August 2010

_____
Anne Louise Valentine Andrews

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE LG FRONT LOAD WASHING | : | |
| MACHINE CLASS ACTION | : | Case No. 2:08-cv-00051-FSH-MAS |
| LITIGATION | : | |

<u>**DECLARATION OF [Jill Valerio]**</u>

[Jill Valerio] declares and states as follows:

1.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.  I purchased an LG front load washing machine in or about [2004] from [Best Buy], located in [Union City, CA].

3.  I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately [18] after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.  When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.  Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.  I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of [California] and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:      8-25-10

_Jill Valerio_
[Jill Valerio]

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**IN RE LG FRONT LOAD WASHING**   :
**MACHINE CLASS ACTION**          :   Case No. 2:08-cv-00051-FSH-MAS
**LITIGATION**                    :

## DECLARATION OF Clifford P. VanDyke

Clifford P. VanDyke declares and states as follows:

1.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.  I purchased an LG front load washing machine model WM2487HWM in or about June, 2007 from Best Buy, located in Bellevue, WA.

3.  I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 2 months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor expect by keeping the front door open whenever the machine is not in use.

4.  When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.  Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.  I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:   8-12-2010                      _Cliff VanDyke_
                                        Clifford P. VanDyke

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING :
MACHINE CLASS ACTION : Case No. 2:08-cv-00051-FSH-MAS
LITIGATION :

### DECLARATION OF Dawn Van Ryn

Dawn Van Ryn declares and states as follows:

1.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.  I purchased an LG front load washing machine in or about January 2007 from Best Buy, located in Arlington Heights, IL.

3.  I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately three months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.  When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.  Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.  I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Illinois and the United States that the forgoing is true and correct to the best of my knowledge.

Dated: 8/18/10

_____
Dawn Van Ryn

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING : 
MACHINE CLASS ACTION : Case No. 2:08-cv-00051-FSH-MAS
LITIGATION :
:

**DECLARATION OF** Jacqueline Verdeixa

Jacqueline Verdeixa declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about _2007_ from _Appliance_ ~~showroom~~ located in _Brooklyn NY_. Appliance Showroom

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately _12_ months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of
_New York_ and the United States that the forgoing is true and correct to the best of my knowledge.

Dated: _9/24/10_

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING     :
**MACHINE CLASS ACTION**     :     Case No. 2:08-cv-00051-FSH-MAS
**LITIGATION**     :

### DECLARATION OF [Don W Wagner]

[Don W Wagner] declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about [August 2008] from [Home Depot], located in [Canon City, Colorado 81212].

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately [3 months] after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of [Colorado] and the United States that the forgoing is true and correct to the best of my knowledge.

Dated: August 14, 2010

[Don W Wagner]

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IN RE LG FRONT LOAD WASHING   :
**MACHINE CLASS ACTION**   :  Case No. 2:08-cv-00051-FSH-MAS
**LITIGATION**   :

### DECLARATION OF  James Wallace

_James Wallace_____ declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about _06/2008___ from ___Best Buy_____, located in _Denton, Texas_____.

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately __two_____ months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of _Texas_____ and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:   __8/12/2010___      _James Wallace_ James Wallace

| | | |
|---|---|---|
| IN RE LG FRONT LOAD WASHING | : | |
| MACHINE CLASS ACTION | : | Case No. 2:08-cv-00051-FSH-MAS |
| LITIGATION | : | |

## DECLARATION OF Michelle Waller

Michelle Waller declares and states as follows:

1.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.  I purchased an LG front load washing machine in or about November 2006 from Home Depot, located in Salisbury, Maryland.

3.  I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately seven after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.  When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.  Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.  I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Maryland and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:  8/26/10

Michelle Waller
Michelle Waller

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING　　:
MACHINE CLASS ACTION　　　　　:　　Case No. 2:08-cv-00051-FSH-MAS
LITIGATION　　　　　　　　　　　:

## DECLARATION OF Tongtong Wang

Tongtong Wang declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about June, 2006 from Fry's, located in Sunnyvale, CA.

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 15 months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:　　9/12/2010

IN RE LG FRONT LOAD WASHING : 
MACHINE CLASS ACTION : Case No. 2:08-cv-00051-FSH-MAS
LITIGATION :

## DECLARATION OF Byron Warnken

Byron Warnken declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about March 2006 from Best Buy, located in San Antonio, TX.

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 24 months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Texas and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:     August 15, 2010                    _____
                                              Byron Warnken

IN RE LG FRONT LOAD WASHING  :
MACHINE CLASS ACTION         :  Case No. 2:08-cv-00051-FSH-MAS
LITIGATION                   :

## DECLARATION OF Elizabeth P. Whelan

Elizabeth Whelan _____ declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about May 2006 from Best Buy_____, located in Tinley Park IL.

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 5 months_____ months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Illinois (zip 60423)_____ and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:    8/29/10

ELIZABETH P. Whelan

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING    :
MACHINE CLASS ACTION           :    Case No. 2:08-cv-00051-FSH-MAS
LITIGATION                     :

## DECLARATION OF Robin Wiggins

Robin Wiggins declares and states as follows:

1.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.  I purchased an LG front load washing machine in or about August 2006 from Best Buy, located in Austin, Texas.

3.  I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 10 months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.  When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.  Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.  I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Texas and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:     9/3/10

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING    :
MACHINE CLASS ACTION          :    Case No. 2:08-cv-00051-FSH-MAS
LITIGATION                  :

### DECLARATION OF Joshua and Jennifer Williamson

Joshua and Jennifer Williamson declares and states as follows:

1.     I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.     I purchased an LG front load washing machine on or about October 2006 from Home Depot, located in Mundy Township, MI.

3.     I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 6 months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.     When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.     Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.     I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of Michigan and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:   **9-8-10**       *Joshua and Jennifer Williamson*
                                  Joshua and Jennifer Williamson

---

**Post-it® Fax Note**    7671    | Date 9-8-10 | # of pages ► one |

To Alison Gabe        From Josh and Jen Williamson

Co./Dept. chimicles & Tikellis    Re: 2:08-cv-00051 FSH-MAS

Phone # 610·642·8500      Phone # 248·722·0151

Fax # 610·642·8123        Fax # C/O

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE LG FRONT LOAD WASHING : 
MACHINE CLASS ACTION : Case No. 2:08-cv-00051-FSH-MAS
LITIGATION :

DECLARATION OF William Wynn

William Wynn declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about 9-27-2007 from Waadt Appliance, located in Van Nuys, Calif.

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately 6 months months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct to the best of my knowledge.

Dated: 8-17-2010

IN RE LG FRONT LOAD WASHING  :
MACHINE CLASS ACTION        :    Case No. 2:08-cv-00051-FSH-MAS
LITIGATION                  :

## DECLARATION OF _____

_____Summer Lynn  Yarbrough_____ declares and states as follows:

1. I have personal knowledge of the facts stated in this declaration.  If called as a witness, I could testify as to each of them.

2. I purchased an LG front load washing machine in or about _____April 2008_____ from _Queen City Appliance_____, located in _____Charlotte NC_____.

3. I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount.  My machine developed a mold/odor problem, which I first noticed approximately _4 to 6_____ months after I purchased the machine.  I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4. When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual.  If I had known about that risk, I would not have purchased this LG washing machine.

5. Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6. I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of __North Carolina_____ and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:  ___August 13th, 2010_____

_Summer Yarbrough_

IN RE LG FRONT LOAD WASHING     :
MACHINE CLASS ACTION          :     Case No. 2:08-cv-00051-FSH-MAS
LITIGATION                    :

<u>**DECLARATION OF**</u>    CARL ZAVATTIYNI

_CARL ZAVATTYNI_ declares and states as follows:

1.     I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.     I purchased an LG front load washing machine in or about _9 - 2007_ from _Best Buy_, located in _Brick NJ_.

3.     I have used my machine for its intended purpose, and used HE detergent with my LG machine in the recommended amount. My machine developed a mold/odor problem, which I first noticed approximately _____3_____ months after I purchased the machine. I have tried to get rid of the odor by various methods recommended by LG but have been unable to get rid of the odor.

4.     When I bought my LG washing machine, I did not know that there was any risk that it would develop mold, mildew or malodor even if I followed the instructions in the machine's user manual. If I had known about that risk, I would not have purchased this LG washing machine.

5.     Because my LG washing machine has developed the mold/odor problems, I want to participate in any settlement or judgment recovered against LG.

6.     I believe it is LG's responsibility to fix the mold/odor problems.

I declare under the penalty of perjury under the laws of the State of _____NJ_____ and the United States that the forgoing is true and correct to the best of my knowledge.

Dated:    _8 - 20 - 2010_             _Carl Zavatt_