**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGIS*TRATE* JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

**LETTER OPINION AND ORDER**

January 4, 2011

**VIA CM/ECF**
All counsel of record

    Re:    **In re LG Front Load Washing Machine Class Action Litigation**
            **Civil Action No. 08-51 (FSH) (MAS)**

Dear Counsel:

This matter comes before the Court by way of a discovery dispute related to Plaintiffs' supplemental witness disclosures and simultaneous production of 281 declarations ("Declarations"). For the reasons set forth below, this Court finds good cause to exclude the use of Plaintiffs' supplemental witness disclosures and Declarations.

**I.**    **STATEMENT OF FACTS**

The parties are well-versed in the facts surrounding this matter. Therefore, the Court will address only those facts relevant to the instant motion. In April of 2010, Defendant LG Electronics USA, Inc. ("LG USA" or "Defendant") produced declarations from owners of their front-loading washing machines ("Washing Machines"). In the declarations, customers indicated that they were satisfied with the Washing Machines, noting that they have not experienced the problems Plaintiffs allegedly experienced. After the close of the April 29, 2010 fact discovery deadline, Plaintiffs moved to exclude LG USA's declarations, which this Court ultimately denied.

In August of 2010, Plaintiffs began to obtain the Declarations from other customers who claimed to have experienced the same problems with the Washing Machines that Plaintiffs allege in this action. Plaintiffs, however, failed to supplement their Rule 26(a)(1) disclosures at that point in time and did not serve the Declarations on a rolling basis. The parties subsequently obtained limited discovery extensions related to expert discovery and the filing of Plaintiffs' motion for class certification. On November 9, 2010, without leave of Court, Plaintiffs served supplemental disclosures of witnesses, which included 281 new witnesses and attached accompanying Declarations. On November 12, 2010, LG USA submitted a letter to this Court requesting that the Court strike the supplemental disclosures, exclude the Declarations from evidence, bar Plaintiffs and their experts from relying upon the Declarations and require Plaintiffs to focus on expert reports and depositions, as well as the upcoming class certification motion.

## II.   LEGAL STANDARD AND ANALYSIS

Every party to a litigation is required to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). The purpose of initial disclosures is

> to provide the opposing party with "information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation . . . for being interviewed, for being deposed, or for providing background information." The fundamental purpose of early disclosures is to accelerate the exchange of information needed to assess settlement, assist the parties in organizing and prioritizing their discovery, and prepare the case for trial.

*Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770, 2010 WL 1849913, at *3 (D.N.J. May 7, 2010) (internal citations omitted).

Notably, under Federal Rule of Civil Procedure 26(e)(1), a party is obligated to supplement its initial disclosures and/or discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Notably, a party's failure to timely supplement its initial disclosures or discovery responses may result in an order prohibiting the use of the information or witness "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When deciding whether to exclude evidence pursuant to Rule 37, this Court considers the following factors:

(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;
(2) the ability of the party to cure the prejudice;
(3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and
(4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Eli Lilly & Co.*, 2010 WL 1849913, at *4 (quoting *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)).

Furthermore, under Federal Rule of Civil Procedure 26(b), upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. Relevant information need not be admissible at trial, however, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Also, the Court has authority to limit a party's pursuit of otherwise discoverable information, if the Court finds that any resulting benefits from disclosure are likely to be outweighed by the burden against the opposing party. *See* Fed. R. Civ. P. 26(b)(2)(C); *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). When making such a determination, the Court must consider the following factors: (i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery;" and (iii) "the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Here, this Court finds good cause to exclude Plaintiffs' 281 supplemental witness disclosures and Declarations. Plaintiffs had several opportunities to advise this Court of their intention to supplement their disclosures and to collect and produce the Declarations. Instead, Plaintiffs produced the 281 disclosures and Declarations after the close of fact discovery without leave from this Court and/or without any prior notice or indication to either Defendant or the Court. While Plaintiffs argue that the late disclosures and production of Declarations were substantially justified since Defendant only produced its declarations in April of 2010 and the Court found other declarations to be work product, this Court finds the argument unpersuasive. Plaintiffs are unable to adequately explain why the Court and Defendant were not notified prior to November of Plaintiffs' intention to produce 281 supplemental disclosures and discovery, since Plaintiffs began to gather the information after this Court's July 29, 2010 Opinion and Order. To permit the use of same at this late stage would be highly prejudicial and burdensome to Defendant.

Likewise, Plaintiffs' argument that they were not required to supplement their disclosures because the Declarations will be used for impeachment purposes "to show that there are, in fact, widespread mold problems with LG front-loading washing machines" is equally unconvincing. In several letter submissions, Plaintiffs referred to the proposed witnesses as "rebuttal witnesses to the numerous customer declarations which LG gathered themselves." A rebuttal witness is certainly different than an impeachment witness. While the Court agrees that rebuttal evidence is broad and "includes more than direct contradiction," Rule 26(a)(1)(A)(i) specifically provides that early disclosures are not necessary for witnesses who will be called solely for *impeachment* purposes. Impeachment relates to evidence or testimony that challenges or contradicts a

4

witness's truthfulness, credibility or character. See Fed. R. Evid. 607-609. LG USA is not arguing that all customers had positive experiences with the Washing Machines and/or that no customer had problems with same. Thus, it is unclear how the Declarations will be used to impeach any of Defendant's fact witnesses. Regardless, the Court need not reach a decision on the issue of impeachment at this stage of the proceedings. Instead, considering the application presently before this Court, the Court finds that Plaintiffs cannot use the terms "impeachment" and "rebuttal" interchangeably and that Plaintiffs may not use the 281 Declarations for "rebuttal" purposes.

      Finally, to permit the supplemental disclosures and 281 Declarations at this late stage of the proceedings certainly causes Defendant surprise and prejudice, which cannot be cured without undue expense and delay that will disrupt the proceedings. This Court is simply unwilling to disrupt the timeliness of the proceedings in this 2008 matter and will not reopen fact discovery for the extended period of time that would be necessary to provide Defendant sufficient time to obtain supplemental discovery and/or depose the 281 witnesses. While the Court does not find that Plaintiffs acted in bad faith, the Court nonetheless finds that good cause, fairness and justice militate in favor of excluding the supplemental disclosures and Declarations. Plaintiffs have gathered sufficient discovery that will assist them in contradicting and/or opposing Defendant's position, and thus, permitting the 281 supplemental witnesses and Declarations would be to a certain extent duplicative and cumulative. Also, any benefit to Plaintiffs is simply outweighed by the burden and prejudice against the Defendants that would result if the disclosures and Declarations were permitted.

### III. <u>CONCLUSION</u>

For the reasons discussed above, and for other good cause shown, it is ORDERED that Plaintiffs' 281 supplemental witness disclosures and Declarations are hereby excluded and stricken from the record. To the extent necessary, Plaintiffs shall have their expert reports revised and/or modified to exclude any reference to the supplemental witnesses and/or Declarations by **February 4, 2011**.

                                 s/ Michael A. Shipp
                                 **MICHAEL A. SHIPP**
                                 **UNITED STATES MAGISTRATE JUDGE**