## PLAINTIFFS' PROPOSED TRIAL PLAN

Consistent with the Third Circuit's advisory statements in *Wachtel v. Guardian Life Insurance Co. of Am.*, 453 F.3d 179, 186 n.7 (3d Cir. 2006) (pre-certification presentation of a trial plan is "an advisable practice within the class action arena"), Plaintiffs submit the following trial plan for the Court's consideration.[1]  As discussed in Plaintiffs' Memorandum of Law, the nature of any trial will depend in part on the nature of the certification granted by the Court.

    A.    **Effect of Nature of Certified Classes**

        1.    **New Jersey National Class**:  If the Court certifies a national class applying New Jersey law to all class members, Plaintiffs propose a single trial in phases as set forth below. With the exception of Plaintiffs' testimony, and that of Plaintiffs' expert witnesses, Plaintiffs intend to put on their case-in-chief primarily via testimony from Defendant LG's witnesses and witnesses from relevant third parties (*e.g.* Proctor & Gamble ("P&G) and Whirlpool).  There likely will be no need for testimony from absent class members in the determination of Defendant's liability, unless the Court believes it appropriate and probative to permit testimony from hundreds of absent class members regarding their experience with Mold Problems in their LG FLWs.

        2.    **14 Separate State Classes:**  If the Court certifies 14 separate state classes, then plaintiffs propose that, similar to the procedure that Judge Gwin anticipates using in *In re Whirlpool Front-Loading Washer Product Liability Litigation*, 2010 WL 2756947 (N.D. Ohio 2010), the Court try the New Jersey class as the bellwether case in phases as set forth below. After certification and before trial, Plaintiffs propose that the Court hold a case management pre-

---

[1]  Plaintiffs do not suggest that this represents the only method of dealing with the common issues in this litigation, only that it is one way. Plaintiffs remain cognizant that the Court maintains ample authority and flexibility to manage class action litigation as it sees fit. Fed. R. Civ. P. 23(d)(1).

trial conference to determine (a) whether the bellwether case will be tried purely as a stand-alone case and solely adjudicate issues for members of the New Jersey class, or (b) whether the trial will also resolve (through use of jury interrogatories) most if not all of the common fact issues (discussed below) relevant to the claims or each other state class certified by the Court, and (c) whether or not it makes sense for any of the remaining state classes to be grouped together in a single trial. See, e.g.,, *Saltzman v. Pella Corp.*, 257 F.R.D. 471 (N.D.Ill. 2009), *aff'd.*, 606 F.3d 391, 393 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 998 (2011); *In re Abbott Labs. Norvir Antitrust Litig.*, No. 04-cv-1511, 2007 WL 1689899, at *10 (N.D. Cal. June 11, 2007); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986).

### B. Conduct and Structure of Trial(s)

In general, Plaintiffs' Trial Plan proposes a three-phase approach for a national class trial or alternatively the first bellwether single state-class trial.

**Phase 1:** The first phase will focus upon common questions of fact related to liability, including the existence, nature and scope of the defects at issue, and whether the defects cause Mold Problems. The witnesses and proofs in Plaintiffs' case-in-chief are as follows:

- Internal LG documents and LG patent documents
- Testimony from LG employees
- Testimony of Plaintiffs' experts
- Testimony of relevant non-parties (*e.g.*, Whirlpool and P&G)
- Testimony of Plaintiffs

**Phase 2:** The second phase will focus upon common questions of fact and law related to the Plaintiffs' Consumer Protection, warranty, and unjust enrichment claims. The witnesses and proofs in Plaintiffs' case-in-chief are as follows:

- **Consumer Protection Claims**
  - Internal LG documents and LG patent documents
  - Testimony from LG employees

2

- o   Testimony of Plaintiffs' experts
- o   Testimony and documents of relevant non-parties (*e.g.*, Whirlpool, P&G, LG's authorized dealers)
- o   Testimony of Plaintiffs
- o   Introduction/Presentation of disclosures made by LG to consumers

- **Warranty Claims**

  - o   Introduction of LG's warranties
  - o   Internal LG documents and LG patent documents
  - o   Testimony from LG employees
  - o   Testimony of Plaintiffs' experts
  - o   Testimony and documents of relevant non-parties (*e.g.*, Whirlpool, P&G, LG's authorized dealers)
  - o   Testimony of Plaintiffs
  - o   Introduction/Presentation of disclosures made by LG to consumers

- **Unjust Enrichment Claims**

  - o   Internal LG documents and LG patent documents
  - o   Testimony from LG employees
  - o   Testimony of Plaintiffs' experts
  - o   Testimony and documents of relevant non-parties (*e.g.*, Whirlpool, P&G, LG's authorized dealers)
  - o   Testimony of Plaintiffs

**Phase 3**:   Once core issues with respect to liability are established, the case will move forward to Phase 3, which is focused upon the issue of injury and calculation of damages. In certifying virtually identical claims in *Whirlpool*, Judge Gwin followed established precedent and held that:

> "…the presence of a single common question is enough for certification—as long as resolution of that question will advance the litigation. *See Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc) ; *see also Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) ("No matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action.").

*In re Whirlpool Front-Loading Washer Product Liability Litigation*, 2010 WL 2756947 at * 3.

This analysis is consistent with the jurisprudence of this Court.  *See Wilson v. County of*

*Gloucester*, 256 F.R.D. 479, 489 n.15 (D.N.J. 2009) (quoting 2 Newberg on Class Actions § 4:25):

> failure to certify an action under Rule 23(b)(3) on the sole ground that it would be unmanageable [because of the necessity for individualized damages determinations] is disfavored and should be the exception rather than the rule. . . . There are a number of management tools available to a district court to address any individualized damages issues . . . including: (1) bifurcating liability and damage trials . . .; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial . . .; (4) creating subclasses; or (5) altering or amending the class.

See also *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 536 (6th Cir. 2008); *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) (Posner, J.); *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 623 (5th Cir. 1999). *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

Accordingly, Plaintiff proposes that following Phases 1 and 2 of the trial(s), the Court hold a case management conference to determine, based upon the evidence adduced and the findings of the jury, what the most efficient means of moving towards resolution of the damages issue will be, including using one of the mechanisms discussed above or, if appropriate, holding a settlement conference to discuss the prospects of amicably resolving the litigation. Resolution of these damages issues in a class setting would result in significant economies as compared to individual litigation. Indeed, even though there may exist the need to establish damages and/or other elements required for recovery on a more individualized basis after the common liability issues are determined, this is preferable to individual litigation relying upon the same evidence to establish the same core facts related to liability, which may not be economically feasible for class members at all.

C. **Order of Proceedings (for Phase 1 and Phase 2):**

    1. Opening Statements

    2.       Submission of Evidence

          a.       Plaintiffs' case in chief

          b.       Defendant's case in chief

          c.       Rebuttal evidence, as appropriate

    3.       Closing Arguments

    4.       Decision on the Issue of Liability

          a.       Court rules upon questions of law and equity

          b.       Jury reaches finding on liability issues, as appropriate. *See* Fed. R. Civ. P. 49(a); Manual for Complex Litigation, 4th, § 11.633 (2005) (suggesting the use of special verdict forms and/or interrogatories directed to the jury to simplify and streamline the issues for future proceedings).