UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | x | |
|---|---|---|
| IN RE LG FRONT LOAD WASHING MACHINE CLASS ACTION LITIGATION | | Honorable Faith S. Hochberg, U.S.D.J. |
| | | Case No. 2:08-cv-00051-FSH-MAS |
| | | Electronically Filed |
| | | Return date:  June 6, 2011 |
| | x | |

**DEFENDANT LG USA's MOTION TO STRIKE
INADMISSIBLE EVIDENCE IN PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

OF COUNSEL:

Lawrence R. Desideri
Scott P. Glauberman
Andrew M. Johnstone
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

James S. Richter
Melissa Steedle Bogad
Winston & Strawn LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, NJ 07102
(973) 848-7676

Attorneys for Defendant LG USA

TABLE OF CONTENTS

INTRODUCTION        …………………………………………………………………    1

ARGUMENT …………………………………………………………………………    1

I.      Plaintiffs cannot rely on evidence already stricken from the case.   …………………    1

II.     Plaintiffs cannot change their sworn deposition testimony with Declarations.      …    2

III.    Plaintiffs cannot use subsequent remedial design changes to prove a design defect. …    4

IV.     Plaintiffs cannot rely on inadmissible hearsay statements by other companies.      …    5

        A.      Tonga Washoon, Inc. document        ……………………………………………    5

        B.      Procter & Gamble documents          ……………………………………………    5

        C.      LG Electronics, Inc. of Korea documents      …………………………………    7

                1.      Patent applications        …………………………………………………    7

                2.      Korean-language documents   …………………………………………    7

                3.      LG Electronics, Inc. of Korea documents are not admissions of a party
                        opponent.       …………………………………………………………    8

V.      Plaintiffs cannot rely on incomplete, uncertified translations.        …………………    9

CONCLUSION

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AAMCO Transmissions. v. Baker*,
  591 F. Supp. 2d 788 (E.D. Pa. 2008) ....................................................................7

*Agere Sys. v. Adv. Enviro. Tech.*,
  602 F.3d 204 (3d Cir. 2010)....................................................................................5

*Colida v. LG Electronics*,
  2003 WL 22319221 (Fed. Cir.)...............................................................................9

*Dodi v. Putnam*,
  1996 WL 489998 (1st Cir.).......................................................................................6

*In re Flat Glass Antitrust Litig.*,
  385 F.3d 350 (3d Cir. 2004).....................................................................................6

*Jack v. TWA*,
  854 F. Supp. 654 (N.D. Cal. 1994) .......................................................................10

*Jiminez v. All Am. Rathskeller*,
  503 F.3d 247 (3d Cir. 2007).....................................................................................3

*Kelly v. Crown Equip.*,
  970 F.2d 1273 (3d. Cir. 1992)..................................................................................4

*Kesel v. UPS*,
  2002 WL 102606 (N.D. Cal.) .................................................................................10

*Martin v. Merrell Dow Pharm.*,
  851 F.2d 703 (3d Cir. 1988).....................................................................................3

*McKinnon v. Gonzales*,
  642 F. Supp. 2d 410 (D.N.J. 2009) .........................................................................9

*Petree v. Victor Fluid Power*,
  831 F.2d 1191 (3d Cir. 1987)...............................................................................4, 9

*Power Integrations v. Fairchild Semiconductor Int'l,*
  233 F.R.D. 143 (D. Del. 2005) ................................................................................9

*Rosario-Guerrro v. Orange Blossom Harvesting*,
  265 F.R.D. 619 (M.D. Fla. 2010)..........................................................................10

*Russell v. Acme-Evans*,
  51 F.3d 64 (7th Cir. 1995) ...................................................................................3

*SEC v. Antar*,
  15 F. Supp. 2d 477 (D.N.J. 1998) .......................................................................10

*Steyck v. Bell Helicopter*,
  295 F.3d 408 (3d Cir. 2002)..................................................................................4

*Tenney v. City of Allentown*,
  2004 WL 2755538 (E.D. Pa.) ...............................................................................6

*U.S. v. Blakeslee*,
  2011 WL 1444337 (3d Cir.)...............................................................................6, 8

*U.S. v. Riley*,
  621 F.3d 312 (3d. Cir. 2010).................................................................................8

*U.S. v. Sokolow*,
  91 F.3d 396 (3d Cir. 1996)....................................................................................8

**OTHER AUTHORITIES**

8A Wright & Miller, *Federal Practice & Procedure: Civil* § 2217 ...............................6

F.R.E. 106 ......................................................................................................................9

F.R.E. 407 .............................................................................................................1, 2, 4

F.R.E. 604 ....................................................................................................................10

F.R.E. 801 ..................................................................................................................5, 8

F.R.E. 803 ...............................................................................................................5, 6, 8

F.R.E. 805 ......................................................................................................................6

## INTRODUCTION

Plaintiffs' motion for class certification accomplishes the rare feat of relying almost exclusively on inadmissible evidence. All of it should be excluded when this Court rules on the motion. The "rigorous analysis" required under the Third Circuit's *In re Hydrogen Peroxide* decision cannot include evidence that is inadmissible and hence will not be available to Plaintiffs at trial as part of any attempt to prove their case on a classwide basis.

The inadmissible evidence falls into five groups. The first group is evidence that Magistrate Judge Shipp and this Court have ***already*** excluded from this case. Plaintiffs nonetheless try to use it again. The second group is Declarations that Plaintiffs submitted in support of their motion. These Declarations contradict their sworn deposition testimony and must therefore be excluded. The third group is arguments that subsequent remedial design changes made to LG FLWs prove that the design of the LG FLWs is defective. Rule 407 exists specifically to bar that argument. The fourth group is documents from other companies, rather than from LG USA. Those documents are inadmissible hearsay. The fifth group is incomplete, uncertified translations of incomplete Korean-language documents. These do not comply with the Federal Rules of Evidence, which require complete, certified translations of complete copies of foreign-language documents.

For these reasons and those stated below, this Court should exclude all of the inadmissible evidence and rule on Plaintiffs' motion for class certification without it.

## ARGUMENT

**I.      Plaintiffs cannot rely on evidence already stricken from the case.**

Plaintiffs' motion for class certification relies on three expert reports, attached as Exhibits 5, 11, and 13. The reports discuss evidence that the Court has already stricken from the case.

In November 2010, six months after discovery closed, Plaintiffs produced declarations from hundreds of new witnesses. LG USA moved to exclude the witnesses and declarations as untimely

and prejudicial, and Judge Shipp agreed.  (Dkt. Entry 174 at 2.)  He ruled that the witnesses and declarations "are hereby excluded and stricken from the record," and he ordered Plaintiffs to revise their expert reports "to exclude any reference to the supplemental witnesses and/or Declarations." (*Id*. 6.)  On March 15, 2011, this Court affirmed Judge Shipp's order.  (Dkt. Entry 180.)

Rather than attach to their motion revised expert reports that do not mention the excluded evidence, Plaintiffs violated the Court's orders and attached unrevised reports that do discuss the excluded witnesses and declarations.  (Pls.' Ex. 5 at 8, 10; Pls.' Ex. 11 at 9, 13; Pls.' Ex. 13 ¶ 128.)[1] One report even discusses the expert's inspection of an LG FLW[2] owned by one of the excluded witnesses, Andrea Coughlin.  (Pls.' Ex. 11 at 12, 17, 41-50.)  That is completely inconsistent with the Court's orders.  The reason the new witnesses and declarations were excluded was that Plaintiffs disclosed them so late that LG USA could not take discovery about them.  Just as Coughlin's declaration and testimony was excluded for lack of discovery, so too was her LG FLW necessarily excluded for the same reason.

This Court should (once again) exclude all the late disclosed witnesses, their Declarations, and their FLWs from the case, and not consider them for Plaintiffs' motion for class certification.

## II.      Plaintiffs cannot change their sworn deposition testimony with Declarations.

In support of their motion for class certification, every Plaintiff but one submitted a Declaration.  Most of these Declarations contradict Plaintiffs' deposition testimony.

The false Declaration statements are collected in Opposition Appendix E and fall into three categories.  First, every Declaration (¶ 3) states that Plaintiff purchased an LG FLW "in part

---

[1]  Cites to Pls.' Ex. __ are to the exhibits to Plaintiffs' motion for class certification.  Cites to Br. __ are to Plaintiffs' Brief in support of class certification.  Cites to Opp. Ex. __ are to the exhibits to LG USA's Opposition to class certification.  Cites to Ex. __ are to the exhibits to the Declaration of James Richter, filed together with this motion.

[2]  This is one of the four LG FLWs that the expert inspected, discussed in LG USA's Opposition to the motion for class certification at pages 5-6.

because it was advertised as an efficient appliance."  But many Plaintiffs testified they never saw or could not remember any LG FLW advertisement.  For example, Plaintiff Olejniczak testified that she did not "review any advertisements."  (Opp. Ex. 33 at 27.)

Second, each Declaration states when the Plaintiff first noticed mold and odor.  Many of those statements are false.  Plaintiff Scalise, for example, stated in her deposition (Opp. Ex. 36 at 49, 62-63) that she first noticed mold and odor one year after her purchase.  But her Declaration swears she first experienced mold and odor within "several months" of her purchase, and she first saw mold 2 ½ years after her purchase.  (Scalise Decl. ¶ 4.)

Third, every Declaration (¶ 7) states that the Plaintiff "read the original complaint in my case before it was filed."  Yet many Plaintiffs *did not have* an original complaint; they only joined the case when the consolidated complaint was filed.  (Opp. App. E.)  Every Declaration (¶ 7) also states that the Plaintiff "read the consolidated complaint before it was filed."  Yet many Plaintiffs testified they did *not* read the consolidated complaint before it was filed.  For example, Plaintiff Scalise testified that she had "never seen" it prior to her deposition.  (Opp. Ex. 36 at 153.)

Plaintiffs' Declarations may not contradict their depositions.  When a party attempts to change sworn testimony with a Declaration, "it is appropriate for the district court to disregard the subsequent affidavit and the alleged factual issue in dispute as a 'sham,'" *Jiminez v. All Am. Rathskeller*, 503 F.3d 247, 254 (3d Cir. 2007), *citing Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991); *Martin v. Merrell Dow Pharm.*, 851 F.2d 703, 706 (3d Cir. 1988).  This rule exists because testimony from a deposition, where a witness is subject to examination by both parties, is far more reliable than written declarations drafted by counsel.  *Jiminez*, 503 F.3d at 254, *citing Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir. 1994), *and Russell v. Acme-Evans*, 51 F.3d 64, 67-68 (7th Cir. 1995).  This Court should therefore exclude the inconsistent Declarations.

### III.     Plaintiffs cannot use subsequent remedial design changes to prove a design defect.

Plaintiffs argue that remedial changes in the design of LG FLWs prove that the design is defective.  But remedial design changes are not admissible to prove a design defect.

Plaintiffs' motion for class certification repeatedly asserts that changes to the design of LG FLWs prove that the design is defective.  Plaintiffs argue, for example, that "LG's feature changes to retard biofilm development is a tacit admission that the fundamental design of all FLWs is flawed." (Br. 11.)  They argue that the existence of a supposed "redesign campaign" shows that the LG FLWs are defective.  (Br. 12.)  Their Brief is full of arguments that remedial design changes prove that the design is defective.  In this they are following the lead of their expert witness, who argues that the design changes "were calculated to remediate the consequences of the common design defects."  (Opp. Ex. 53 at 10.)  He repeatedly argues that each design change itself "acknowledges" that the design is defective.  (*Id.*)

Rule 407, however, states that evidence of a subsequent remedial measure "is not admissible to prove … a defect in a product's design."  As the Third Circuit has explained, this Rule "expressly preclude[s] the introduction of evidence of subsequent remedial measures to prove a party's negligence or culpable conduct," *Steyck v. Bell Helicopter*, 295 F.3d 408, 415 (3d Cir. 2002), including in product liability and design defect cases. *Kelly v. Crown Equip.*, 970 F.2d 1273, 1276 (3d. Cir. 1992).  By encouraging companies to innovate and improve their products, the Rule promotes the public welfare. *Petree v. Victor Fluid Power*, 831 F.2d 1191, 1198 (3d Cir. 1987). Here, the changes were intended to minimize a problem experienced by a minute portion of its customers because of their misuse fall squarely under the Rule.

Plaintiffs' arguments violate the letter, spirit, and intent of the Rule.  Feature changes intended to improve customers' experiences with a product cannot be used to show that the

product's design was defective in the first place.  This Court should exclude Plaintiffs' arguments from consideration in connection with class certification.

## IV.     Plaintiffs cannot rely on inadmissible hearsay statements by other companies.

Most of the documents quoted and cited in Plaintiffs' motion for class certification are out-of-court statements by other companies — not LG USA — used by Plaintiffs to prove the truth of the matters the documents assert: in other words, they are hearsay.  F.R.E. 801(c).  "Hearsay is not admissible unless it falls under one of the exceptions to the hearsay rule contained in the Federal Rules of Evidence."  *Agere Sys. v. Adv. Enviro. Tech.*, 602 F.3d 204, 232 (3d Cir. 2010).  There is no testimony from those companies to show that the documents qualify as business records or for any other hearsay exception.  All of the documents are inadmissible, and they should not be considered as support for Plaintiffs' motion for class certification.

### A.     Tonga Washoon, Inc. document

Plaintiffs say that Exhibit 1 shows what "LG … concluded" about a particular design change.  (Br. 14-15.)  That is false.  Exhibit 1 is a document created by a Korean vendor named Tonga Washoon, Inc.  (Opp. Ex. 11 ¶ 18.)  Exhibit 1 was a document that Tonga Washoon provided to LG Electronics, Inc. of Korea as part of Tonga Washoon's efforts to sell a product.

So Exhibit 1 cannot support the idea that "LG … concluded" something; anything Exhibit 1 concludes is, at most, Tonga Washoon's conclusion.  And in any event the document is hearsay. There is no testimony to establish that the document falls within any hearsay exception, because no witness from Tonga Washoon ever testified.  Exhibit 1 should be excluded.

### B.     Procter & Gamble documents

Plaintiffs rely on three documents, Exhibits 14, 43, and 44, produced by Procter & Gamble (P&G), for the truth of the matters those documents assert.  (Br. 9-10, 16 n.8.)  The only possible hearsay exception is F.R.E. 803(6), records of regularly conducted activity, commonly known as the

5

business records exception.  The justification for the exception is that qualifying business records are reliable because they are created on a day-to-day basis and '[t]he very regularity and continuity of the records are calculated to train the recordkeeper in habits of precision."  *Tenney v. City of Allentown*, 2004 WL 2755538, *1 (E.D. Pa.).

Qualifying for the business records exception requires proof, for each document: "(1) [t]he declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business."  *US v. Blakeslee*, 2011 WL 1444337, *5 (3d Cir.), *citing US v. Sokolow*, 91 F.3d 396, 403 (3d Cir. 1996).  A company's possession and production of a document does **not** establish that the document is a business record.  *Dodi v. Putnam*, 1996 WL 489998, *3 (1st Cir.) ("We fail to see how the fact that a document was presented in discovery suffices to … lay the foundational requirements of Rule 803(6) ..."); 8A Wright & Miller, Federal Practice & Procedure: Civil § 2217 ("Documents otherwise inadmissible do not become admissible because they have been inspected under Rule 34.  As with other materials obtained through discovery, the admissibility of documents obtained under Rule 34 should be determined by the Federal Rules of Evidence.").

Plaintiffs took the deposition of a P&G witness but did not obtain testimony to satisfy the business records exception.  The witness testified that she prepared part of Exhibit 14 in the ordinary course of business (someone else prepared another part).  (Ex. A at 250.)  But that satisfies only half of the third part of *Blakeslee*'s four-part test.  For the other two Exhibits, 43 and 44, the witness merely testified that she saw them as part of her job. (*Id.* 202-03, 223.)  That satisfies none of the four-part test.  Exhibit 44 also summarizes (at page 10448-49) statements from consumers — a second level of hearsay that is doubly inadmissible.  F.R.E. 805; *In re Flat Glass Antitrust Litig.*,

6

385 F.3d 350, 376 (3d Cir. 2004); *AAMCO Transmissions. v. Baker*, 591 F. Supp. 2d 788,795 (E.D. Pa. 2008) (a "business record can be excluded from evidence when it includes hearsay"). All of the P&G documents are hearsay that must be excluded.

### C.      LG Electronics, Inc. of Korea documents

Many documents cited in Plaintiffs' motion for class certification were created by employees of LG Electronics, Inc. of Korea, which is LG USA's parent company and which is ***not*** a party to this case. In a case against LG USA, all of those documents are inadmissible hearsay.

#### 1.      Patent applications

Plaintiffs rely heavily on two LG Electronics, Inc. of Korea patent applications,[3] attached as Exhibits 8 and 12 to their motion. (Br. 5, 7, 10, 13-14 n.7.) They use these patent applications for the truth of the matters they assert (even though, as explained in LG USA's Opposition, the patent applications do not mention LG FLWs and are not about LG FLWs).

These patent applications are not LG USA's documents; they are not statements made by LG USA; they are not LG USA's business records. LG USA did not even produce a copy of them: Plaintiffs obtained them directly from the patent office. They are hearsay and should be excluded.

#### 2.      Korean-language documents

Plaintiffs also rely heavily on 20 Korean-language documents (attached to the motion as Exhibits 2, 4, 10, 17, 19, 22-25, 28-36, 48, and 50) that were produced in this case because they are in the possession of two current LG USA employees who previously worked at LG Electronics, Inc. of Korea.

---

[3] For Exhibit 8, the "Assignee" is "LG Electronics Inc., Seoul (KR)." (Pls.' Ex. 8 at 1.) For Exhibit 12, the "Applicant" is "LG ELECTRONICS INC. [KR/KR]; 20, Yoido-dong, Youngdungpo-gu, Seoul, 150-721 (KR)." (Pls.' Ex. 12 at 1.) LG USA is not mentioned in either patent application.

These documents are plainly hearsay, and they do not qualify for admission as business records of LG USA.  They are not LG USA's documents at all, and as explained above the mere possession and production of a document in litigation does *not* establish that it is a business record.

Nor is there any evidence that these documents qualify for admission as business records of LG Electronics, Inc. of Korea.  As explained above, Rule 803(6) and *Blakeslee* have very specific requirements for business records, and Plaintiffs have not even attempted to satisfy any of them here for any of the 20 documents.  In addition, many of the documents contain other out-of-court statements, adding a second level of hearsay that makes them inadmissible.  All of the Korean-language documents should be excluded.

### 3.    LG Electronics, Inc. of Korea documents are not admissions of a party opponent.

Plaintiffs may attempt to argue that the LG Electronics, Inc. of Korea documents are admissible as admissions of a party opponent.  F.R.E. 801(d)(2).  Under the Rule, a statement is a non-hearsay admission of a party opponent if it is offered against the party and is (A) the party's own statement; (B) a statement the party adopted as its own; (C) a statement the party specifically authorized, *Sokolow*, 91 F.3d at 402; (D) a statement of the party's agent, *U.S. v. Riley*, 621 F.3d 312, 338 (3d. Cir. 2010); or (E) a statement by a co-conspirator to further a conspiracy.

None of these provisions apply here.  First, the statements are not LG USA's own statements; they were made by LG Electronics, Inc. of Korea, not by LG USA.[4]  Second, the statements were not adopted by LG USA; there is no evidence of adoption here.  Third, the statements were not authorized by LG USA; there is no evidence of authorization here.  Fourth, LG Electronics, Inc. of Korea is not LG USA's agent.  An agency relationship requires that the supposed principal (LG USA) control the supposed agent (LG Electronics, Inc. of Korea), and there

---

[4]  (Ex. B at 207-08, 213-16, 218-20, 225-26, 228-32, 240-41; Opp. Ex. 58 ¶¶ 7-11; Opp. Ex. 11 ¶¶ 9-16.)

is no evidence of that here.  *McKinnon v. Gonzales*, 642 F. Supp. 2d 410, 428 n.20 (D.N.J. 2009).

As a subsidiary, LG USA does not control its parent.[5]  Fifth, Plaintiffs do not even allege, much less

prove, the existence of any conspiracy.  Thus all of the LG Electronics, Inc. of Korea documents

should be excluded.

## V.      Plaintiffs cannot rely on incomplete, uncertified translations.

As LG USA's Opposition to class certification explains, Plaintiffs have taken out of context

and mischaracterized statements in all of the Korean-language documents.  They were able to do so

only because they repeatedly violated the rules of evidence.

First, Plaintiffs often attached to their motion only selected pages of a document, rather than

attaching the complete document.  (This is true of Exhibits 1, 4, 10, 17, 19, 23, 24, 25, 28, 30, 33,

34, 35, 48, and 50.  (Opp. Ex. 11 ¶ 16; Opp. Ex. 58 ¶ 6.)  For example, although Exhibit 4 is a 63-

page document, Plaintiffs attach just four pages.  As another example, although Exhibit 17 is a 40-

page document, Plaintiffs attach just two pages.  Under F.R.E. 106's rule of completeness, which is

"based on … the misleading impression created by taking matters out of context," F.R.E. 106

committee notes, Plaintiffs must provide the entire document.

Second, Plaintiffs never translate the entire document, to provide its complete context and

content.  Instead, Plaintiffs use Charlie Brown-style cartoon bubbles to show translations of just a

few words here and there, ripping words completely out of context.   Rule 106's rule of

completeness requires a complete translation of the entire document.

---

[5]  "In addition to being separate legal entities with separate corporate places of incorporation, LGE–Korea and LGE–USA also function as separate entities in the business world." *Power Integrations v. Fairchild Semiconductor Int'l,* 233 F.R.D. 143, 145 (D. Del. 2005) "[T]he two corporations have separate and functioning Boards of Directors and maintain separate accounting systems; … LG Electronics does not direct or finance LG Electronics USA's daily operations or internal affairs; [and] LG Electronics USA does not have the authority to conduct business on behalf of LG Electronics."  *Colida v. LG Electronics*, 2003 WL 22319221, *4 (Fed. Cir.).   "LGE–Korea and LGE–USA have little more than a vendor relationship, with LGE–Korea being the supplier and LGE–USA being the purchaser." *Power*, 233 F.R.D. 145-146.

Third, the Plaintiffs do not provide any certified translations.  Rule 604 states that a translator must qualify as an expert witness and must be sworn to make a true translation. Translations are routinely stricken when the proponent provides "no explanation about how the document was translated, who the translator was, or the expertise of that translator." *Kesel v. UPS,* 2002 WL 102606, *3 (N.D. Cal.); *SEC v. Antar*, 15 F. Supp. 2d 477, 498 n.15 (D.N.J. 1998); *Jack v. TWA*, 854 F. Supp. 654, 659 (N.D. Cal. 1994).  This requirement applies during class certification.  *Rosario-Guerrro v. Orange Blossom Harvesting*, 265 F.R.D. 619, 623 (M.D. Fla. 2010).  Yet Plaintiffs failed completely to provide any certified translations.

In sum, what Plaintiffs have provided are incomplete, uncertified translations of mostly incomplete documents.  Unless this Court has its own complete copies of the documents and the independent ability to read Korean, it will not be able see the full context of the documents and read what they actually state.  All of Plaintiffs' Korean-language exhibits should be excluded.

## CONCLUSION

For the foregoing reasons, LG USA respectfully urges this Court to exclude all of Plaintiffs'

inadmissible evidence.


                                          WINSTON & STRAWN LLP
                                          Attorneys for Defendant
                                          LG Electronics USA, Inc.


Dated: May 13, 2011              By:      _s/ Jeffrey P. Catenacci_____
                                          James S. Richter
                                          jrichter@winston.com
                                          Melissa Steedle Bogad
                                          mbogad@winston.com
                                          Jeffrey P. Catenacci
                                          jcatenacci@winston.com

                                          Lawrence R. Desideri
                                          Scott P. Glauberman
                                          Andrew M. Johnstone
                                          Winston & Strawn LLP
                                          35 West Wacker Drive
                                          Chicago, Illinois 60601
                                          (312) 558-5600