**WINSTON & STRAWN LLP**

One Riverfront Plaza, Suite 730
Newark, NJ 07102-5401
T: +1 (973) 848-7676
F: +1 (973) 848-7650
www.winston.com

MELISSA STEEDLE BOGAD
(973) 848-7643
mbogad@winston.com

May 26, 2011

**BY ECF AND FEDERAL EXPRESS**

Honorable Faith S. Hochberg, U.S.D.J.
United States District Court
Frank R. Lautenberg U.S. Post Office & Courthouse
1 Federal Square
Newark, New Jersey  07101

> Re:  **In re LG Front Load Washing Machine Class Action Litigation**
>      **Civil Action No. 08 CV 51 (FSH)(MAS)**

Dear Judge Hochberg:

This firm represents Defendant LG Electronics USA, Inc. ("LG USA") in the above-referenced matter.  We write to advise Your Honor of a supplemental authority, *Tait v. BSH Home Appliances*, 2011 WL 1832941 (C.D. Cal.), that became available after LG USA submitted its Opposition to Plaintiffs' motion for class certification.

*Tait* is one of the many class action cases that have been filed against the entire front-loading washing machine ("FLW") industry, described in LG USA's Opposition at 4 and 24.  *Tait*, brought by some of the same lawyers as this case, alleges that Bosch FLWs are defective because they grow mold and odors, just as Plaintiffs in this case allege that LG FLWs are defective because they grow mold and odors.

The court in *Tait* dismissed the entire complaint on grounds relevant to the motion for class certification in this case.

First, the court dismissed all fraud-related claims, including consumer fraud claims, because the plaintiffs failed to allege that they had ever seen Bosch's advertisements.  *Id.* *2-3, 7-8.  Individual differences in consumer knowledge about FLWs, including from advertisements, is a predominant individual factual issue in this case, as explained in LG USA's Opposition at 21-22 and 28 and Appendix E.

Second, the court dismissed the breach of express warranty claim because Bosch's express warranty was limited to "materials or workmanship" and therefore did not cover the plaintiffs' allegations of design defects.  *Id.* *3.  The same warranty

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
LONDON
LOS ANGELES
MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

WINSTON
&STRAWN
LLP

May 26, 2011
Page 2

provision and the same allegation of design defect are at issue in this case, as explained in LG USA's Opposition at 40.

Third, the court rejected the breach of implied warranty claim because the plaintiffs did not allege that they stood in vertical privity with Bosch, as required by California, Illinois, Maryland, New York and Tennessee law. *Id.* *4. This is one of the many differences in states' implied warranty laws, a subject discussed in LG USA's Opposition at 34-35 and Appendix B.

Fourth, the court held that unjust enrichment is not a cause of action under California law. *Id.* *5. This is one of the many differences in states' unjust enrichment laws, a subject discussed in LG USA's Opposition at 36-37 and Appendix C.

Fifth, the court held that the Tennessee consumer fraud statute does not allow class action claims. *Id.* *8. This is one of the many differences in states' consumer fraud laws, a subject discussed in LG USA's Opposition at 33 and Appendix A.

For these reasons, LG USA respectfully submits and encloses *Tait* as supplemental authority in support of LG USA's Opposition to Plaintiffs' motion for class certification.

Respectfully submitted,

*[signature]*

Melissa Steedle Bogad

Enclosure

cc:   All Counsel (by e-mail) (w/ encl.)

NY:1342487.1

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)
**(Cite as: 2011 WL 1832941 (C.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
Diana TAIT, et al.
v.
BSH HOME APPLIANCES CORPORATION.

No. SACV 10–711 DOC (ANx).
May 12, 2011.

Andrew J. Kubik, Stuart M. Eppsteiner, Eppsteiner & Fiorica Attorneys LLP, San Diego, CA, Eric D. Freed, Freed & Weiss LLC, Chicago, IL, Daniel C. Levin, Levin Fishbein Sedran & Berman, Philadelphia, PA, for Diana Tait, et al.

Thomas M. Rutherford, Jr., James M. Hansen, Willis Depasquale LLP, Orange, CA, for BSH Home Appliances Corporation.

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT'S MOTION TO DISMISS
The Honorable DAVID O. CARTER, Judge.
  *1 Julie Barrera Courtroom Clerk

Before the Court is Defendant BSH Home Appliances Corporation's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint in the above-captioned case ("Motion to Dismiss") (Docket 44). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7–15. After reviewing the moving, opposing and replying papers, and for the reasons discussed below, the Court GRANTS the Motion to Dismiss.

**I. BACKGROUND**
This case is a purported class action brought by named Plaintiffs Diana Tait, Nancy Wentworth, Beverly Gibson, Sharon Cobb and Trish Isabella ("Plaintiffs"). According to the allegations of the Consolidated Amended Complaint ("CAC"), Defendant BSH Home Appliances ("Defendant") manufactures defective front-loading automatic washing machines. In particular, Plaintiffs contend that the machines fail to self-clean, resulting in an accumulation of biofilm, mold, and bacteria and the consequent emission of foul odors. Plaintiffs charge Defendants with knowingly failing to disclose these defects to consumers and in perpetuating an advertising and marketing campaign that concealed these defects.

Plaintiffs bring suit under the laws of five states: California, Illinois, New York, Maryland and Tennessee. Specifically, Plaintiffs assert causes of action for (1) violation of California Business and Professions Code § 17200 et. seq., (2) violation of California Business and Professions Code § 17500 et. seq, (3) violation of the California Consumer Legal Remedies Act, (4) breach of express warranty, (5) breach of implied warranty, (6) violation of the Magnuson–Moss Warranty Act, (7) unjust enrichment, (8) violation of the Illinois Consumer Fraud and Deceptive Practices Act, (9) violation of the Maryland Consumer Protection Act, (10) violation of New York General Business Law § 349, (11) violation of New York General Business Law § 350, and (12) violation of the Tennessee Consumer Protection Act. Defendants move to dismiss each cause of action for failure to state a claim on which relief can be granted.

**II. LEGAL STANDARD**
Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)
(Cite as: 2011 WL 1832941 (C.D.Cal.))

for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

**\*2** Where fraud is alleged, Federal Rule of Civil Procedure 9(b) requires parties to "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985). Providing detailed notice to defendants also prevents plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs." *Bly–Magee v. California,* 236 F.3d 1014, 1018 (9th Cir.2001) (quoting *In re Stac Elecs. Secs. Litig.,* 89 F.3d 1399, 1405 (9th Cir.1996)).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir.2003) (citing *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996)); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000).

### III. DISCUSSION

**a. Cal. Bus. & Prof.Code 17200 *et. seq.*, Cal. Bus. & Prof.Code § 17500 *et. seq.*, and California Consumer Legal Remedies Act Claims**

The material allegations underlying Plaintiffs' first three causes of action—for (1) violation of Cal. Bus. & Prof.Code § 17200 *et. seq.* ("Section 17200"), (2) violation of Cal. Bus. & Prof.Code § 17500 *et. seq.* ("Section 17500"), and (3) violation of the California Consumer Legal Remedies Act ("CLRA")—sound in fraud. The Ninth Circuit has held that allegations can "sound in fraud" even where fraud is not an essential element of the cause of action asserted. *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1102–05 (9th Cir.2003). In such cases, the allegations invoking fraud must satisfy the heightened pleading standards of Fed.R.Civ.P. 9(b). *Id.* (holding that allegations of fraud under causes of action for violation of California's Consumer Legal Remedies Act and Unfair Competition Laws are subject to the heightened pleading requirements of Rule 9(b)). Because fraud claims "raise a high risk of abusive litigation," *Twombly,* 550 U.S. at 569 n. 14, Rule 9(b) demands that "averments of fraud ... be accompanied by the who, what, when, where and how of the misconduct charged." *Vess,* 317 F.3d at 1106.

In this case, the allegations set forth in the CAC indicate that Plaintiffs' claims under Section 17200, Section 17500 and the CLRA each rest on a theory of fraud. *See, e.g.* CAC, ¶ 98 (accusing Defendant of knowingly "omitting material facts" in selling their products); ¶ 99 (charging that Defendant made "omissions and misrepresentations" that are "anti-competitive"); ¶ 100(ii) (asserting that Defendant "knowingly and recklessly conceal[ed]" information, "hereby defrauding Plaintiffs"); ¶ 100 (stating that "Defendant's acts and practices are fraudulent in that they have deceived and/or are likely to deceive Plaintiffs ..."); ¶ 108 (accusing Defendant of "falsely adverti[sing] by failing to disclose Defects" and other material facts); ¶ 109 (stating that "these and other representations and omissions ... did deceive, and are likely to deceive Plaintiffs"); ¶ 122 (averring that Defendant "ma[de] specific representations ... that are false, deceptive and/or misleading"); ¶ 123 (asserting that Defendant "intentionally conceals and/or fails to disclose the material fact that the Machines have the Defects ..."). *See also Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1126 (9th Cir.2009) (claims of willful non-disclosure are species of fraud claims); *Marolda v. Symantec Corp.,* 672 F.Supp.2d 992, 1002 (N.D.Cal.2009) ("The Ninth Circuit has recently clarified that claims of nondisclosure and omission, as varieties of misrepresentations, are subject to the pleading standards" that govern claims for fraud). The Court thus analyzes Plaintiffs' first three causes of action under the rubric of Rule 9(b).

**\*3** Judged against this standard, Plaintiffs' allegations fall woefully short. The CAC includes repeated references to misstatements that allegedly appear on Defendant's website and/or in the machine's operating instructions, *see, e.g.* CAC, ¶¶ 33, 34, 40, 42, 44, 46, 49, 50, 52, 54, but Plaintiffs offer no information regarding **when,** or even **if,** each of the named Plaintiffs viewed the website and/or operating instructions. Without such facts, these conclusory allegations do not come within a county mile of sa-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)
(Cite as: 2011 WL 1832941 (C.D.Cal.))

tisfying Rule 9(b). See Kearns, 567 F.3d at 1126 (upholding dismissal of a complaint based on Plaintiffs' allegations that they were exposed to misrepresentations through a national advertising campaign, noting that the allegations failed to specify when plaintiffs viewed allegedly misleading marketing materials as well as which representations the plaintiffs relied on in making their purchases). Similarly, Plaintiffs' vague allegations that Defendant's employees made misleading recommendations "in response to consumer complaints" lacks any reference to when this allegedly fraudulent advice was given, which specific plaintiffs were involved, or what the contents of the alleged "consumer complaints" were. Rule 9(b) demands much more.

Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' claims under Section 17200, Section 17500 and the CLRA. These claims are DISMISSED WITH LEAVE TO AMEND.

**b. Breach of Express Warranty Claim**
The CAC's fourth cause of action asserts a claim for breach of express warranty. Plaintiffs aver that Defendant's machines were sold with a warranty for any defects in "materials or workmanship." CAC, ¶ 131. In the CAC, Plaintiffs plainly have alleged a defect in *all* of Defendant's front-loading washing machines, as the CAC refers to the "machines" generally, without distinguishing between particular units. Plaintiffs' claims therefore concern an alleged defect in design, which "exists when the product is built in accordance with its intended specifications, but [where] the design itself is inherently defective." McCabe v. Am. Honda Motor Co., 100 Cal.App.4th 1111, 1120, 123 Cal.Rptr.2d 303 (2002). A design defect is distinct from a defect in the "materials or workmanship" of a particular machine. See Moss v. Smith, 181 Cal. 519, 520, 185 P. 385 (1919) (distinguishing between "defects ... of workmanship and material" and defects of "design"); Brothers v. Hewlett-Packard Co., 2007 WL 485979, at *2, 4 (N.D.Cal.2007) (holding that the limited warranty at issue, which warranted that the products were "free from defects in material and workmanship" did not "guarantee against design defects"). As the terms of the warranty do not cover design defects, Plaintiffs have failed to state a claim for breach of express warranty.

Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' cause of action for breach of express warranty. This claim is DISMISSED WITH LEAVE TO AMEND.

**c. Breach of Implied Warranty Claim**
*4 Defendants next move to dismiss Plaintiffs' fifth cause of action for breach of implied warranty. Plaintiffs' implied warranty claims are brought under the UCC equivalent sections of California, Illinois, Maryland, New York, and Tennessee. Under the law of each state, a cause of action for breach of implied warranty generally requires allegations that the plaintiff stands in vertical privity of contract with the defendant. See Annunziato v. eMachines, Inc., 402 F.Supp.2d 1133, 1141 (C.D.Cal.2005) (in California, a plaintiff who alleges breach of warranty "must stand in 'vertical privity' with the defendant"); Tokar v. Crestwood Imports, Inc., 177 Ill.App.3d 422, 426, 126 Ill.Dec. 697, 532 N.E.2d 382 (1998) (affirming directed verdict for defendant on breach of implied warranty claim based "on the lack of contractual privity between plaintiff and Subaru"); Vaccarino v. Cozzubo, 181 Md. 614, 616–17, 31 A.2d 316 (1943) ("The law is well settled that an action cannot be maintained on an implied warranty where there is no privity of contract"); Solomon v. Canon USA, Inc., 31 Misc.3d 30, 920 N.Y.S.2d 565, 2010 WL 5469113, at *2 (N.Y.App.Div.2010) (disallowing recovery against defendant on an implied warranty claim "since [Plaintiff] was not in privity with defendant."); Leach v. Wiles, 58 Tenn.App. 286, 429 S.W.2d 823, 831 (Tenn.Ct.App.1986) (dismissing breach of implied warranty claim because "privity of contract between parties" is "an essential element" on warranty claims unless product is unreasonably dangerous). Plaintiffs do not allege that they stand in vertical privity with Defendants.

In their Opposition, Plaintiffs argue that they have standing to assert their implied warranty claims due to their status as third party beneficiaries. Notably, however, the CAC does not identify specifically the contract to which Plaintiffs claim third party beneficiary status. This is critical: although a third party beneficiary exception to the vertical privity requirement exists, the laws of all five states require alleged third party beneficiaries to plead the existence of a contract from which they stand to benefit. Schauer v. Mandarin Gems of Cal., Inc., 120 Cal.App. 4th 949, 957 (2005) (a person seeking to enforce a contract as a third party beneficiary "must plead a contract which

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)
**(Cite as: 2011 WL 1832941 (C.D.Cal.))**

was made expressly for his or her benefit and one in which it clearly appears that he or she was a beneficiary."); Hirn v. Teledyne Continental Motors, 1994 WL 685071, at *3 (N.D.Ill.1994) (dismissing implied warranty claim based on third party beneficiary theory because plaintiffs "did not specify what the contract is, or who the parties to the contract [were]."); Mendel v. Henry Phipps Plaza West, Inc., 6 N.Y.3d 783, 786, 811 N.Y.S.2d 294, 844 N.E.2d 748 (2006) ("Parties asserting third party beneficiary rights under a contract must establish ... (1) the existence of a valid and binding contract between other parties ..."); Century National Bank v. Makkar, D.D.S., 132 Md.App. 84, 94, 751 A.2d 1 (1994) (a party must initially plead the existence of a contract so they can later demonstrate that the contract was intended for their benefit); Estate of Wilson v. Arlington Auto Sales, 743 S.W.2d 923, 930 (Tenn.App.1987) ("In Tennessee, the requisites necessary to establish a third party beneficiary relationship are: (1) a valid contract made upon sufficient consideration between the promisor and promisee ..."). Here, although the CAC makes passing reference to Plaintiffs as "intended third party beneficiaries," CAC, ¶ 151, and avers briefly that Defendant entered into "contracts and subcontracts," *id.,* ¶ 153, the CAC contains no specific allegations identifying or describing the agreements under which Plaintiffs claim third party beneficiary status. As pleaded, Plaintiffs' third party beneficiary theory fails.

*5 Defendants' Motion to Dismiss is GRANTED with respect to Plaintiffs' claim for breach of implied warranty. This claim is DISMISSED WITH LEAVE TO AMEND.

**d. Manguson–Moss Warranty Act Claim**

Dismissal of Plaintiffs' breach of express and implied warranty claims mandates dismissal of Plaintiffs' Magnuson–Moss Warranty Act ("MMWA") claim. A viable MMWA claim requires a plaintiff to successfully plead a violation of state warranty law. For the reasons explained above, Plaintiffs have failed to do so.

Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' MMWA claim. This claim is DISMISSED WITH LEAVE TO AMEND.

**e. Unjust Enrichment Claim**
Defendant further moves to dismiss Plaintiffs' claims for unjust enrichment. In analyzing this motion, the Court first addresses a foundational dispute between the parties: whether unjust enrichment exists as an independent cause of action under California law. After review of the relevant case law, the Court agrees with Defendant that no such cause of action exists. Although the authority on this issue is somewhat split, the more recent and well-reasoned cases hold that "unjust enrichment does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales, 754 F.Supp.2d 1145, 2010 WL 4867562, at *39 (C.D.Cal.2010) (quoting Melchior v. New Line Prod., Inc., 106 Cal.App.4th 779, 793, 131 Cal.Rptr.2d 347 (2003)). See also id. ("Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself. Simply put, there is no cause of action in California for unjust enrichment."); Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc., 578 F.Supp.2d 1242, 1250 n. 13 (E.D.Cal.2008) ("The Court notes that there is no cause of action in California for unjust enrichment.").

Defendant's Motion to Dismiss is therefore GRANTED with respect to Plaintiffs' unjust enrichment claim under California law. This claim is DISMISSED WITH PREJUDICE.

The parties also differ in their characterization of unjust enrichment under the law of New York. Defendant contends that New York law limits claims of unjust enrichment to plaintiffs who stand in privity of contract with defendants; Plaintiffs disagree. On this point, the weight of recent case law favors Plaintiffs. As the New York Court of Appeals recently reiterated, "privity is not required for an unjust enrichment claim, [although] a claim will not be supported if the connection between the two parties is too attenuated." Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011). Here, Defendant does not argue that the relationship between Plaintiffs and Defendant is "too attenuated" to support a cause of action for unjust enrichment; in any event, resolution of this issue likely would be a question of fact best reserved for later stages of litigation.

*6 Defendants argue that, notwithstanding the above, Plaintiffs have pleaded themselves out of an

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)
(Cite as: 2011 WL 1832941 (C.D.Cal.))

unjust enrichment claim by simultaneously alleging the existence of a valid contract. Indeed, "unjust enrichment is an action in quasi-contract[, which] cannot lie where a valid express contract covering the same subject matter exists between the parties." *Gerlinger v. Amazon.com, Inc.,* 311 F.Supp.2d 838, 856 (N.D.Cal.2004). Although certain situations permit plaintiffs to pursue an unjust enrichment claim as an alternative to a breach of contract claim, this alternative pleading theory is not available where a plaintiff expressly pleads, and relies on, the existence of an express agreement between the parties relating to the same issues. *Id.;* see also *FLF, Inc. v. World Publications, Inc.,* 999 F.Supp. 640, 642 (D.Md.1998) ("It is settled law in Maryland, and elsewhere, that a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties."); *CBS Broadcasting Inc. v. Jones,* 460 F.Supp.2d 500, 506 (S.D.N.Y.2006) ("[T]he existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment," ... although "where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue ... a party may proceed upon a theory of quantum meruit ...") (internal citations and quotations omitted); *People ex. rel. Hartigan v. E & E Hauling, Inc.,* 153 Ill.2d 473, 497, 180 Ill.Dec. 271, 607 N.E.2d 165 (1992) ("Because unjust enrichment is based on an implied contract, where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.") (internal citations and quotations omitted); *Whitehaven Community Baptist Church v. Holloway,* 973 S.W.2d 592, 596 (Tenn.1998) ("Courts will impose a contractual obligation under an unjust enrichment theory when (1) *there is no contract* between the parties or a contract has become unenforceable or invalid ...") (emphasis added).

In this case, Plaintiffs expressly allege the existence of a written warranty agreement, which is equivalent to alleging the existence of a written contract. *See Daugherty v. American Honda Motor Co., Inc.,* 144 Cal.App.4th 824, 830, 51 Cal.Rptr.3d 118 (2006) ("The law governing express warranties is clear. A warranty is a contractual promise."). Of course, as discussed above, Plaintiffs' warranty does not cover the alleged design defects that motivated this lawsuit. Neither party's briefing discusses the specific question of whether an unjust enrichment claim can be maintained for defects not covered by the warranty. Although the Court can imagine certain unjust enrichment claims that properly might be brought to recover for injuries not covered by an express warranty, Plaintiffs' unjust enrichment claim, at least as presently plead, does not appear to be one of them. Rather, Plaintiffs' current allegations in support of their unjust enrichment cause of action strike the Court as an attempt to expand impermissibly on the terms of the warranty they purchased. *Cf. Daugherty v. Sony Electronics, Inc.,* 2006 WL 197090, at *6 (Tenn.Ct.App.2006) (refusing to allow plaintiff to bring an unjust enrichment claim to recover for a problem that occurred outside the time period covered by an express warranty).

*7 As such, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' claims for unjust enrichment under Illinois, Maryland, New York and Tennessee law. These claims are DISMISSED WITH LEAVE TO AMEND.

**f. Illinois Consumer Fraud Act Claim**

In order to state a claim under the Illinois Consumer Fraud and Deceptive Practices Act ("CFDPA"), a plaintiff must allege (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Zekman v. Direct American Marketers, Inc.,* 182 Ill.2d 359, 373, 231 Ill.Dec. 80, 695 N.E.2d 853 (1998). To adequately plead the proximate causation element, a plaintiff must allege "his or her knowledge of the deceptive acts and purported misstatements." *Oshana v. The Coca-Cola Co.,* 225 F.R.D. 575, 586 (N.D.Ill.2005). In the context of deceptive advertising, this requires a Plaintiff to allege that she personally "saw, heard or read any of defendant's ads ...". *Oliveira v. Amoco Oil Co.,* 201 Ill.2d 134, 155, 267 Ill.Dec. 14, 776 N.E.2d 151 (2002). As explained above, Plaintiffs' allegations to this effect are insufficient.

Therefore, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' claim under the Illinois CFDPA. This claim is DISMISSED WITH LEAVE TO AMEND.

**g. Maryland Consumer Protection Act Claim**

Like the Illinois CFDPA, the Maryland Consumer

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)
(Cite as: 2011 WL 1832941 (C.D.Cal.))

Protection Act requires a plaintiff to plead that "there [has] been some sort of misrepresentation by the defendant to the plaintiff." *Philip Morris Inc. v. Angeletti,* 358 Md. 689, 752 n. 29, 752 A.2d 200 (2000). Absent allegations that Plaintiffs viewed a particular advertisement or marketing material prior to purchase of the machines, there can be no claim that Plaintiffs were deceived by Defendant.

As such, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' claim under the Maryland Consumer Protection Act. This claim is DISMISSED WITH LEAVE TO AMEND.

**g. New York General Business Law §§ 349, 350 Claim**

Plaintiffs also assert claims under New York consumer protection law—specifically New York General Business Law §§ 349 and 350. Like the consumer protection statutes discussed above, Section 349 of the New York General Business Law includes a causation requirement. *Stutman v. Chemical Bank,* 95 N.Y.2d 24, 30, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000) (explaining that although a claim under Section 349 of the statute does not require reliance, it does require causation). Section 350 of this statute goes further and demands reliance. *Small v. Lorillard Tobacco Co. Inc.,* 252 A.D.2d 1, 679 N.Y.S.2d 593, 599 (1999). There can be no allegation of causation or reliance absent allegations plausibly asserting that Plaintiffs saw a given advertisement or marketing item of Defendant's.

Defendant's Motion to Dismiss is thus GRANTED with respect to Plaintiffs' claims under New York General Business Law §§ 349 and 350. These claims are DISMISSED WITH LEAVE TO AMEND.

**i. Tennessee Consumer Protection Act Claim**

*8 Finally, the Tennessee Consumer Protection Act ("TCPA") limits claims to "individual" actions rather than class action lawsuits. T.C.A. § 47-18-109(a)(1) ("Any person who suffers ascertainable loss ... as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful ... may bring an action *individually* to recover damages.") (emphasis added); *Tucker v. Sierra Builders,* 180 S.W.3d 109, 116 n. 9 (Tenn.Ct.App.2005) ("[C]lass actions cannot be maintained under the TCPA."). Plaintiffs may not bring purported class action claims under the TCPA.

The Supreme Court's decision in *Shady Grove Orthopedic Associates v. Allstate Insurance Company,* ––– U.S. ––––, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) does not compel a different result. The *Shady Grove* court, looking at a case brought under New York law but filed in federal court by way of diversity jurisdiction, examined the interplay between a New York statute that prohibited class actions in suits seeking penalties or statutory minimum damages and Federal Rule of Civil Procedure 23 ("Rule 23"), which allows for the maintenance of class actions in federal court. *Shady Grove* produced a splintered court, with a four justice plurality asserting that Rule 23 conflicted with the New York statute and that, as a purely procedural rule, Rule 23 trumped the New York prohibition on class actions for recovery of statutory minimum damages. *Id.* at 1441–48. Four justices dissented, holding that Rule 23, if read appropriately to avoid conflict with the important interests of the forum state, should be interpreted as consistent with the New York statute and that the New York statute, as substantive provision of state law, should control. *Id.* at 1460–72. Justice Stevens cast the deciding vote, concurring the with judgment of the plurality, but on narrower grounds. Specifically, Justice Stevens held that "[a] federal rule ... cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Id.* at 1452. Justice Stevens found, however, that the New York statute at issue was not such a law, as the New York restriction on the use of a class device to recover statutory penalties was designed to regulate not only claims based on New York law, but also claims based on federal law or the law of other states. *Id.* at 1457–60. The wide intended application of the New York statute made it "hard to see how [the rule] could be understood as a rule that ... serves the function of defining New York's rights or remedies." *Id.* at 1457.

The Supreme Court has instructed that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as the position taken by those members who concurred in the judgments on the narrowest grounds." *Marks v. United States,* 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (9th Cir.2005). The Ninth Circuit has

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)
**(Cite as: 2011 WL 1832941 (C.D.Cal.))**

cautioned that "the *Marks* rules is applicable only where one opinion can be meaningfully regarded as 'narrower' than another *and* can represent a common denominator of the Court's reasoning." *U.S. v. Rodriguez–Preciado,* 399 F.3d 1118, 1140 (9th Cir.2005) (emphasis in original) (internal citations and quotations omitted). Here, Justice Stevens's concurring opinion properly can be viewed as both "narrower" than the other holdings and as "represent[ing] a common denominator." Justice Stevens rejects the per se approach offered by the plurality and the dissenters and, in so doing, finds common ground with both groups. The Court therefore treats Justice Stevens's opinion as controlling. *See Bearden v. Honeywell Intern. ., Inc.,* 2010 WL 3239285, at *10 (M.D.Tenn.2010) (treating Justice Stevens's concurrence as controlling); *In re Whirlpool Corp.,* 2010 WL 2756947, at *6–7 (N.D.Ohio 2010) (same).

*9 In *Bearden,* the Middle District of Tennessee faced the precise question that confronts the Court in this case: whether *Shady Grove* should be interpreted to allow for class actions under the TCPA when the case is filed in federal court by way of diversity jurisdiction. Applying Justice Stevens's analysis, the Middle District of Tennessee answered that question in the negative. *Bearden,* 2010 WL 3239285 at *10 ("[T]he class action limitation contained in the TCPA is so intertwined with that statute's rights and remedies that it functions to define the scope of the substantive rights. Unlike in *Shady Grove,* the limitation here is contained in the substantive statute itself, not in a separate procedural rule."). Finding the reasoning of *Bearden* persuasive, the instant court follows suit.

Accordingly, Defendant's Motion to Dismiss is thus GRANTED with respect to Plaintiffs' cause of action under the TCPA. This cause of action is DISMISSED WITH PREJUDICE.

**IV. DISPOSITION**
For the reasons stated above, Defendant's Motion to Dismiss is GRANTED with respect to each of Plaintiffs' claims. Plaintiffs' claims for unjust enrichment under California law and for violation of the Tennessee Consumer Protection Act are DISMISSED WITH PREJUDICE. The remainder of Plaintiffs' claims are DISMISSED WITH LEAVE TO AMEND.

Plaintiffs' shall file any amended complaint no later than June 3, 2011. Defendant shall have until July 1, 2011 to answer, move to dismiss, or otherwise respond to any amended complaint.

The Clerk shall serve this minute order on all parties to the action.

C.D.Cal.,2011.
Tait v. BSH Home Appliances Corp.
Not Reported in F.Supp.2d, 2011 WL 1832941 (C.D.Cal.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.