# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | Civil Action No. 08-0051 (FSH)(MAS) |
| **In re LG Front Load Washing Machine** | : |  |
| **Class Action Litigation** | : | **ORDER** |
| _____ | : |  |

**THIS MATTER** having come before the Court for a telephone status conference on June 9, 2011; and for good cause shown,

**IT IS** on this **10ᵗʰ** day of **June**, 2011,

**ORDERED THAT:**

1.    All discovery, including expert discovery, is and shall remain closed.

2.    Plaintiffs' reply to Defendant's opposition to the motion for class certification and opposition to Defendant's *Daubert* motion and motion to strike shall be filed by **June 24, 2011.** By same date, Plaintiffs shall further file any motions directed to the admissibility of Defendant's expert opinions.

3.    Provided that Plaintiff does not file any motions regarding admissibility of Defendant's expert opinions, Defendant's reply to Plaintiffs' opposition to Defendant's *Daubert* motion and motion to strike shall be filed by **July 8, 2011.** If, however, Plaintiff files motions concerning the admissibility of Defendant's expert opinions, Defendant's reply briefs, as well as its opposition to Plaintiff's motions, shall be filed **August 5, 2011** and Plaintiff's reply papers shall be filed by **August 15, 2011.**

4.    Plaintiffs may oppose Defendant's *Daubert* motion in anyway deemed appropriate, except that any findings or results of the re-inspection of the subject

washing machines by Plaintiffs' expert shall not be permitted for purposes of amending, revising or otherwise supplementing Plaintiff's current expert report or previous testimony.  Any results from such an inspection, as well as any declarations or certifications attached to Plaintiffs' opposition, only may be used for the limited, narrow purpose of opposing Defendant's *Daubert* motion and will not be admissible during trial.[1]

5.      No further extensions of time shall be permitted.

6.      **Failure to comply with this Order may result in an imposition of sanctions.**


                                    s/ Michael A. Shipp
                                    **HONORABLE MICHAEL A. SHIPP**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] To the extent Defendant asserts that permitting the re-inspection will result in a need to reopen fact or expert discovery, this Court disagrees.  Defendant bases its *Daubert* motion, in part, on the assertion that the expert's methodology was inappropriate or unsupported.  A re-inspection of the washing machines may assist in opposing the motion, which is Plaintiffs' right. The information, however, will not be used to change, revise or otherwise supplement the current expert report and previous testimony and, as such, there is no need to reopen discovery.