UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In re LG Front Load Washing Machine Class Action,

Civil Action No. 08-51(FSH)(MAS)

**ORDER**

This matter having been brought before the Court by Lindsey H. Taylor, Esq. attorney for Plaintiff, on application for an Order allowing Johnathan D. Selbin, Esq. to appear and participate *pro hac vice*; and the Court having considered the moving papers; and this matter being considered pursuant to Federal Rule of Civil Procedure 78, and for good cause shown;

IT IS on this 1st day of July, 2011,

ORDERED that Johnathan D. Selbin, Esq., a member of the Bar of the State of New York, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to Local Civil Rule 101.1(c);

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello P.C., attorneys of record for Plaintiff who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby;

ORDERED that Johnathan D. Selbin, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order;

ORDERED that Johnathan D. Selbin, Esq. shall make payment of $150.00 to the Clerk of the United States District Court in accordance with Local Civil Rule 101.1(c)(3), as amended,

within twenty (20) days from the date of the entry of this Order;

ORDERED that Johnathan D. Selbin, Esq. shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of Local Civil Rules 103.1, Judicial Ethics and Professional Responsibility, and 104.1, Discipline of Attorneys; and it is further

ORDERED that Johnathan D. Selbin, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

                                                                                      s/ Michael A. Shipp
                                                                                    **Michael A. Shipp**
                                                                                     **UNITED STATES MAGISTRATE JUDGE**