**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

October 5, 2011

Jonathan D. Selbin
Partner
jselbin@lchb.com

Judge Faith S. Hochberg
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

Re:   *In Re: LG Front Loading Washing Machine Class Action Litigation*
      Civil Action No. 08-51, Dkt. No. 193 (Defendants' Motion To Exclude, under
      Daubert, Opinions and Testimony of Plaintiffs' Experts)

Your Honor:

I am one of counsel for Plaintiffs in the above-referenced matter.  I write in response to Defendant LG USA's ("LG") letter of October 4, 2011 concerning the recent decision of the United States District Court for the Northern District of Illinois (Eastern Division) in *Larry Butler et al. v. Sears, Roebuck and Co.*, No. 06-cv-7023  (September 30, 2011) ("October 4 Letter").

LG fails to address the actual relevance of the *Butler* decision to the sole motion currently before the Court: LG's Motion to Exclude, under *Daubert*, Opinions and Testimony of Plaintiffs' Expert Dr. Wilson.  (Dkt. 193.)  The court in *Butler* denied a nearly identical *Daubert* challenge to Professor Wilson's testimony in that case.  In particular, it made express findings concerning his qualifications to opine on the issues in the litigation both generally and as they relate to class certification, as well as on the necessity (or, more importantly, lack thereof) of testing to support those opinions.  Every one of the findings in *Butler* relating to Professor Wilson supports Plaintiffs' arguments in opposition to LG's motion here.

In denying Sears' motion to strike the opinion of Professor Wilson, the *Butler* court confirmed that his knowledge and experience with front-loading washing machines amply supports his opinions without the need for extensive testing, holding that:

> The value of Wilson's testimony is not based upon his sampling methods; it is instead based upon his knowledge of washer technology and his understanding of the principles that generally keep machines functionally clean, as well as the extent to which the subject machines depart from those principles.  In the court's view, Wilson is *clearly* qualified to use his knowledge of those principles to offer an opinion, for purposes of a class certification motion, that all front loading high efficiency machines are similarly defective in design.

San Francisco         New York         Nashville         www.lieffcabraser.com

Judge Faith S. Hochberg
October 5, 2011
Page 2

*Id*. at 6-7 (emphasis added).  The issue of whether Professor Wilson's testimony will, together with other evidence (including LG's own internal documents), ultimately support class certification in this case is not before this Court on the present *Daubert* motion.  As the *Butler* court noted, issues like those raised by Sears in *Butler* and LG here by way of a *Daubert* motion are "relevant to the weight to be assigned to [Professor Wilson's] opinion, but does not indicate that the opinion is inadmissible in support of the certification motion."  *Id*. at 7.  And while Plaintiffs will address the issue more on class certification, there is also no merit to LG's argument that the *Butler* court gave Professor Wilson's opinion "no weight."  Nothing in *Butler* so holds.  Rather, that court balanced Professor Wilson's testimony with competing evidence proffered by Sears and concluded that Plaintiffs had not met their evidentiary burden of establishing predominance.  *Id*. at 8-10.[1]

The *Butler* court also rejected Sears' argument that Professor Wilson's testimony was somehow based on insufficient facts because he sampled fewer than 20 washing machines, holding that his testimony "is not unreliable simply because it is founded on his experience rather than on data," *id*. at 6 (citing *Metavante Corp. v. Emigrant Savings Bank*, 619 F.3d 748 (7th Cir. 2010)), and that "[a]n expert knowledgeable about a particular subject need not be precisely informed about all the details of the issues raised in order to offer an opinion," *id*. (citing *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791 (4th Cir. 1989)).  A lack of sufficient sampling and/or testing data is precisely the primary argument LG advances in seeking disqualification of Professor Wilson in this case.

In sum:  nothing in *Butler* supports LG's motion to exclude Professor Wilson.  To the contrary, Plaintiffs respectfully submit that the findings and holdings in *Butler* relevant to the pending motion to exclude all militate in favor of denying that motion.

LG's October 4 letter also addresses a number of issues relating to class certification arising out of *Butler*.  Plaintiffs' vigorously dispute LG's characterization of the court's holdings on those issues, but they are not relevant to the pending motion to exclude.   Plaintiffs will address them at the appropriate time on the appropriate motion.

Respectfully submitted,

Jonathan D. Selbin

JDS:sp

---

[1] Plaintiffs in Sears (represented by some of the same counsel here), will be moving for reconsideration of the *Butler* court's denial of class certification on predominance grounds shortly, as the factual record in that case differs from that recited by the court there.