## CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | | °MEMBER N.Y. BAR ONLY |
| | BRIAN H. FENLON | | | |
| | LINDSEY H. TAYLOR | | | |
| JAMES D. CECCHI (1933-1995) | | | | |
| JOHN G. GILFILLAN III (1936-2008) | | | | |

December 12, 2011

VIA ECF

Hon. Dennis M. Cavanaugh
United States District Court
United States Post Office and Courthouse Building
Newark, New Jersey 07101

      Re:    *In Re: LG Front Loading Washing Machine Class Action Litigation*
               Civil Action No. 08-51(DMC)

Dear Judge Cavanaugh:

    We are co-counsel for Plaintiffs in the above matter. We wish to bring to the Court's attention the decision of the Pennsylvania Supreme Court in *Bassett v. Kia Motors America, Inc.*, -- A.3d --, 2011 WL 6059098 (Pa. Dec. 2, 2011). A copy of the decision is enclosed for the Court's convenience. A number of points in *Bassett* are relevant to the class certification and *Daubert* motions pending before the Court.[1]

    In that case, a consumer brought claims for breach of warranty on behalf of a putative class of automobile purchasers alleging that Kia Sephias had a uniform defect in their brakes, which prevented the brakes from dissipating heat and caused the brakes to wear out prematurely. The Pennsylvania Supreme Court affirmed both the trial court's certification order and the jury verdict in favor of the Plaintiff class.

    First, Kia argued that it had made "thirteen separate design changes", which defeated commonality and predominance for class certification purposes. *Bassett*, 2011 WL 6059098 at *11. LG raises a similar argument here. It contends that a number of design changes in its front-

---

[1] While *Bassett* was decided under Pennsylvania state court rules, the Pennsylvania class action rules mirror the Federal Rules and, in fact, the Pennsylvania Supreme Court relied upon a number of Third Circuit cases.

Hon. Dennis M. Cavanaugh
December 12, 2011
Page 2

loading washing machines defeat predominance. The Court in *Bassett* rejected this line of argument, finding that:

> Although KMA made several changes to the design of the [car's] brake system during those years, the modifications did not significantly alter the basic defective design. According to [Plaintiff's] expert, the brake systems of all [cars included in the class definition] had a common design defect related to heat dissipation in the front brakes, which caused premature wear.

*Id*. at * 13. The Court later observed that "[Plaintiff's] expert acknowledged the design changes" Kia contended defeated predominance, "but testified that these changes were minor and that they did not eliminate the design defect." *Id*. at *20. Likewise here, LG made approximately 14 design changes [Docket Entry 182 at 13-14], but Prof. Wilson stated that LG's design changes did not change, much less eliminate, the basic design defect. [Docket Entry 186, at 5-7.]

The Court in *Bassett* also rejected Kia's objection to Plaintiff's expert witness premised on the fact that the expert had "personally inspected only two vehicles." *Id*. at *7. LG similarly attacks Plaintiffs' expert here, arguing that his inspection of four LG washing machines was insufficient. [Docket Entry 193, at 11-12.] The Court in *Bassett* nonetheless found that the plaintiff's expert's testimony was sufficient to establish that the defects in the cars resulted from a common design defect. *Id.* at *13. Indeed, among the evidence presented in *Bassett* in support of class certification was internal documentation from Kia regarding its identification of problems with the braking system and its repeated unsuccessful attempts to remedy the problem. *Id.* Similarly here, LG identified a problem with mold in its front-loading washing machines and repeatedly, and unsuccessfully, tried to remedy the mold problem. [Docket Entry 182 at 12-15 *and* cited exhibits.] Likewise here, Plaintiffs' expert rebutted LG's claims that individual usage of the washing machines, not the design flaws, was the cause of the mold problem in the washing machines [Docket Entry 186, at 5], just at the plaintiff's expert in *Bassett* rebutted Kia's suggestion that the brake issues with Kia Sephias were caused by "driver habits or environmental conditions", not a design flaw. *Bassett*, at *20.

The *Bassett* court also addressed another issue raised by LG here, whether the fact that different class members may have suffered different amounts of damage should have defeated class certification. The Pennsylvania Supreme Court held that it did not. The Court noted the distinction between whether class members had suffered damage and the amount of those damages. *Bassett*, at *15-16. Since the problem in *Bassett* was a common design defect, every class member was affected by it and sustained some form of damage. *Id.* at 16. The Court followed the "well established rule" that the fact that individual class members may have sustained different amounts of damages does not defeat class certification. *Id.* at 16; *compare, e.g., Behrend v. Comcast Corp.*, 655 F.3d 182, 204 (3d Cir. 2011) ("Some variation of damages among class members does not defeat certification."). Likewise here, Plaintiffs have identified how they can demonstrate by common proof the defects in all LG washing machines and how those defects may be linked to the fact that class members suffered damages, even if that damage at this point is only the diminished value of the washing machine.

Hon. Dennis M. Cavanaugh
December 12, 2011
Page 3


      Thank you for your continued attention to this matter.  If the Court has any questions, we are available to discuss them at your convenience.

                        Respectfully submitted,

                        CARELLA, BYRNE, CECCHI,
                        OLSTEIN, BRODY & AGNELLO

                        /s/ James E. Cecchi

                        JAMES E. CECCHI

cc:    All Counsel (via ECF)