# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | PHONE (973) 994-1700 | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | FAX (973) 994-1744 | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | _____ | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | | °MEMBER N.Y. BAR ONLY |
| | BRIAN H. FENLON | | | |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | | |
| JOHN G. GILFILLAN III (1936-2008) | | | | |

December 27, 2011

<u>VIA ECF</u>
Honorable Faith S. Hochberg
United States District Court, District of New Jersey
United States Post Office and Courthouse Building
Newark, New Jersey 07101

      Re:   *In Re: LG Front Loading Washing Machine Class Action Litigation*
              <u>Civil Action No. 08-51(FSH)(PS)</u>

Dear Judge Hochberg:

      We are co-counsel for Plaintiffs in the above matter. I write to address the import of the decision of the United States Court of Appeals for the Third Circuit in *Shawn Sullivan, et al. v. DB Investments, Inc., et al.,* 2011 U.S. App. LEXIS 25185 (3d Cir. N.J. Dec. 20, 2011). In its letter of December 21, 2011 ("December 21 Letter"), Defendant LG advances a creative, but wholly backward, interpretation of that opinion and its relevance here.

      In *Sullivan*, an *en banc* panel of the Third Circuit affirmed the settlement approval and class certification orders entered in the district court as to a nationwide class of diamond purchasers alleging a variety of federal and state law antitrust and consumer claims. The 7-2 opinion, which is a primer on the current state of class action law in the Third Circuit, is highly relevant to the pending *Daubert* and class certification motions, as it clarifies the law with respect to class certification standards generally.

      First, the Court conducted a comprehensive review of case law concerning the predominance inquiry in a Rule 23 analysis (whether litigation or settlement) and confirmed that, for consumer fraud claims, the predominance inquiry focuses on whether the *defendant's conduct* was common to all class members, which predominates over minor individual differences between plaintiffs. *Id.* *43-53. The Court further held that a class may be certified even in cases where some members of the class may lack a substantive right to recover damages at all under the law of their respective states. *Id.* at *43-53, 65-75. Yet, in its December 21 Letter, LG ignores that holding, and once again conflates the concept of injury and damages, attempting to deflect attention away from LG's *conduct* in selling a defective machines (causing injury to plaintiffs and the class at the point of purchase), to instead focus on the magnitude of damages suffered by class members. As *Sullivan* confirms, the proper focus of the inquiry here is LG's conduct in selling defective washers.

Hon. Faith S. Hochberg
December 27, 2011
Page 2

Second, the Court confirmed that the Supreme Court's recent opinion in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) does *not* require inquiry into the existence or validity of each class member's claim at the class certification stage. Rather, *Dukes* makes clear that "the focus is on whether the defendant's conduct was common to all of the class members, not on whether each plaintiff has a 'colorable' claim." *Id.* at *49. The Court rejected the notion that every class member must have "some colorable legal claim" in order for a district court to certify a class, characterizing such a requirement as "a radical departure from what Rule 23 envisions and what our precedent demands," *Id.* at *41. The Court continued: "[w]ere we to require district courts to ensure that . . . each class member has a 'colorable legal claim,' district courts would be obligated at the class certification stage to, *sua sponte*, conduct a thorough Rule 12(b)(6) analysis of every statutory and common law claim . . . Such an inquiry into the merits goes beyond the requirements of Rule 23 . . . Even more troublesome, this merits analysis might not actually answer the salient question of whether common issues of fact or law actually predominate over individual ones." *Id.* at *76-84.

Third, the Court concluded, after review of the relevant case law, that "variations in the rights and remedies available to injured class members under the various laws of the fifty states do not defeat commonality and predominance." *Id*. at 45. It found "no support in our Court's jurisprudence for the proposition that commonality and predominance are defeated merely because the available rights and remedies differ under the several laws that form the basis for class claims." *Id.* at *53-54. The Court further confirmed that nothing in the case law or language of Rule 23 commands that everyone in a class must allege identical or uniform causes of action, noting that "where a defendant's singular conduct gives rise to one cause of action in one state, while providing for a different cause of action in another jurisdiction, the courts may group both claims in a single class action. . . [which] advances the laudatory purposes of the class action device, preserving the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Id.* at *57-58. The Court reiterated its holdings that where, as here, differences in state law fall into a limited number of predictable patterns, similar state laws could be grouped together as a unit. *Id.* at *55-56 (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 315 (3d Cir. 1998) and *In re Ins. Broker Antitrust Litig.*, 579 F.3d 241, 271 (3d Cir. 2009).)

Finally, the Court reiterated that it is inappropriate to inquire into the merits of the case any more than necessary when considering a motion for class certification. That is, while a court may delve beyond the pleadings to determine whether the requirements for class certification are satisfied, this does not extend to an inquiry into the merits, and plaintiffs need not actually establish the validity of claims at the certification stage. *Id.* at *76-84.

We believe that this case provides further support for Plaintiffs' *Daubert* opposition here (Docket Entry 209), as well as further support for Plaintiffs' motion for class certification (Docket Entry 181).

**Additional Cases Cited in Defendant's December 21 Letter[1]:**

In addition to clarifying the import of *Sullivan*, above, Plaintiffs address the remaining cases from Defendant's December 21 Letter as follows:

*Suddreth v. Mercedes-Benz*, 2011 WL 524096 (D.N.J):

Defendant's reliance on this decision is misplaced. Again, Defendant conflates injury with damages – Plaintiffs' injury occurred at the point of purchase, when they purchased an already-defective machine from defendants. The point at which damages as a result of this defect (the odor and/or accumulated biofilm) become apparent to the consumer – whether it be within or outside of the warranty period – is irrelevant, and doesn't convert the already-existing defect into a "latent" defect.

Furthermore, Defendant's argument concerning "years of good use" is irrelevant to the question of whether Plaintiffs' implied warranty claims are susceptible to common facts/proof for certification purposes, particularly in light of *Sullivan,* which confirmed that the focus of the certification inquiry is on whether the *defendant's conduct* was common to all class members, not on plaintiffs' actions, and that certification is appropriate even in cases where every class member may not have a 'colorable legal claim' under their states' respective law. *Sullivan* at *43-53, *76-84.

In any event, Defendant's citation to *Suddreth*, a decision on a motion to dismiss, is irrelevant to the motions currently before this court. As the *Sullivan* court confirmed, an attempt to convert a class certification motion into a renewed motion to dismiss is inappropriate, as were a district court required "at the class certification stage to, sua sponte, conduct a thorough Rule 12(b)(6) analysis of every statutory and common law claim . . . Such an inquiry into the merits goes beyond the requirements of Rule 23 . . . Even more troublesome, this merits analysis might not actually answer the salient question of whether common issues of fact or law actually predominate over individual ones." Id. at *76-84.

*Maloney v. Microsoft*, 2011 WL 5864064 (D.N.J)

Defendant's reliance on *Maloney* is irrelevant in light of *Sullivan.* As *Sullivan* made clear, "variations in the rights and remedies available to injured class members under the various laws of the fifty states do not defeat commonality and predominance," *Sullivan* at *53. Furthermore, the *Maloney* court made no findings as to whether Plaintiffs' claims could be certified under New Jersey law, reserving that decision pending further briefing. *Maloney* at *9.

*Nirmul v. BMW of North America,* 2011 WL 5195801 (D.N.J).

*Nirmul,* a decision on a Motion to Dismiss, is irrelevant for the many of the same reasons

---

[1] Plaintiffs disagree with Defendants' characterization of *Bassett*, but see no need to re-iterate the importance of *Bassett* to the claims at issue in this case.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

Hon. Faith S. Hochberg
December 27, 2011
Page 4

that *Suddreth* and *Maloney* are irrelevant. First, Defendant's conflation of injury and damages cannot excuse its liability for a machine that was defective upon purchase. Second, any reading of *Nirmul* that would suggest that variances between state laws precludes certification is rendered irrelevant by the Third Circuit's more recent (and very thorough) decision in *Sullivan*. Third, as *Sullivan* made clear, the 12(b)(6) standard is inappropriate at the class certification stage, and represents an improper inquiry into the merits. *Sullivan* at *76-84.

Respectfully submitted,

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:     All Counsel (via ECF)