# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | _____ | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | | ZACHARY S. BOWER+ |
| | BRIAN H. FENLON | | | °MEMBER NY BAR ONLY |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | | +MEMBER FL BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | CAROLINE F. BARTLETT | | | |

May 3, 2012

<u>VIA ECF</u>

Hon. Faith S. Hochberg
United States District Judge
United States Post Office and Courthouse Building
Newark, New Jersey 07101

        Re:    *In Re: LG Front Loading Washing Machine Class Action Litigation*
                  <u>Civil Action No. 08-51(FSH)</u>

Dear Judge Hochberg,

      We are co-counsel for Plaintiffs in the above matter. We wish to bring to the Court's attention the Sixth Circuit's opinion today in *Glazer, et al. v. Whirlpool*., No. 10-4188 (6th Cir. 2012) (designated for publication), where the court affirmed affirmed certification of a class nearly identical to the one that Plaintiffs' seek to certify here. A copy of the opinion is enclosed for the Court's reference.

      While *Glazer* is obviously non-binding, the facts in *Whirlpool* are substantially identical to the facts here and the arguments raised by Whirlpool in opposition to class certification are substantially identical to the arguments asserted by LG.

      Whirlpool argued that the plaintiffs could not show commonality under Rule 23(a) because it had manufactured and sold approximately 23 different models during the class period and consumer laundry habits varied widely by household. (Op. at 12) LG raises nearly identical arguments here. The Sixth Circuit rejected this position, holding:

> Based on the evidentiary record, the district court properly concluded that whether design defects in the Duets proximately caused mold or mildew to grow and whether Whirlpool adequately warned consumers about the propensity for mold growth are liability issues common to the plaintiff class. These issues are capable of classwide resolution because they are central to the validity of each plaintiff's legal claims and they will generate common answers likely to drive the resolution of the lawsuit.

Hon. Faith S. Hochberg
May 3, 2012
Page 2

(Op. at 12)

For the same reasons, Whirlpool argued that proximate cause presented individual, rather than common, issues. (Op. at 12-13) LG raises similar arguments here. That position was likewise rejected, based upon Whirlpool's own documents and the testimony of Dr. Wilson, Plaintiffs' expert here.

> Whirlpool's own documents confirm that its design engineers knew the mold problem occurred despite variations in consumer laundry habits and despite remedial efforts undertaken by consumers and service technicians. Plaintiffs' expert, Dr. Gary Wilson, opined that consumer habits and the home environment in which a Duet sits could influence the amount of biofilm buildup, but those factors were not the underlying cause of biofilm buildup. Whirlpool contends that Dr. Wilson did not evaluate later design changes to the Duets to see if they rectified the mold problem. As we read the pertinent testimony and expert report, Dr. Wilson acknowledged that Whirlpool made some changes to the "Access" platform tub design, but there continued to be other areas in the machine that collected debris. He also examined a new "Horizon" platform washer and found that it still had cavities on the inside of the tub exposed to the water side, increasing the likelihood of biofilm collection. Dr. Wilson testified that even removing those cavities would not eliminate the biofilm problem. (citations omitted)

(Op. at 13)

The Sixth Circuit also rejected Whirlpool's contention that the class was overly broad because it included washing machine owners whose machines had not yet manifested a mold problem. LG takes the same position here. The Sixth Circuit explained:

> The liability class as defined is not too broad. What is necessary is that the challenged conduct or lack of conduct be premised on a ground that is applicable to the entire class. Class certification is appropriate "if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." *Id*. at 14 (internal citations omitted.

> Additionally, the class plaintiffs may be able to show that each class member was injured at the point of sale upon paying a premium price for the Duet as designed, even if the washing machines purchased by some class members have not developed the mold problem.

(Op. at 14)

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
  A PROFESSIONAL CORPORATION

Hon. Faith S. Hochberg
May 3, 2012
Page 3

In summary, the Sixth Circuit observed, "[I]n light of what we have already said, we have no difficulty affirming the district court's finding that common questions predominate over individual ones and that the class action mechanism is the superior method to resolve these claims fairly and efficiently. This is especially true since class members are not likely to file individual actions because the cost of litigation would dwarf any potential recovery." (Op at 15).

We will be prepared to discuss this development and its implication for the pending class certification motion in this case at the *Daubert* testimony of LG's expert, Dr. Caulfield, on May 8.

                      Respectfully submitted,

                      CARELLA, BYRNE, CECCHI,
                      OLSTEIN, BRODY & AGNELLO

                      /s/ James E. Cecchi

                      JAMES E. CECCHI

cc:    All counsel (via ECF)