

One Riverfront Plaza, Suite 730
Newark, NJ 07102-5401
T: +1 (973) 848-7676
F: +1 (973) 848-7650
www.winston.com

**MELISSA STEEDLE BOGAD**
(973) 848-7643
mbogad@winston.com

May 17, 2012

**BY ECF AND FEDERAL EXPRESS**

Honorable Faith S. Hochberg, U.S.D.J.
United States District Court
Frank R. Lautenberg U.S. Post Office & Courthouse
1 Federal Square
Newark, New Jersey  07101

    Re:    In re LG Front Load Washing Machine Class Action
            Litigation
            Civil Action No. 08 CV 51 (FSH)(MAH)

Dear Judge Hochberg:

       As Your Honor is aware, this firm is counsel to LG Electronics USA, Inc. ("LG USA") in the above-captioned matter.

       At the April 19 *Daubert* hearing, Your Honor asked LG USA to provide the Court with any decisions holding that out-of-court statements by one company's employees are not admissible admissions in a lawsuit against a related company. (Tr. 146-49.)  In this case, of course, Plaintiffs are attempting to rely on documents and patent applications of LG Electronics, Inc. of Korea ("LG Korea"), which is the parent corporation of Defendant LG USA.  The issue arose again at the May 8 *Daubert* hearing, when Plaintiffs used an LG Korea patent application in their cross examination of Dr. Edward Caulfield.  We now write to provide the decisions that Your Honor requested.

       The decisions most on point involve LG USA and LG Korea themselves.  In a decision in 2009, Judge Amy St. Eve of the Northern District of Illinois addressed a patent assigned to LG Korea (which was not a party in the case) that the defendant wanted to introduce into evidence against LG USA. *LG USA v. Whirlpool Corp.*, 661 F. Supp. 2d 940, 946 (N.D. Ill. 2009). (Please note that Judge St. Eve refers to LG USA as "LG," and to LG Korea as "LG's parent company.")  Judge St. Eve held that the patent was not "an admission by LG [USA]'s parent company—much less LG [USA]…" *Id.* at 950.  Without evidence that the patent's "inventors are or were LG [USA] employees," the patent was inadmissible hearsay against LG USA. *Id.* at 950.

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
LONDON
LOS ANGELES
MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

**WINSTON & STRAWN LLP**

May 17, 2012
Page 2

Later in the same case, LG USA moved to exclude the opinions of an expert who relied on this and other patents obtained by LG Korea. *LG USA v. Whirlpool Corp.*, 2010 WL 363814, at *6 (N.D. Ill.). LG USA argued that the expert's "opinions should be excluded because the patents are inadmissible hearsay, and [the defendant] is simply using [the expert] to communicate them to the jury." *Id.* In response, the defendant argued that "the patents constitute admissions under Rule 801(d)(2)…" *Id.* at *7. Judge St. Eve repeated her holding that unless the "inventors are or were LG [USA] employees," the patents do not "constitute admissions by LG [USA]."

In the case before Your Honor, Plaintiffs seek to introduce into evidence, against LG USA, statements made by LG Korea employees in patent applications and other documents. Judge St. Eve's decisions are strong precedent for enforcing the rules against hearsay, and excluding the documents, even though LG Korea and LG USA are related companies.

Other courts have reached similar decisions in cases involving parent and subsidiary companies. In *Westfed Holdings, Inc. v. United States*, 55 Fed. Cl. 544, 564 & n.34 (2003), for example, the court held that, under ordinary principles of agency law, statements by a subsidiary were not admissible against the parent corporation. The court in *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1190, 1308 (E.D. Pa. 1980), used the same approach and reached the same result: "the mere fact that a parent company owns some, most, or even all of the stock of a subsidiary is not sufficient to support a finding of an agency relationship between the parent and its subsidiary." *Id.* Instead, to "establish agency, and thus admissibility" of a subsidiary's statements as admissions against a parent company requires a showing that the subsidiary is a "mere instrumentality" of the parent company.

No showing has been made here that parent company LG Korea is the "mere instrumentality" of subsidiary LG USA, and no such showing is possible. "In addition to being separate legal entities with separate corporate places of incorporation, LGE–Korea and LGE–USA also function as separate entities in the business world." *Power Integrations v. Fairchild Semiconductor Int'l*, 233 F.R.D. 143, 145 (D. Del. 2005). "[T]he two corporations have separate and functioning Boards of Directors and maintain separate accounting systems; … LG Electronics does not direct or finance LG Electronics USA's daily operations or internal affairs; [and] LG Electronics USA does not have the authority to conduct business on behalf of LG Electronics." *Colida v. LG Electronics*, 2003 WL 22319221, at *4 (Fed. Cir.). "LGE–Korea and LGE–USA have little more than a vendor relationship, with LGE–Korea being the supplier and LGE–USA being the purchaser." *Power*, 233 F.R.D. at 145-146.

Decisions such as these may explain why Plaintiffs themselves never argued that the LG Korea documents are admissions of LG USA. Instead, Plaintiffs argued for numerous other hearsay exceptions, including that LG USA received the documents in the ordinary course of business, LG USA adopted the documents, the documents reflected LG USA's state of mind, the documents showed that LG USA was involved in the design of LG front load washing machines ("FLWs"), and, with respect to the patent applications, that they are public records. (Plaintiffs' Opp. to Mot. to Strike at 2-7). None of those arguments has merit, for the reasons explained in LG USA's Reply (at 10-12). And even if the LG Korea documents were subject to one of the hearsay exceptions, double hearsay contained in some of those documents – for example, the email recounting what Proctor & Gamble told LG Korea about conversations with a handful of LG FLW owners (Ex. 28 to Plaintiffs' Mot. for Class Certification, on which Plaintiffs relied heavily at the April 19 hearing) – still is not admissible. Fed. R. Evid. 805.



May 17, 2012
Page 3

If this Court were to find that the LG Korea documents and/or patent applications are admissible against LG USA, those documents do not show that LG FLWs are defective.  Unlike the documents at issue in *Glazer, et al. v. Whirlpool Corp.*, No. 10-4188 (6th Cir. 2012), the LG Korea documents simply acknowledge that machines may accumulate buildup and odor if not properly installed, used, and maintained; that customer complaints were taken seriously; and that various approaches for dealing with the issue were considered, as Jung Kang explained in his declaration (Ex. 11 to LG USA's Class Certification Opposition).

In addition, the patent applications in particular do not mention LG FLWs at all.  Instead, they refer to a generic "drum type washing machine."  As Dr. Caulfield testified on cross-examination, the patent applications do ***not*** suggest that all drum type washing machines develop odor when used properly; instead, those applications describe inventions intended to remedy any failure to rinse that may occur due to misuse.  (This point is also addressed in LG USA's Class Certification Opposition at 19.)

For these reasons and those stated in the briefing on LG USA's Motion to Strike, we respectfully ask Your Honor to exclude LG Korea's patent applications and other documents.

Respectfully submitted,

s/ Melissa Steedle Bogad

Melissa Steedle Bogad

cc:   All Counsel (by e-mail)

NY:1396515.1