

One Riverfront Plaza, Suite 730
Newark, NJ 07102-5401
T: +1 (973) 848-7676
F: +1 (973) 848-7650
www.winston.com

**MELISSA STEEDLE BOGAD**
(973) 848-7643
mbogad@winston.com

June 29, 2012

<u>BY ECF AND FEDERAL EXPRESS</u>

Honorable Faith S. Hochberg, U.S.D.J.
United States District Court
Frank R. Lautenberg U.S. Post Office & Courthouse
1 Federal Square
Newark, New Jersey  07101

    Re:   *In re LG Front Load Washing Machine Class Action Litigation*
            Civil Action No. 08 CV 51 (FSH)(MAH)

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
LONDON
LOS ANGELES
MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

Dear Judge Hochberg:

     As Your Honor is aware, this firm is counsel to LG Electronics USA, Inc. ("LG USA") in the above-captioned matter.  We write to advise the Court about an important development affecting Plaintiffs' supplemental authority.

     In a letter dated August 26, 2011, Plaintiffs supplied to the Court as supplemental authority the Third Circuit's decision in *Behrend v. Comcast Corp.*, 655 F.3d 182 (3d Cir. 2011).  Plaintiffs argued that *Behrend* involved "a similar situation to the one in the present case."  (DE 231; Letter at 1.)  They used quotes from *Behrend* to urge this Court to avoid examining merits issues and to avoid evaluating expert testimony at the class certification stage.  (*Id.* at 1, 2.)  Plaintiffs relied on *Behrend* again in their May 25, 2012 letter to the Court.  (DE 280 at 1.)

     The defendant in *Behrend* sought *certiorari* on grounds including that the Third Circuit's opinion wrongly avoided merits issues and wrongly refused to evaluate expert testimony — the very same points on which Plaintiffs here rely.  (Cert. Pet. at 16, 20; Cert. Reply at 1-3, 9.)  The defendant in *Behrend* gave several examples of substantive areas in which the Third Circuit's procedural errors led it astray.  One of those areas was damages.

     Earlier this week, the Supreme Court granted *certiorari* in *Behrend*.  The Supreme Court agreed to decide: "Whether a district court may certify a class without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis."



June 29, 2012
Page 2

The Supreme Court's decision in *Behrend* is likely to provide invaluable guidance to this Court, including on the following issues:

- The extent to which this Court should inquire into merits issues on class certification.

- Whether Plaintiffs must rely, as the grant of *certiorari* stated, on "admissible evidence" in support of their class certification motion. Plaintiffs have repeatedly asserted that they do not need admissible evidence, including in their May 25, 2012 letter to this Court (DE 280) and in their response to LG USA's motion to strike (DE 208).

- Whether expert testimony proffered for class certification must be "admissible evidence," again as the grant of *certiorari* stated. Plaintiffs have repeatedly asserted that LG USA's *Daubert* motions, which seek to exclude the testimony of Plaintiffs' experts as inadmissible, need not be ruled upon in connection with class certification. (DE 208 at 1, 11-12, 15-16; DE 220 at 1; DE 231 at 2; DE 280 at 1).

- Whether certifying a class requires a "show[ing] that the case is susceptible to awarding damages on a class-wide basis," as the grant of *certiorari* stated, and if so what showing will suffice. (The grant of *certiorari* echoed this Court decision in *In re Neurontin*, 2011 WL 286118, *9 (D.N.J.) (Hochberg, J.): certification requires a "viable method … to prove damages on a classwide basis.") In this case, LG USA has explained that any damages (and mitigation of damages) are individual to each class member and that Plaintiffs have no classwide methodology for awarding damages. LG USA Class Cert. Opp. (DE 194) at 24.

For these reasons, LG USA respectfully alerts this Court to the grant of *certiorari* in *Behrend* and asks this Court to take the Supreme Court's upcoming decision in *Behrend* into account when deciding whether to certify a class in this case.

Respectfully submitted,

s/ Melissa Steedle Bogad

Melissa Steedle Bogad

cc:   All Counsel (by e-mail)