**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
COUNSELLORS AT LAW

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
_____
OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
STEPHEN R. DANEK
ERIC MAGNELLI
DONALD A. ECKLUND
AUDRA E. PETROLLE
MEGAN A. NATALE
AMANDA J. BARISICH
ZACHARY S. BOWER+
MICHAEL CROSS

°MEMBER NY BAR ONLY
+MEMBER FL BAR ONLY

July 16, 2012

VIA ECF

Honorable Faith S. Hochberg
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *In Re: LG Front Loading Washing Machine Class Action Litigation*
Civil Action No. 08-51(FSH)

Dear Judge Hochberg,

I write in response to LG's letter of June 29, 2012. In that letter, LG asked this Court to "take the Supreme Court's upcoming decision in" *Behrend v. Comcast*, 655 F.3d 182 (3d Cir. 2011) "into account when deciding whether to certify a class in this case." (*See* Docket Entry 283.) LG's request is misplaced.

First, the Supreme Court's decision in *Behrend* is unlikely to shed light on this case given the limited nature of the issue on which certiorari was granted: "Whether a district court may certify a class action without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis." *Comcast Corp. v. Behrend*, No., 11-864, 2012 WL 113090 (U.S. June 25, 2012). This is particularly so because of the antitrust-specific context of that issue: in antitrust cases, Plaintiffs must show class-wide "antitrust impact," a broad concept including, among other things, damages. There is no such requirement in consumer fraud cases such as this one, where the focus is on the presence or absence of a defect, materially misleading statements, and/or material omissions. *In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 314 (3d Cir. 1998) ("[W]here many purchasers have been defrauded over time by similar misrepresentations, or by a common scheme to which alleged non-disclosures related, courts have found that the purchasers have a common interest in determining whether the defendant's course of conduct is actionable."). Indeed, courts frequently exercise their discretion

to certify liability-only classes in which the issue of individual damages is not adjudicated *at all* during the trial of class claims. *See, e.g.*, *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 421 (6th Cir. 2012), *pet'n for enbanc review denied*, 2012 U.S. App. LEXIS 12560 (6th Cir., June 18, 2012); *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010); *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010).[1]

Second, even if the Supreme Court unexpectedly reversed essentially every court to consider the issue and held that damages must always be proven on a class-wide basis in a consumer case, Plaintiffs meet that requirement here. Plaintiffs have shown that they will prove class-wide harm with admissible evidence, including LG's recognition that its washers shared a common defect as early as August 2003 (Docket Entry 183-1, ("in addition to remaining water in the gasket, mold development due to humidity causes odor and really filthy residue, urgent improvement is necessary")); LG's own statement that its Front-Load Washers were "the perfect environment for growing mold and mildew" (Docket Entry 182-5); and LG's finding that four out of six LG washer users made *claims* regarding odor (Docket Entry 183-11). Under Rule 23, *Hydrogen Peroxide*, and *Dukes*, Plaintiffs have met their burden. *Cf., e.g.*, *In re Whirlpool*, 678 F.3d at 420 (observing that *all* washing machines with a propensity to develop unacceptable levels of biofilm are likely to be worth less than washing machines without such a feature, *whether or not a particular consumer's machine has started to smell*).

Finally, litigation does not stop merely because the Supreme Court grants certiorari on an issue potentially related to a case. *See, e.g.*, *California Hospital Ass'n v. Maxwell-Jolly*, 776 F. Supp.2d 1129, 1152-53 (E.D. Cal. 2011) ("[T]he grant of certiorari does not impact the controlling law in this circuit . . . . circuit court decisions are, at present, binding on this court."*)*. Indeed, LG's request is tantamount to a request for an indefinite stay, as this Court could not consider the Supreme Court's decision in *Behrend* until after it is issued. Such a delay, based on the speculative claim by LG that the Supreme Court's prospective decision will "provide invaluable guidance to this Court", is inappropriate. Put another way, courts address Supreme Court opinions only *after* they are issued.[2]

---

[1] While *Behrend* is generally helpful to Plaintiffs (*see* Docket Entry 231 (letter submitting additional authority)), it is also an exceedingly complex antitrust case involving a series of complicated geographical "swap" transactions in several different geographic markets. Indeed, the matter of class-wide antitrust impact (encompassing damages) was the subject of intensive litigation involving complicated and data-intensive infinite regression models. In contrast, this case, like essentially all consumer fraud cases, has focused overwhelmingly on a relatively straightforward question of liability – *i.e.*, LG's washers develop an unacceptable level of biofilm or they do not.

[2] The grant of certiorari is not a final decision by the Supreme Court. For example, the same week that the Court granted certiorari in *Behrend*, it dismissed certiorari as improvidently granted in another class action case, *First American Financial v. Edwards*, 10-708, 567 U.S. __ (June 28, 2012), addressing related issues arising in the standing context. Even assuming, moreover, that the Supreme Court ultimately reverses *Behrend*, there is no way to know in advance how or on what grounds the Court would do so.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc: All Counsel (via ECF)