| | |
|---|---|
| Jonathan D. Selbin | James E. Cecchi |
| Mark P. Chalos | Lindsey H. Taylor |
| Jason L. Lichtman | CARELLA, BYRNE, CECCHI, OLSTEIN, |
| LIEFF CABRASER HEIMANN & |   BRODY & AGNELLO, P.C. |
|   BERNSTEIN, LLP | 5 Becker Farm Road |
| 250 Hudson Street, 8th Floor | Roseland, New Jersey 07068 |
| New York, NY 10013 | |
| Jamie Weiss | Steven A. Schwartz |
| Richard J. Burke | Alison G. Gushue |
| COMPLEX LITIGATION GROUP, LLC | CHIMICLES & TIKELLIS, LLP |
| 513 Central Avenue, Suite 300 | One Haverford Centre |
| Highland Park, IL  60035 | Haverford, PA  19041 |
| Oren S. Giskan | James C. Shah |
| GISKAN, SOLOTAROFF, ANDERSON & | Nathan C. Zipperian |
|   STEWART, LLP | SHEPHERD, FINKELMAN, MILLER & |
| 11 Broadway, Suite 2150 |   SHAH, LLP |
| New York, New York 10004 | 35 East State Street |
| | Media, PA  19063 |
| Jonathan Shub | |
| SEEGER WEISS, LLP | |
| 1515 Market Street | |
| Philadelphia, PA  19102 | |

*Counsel for Plaintiffs and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: LG FRONT LOAD WASHING MACHINE CLASS ACTION LITIGATION | Case No. 08-cv-51 <br><br> Judge:  Faith S. Hochberg <br><br> Magistrate Judge:  James B. Clark <br><br> **REPLY IN SUPPORT OF MOTION TO MODIFY THE CASE MANAGEMENT ORDER** |

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................. 1

ANALYSIS ............................................................................................................. 2

    A.    LG Waived its Response to This Motion. .................................................. 2

    B.    LG Relies Upon The Wrong Federal Rule. ............................................... 3

        1.    Plaintiffs' Motion Is Evaluated Under Rule 16, Not Rule 37 ................................................................................................. 3

        2.    LG Has Misapprehended Rule 37. ................................................. 4

    C.    LG's Misrepresents Plaintiffs' Arguments. ............................................... 6

    D.    Individual Damages Issues Do Not Preclude Class Certification. ............. 7

        1.    Individual Damages Issues Did Not Bar Class Certification Prior to *Comcast*. ............................................................................ 7

        2.    No Circuit Has Adopted LG's Reading of Comcast. ..................... 8

        3.    Plaintiffs Will Demonstrate That Damages Can Be Determined on a Classwide Basis. .............................................. 10

    E.    Regardless of the Correct Reading of *Comcast*, Plaintiffs' Motion Should Be Granted Because It is the Most Efficient and Fair Way of Proceeding. ........................................................................................ 10

CONCLUSION .................................................................................................... 12

## TABLE OF AUTHORITIES

**Page**

### CASES
*ABB Air Preheater v. Regenerative Envtl. Equip. Co.*,
   167 F.R.D. 668 (D.N.J. 1996)................................................................................................5

*Access 4 All, Inc. v. ANI Assocs.*,
   No. 04-6297, 2007 U.S. Dist. LEXIS 1155 (D.N.J. Jan. 4, 2007).........................................4

*Behrend v. Comcast Corp.*,
   655 F.3d 182, 209 (3d Cir. 2011)...........................................................................................7

*Bleek v. Supervalu, Inc.*,
   95 F. Supp. 2d 1118 (D. Mont. 2000)....................................................................................4

*Bosland v. Warnock Dodge, Inc.*,
   964 A.2d 741 (N.J. 2009)....................................................................................................10

*Butler, et al. v. Sears, Roebuck & Co.*,
   No. 11-8029, --- F. 3d --, slip op. (7th Cir. Aug 22, 2013)...........................................passim

*Carnegie v. Household Int'l, Inc.*,
   376 F.3d 656 (7th Cir. 2004) ..........................................................................................8, 11

*Carrera v. Bayer Corp.*,
   No. 08-4716, 2011 U.S. Dist. LEXIS 135198 (D.N.J. Nov. 22, 2011) .................................8

*Castano v. Am. Tobacco Co.*,
   84 F.3d 734 (5th Cir. 1996) ...................................................................................................8

*Comcast v. Behrend*,
   133 S. Ct. 1426 (2013)............................................................................................ 1, 6, 8, 11

*DiFlorio v. Nabisco Biscuit Co.*,
   No. 95-0089, 1995 U.S. Dist. LEXIS 17060 (E.D. Pa. Nov. 13, 1995) ............................5, 6

*Eichorn v. AT&T Corp.*,
   484 F.3d 644 (3d Cir. 2007)................................................................................................11

*Gillum v. United States*,
   309 Fed. Appx. 267 (10th Cir. 2009).....................................................................................3

*Glielmi v. Raymond Corp.*,
   No. 09-5734, 2013 U.S. Dist. LEXIS 7128 (D.N.J. Jan. 17, 2013).......................................5

*Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*,
   284 F.R.D. 238 (E.D. Pa. 2012)..........................................................................................11

*Grider v. Keystone Health Plan Cent., Inc.*,
   580 F.3d 119 (3d Cir. 2009).............................................................................................5, 6

*In re Chiang*,
   385 F.3d 256 (3d Cir. 2004)............................................................................................7, 11

*In re Nassau County Strip Search Cases*,
   461 F.3d 219 (2d Cir. 2006)..................................................................................................8

## TABLE OF AUTHORITIES
(continued)

**Page**

*In re Neurontin Antitrust Litig.*,
  No. MDL No. 1479, 2011 U.S. Dist. LEXIS 7453 (D.N.J. Jan. 25, 2011) ............................ 7

*In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*
  ("*Whirlpool II*"), No. 10-4188, --- F. 3d. ---, 2013 U.S. App. LEXIS 14519
  (6th Cir. July 18, 2013) ....................................................................................... 2, 6, 8, 9

*Indianapolis v. Chase Nat'l Bank*,
  314 U.S. 63 (1941) ................................................................................................................ 2

*International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck
  & Co., Inc.*,
  929 A.2d 1076 (N.J. 2007) ................................................................................................. 10

*Justice v. Town of Cicero*,
  682 F.3d 662 (7th Cir. Ill. 2012) ..................................................................................... 2, 3

*Konstantopoulos v. Westvaco Corp.*,
  112 F.3d 710 (3d Cir. 1997) ............................................................................................ 4, 5

*Leyva v. Medline Indus.*,
  716 F.3d 510 (9th Cir. 2013) ............................................................................................... 9

*Nesbitt v. Progressive Northwestern Ins. Co.*,
  No. C11-2117, 2012 U.S. Dist. LEXIS 155502 (W.D. Wash. Oct. 29, 2012) ..................... 3

*Newman v. GHS Osteopathic, Inc.*,
  60 F.3d 153 (3d Cir. 1995) ................................................................................................... 5

*Roberts v. United States*,
  No. 09-6212, 2012 U.S. Dist. LEXIS 86762 (D.N.J. June 22, 2012) ................................... 4

*Rose v. Saginaw County*,
  353 F. Supp. 2d 900 (E.D. Mich. 2005) .............................................................................. 4

*Samuel-Bassett v. Kia Motors Am., Inc.*,
  34 A.3d 1 (Pa. 2011), *cert denied*, 133 S. Ct. 51 (2012) ...................................................... 6

*Shuey v. Schwab*,
  No. 3:08-cv-1190, 2008 U.S. Dist. LEXIS 97586 (M.D. Pa. Dec. 2, 2008) ......................... 3

*Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*,
  No. 12-3176, --- F.3d ---, 2013 U.S. App. LEXIS 13842 (10th Cir. July 9,
  2013) .................................................................................................................................... 9

*ZF Meritor, LLC v. Eaton Corp.*,
  696 F.3d 254 (3d Cir. 2012) ................................................................................................. 2

## TABLE OF AUTHORITIES
## (continued)

**Page**

### RULES

Fed. R. Civ. P.
   16(b)(4) ............................................................................................................... 4
   23(c)(4) ................................................................................................. 7, 8, 9, 10
   37(c)(1) ............................................................................................................... 3

## INTRODUCTION

Plaintiffs have requested that the Court exercise its discretion to allow them to introduce expert testimony to respond to the potential import of *Comcast v. Behrend*, 133 S. Ct. 1426 (2013), and, in particular, LG's argument with respect to its meaning. (*See* Doc. 342.) Broadly speaking, LG contends that *Comcast* requires Plaintiffs to show that damages are capable of common proof—i.e., that *Comcast* has eliminated liability-only class certification. (*See generally* Doc. 343.) While every Circuit to consider LG's interpretation of *Comcast* to date has rejected it, the Third Circuit has yet to weigh in. Plaintiffs thus believe that efficiency and fundamental fairness weigh in favor of allowing them to introduce testimony demonstrating that damages can be proven with classwide evidence.

LG should not have opposed this motion. First, LG's opposition is predicated on the wrong legal standard. This is true both in the sense that LG cites the wrong federal rule (Rule 37)—despite citing a case that applies the correct federal rule (Rule 16)—and in the sense that the Third Circuit has held that Rule 37 does not mean what LG says that it means.

Second, LG's opposition is riddled with patent misrepresentations of the record. For example, LG repeatedly ascribes statements to Plaintiffs (using quotation marks) that are actually fragments of lengthy block quotes from other cases. *See* Ex. A (attaching a chart comparing LG's description of the record to the actual record).

Third, and most critically, LG fundamentally misapprehends the substantive law. While LG continues to insist (as it always has) that individualized damages issues preclude class certification, that never was the law in the Third Circuit, and no Circuit to consider the issue in the wake of *Comcast* agrees that it is the law now. Indeed, only last week, Judge Richard Posner found expressly that there is no circuit split on this issue. *See Butler, et al. v. Sears, Roebuck & Co.*, No. 11-8029, --- F. 3d --, slip op. (7th Cir. Aug 22, 2013) (attached as Ex. B) ("*Sears II*").

In other words, if LG is somehow correct that Plaintiffs are now required to show classwide damages, there is no question that this is a sea change in controlling law. That alone warrants granting Plaintiffs permission to introduce new expert testimony on the issue of classwide damages. *Cf. ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 297 (3d Cir. 2012) (reversing a district court's refusal to allow introduction of additional expert testimony *after trial*).

Accordingly, and as explained more fully below, Plaintiffs respectfully request that the Court modify the Case Management Order to permit Plaintiffs to introduce experts on the subject of classwide damages, or, in the alternative, to expressly defer any consideration of damages until after a determination of LG's liability by certifying a liability-only class as was done (twice) in both *Sears* and *Whirlpool*. See *Sears II*, slip op. at 7; *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation* ("*Whirlpool II*"), No. 10-4188, --- F. 3d. ---, 2013 U.S. App. LEXIS 14519, *52-53 (6th Cir. July 18, 2013).

## ANALYSIS

### A.  LG Waived its Response to This Motion.

In an ironic twist given the nature of the current dispute, LG mistakenly waived its response to Plaintiffs' motion. What is relevant here is not that the Court could exercise its discretion to strike LG's opposition—Plaintiffs are, in fact, baffled that LG did not ask their consent to this late filing, which Plaintiffs would have gladly granted—but that LG has inadvertently demonstrated why its opposition to the current motion is misguided. As Justice Frankfurter memorably explained—"[l]itigation is the pursuit of practical ends, not a game of chess." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

Justice Frankfurter's admonition notwithstanding, some courts have held that any filing deficiency, however inadvertent, waives that filing. *See, e.g.*, *Justice v. Town of Cicero*, 682 F.3d 662, 664 (7th Cir. Ill. 2012) (Easterbrook, J.) ("A document entered into the electronic

system at 12:01 AM on a Thursday has been filed on Thursday, not on 'virtual Wednesday.'"). LG's proffered excuse for its failure to file, technical difficulties, has been met with particular skepticism. *See, e.g.*, *id.*; *Shuey v. Schwab*, No. 3:08-cv-1190, 2008 U.S. Dist. LEXIS 97586, at *3 (M.D. Pa. Dec. 2, 2008) (finding that a "technology glitch" did not excuse the failure to response to a court order).

Because LG's failure is not jurisdictional, however, the Court has the discretion to consider LG's filing. *See, e.g.*, *Nesbitt v. Progressive Northwestern Ins. Co.*, No. C11-2117, 2012 U.S. Dist. LEXIS 155502, at *5-6 (W.D. Wash. Oct. 29, 2012). Indeed, as indicated above, Plaintiffs would have consented to LG's late filing had LG sought such consent. Plaintiffs wish simply to emphasize that the very logic that weighs against exclusion of LG's opposition also weighs in favor of allowing Plaintiffs to disclose additional expert testimony. *Compare id.* (explaining that there is a "strong interest in resolving disputes on the merits"); *with Gillum v. United States*, 309 Fed. Appx. 267, 270 (10th Cir. 2009) (unpublished) (reversing the preclusion of expert testimony because "litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits").

### B. LG Relies Upon The Wrong Federal Rule.

#### 1. Plaintiffs' Motion Is Evaluated Under Rule 16, Not Rule 37.

LG predicates its opposition on the wrong legal standard. (*See* Doc. 343 at 5.) LG argues that Plaintiffs must show that their failure to produce an expert previously was "substantially justified." (Doc. 343 at 5.) LG is wrong. To the contrary, Plaintiffs need show only that there is "good cause" to modify the Case Management Order. *See* Fed. R. Civ. P. 16(b)(4). Even one of the cases on which LG relies makes this plain. *See Bleek v. Supervalu,*

*Inc.*, 95 F. Supp. 2d 1118, 1120 (D. Mont. 2000) (evaluating a motion to allow disclosure of additional expert testimony under Rule 16).[1]

The rule LG cites, Rule 37(c)(1), applies after a party has violated a Court's scheduling order. *See, e.g.*, *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (Alito, J.). But Rule 16(b)(4) applies where a party *prospectively* seeks permission to disclose new experts after the initial deadline for disclosing such experts has passed. *See, e.g.*, *Access 4 All, Inc. v. ANI Assocs.*, No. 04-6297, 2007 U.S. Dist. LEXIS 1155, at *5-7 (D.N.J. Jan. 4, 2007) (Schneider, MJ); *Rose v. Saginaw County*, 353 F. Supp. 2d 900, 927 (E.D. Mich. 2005); *Bleek*, 95 F. Supp. 2d at 1120.

### 2.  **LG Has Misapprehended Rule 37.**

Citing no caselaw, LG contends that Rule 37 applies because "[t]he Court has already ruled that 'expert discovery is and shall remain closed.'" (Doc. 343 at 2, 5 (quoting Doc. 206).) Setting aside that LG's language is imprecise, there are two problems with this contention. First, the 2011 order is inapplicable: the entire premise of Plaintiffs' Motion is that there has been a change in circumstances since that Order. Second, parties may file motions to modify the Case Management Order even when prior such motions have been denied. LG's implication to the contrary, that the mere filing of this motion somehow violates one of Magistrate Judge Shipp's previous Case Management Orders (and that this somehow triggers Rule 37), is baffling.

---

[1] One of the cases cited by LG later in its brief, *Roberts v. United States*, No. 09-6212, 2012 U.S. Dist. LEXIS 86762 (D.N.J. June 22, 2012) (Falk, M.J.), relies on *both* Rule 37(c)(1) and Rule 16(b)(4). But this case arose in a very unusual context: at the final pretrial conference, the plaintiff attempted to name two new expert witnesses. When defendants filed a motion to exclude that testimony under Rule 37, the plaintiff filed a cross-motion under Rule 16. This case is also unlike *Roberts* because, while many years have passed, the Parties are not on the eve of trial, to the contrary, the threshold procedural issue, class certification, has not yet been decided.

Even if Rule 37 did apply, however, it would not apply in the manner suggested by LG. In particular, exclusion is *not* an "automatic sanction" under Rule 37(c).  (Doc. 343 at 5 (quoting Fed. R. Civ. P. 37(c).).  In the Third Circuit, notwithstanding the language quoted by LG, district courts abuse their discretion when they exclude important expert testimony in the absence of "extreme neglect or bad faith."  *ABB Air Preheater v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996) (Wolfson, M.J.) (collecting cases); *see also Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995); *DiFlorio v. Nabisco Biscuit Co.*, No. 95-0089, 1995 U.S. Dist. LEXIS 17060, at *5 (E.D. Pa. Nov. 13, 1995) (collecting cases).  Put simply, "the courts of this circuit are not free to exercise the full range of sanctions for abuses authorized by the Rules."  *ABB Air*, 167 F.R.D. at 671.

None of LG's cases decided under Third Circuit is to the contrary.  In then-Judge Alito's *Konstantopoulos* opinion, for example, an expert was excluded because of "flagrant disregard of a court order" *and* extreme prejudice created by the disclosure of that new expert mere weeks before trial.  112 F.3d at 719.  And Magistrate Judge Schneider excluded an expert on the eve of trial more than 20 years after a case had begun, where the party apparently had no justification for the delay.  *Glielmi v. Raymond Corp.*, No. 09-5734, 2013 U.S. Dist. LEXIS 7128, at *18-24 (D.N.J. Jan. 17, 2013).  Even there, Judge Schneider was careful to note that the expert was not particularly important to the party's case.  *See id.*  Finally, LG's citation to a Third Circuit case, *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n. 23 (3d Cir. 2009), is curious.  The citation has nothing to do with expert testimony, and the footnote to which LG cites is

actually a block quotation of a district court, prefaced by the comment that the Third Circuit expresses "no opinion" on the merits of the district court's reasoning. *Id*. at 140.[2]

Here, Plaintiffs have sought the Court's permission to introduce new expert testimony, so Rule 37 does not come into play. But even under Rule 37, exclusion would not be justified. *See, e.g.*, *DiFlorio*, 1995 U.S. Dist. LEXIS 17060 at *5.

      C.      <u>**LG's Misrepresents Plaintiffs' Arguments.**</u>

LG compounds its incorrect reading of the Federal Rules (and its failure to cite binding authority directly contrary to its position) by applying that incorrect legal standard against an incorrect recitation of facts. *See* Ex. A. As just a few examples, the following statements from LG's brief are misleading:

| **Quotation in LG's Briefing** | **Full Context** |
|---|---|
| [Plaintiffs] conceded that whether or not a washing machine has a bad odor "goes to damages" and is an individual issue. (Doc. 343 at 4.) | In a section of Plaintiffs' brief titled "The subjective nature of odor is irrelevant," Plaintiffs wrote: "development of foul odors is not part of Plaintiffs' liability case; it is the end result of the defect and, *at most*, goes to damages." *See* Ex. A at 4 (emphasis added). |
| In December 2011, Plaintiffs submitted a supplemental authority letter conceding "the fact that different class members may have suffered different amounts of damage." (Doc. 343 at 4.) | Plaintiffs were describing the application of law to factual arguments made by LG. Plaintiffs did not concede that LG's arguments were correct. *See* Ex. A at 4 (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1 (Pa. 2011), *cert denied*, 133 S. Ct. 51 (2012)). |
| Plaintiffs are correct, however, that the Sixth Circuit's decision in *Whirlpool II*, -- F.3d__, 2013 WL 3746205, at *15-19 (6th Cir.), does ignore *Comcast*. (Doc. 343 at 12.) | Plaintiffs wrote nothing resembling this, and Judge Richard Posner (joined by Judges Kenneth Ripple and David Hamilton) found expressly that no circuit disagrees with *Whirlpool II*. *See Sears II*, slip op. at 11. |

---

[2] LG does cite one other case worthy of brief mention, *AstraZeneca AB v. Mut. Pharm. Co.*, 278 F. Supp. 2d 491, 508 (E.D. Pa. 2003), decided under the law of the Federal Circuit. That court reasoned that certain Third Circuit cases, not cited herein, apply only to unsophisticated litigants. *See id*. at 508-09. Other courts do not appear to have adopted this distinction.

At bottom, LG has badly misrepresented Plaintiffs' arguments. Plaintiffs respectfully submit that, in light of LG's highly sophisticated counsel, the Court could conclude that LG's misrepresentations in this regard are an attempt to mislead the Court.

### D. Individual Damages Issues Do Not Preclude Class Certification.

LG's repeated insistence that individual damages issues necessarily preclude class certification cannot make it so. This is true both in the sense that LG misunderstands the law prior to *Comcast*, and in the sense that LG is incorrect about circuit law today.

#### 1. Individual Damages Issues Did Not Bar Class Certification Prior to *Comcast*.

First, LG asserts that individual damages issues barred class certification prior to *Comcast*. This is wrong. LG's primary citation is to this Court's opinion in *In re Neurontin Antitrust Litig.*, No. MDL No. 1479, 2011 U.S. Dist. LEXIS 7453 (D.N.J. Jan. 25, 2011). But in that case, the Court explained that it is "well-established" that "individualized issues with respect to damages calculations do not defeat" class certification "if the predominance requirement is otherwise met." *Id*. at *43.

In other words, even setting aside that *Neurontin* was not considering issue certification under Rule 23(c)(4), the Court still recognized the long-standing rule that individualized damages issues do not necessarily defeat class certification. *See id*. That holding was consistent with the law of the Third Circuit. *See, e.g.*, *Behrend v. Comcast Corp.*, 655 F.3d 182, 209 (3d Cir. 2011) (Jordan, J., dissenting); *In re Chiang*, 385 F.3d 256, 267 (3d Cir. 2004). Respectfully, Plaintiffs submit that, in the section of the *Neurontin* opinion cited by LG, the Court was observing that *if* plaintiffs seek to prove damages on a classwise basis, *then* they must show that damages are capable of classwide determination. *See Neurontin*, 2011 U.S. Dist. LEXIS 7453 at *40; *accord Sears II*, slip op. at 10.

In any event, there can be no serious dispute that prior to *Comcast*, courts could certify issues for liability only under Rule 23(c)(4). *See, e.g.*, *Carrera v. Bayer Corp.*, No. 08-4716, 2011 U.S. Dist. LEXIS 135198, at *15 (D.N.J. Nov. 22, 2011) (Linares, J.) ("'Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues.'" (quoting *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) (Posner, J.)).[3]

All of which is to say that—LG's repeated attempt to argue that individual damages issues necessarily defeat class certification aside—the law was plain before *Comcast* that individual damages issues did not defeat predominance. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1437 (2013) (Ginsberg and Breyer, JJ., dissenting) ("In the mine run of cases, it *remains* the 'black letter rule' that a class may obtain certification under Rule 23(b)(3) when liability questions common to the class predominate over damages questions unique to class members." (emphasis added)). Which is why Plaintiffs argued that even if damages present individualized issues, that would not defeat a finding of predominance here.

### 2. No Circuit Has Adopted LG's Reading of Comcast.

LG's next argument is that *Comcast* requires that damages must be provable on a classwide basis. Plaintiffs, of course, acknowledge that some district courts have reached this conclusion and that the Third Circuit or Supreme Court may ultimately agree. But every Circuit to consider this question so far has rejected it. *See, e.g.*, *Sears II*, slip op. at 11; *Whirlpool II*, 2013 U.S. App. LEXIS 14519 at *52-53. Indeed, the Seventh Circuit expressly noted that there is no circuit split on this issue:

---

[3] To be precise, it could not be seriously debated outside of the Fifth Circuit, which issued a widely criticized decision that nullified Rule 23(c)(4). *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.21 (5th Cir. 1996); *cf., e.g.*, *In re Nassau County Strip Search Cases*, 461 F.3d 219, 226 (2d Cir. 2006) ("[T]he Fifth Circuit's view renders subsection (c)(4) virtually null[.]").

> Shortly before our original decision, the Sixth Circuit had upheld the certification of a single mold class in a case identical to this one . . . . Whirlpool sought certiorari, and the Supreme Court granted it, vacated the court of appeals' judgment, and remanded the case, just as in our case. On remand the Sixth Circuit, denying as we have done the defendant's motion to remand to the district court, and interpreting Comcast as we do, concluded that the requirement of predominance had been satisfied. *The concordance in reasoning and result of our decision and the Sixth Circuit's decision averts an intercircuit conflict.*

*Sears II*, slip op. at 11 (emphasis added).

LG implies that the Tenth Circuit has held to the contrary, but that is mistaken. (Doc. 343 at 12.) LG focuses on the fact that the Tenth Circuit stated that "the district court should consider the extent to which material differences in damages determinations will require individualized inquiries." *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 12-3176, --- F.3d ---, 2013 U.S. App. LEXIS 13842, at *16 (10th Cir. July 9, 2013). LG has overlooked the fact that the Tenth Circuit was not considering liability-only certification in that portion of its discussion. Indeed, only a few sentences after the sentence to which LG points, the Tenth Circuit *did* discuss, among other things, liability-only certification. *Id*. at *18. And in that discussion, it explained that "there are ways to preserve the class action model in the face of individualized damages." *Id*. at *18 (citing, among other things, Rule 23(c)(4)).[4]

One final point bears emphasis. LG does not even try to distinguish *Whirlpool II* from this case, presumably because LG concedes that *Whirlpool II* is indistinguishable. LG instead argues that *Whirlpool II* is just wrong, and that it "ignored" the Supreme Court. This argument is untenable, as the Seventh Circuit's opinion last week confirms. *See Sears II*, slip op. at 11.

---

[4] LG also argues that *Leyva v. Medline Indus.*, 716 F.3d 510 (9th Cir. 2013) is distinguishable because it involved a mechanical calculation of damages. This misses the point—in *Leyva*, the Ninth Circuit specifically found that "the presence of individualized damages cannot, by itself, defeat class certification." *Id*. at 514.

### 3. Plaintiffs Will Demonstrate That Damages Can Be Determined on a Classwide Basis.

While no circuit has found that *Comcast* eliminates liability-only class certification, it bears emphasis that the entire premise of this motion is that Plaintiffs will demonstrate that there are *not* individualized damages issues. On that point, LG's discussion of an early expert report in *Whirlpool* does not represent the current state of that litigation: the *Whirlpool* district court permitted the parties to introduce additional experts in the wake of *Comcast*.

Very broadly speaking, the *Whirlpool* plaintiffs contend that there are four potential measures of damages that a jury may accept, and Plaintiffs here anticipate introducing the same measures: (1 & 2) Price elevation / consumer surplus. These are based on the price that would have prevailed in the market had LG disclosed the maintenance required to mitigate Mold Problems prior to purchase; (3) Willingness to pay. This measures the total economic harm caused by LG; it is based on the average amount all consumers would require to perform the maintenance required to mitigate Mold Problems; and (4) Cost of remediation. This measures the cost of purchasing a product that mitigates the Mold Problem.[5]

### E. Regardless of the Correct Reading of *Comcast*, Plaintiffs' Motion Should Be Granted Because It is the Most Efficient and Fair Way of Proceeding.

Whether *Comcast* changed the law to eliminate Rule 23(c)(4) certification or not, Plaintiffs' request to introduce new expert testimony should be granted. The premise of Plaintiffs' motion is that it makes a good deal more sense—and is more efficient—to permit

---

[5] LG argues that the New Jersey Consumer Fraud Act does not recognize the claim that "the price charged … was higher than it should have been." (Doc. 343 at 9 n.2 (quoting *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1088 (N.J. 2007) (per curiam).) Setting aside that more recent precedent makes plain that this is not exactly true, *see Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (permitting a claim that a certain fee was higher than it should have been), this is something of a tangential issue for present purposes because it does not apply to Plaintiffs' other claims.

Plaintiffs to introduce new expert testimony in light of *Comcast* and LG's reading of it, than to end up years down the road on remand from the Third Circuit needing to do so anew. *Cf., e.g.*, *Eichorn v. AT&T Corp.*, 484 F.3d 644 (3d Cir. 2007) ("On remand, the District Court reopened discovery . . . .").

LG's brief criticizes the fact that Plaintiffs cite the *Comcast* dissent. Setting aside that LG "is wrong to think that anything a dissenting opinion approves of the majority *must* disapprove of," *Sears II*, slip op. at 7, LG misses the point. Plaintiffs cite the *Comcast* dissent to explain that either: (1) the dissent's statement is correct, and Plaintiffs need not show that damages can be proven on a classwide basis, or; (2) the dissent's statement is not correct, and *Comcast* represents a radical change in law, which is "good cause" for modification of the Case Management Order.[6]

LG's response to the second point is essentially that LG itself has long-argued that Plaintiffs should be required to introduce damages on a classwide basis. But whatever the Third Circuit or Supreme Court may do in the future, as explained above, LG was plainly wrong about the state of the law pre-*Comcast*. *See, e.g., Chiang*, 385 F.3d at 267; *Carnegie*, 376 F.3d at 661; *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 284 F.R.D. 238, 245-46 (E.D. Pa. 2012). Plaintiffs were not required to prove damages on a classwide basis as a prerequisite to class certification simply because LG incorrectly claimed that they were.

---

[6] LG argues that Plaintiffs' specific proposed schedule is unfair because "the parties deserve equal time." (Doc. 343 at 14-15.) But LG's schedule would give LG 180 days, not 90. Presumably, LG will start its expert work at the same time Plaintiffs start theirs: the basic content of Plaintiffs' proposed additional testimony is not a mystery. This said, particularly given the holidays, Plaintiffs do not object to providing LG 60 days to respond.

## **CONCLUSION**

As explained above, and in Plaintiffs' opening brief (Doc. 342-1), Plaintiffs respectfully ask this Court to conclude that "good cause" exists to permit Plaintiffs to introduce additional expert testimony demonstrating that damages can be proven on a classwide basis.

Dated:  August 27, 2013              Respectfully submitted,


                                     */s/ Jonathan D. Selbin*

                                     Jonathan D. Selbin (jselbin@lchb.com)
                                     Jason L. Lichtman (jlichtman@lchb.com)
                                     LIEFF CABRASER HEIMANN &
                                        BERNSTEIN, LLP
                                     250 Hudson Street, 8th Floor
                                     New York, NY 10013-1413
                                     Telephone: 212.355.9500

                                     Mark P. Chalos (mchalos@lchb.com)
                                     LIEFF CABRASER HEIMANN &
                                        BERNSTEIN, LLP
                                     150 Fourth Avenue North, Ste. 1650
                                     Nashville, TN  37219
                                     Telephone: 615.313.9000

                                     James E. Cecchi, (jcecchi@carellabyrne.com)
                                     Lindsey H. Taylor (ltaylor@carellabyrne.com)
                                     CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY &
                                        AGNELLO P.C.
                                     5 Becker Farm Road
                                     Roseland, New Jersey 07068-1739
                                     United States of America
                                     Telephone:  973.994.1700

                                     Jamie Weiss (jamie@complexlitgroup.com)
                                     COMPLEX LITIGATION GROUP, LLC
                                     513 Central Avenue, Suite 300
                                     Highland Park, IL  60035
                                     Telephone: 847.433.4500

Richard J. Burke (richard@complexlitgroup.com)
COMPLEX LITIGATION GROUP, LLC
1010 Market Street, Suite 1340
St. Louis, MO  63101
Telephone: 847.433.4500

Steven A. Schwartz (sas@chimicles.com)
Alison G. Gushue (agg@chimicles.com)
CHIMICLES & TIKELLIS, LLP
One Haverford Centre
Haverford, PA  19041
Telephone:  610.642.8500

Oren S. Giskan (ogiskan@gslawny.com)
GISKAN SOLOTAROFF ANDERSON &
  STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
Telephone:  212.847.8315

James C. Shah (jshah@sfmslaw.com)
Nathan C. Zipperian (nzipperian@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER &
  SHAH, LLP
35 East State Street
Media, PA  19063
Telephone: 610.891.9880

Jonathan Shub (jshub@seegerweiss.com)
SEEGER WEISS, LLP
1515 Market Street
Philadelphia, PA  19102
Telephone: 215.564.2300

*Counsel for Plaintiffs and the Proposed Class*

-14-

## CERTIFICATE OF SERVICE

I hereby certify the foregoing document was filed via the Court's electronic filing system on August 27, 2013, which will serve electronic notice to all parties of record. I further certify that I will serve the foregoing document by electronic transmission to the following:

James S. Richter (jrichter@winston.com)
Jeffrey P. Catenacci (jcatenacci@winston.com)
Melissa Steedle Bogdad (mbogad@winston.com)
Scott P. Glauberman (sglauber@winston.com)
Andrew M. Johnstone (ajohnstone@winston.com)
Brian J. Nisbet (bnisbet@winston.com)

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

*/s/ Jason L. Lichtman*
Jason L. Lichtman
**Lieff Cabraser Heimann & Bernstein, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592