Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between (1) Plaintiffs Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman (collectively "Plaintiffs"), individually and as representatives of the "Settlement Class" defined below; and (2) Defendant LG Electronics USA, Inc. ("Defendant").

## I.   RECITALS

This Agreement is made for the following purpose and with reference to the following facts:

Plaintiffs filed a consolidated class action complaint against Defendant on behalf of all persons or entities residing in the U.S. who purchased, not for resale, one or more LG-brand front-loading washing machines (the "Washers"). The consolidated action was filed in the United States District Court for the District of New Jersey (the "Court") and is entitled *In re LG Front Load Washing Machine Class Action Litigation*, Civil Action No. 08-51(MCA)(LDW).  Plaintiffs allege that Defendant acted deceptively in designing, manufacturing, marketing, selling, and servicing the Washers, that the Washers had an undisclosed propensity to develop a Mold and/or Odor Problem, and that undisclosed, significant tasks were required to abate or ameliorate the Mold and/or Odor Problem. Plaintiffs brought claims against Defendant for violations of state consumer protection statutes, breach of express and implied warranties, violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and unjust enrichment.

Plaintiffs filed their Consolidated Amended Complaint ("CAC") against Defendant on May 6, 2008 (Dkt. 31). In an Order dated February 3, 2009 (Dkt. 86), the Court denied Defendant's Motion to Dismiss the CAC. Defendant answered the CAC on February 19, 2009. (Dkt. 93.)

On March 31, 2011, Plaintiffs filed their Motion for Class Certification. (Dkts. 181-183.) Included in the class certification briefing were a number of *Daubert* motions, both by Defendant and Plaintiffs, to strike the others' respective expert reports. The Court held hearings on the *Daubert* motions on April 19 and May 8, 2012. On July 10, 2013, the Court ruled on the *Daubert* motions (Dkts. 331-332) and directed Plaintiffs to file a revised class certification motion. Thereafter the Court granted Plaintiffs' Motion to Reopen Discovery in light of *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013), (*see* Dkt. 359) and the parties proceeded to engage in additional expert discovery.

Defendant denies all wrongdoing or liability of any kind associated with the claims alleged in any and all complaints filed by Plaintiffs and further contends that, for any purpose other than settlement, class certification is not appropriate. Defendant contends that, among other things, it has complied at all times with all applicable laws and there is no defect or deficiency of any kind in its Washers, labels, instructions, advertising, or marketing.

Plaintiffs believe that the Action is meritorious. However, Class Counsel and Plaintiffs have concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interest of the Settlement Class after considering the benefits to be obtained under the proposed settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex and time consuming litigation, including appellate review of multiple decisions and issues, and the likelihood of the success on the merits of the Action.

The Parties have engaged in approximately 8 years of litigation, including extensive research, investigation, discovery, expert work, and motion practice prior to reaching this Agreement. Discovery has included written responses to interrogatories and requests for production, including the production of more than 161,000 pages of documents, more than 35 depositions, and more than nine expert reports.

Pursuant to Orders by the Court dated December 2, 2013 and January 2, 2014 (Dkts. 354, 356), the Parties attended a settlement conference on July 16, 2013 with the Court and a mediation before Professor Eric Green on January 20, 2014. During these mediations, the Parties engaged in arm's-length negotiations. Neither the settlement conference nor the mediation resulted in a settlement. Accordingly, following the mediation, the Parties continued active litigation, including continued expert work.

During late 2014, the Parties engaged in direct negotiations regarding possible settlement, but were unable to reach an agreement. Pursuant to Orders dated May 19, 2015 (Dkt. 385) and July 1, 2015 (Dkt. 388), the Parties participated in settlement conferences before the Court on July 1 and July 14, 2015. As a result of those settlement conferences, the Parties reached agreement on the material terms of substantive relief for the Settlement Class. Thereafter, the Parties commenced negotiation with regard to the amount of attorneys' fees and costs that Defendant would pay to Class Counsel (subject to Court approval) and the amount of service awards Defendant would pay to the Class Representatives (also subject to Court approval). The parties were not able to reach agreement on those issues.  As a result, they participated in conferences on September 4 and October 6, 2015 before Magistrate Judge Wettre, and, with her assistance, were able to reach agreement in principle with regard to those issues on October 6, 2015.

The Parties desire to settle the Action in its entirety with respect to all claims that were or could have been alleged in the Action relating to Mold and/or Odor Problems regarding certain Washers sold in the United States. The Parties intend this Agreement to bind Defendant, the Plaintiffs, and all members of the Settlement Class who do not timely opt out of the Settlement Class.

The Parties agree that the Court shall certify a nationwide class solely for the purpose of implementing the settlement provided for in this Agreement.

As set forth more fully below, it is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of any and all claims against LG USA, arising from or relating in any way to the allegations contained in any and all complaints filed in the Action which concern Washers sold in the United States, as well as any claim for purely economic loss relating to the allegation that mold, mildew, fungus, or biofilm accumulates in the Washers.

NOW THEREFORE, in consideration of the terms, conditions and covenants herein, the undersigned agree as follows:

## II.   **DEFINITIONS**

In addition to any definitions set forth above or elsewhere in this Agreement, the following terms, as used in the Agreement, shall have the meaning set forth below:

A.   The "Action" or "Lawsuit" means *In re LG Front Load Washing Machine Class Action Litigation*, Civil Action No. 08-51(MCA)(LDW).

B.   "Administration Expenses" means reasonable fees and expenses incurred by the ICA for the: (1) preparation, mailing, and emailing of the Class Notice, (2) receipt and adjudication of claims submitted by Settlement Class Members for compensation under this Settlement, including the costs of administering a Settlement Website and submission of claims, (3) preparation of status reports to the Parties and the Court, (4) distribution of settlement

4

payments to eligible Settlement Class Members who timely submit Valid Claims, and (5) other costs of notice and claims administration, including cost that may be incurred by, on behalf of, or at the direction of Defendant, Class Counsel, or the Court reasonably related to defending the Agreement or the Settlement against any challenge to it or providing the Court with information related to the Notice and claims administration process.

C. "Claim Form" means the form attached as Exhibit C and to be submitted to the ICA by Settlement Class Members who wish to make a claim in accordance with Section IV of this Agreement. The Claim Form will be attested to under penalty of perjury and will contain the following information:

1. The fact that the Settlement Class Member is the original purchaser.

2. The fact that the Washer has always been used non-commercially.

3. The fact that the Settlement Class Member's Washer has had a Mold and/or Odor Problem.

4. The fact that LG did not permanently resolve the Mold and/or Odor Problem at no cost to the Settlement Class Member.

5. In addition, Settlement Class Members who currently own the Washer will provide a photograph of the Washer's serial number. Settlement Class Members who no longer own a Washer will attest to that fact under penalty of perjury and will provide some form of proof showing that the washer was purchased, such as an invoice/receipt that shows the fact that a Washer was purchased as well as the date of purchase.

D.      "Claims Period" means the time period for filing a Claim Form. To be valid, a Claim Form must be submitted electronically or postmarked within 120 days after the date of preliminary approval. The ICA shall not accept any Claim Form submitted after the Claims Period.

E.      "Class Members" or "Settlement Class Members" means all members of the Settlement Class who do not exclude themselves from the Settlement Class in the manner and time prescribed by the Court in the proposed Preliminary Approval Order.

F.      "Class Notice" means the proposed notices recommended by the ICA based on state-of-the-art methods and best practices and approved by the Parties and the Court and to be sent to Settlement Class Members in accordance with Section VI of this Agreement.

G.      "Class Representatives" or "Plaintiffs" means Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman.

H.      "Class Counsel" means:

| | |
|---|---|
| Steven A. Schwartz | James E. Cecchi |
| Alison G. Gushue | CARELLA, BYRNE, CECCHI, |
| CHIMICLES & TIKELLIS LLP | OLSTEIN, BRODY & AGNELLO, P.C. |
| One Haverford Centre | 5 Becker Farm Road |
| 361 W. Lancaster Ave. | Roseland, New Jersey 07068 |
| Haverford, PA 19041 | |
| Jonathan D. Selbin | Oren S. Giskan |
| Jason L. Lichtman | GISKAN, SOLOTAROFF, ANDERSEN |
| LIEFF CABRASER HEIMANN & | & STEWART, LLP |
| BERNSTEIN, LLP | 11 Broadway, Suite 2150 |
| 250 Hudson Street, 8th Floor | New York, NY  10004 |
| New York, NY  10013 | |
| James C. Shah | |
| SHEPHERD, FINKELMAN, MILLER | |
| & SHAH, LLP | |

6

35 East State Street
Media, PA  19063

I.      "Court" means the United States District Court for the District of New Jersey.

J.      "Effective Date" means the first date that is three business days after all the following have occurred: (i) the Court has entered an order granting final approval of the Settlement in accordance with the terms of this Agreement; (ii) any challenge to the settlement has been finally adjudicated and rejected; and (iii) the time for any challenge or further challenge to the settlement, whether in the Court or on appeal or on petition for certiorari, has elapsed.

K.      "Fairness Hearing" means the final hearing, to be held after notice has been provided to the Settlement Class in accordance with Section V.B of this Agreement, (1) to determine whether to grant final approval to (a) the certification of the Settlement Classes, (b) the designation of Plaintiffs as the representatives of the Settlement Classes, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order.

L.      "FAQ" means the proposed Frequently Asked Questions and Answers form recommended by the ICA and approved by the Parties and the Court and posted on the ICA's Internet website in accordance with Section VI of this Agreement. In addition, the FAQ form will be mailed to Settlement Class Members who contact the ICA by telephone or email and request a Claim Form in hard copy.  A copy of the proposed FAQ form is attached hereto as Exhibit H.

M.      "Fee Application" means the application to be filed by Class Counsel by which they will seek an award of attorneys' fees and reimbursement of costs incurred by them in prosecuting the Lawsuit, as well as Service Awards to be paid to the Class Representatives.

N.     "Final Approval Order" means the proposed Order Granting Final Approval to the Class Action Settlement Agreement and Entry of Final Judgment, a proposed order to be submitted contemporaneously with the Parties' joint motion for final approval of the settlement.

O.     "ICA" means a qualified firm jointly selected by Defendant and Class Counsel, and appointed by the Court to administer the settlement.

P.     "LG USA" means LG Electronics USA, Inc., a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey, and each of its past, present, and/or future: parents, predecessors, subsidiaries, affiliates, officers, directors, partners, employees, agents, servants, assignees, counsel, successors, transferees, or representatives.

Q.     "Mold and/or Odor Problem(s)" means the accumulation in any Washer of bacteria, mold, mildew, fungi, or biofilm, and/or any odor in Washers in any way related to any such accumulation.

R.     "Notice of Claim Denial" means the form that the ICA will send, by first-class U.S. Mail, to each Settlement Class Member who has submitted a Claim Form that the ICA or the Court has determined not to be a Valid Claim.

S.     "Notice Plan" means the plan to provide notice of the settlement to Class Members using state-of-the-art methods and best practices for direct U.S. mail and email when practicable, as well as publication notice (including internet notice), as recommended by the ICA and approved by the Parties and the Court.  A copy of the proposed publication notice is attached hereto as Exhibit G.

T.     "Parties" means Plaintiffs and Defendant.

U.      "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval to Class Action Settlement, to be entered by the Court with the terms and substantially in the form of Exhibit D attached to this Agreement.

V.      "Prequalified Class Member" means a Class Member identified by serial number in LG's databases as having purchased a Washer.

W.      "Released Claims" means all claims related in any way to actually experiencing any Mold and/or Odor Problem with a Washer prior to the date on which the Claims Period ends, including but not limited to allegations, actions, causes of action, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, or liabilities. "Released Claims" includes but is not limited to any attempt to recover for diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, nominal, statutory, compensatory, punitive, or premium-price damages. "Released Claims" does not include any claims for personal injury or emotional distress. "Released Claims" includes claims whether made in law or in equity. "Released Claims" includes but is not limited to all claims now known or unknown, contingent or absolute, including but not limited to all claims that Plaintiffs and Settlement Class Members now have or, absent this Agreement, may in the future have had, against Releasees, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred from the beginning of time up to and including the Effective Date and that arise from or relate to the design, manufacture, use, performance, and warranties of the Washers and that are alleged or could have been alleged in the Lawsuit, as well as any act, omission, damage, matter, cause, or event whatsoever arising out of the initiation, defense, or settlement of the Lawsuit or the claims or defenses asserted in the Lawsuits.   With respect to the "Released Claims," Plaintiffs and the Settlement Class expressly

waive any and all rights or benefits under California Civil Code Section 1542 (or any similar authority in any jurisdiction), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

X.     "Releasees" means (a) LG USA; (b) its insurers; and (c) all distributors, retailers, and other entities who were or are in the chain of design, testing, manufacture, assembly, distribution, marketing, sale, installation, or servicing of the Washers. All Releasees other than Defendant are third-party beneficiaries of this Agreement.

Y.     "Service Award" means a reasonable payment made to each Class Representative to compensate for his or her (or in the case of married Class Representatives, their) efforts in pursuing the Lawsuits on behalf of the Settlement Class.

Z.     "Settlement Class" means all residents of the United States who were the original purchasers of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006.  Excluded from the Class are: (1) LG USA; (2) retailers, wholesalers, and other individuals or entities that purchased the Washers for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) Settlement Class Members who timely and validly opt to exclude themselves from the Settlement Class.

AA.     "Settlement Website" means an internet website established by the ICA on which Class Members can, among other things, review the FAQs and other relevant court documents, submit claims, and obtain forms for submitting claims.  In particular, the Settlement Website shall contain downloadable copies of the FAQs, Summary Notices, Settlement Agreement, and Claim

Forms, and shall contain a link through which a Class Member can submit a claim online. The FAQs will also be available from the ICA in English and Spanish upon request. The Settlement Website shall also include information that the Parties jointly agree to post concerning the nature of the case and the status of the Settlement, including relevant pleadings such as the operative Consolidated Amended Complaint, papers in support of preliminary and final approval of the Settlement, and Class Counsel's Petition for attorneys' fees and reimbursement of expenses and Service Awards, plus relevant orders of the Court.

BB.    "Summary Notice" means the postcard and email notices recommended by the ICA and approved by the Parties and the Court. The materials provided to Settlement Class Members, including but not limited to the Summary Notice, and FAQs, will not indicate in any way that there is a defect or deficiency of any kind in the Washers, labels, instructions, advertising, or marketing.

CC.    "Valid Claim" means a Claim Form that is timely submitted within the Claims Period and contains all of the required information and documentation and signature under penalty of perjury.

DD.    "Washer Rebate Certificate" means a rebate certificate worth $105 that may be redeemed by the Settlement Class Member only after he or she purchases a new Washer from an authorized Washer retailer. The Settlement Class Member must submit to the ICA the Washer Rebate Certificate, together with a receipt, provided by the store at which it was bought, that shows the purchase of a Washer and the date of purchase. The ICA will reimburse the amount of $105 in the form of a check or direct card payment to the Settlement Class Member. The Washer Rebate Certificate may not be applied toward any purchase of a Washer prior to the Effective Date. The Washer Rebate Certificate will have an expiration date of, and must be redeemed by, twelve (12) months from the Effective Date. It may be used on top of and/or in addition to any other promotion

11

or discount that applies to the purchase of the Washer and shall apply to the bona fide price paid for the Washer. Only one Washer Rebate Certificate may be applied to the purchase of any one Washer. The Washer Rebate Certificate is non–transferrable and may only be redeemed by the Settlement Class Member.

## III.   CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

A.   For the purposes of implementing this Agreement, and for no other purpose, Defendant stipulates to the conditional certification of the Settlement Class. If for any reason this Agreement should fail to remain effective, Defendant's stipulation to certification of the Settlement Class shall be null and void, and the Parties shall return to their respective positions in the Lawsuit as those positions existed immediately before the execution of this Agreement.

## IV.   CONSIDERATION OF SETTLEMENT

A.   Procedures and class settlement benefits are summarized in Exhibit A.

B.   Class Members who submit a Valid Claim will be eligible to receive either (a) a cash payment of $35 (made via check or direct card payment) or (b) a Washer Rebate Certificate.

C.   No Class Members whose Mold or Odor Problems were permanently remedied by LG for no cost (e.g., by a visit from a replacement technician or by provision of a replacement Washer that does not have Mold and/or Odor Problems, or by a refund of the Washer) will be entitled to further relief under the Settlement.

D.   No later than May 30, 2016 the Parties will jointly select and retain an ICA with responsibility for providing notice and processing claims. Defendant will pay all Administration Costs for work done under the Agreement, pursuant to a budget agreed by the Parties and ICA.

E.   All decisions regarding notice and settlement administration shall be made jointly between Defendants and Class Counsel. Class Counsel and counsel for Defendants shall have the

ability to communicate with the ICA without the need to include each other in each of those communications. Disputes, if any, shall be resolved by the Court, de novo.

F.     The ICA will make all Claim Forms that it receives available to Class Counsel and counsel for Defendant. Counsel for any of the Parties may challenge the validity of any Claim Form that counsel believes in good faith to be valid (if originally found invalid) or invalid (if originally found valid). All decisions regarding whether a Claim Form states a Valid Claim shall lie in the first instance with the ICA. If necessary, the ICA will consult with Class Counsel and Defendant's counsel to answer any questions or resolve any disputes that arise. In the event that counsel for any of the Parties in good faith disputes the ICA's decision about whether a Claim Form states a Valid Claim, the issue may (within 14 days of the ICA informing the Parties of its decision) be presented to the Court, which will rule de novo, without deferring to the ICA's decision.

G.     The ICA will submit at least monthly written status reports jointly to counsel for Defendant and Class Counsel. The status reports shall include the name and address of each Class Member who submits a claim pursuant to this Agreement and shall indicate whether or not each Class Member was sent a cash payment or Washer Rebate Certificate.

H.     Defendant will cooperate in making its warranty registration and service data and other relevant information from its databases available to the ICA to facilitate identification of potential Settlement Class Members. Similarly, Class Counsel shall provide Defendant and the ICA a list of Class Members who contacted Class Counsel in writing or provided a declaration prior to the Preliminary Approval date regarding a Mold and/or Odor Problem and who provided the serial number of their Washer.

13

I.       Claim Forms will be made available to Class Members by the ICA. Settlement Class Members may submit completed Claim Forms online pursuant to state-of-the-art methods or by U.S. Mail. Claims Forms and instructions regarding electronic submission of claims will be available on the ICA's website in both English and Spanish.

J.       If the ICA receives a timely claim that is otherwise deficient, the ICA shall notify the Class Member of the deficiency and afford the Class Member 30 days to cure the deficiency. The ICA shall develop and the Parties shall jointly review and approve a protocol for handling deficient claims. After the 30 days have passed, the ICA shall determine in the first instance whether the Claim Form, as supplemented if it has been supplemented, states a Valid Claim. In the event that counsel for any of the Parties in good faith disputes the ICA's decision about whether a Claim Form states a Valid Claim, the issue may (within 14 days of the ICA informing the Parties of its decision) be presented to the Court or an agreed upon third-party, which will rule *de novo*, without deferring to the ICA's decision.

K.       The Parties agree that the Settlement Notice, FAQ, Claim Form, Publication Notice, and Settlement Website will provide information sufficient to inform Class Members of: (1) the essential terms of this Agreement; (2) appropriate means for obtaining additional information regarding the Agreement and the Lawsuits; (3) appropriate information about the procedure for objecting to or excluding themselves from the Settlement, if they should wish to do so; and (4) appropriate means for and information about submitting a claim for compensation pursuant to the Settlement. The Parties also agree that the dissemination of the Settlement Notice and the FAQ in the manner specified in this section satisfies the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

L.      As soon as practicable, but no later than 10 days after Plaintiffs file this Agreement in the Court, LG shall comply with the notice provisions of the Class Action Fairness Act, 28 U.S.C. section 1715.

## V.    COURT APPROVAL

1.    **Schedule**

A.      A proposed scheduling order is attached as Exhibit B.

2.    **Preliminary Approval**

B.      Upon full execution of this Agreement, the Parties will take all necessary steps to obtain an Order from the Court, substantially in a form attached as Exhibit D, granting conditional certification of the Settlement Class, granting preliminary approval of this Agreement, and approving the forms and methods of notice to the Settlement Class set forth herein ("Preliminary Approval Order").

C.      If the Court does not enter a Preliminary Approval Order, this Agreement shall terminate, upon the notification of termination by a Party, and be of no force or effect, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.

3.    **Final Approval**

D.      This Agreement is subject to and conditioned upon the entry by the Court, following a fairness hearing, of a Final Order and Judgment granting final approval of the Agreement ("Final Order and Judgment"). Such Final Order and Judgment shall:

1.      Confirm certification of the Settlement Class;

2.      Confirm the appointment of Class Counsel;

3.      Confirm the appointment of the Plaintiffs as Class Representatives;

4.      Dismiss with prejudice the Consolidated Amended Complaint in the

15

Action;

5.      Bar and enjoin all Class Members from asserting any of the Released

Claims (as defined in this Agreement);

6.      Release the Releasees from the Released Claims;

7.      Determine that this Agreement is fair, adequate and reasonable, and in the

best interests of the Settlement Class; and

8.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to

this Agreement, including Defendant and all Class Members, to administer, supervise, construe,

and enforce this Agreement.

## VI.   <u>NOTICE TO THE CLASS AND OPT-OUT AND OBJECTION RIGHTS</u>

A.      The Parties agree that the ICA shall, pursuant to the Notice Plan, provide notice of

the settlement to Class Members. The key components of the notice are as follows:

B.      The ICA will send a postcard with Summary Notice directing Class Members to the

ICA's settlement website and toll-free phone number. The Summary Notices shall have a unique

claim identification number. A copy of the Summary Notice is attached hereto as Exhibit E. The

Summary Notice will be sent by first-class mail to the last-known mailing addresses of any Washer

owners following preliminary approval of the Settlement.  No later than 21 days after the

Preliminary Approval Order is entered, Defendant shall provide to the ICA mailing addresses and

email addresses, along with model and serial number information, contained in Defendant's

warranty and customer service database(s) in computer readable format and shall cooperate in

good faith with the ICA in transmitting this information in the manner that is most efficient for the

ICA.   No later than 21 days after the Preliminary Approval Order is entered, Class Counsel shall

provide to the ICA and Defendant mailing addresses and email addresses obtained from Washer

owners who contacted Class Counsel, including those who submitted a declaration in this Action.

The ICA shall update all mailing addresses with available national databases to ensure the most accurate mailing addresses for all Class Members. Summary Notice shall be mailed within 30 days of entry of the Preliminary Approval Order. Any postcards returned with a forwarding address shall be re-sent to that forwarding address.

        C.      In addition, the ICA will send an electronic copy of the Summary Notice (in the form attached as Exhibit F) to all Class Members for whom an email address is available (even if a postal mailing address is known). The ICA shall take commercially reasonable steps to complete and/or update email addresses for Class Members and also engage in a "list cleansing" process prior to disseminating the email notices. The ICA shall begin sending the email notices no earlier than the same day as the Summary Notice is mailed and shall complete sending the email notices no later than 7 days after the Summary Notice is mailed.

        D.      The ICA shall provide appropriate additional notice that complies with due process no earlier than the same day as the Summary Notice is mailed but no later than 7 days after the Summary Notice is mailed.

        E.      Defendant or the ICA at Defendant's direction shall comply with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

        F.      The ICA's Settlement Website shall be operative no later than the date of mailing the Summary Notice.

        G.      Any counsel involved with this litigation may maintain on his or her respective websites a link to the Settlement Website.

        H.      All Class Members shall have the right to opt out of the class at any time during the opt-out period. The opt-out period shall run for ninety (90) days following the entry of the Preliminary Approval Order. Any Class Member who elects to opt out of the Class (i) shall not be

bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or

be affected by, this Agreement; (iii) shall not gain any rights by virtue of this Agreement; and (iv)

shall not be entitled to object to any aspect of this Agreement. Any Class Member who wishes to

opt out of the Class may do so by mailing a letter clearly stating the Class Member's desire to opt

out to the ICA. Any Class Member who has opted out and wishes to revoke his or her request for

exclusion may do so by mailing a letter stating clearly the desire to revoke the previous request for

exclusion to the ICA before the opt out deadline.

I.      The ICA shall provide Class Counsel and Defendant's counsel with copies of all

completed opt-out requests on at least a weekly basis during the opt-out period.

J.      Class Members may serve written objections to the Settlement, or to Class

Counsel's application for Attorneys' Fees and Expenses. To be considered, any such objection

must be mailed to the Clerk of the Court, with copies to Class Counsel and counsel for LG USA

not later than ninety (90) days after the entry of the Preliminary Approval Order (i.e., must be

either received by the Clerk or have a postmark within 90 days of the entry of the Preliminary

Approval Order).

K.      Any objections must include (i) the Class Member's full name and current address

and telephone number; (ii) the serial number of the Washer the Class Member owns or owned;

(iii) a description of all of the Class Member's objections, the specific reasons therefore, and any

and all supporting papers, including, without limitation, all briefs, written evidence, and

declarations; and (iv) the Class Member's signature.

L.      Class Members submitting objections who wish to appear either personally or

through counsel at the Fairness Hearing and present their objections to the Court orally must

include a written statement of intent to appear at the Fairness Hearing in the manner prescribed by

the Notice. Only Class Members who specify in their objections that they intend to appear personally or through counsel at the Fairness Hearing will have the right to present their objections orally at the Fairness Hearing. Settlement Class Members who do not submit timely written objections will not be permitted to present their objections at the Fairness Hearing.

VII.    **CLASS REPRESENTATIVE SERVICE AWARDS**

A.      Each Plaintiff shall be entitled to participate in the claims procedures described above to the same extent as other Class Members.

B.      Class Counsel shall petition the Court for, and Defendant shall not oppose, a Class Representative Service Award in an amount of $4,000 to each of the Class Representatives in the Action, in recognition of their efforts on behalf of the Class. There shall only be a single Service Award for each Washer (i.e., joint husband and wife plaintiffs shall only receive a single Service Award). The Court's award of any Class Representative Service Award shall be separate from its determination of whether to approve the Settlement. In the event the Court approves the Settlement, but declines to award a Class Representative Service Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties. Even though each of these Class Representative plaintiffs has signed this Agreement and support approval of the Settlement, payment of the Service Award is not contingent on such signing and support.

C.      To the extent awarded by the Court, Defendant shall pay the Class Representative Service Award within 30 days after the Effective Date.  Payment by Defendant of the Class Representative Service Award is separate from, and in addition to, the other relief afforded to the Class Members in this Agreement.

VIII.   **PAYMENT OF ATTORNEYS' FEES AND COSTS**

A.      As part of the Settlement, Defendants have agreed to pay Plaintiffs' Counsel reasonable attorney fees and costs (as defined below), without reducing the amount of money

19

available to pay Valid Claims submitted by Class Members or the amount of money to be paid for work performed by the ICA.

B.      Class Counsel may request, and Defendant shall not oppose, an award of attorneys' fees and expenses of no more than a combined maximum of $5,775,000, which is subject to the Court's approval.

C.      The payment by Defendant of the attorneys' fees and expenses is separate from and in addition to the Class Representative Service Awards and relief afforded the Class Members in this Agreement. The Court's award of any attorneys' fees and expenses shall be separate from its determination of whether to approve the Settlement. In the event the Court approves the Settlement, but declines to award attorneys' fees and expenses in the amount requested by Class Counsel, the Agreement will nevertheless be binding on the Parties. The Parties negotiated and reached agreement on the maximum amount of attorneys' fees and expenses only after reaching agreement on all other material terms of the Agreement, and they did so under the supervision and assistance of Magistrate Judge Wettre.

D.      To the extent awarded by the Court, and in no event exceeding a combined maximum of $5,775,000, Defendant shall pay the award of attorneys' fees and expenses within 30 days after the Effective Date. This fee payment will be the only fee payment that LG USA makes, no matter what further work is required or proceedings take place in the litigation, including additional settlement proceedings, administering class notice, responding to objectors, any appeal, or any other work.

E.      Class Counsel shall have the authority to determine and make an allocation of attorneys' fees and costs to any other counsel representing any of the Class Representatives who claim an entitlement to share in any fees or costs approved by the Court and paid by Defendant.

Any disputes regarding such allocations shall be resolved by the Court. Prior to submitting a dispute to the Court, any objecting attorney shall provide Class Counsel, in writing, with statement providing all the reasons and relevant documents supporting their objection so Class Counsel can evaluate such objection before it is submitted to the Court.  In the event of a dispute amongst Class Counsel, James E. Cecchi shall make a recommendation to the Court as to the appropriate allocation of any fee awarded.  No dispute may be presented to the Court if it has not first been presented in full (including all factual support) to Class Counsel: no legal or factual argument may be presented to the Court that have not first been presented in full to Class Counsel.

F.      Any issues relating to attorney fees and costs or to any Service Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of this Agreement and the Settlement. The Court's or an appellate court's failure to approve, in whole or in part, any award of attorney fees and costs to Class Counsel, or any Service Award, shall not affect the validity or finality of the Settlement, nor shall such non-approval be grounds for rescission of the Agreement, as such matters are not the subject of any agreement among the Parties other than as set forth above. In the event the Court declines to approve, in whole or in part, the payment of attorney fees, litigation costs and expenses to Class Counsel in the amount sought by Class Counsel or the payment of any Service Award, the remaining provisions of this Agreement shall remain in full force and effect.

## IX.    <u>NO ADMISSION OF LIABILITY</u>

A.      The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore

21

made or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever to any other party.

B.      Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Agreement, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Agreement, in any proceeding in any court, administrative agency or other tribunal.

C.      This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce this Agreement. To the extent permitted by law, the Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

## X.   **MISCELLANEOUS PROVISIONS**

### 1.   **Extensions of Time**

Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

### 2.   **Parties' Authority**

The respective signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the respective Parties hereto to the terms and conditions hereof.

### 3.   **Integration**

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements,

representations, or warranties of any kind whatsoever have been made by any party hereto, except as provided for herein.

4.    **Governing Law**

The Agreement shall be construed in accordance with, and be governed by, the laws of New Jersey, without regard to the principles thereof regarding choice of law.

5.    **Gender and Plurals**

As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others wherever the context so indicates.

6.    **Counterparts**

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts, and a facsimile signature shall have the same effect as an original ink signature

7.    **Cooperation of Parties**

The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any efforts that become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Class Counsel shall take all necessary steps to assure the Court's final approval of this Agreement.

8.    **No Prior Assignments**

Plaintiffs represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

9.      **Voiding the Agreement**

If 700 or more of potential Class Members opt out of the settlement, Defendant may at its option elect to withdraw from the settlement and void this Agreement.

10.     **Captions and Interpretations**

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

11.     **Modification**

This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

12.     **Binding on Assigns**

This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

13.     **Execution Voluntary**

This Agreement is executed voluntarily by each of the Parties without any duress or undue influences on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has

cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties.

14.   **Notices**

All Notices to Class Counsel provided for herein shall be sent by email to James E.  Cecchi, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C, telephone (973) 994-1700, email: JCecchi@carellabyrne.com and Steven A. Schwartz, Chimicles & Tikellis LLP, telephone (610) 642-8500, email: sas@chimicles.com, with a hard copy sent to each counsel by overnight mail.

All Notices to Defendant provided for herein shall be sent by email to Brian Nisbet, bnisbet@winston.com, with hard copies to be sent by overnight mail.

The Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filing received as a result of the Class Notice.

15.   **Class Counsel Signatories**

It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Agreement. The Summary Notice will advise all Class Members of the binding nature of the release and shall have the same force and effect as if this Agreement were executed by each Class Member.

16.   **Retention of Jurisdiction**

The Court shall retain jurisdiction to resolve any future disputes arising out of the terms and conditions of this Settlement Agreement and Release.

17.   **Return or Destruction of Confidential Documents**

25

Within thirty (30) days after the Effective Date, Class Counsel will return or destroy (and certify in writing that they have destroyed) Defendant's confidential documents and Defendant will return or destroy (and certify in writing that it has destroyed) any confidential documents produced by Plaintiffs, provided however, subject to the confidentiality provisions set forth in the Protective Order entered by the Court, each Party may retain copies of pleadings filed with the Court consistent with their normal document retention policies and governing professional standards.

18.   **Signatures**

This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original.  By signing, Class Counsel represent and warrant that Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman have approved and agreed to be bound by this settlement.

**ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:**

Dated: _____          CARELLA, BYRNE, CECCHI, OLSTEIN,
                                              BRODY & AGNELLO, P.C.

                                       _____
                                       James E. Cecchi
                                       *Class Counsel*

Dated: _____          CHIMICLES & TIKELLIS LLP

                                       _____
                                       Steven A. Schwartz
                                       *Class Counsel*

26

Dated: _____

LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP


_____
Jonathan Selbin
*Class Counsel*


Dated: _____

GISKAN, SOLOTAROFF, ANDERSEN &
STEWART , LLP


_____
Oren Giskan
*Class Counsel*

Dated: _____

SHEPHERD, FINKELMAN, MILLER  &
  SHAH, LLP


_____
James C. Shah
*Class Counsel*


**ON BEHALF OF DEFENDANT LG ELECTRONICS USA, INC.**


Dated: _____


_____
By Scott Glauberman
Winston & Strawn LLP
*Counsel for LG Electronics USA, Inc.*

Within thirty (30) days after the Effective Date, Class Counsel will return or destroy (and certify in writing that they have destroyed) Defendant's confidential documents and Defendant will return or destroy (and certify in writing that it has destroyed) any confidential documents produced by Plaintiffs, provided however, subject to the confidentiality provisions set forth in the Protective Order entered by the Court, each Party may retain copies of pleadings filed with the Court consistent with their normal document retention policies and governing professional standards.

18. **Signatures**

This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original.  By signing, Class Counsel represent and warrant that Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman have approved and agreed to be bound by this settlement.

**ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:**

Dated: 5-25-16

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

James E. Cecchi
*Class Counsel*

Dated: _____

CHIMICLES & TIKELLIS LLP

Steven A. Schwartz
*Class Counsel*

Within thirty (30) days after the Effective Date, Class Counsel will return or destroy (and certify in writing that they have destroyed) Defendant's confidential documents and Defendant will return or destroy (and certify in writing that it has destroyed) any confidential documents produced by Plaintiffs, provided however, subject to the confidentiality provisions set forth in the Protective Order entered by the Court, each Party may retain copies of pleadings filed with the Court consistent with their normal document retention policies and governing professional standards.

18.     **Signatures**

This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original.  By signing, Class Counsel represent and warrant that Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman have approved and agreed to be bound by this settlement.

**ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:**

Dated: _____       CARELLA, BYRNE, CECCHI, OLSTEIN,
                                     BRODY & AGNELLO, P.C.


                                     _____
                                     James E. Cecchi
                                     *Class Counsel*


Dated:  5 | 25 | 16                  CHIMICLES & TIKELLIS LLP


                                     _____
                                     Steven A. Schwartz
                                     *Class Counsel*

26

Dated: _____5/25/16_____     LIEFF CABRASER HEIMANN &
        BERNSTEIN, LLP

_____
Jonathan Selbin
*Class Counsel*


Dated: _____     GISKAN, SOLOTAROFF, ANDERSEN &
        STEWART , LLP

_____
Oren Giskan
*Class Counsel*


Dated: _____     SHEPHERD, FINKELMAN, MILLER  &
        SHAH, LLP

_____
James C. Shah
*Class Counsel*


**ON BEHALF OF DEFENDANT LG ELECTRONICS USA, INC.**


Dated: _____

_____
By Scott Glauberman
Winston & Strawn LLP
*Counsel for LG Electronics USA, Inc.*


27

Dated: _____

LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP


_____

Jonathan Selbin
*Class Counsel*


Dated: _5 - 25 - 16_____

GISKAN, SOLOTAROFF, ANDERSEN &
STEWART , LLP

_____

Oren Giskan
*Class Counsel*


Dated: _____

SHEPHERD, FINKELMAN, MILLER  &
   SHAH, LLP


_____

James C. Shah
*Class Counsel*


## ON BEHALF OF DEFENDANT LG ELECTRONICS USA, INC.

Dated: _____


_____

By Scott Glauberman
Winston & Strawn LLP
*Counsel for LG Electronics USA, Inc.*


27

Dated: _____          LIEFF CABRASER HEIMANN &
                                             BERNSTEIN, LLP


                                        _____
                                        Jonathan Selbin
                                        *Class Counsel*


Dated: _____          GISKAN, SOLOTAROFF, ANDERSEN &
                                        STEWART , LLP


                                        _____
                                        Oren Giskan
                                        *Class Counsel*


Dated: May 25, 2016                     SHEPHERD, FINKELMAN, MILLER  &
                                        SHAH, LLP


                                        _____
                                        James C. Shah
                                        *Class Counsel*


**ON BEHALF OF DEFENDANT LG ELECTRONICS USA, INC.**


Dated: _____


                                        _____
                                        By Scott Glauberman
                                        Winston & Strawn LLP
                                        *Counsel for LG Electronics USA, Inc.*


27

Dated: _____          LIEFF CABRASER HEIMANN &
                                              BERNSTEIN, LLP


                                         _____
                                         Jonathan Selbin
                                         *Class Counsel*


Dated: _____          GISKAN, SOLOTAROFF, ANDERSEN &
                                              STEWART , LLP


                                         _____
                                         Oren Giskan
                                         *Class Counsel*


Dated: _____          SHEPHERD, FINKELMAN, MILLER  &
                                              SHAH, LLP


                                         _____
                                         James C. Shah
                                         *Class Counsel*


**ON BEHALF OF DEFENDANT LG ELECTRONICS USA, INC.**


Dated: May 25, 2016


                                         _____
                                         By Scott Glauberman
                                         Winston & Strawn LLP
                                         *Counsel for LG Electronics USA, Inc.*


27

Exhibit A

## Exhibit A

A.      To qualify for any compensation under this Agreement, a Claimant must timely submit to the ICA a properly completed Claim Form attesting that the Claimant is a Class Member because he or she bought or acquired a new Class Washer for household use and experienced Mold and/or Odor Problems.

B.      The mailed and/or emailed Class Notice will include a pre-printed unique claim identification number that the ICA will use to determine whether the Claimant is a Prequalified Class Member or a Non-Prequalified Class Member.

C.      Prequalified Class Members will be required only to confirm their names, addresses, and (in the case of emailed Claim Forms) email addresses; check several eligibility boxes on the Claim Form; and sign (or electronically sign) the Claim Form attesting under oath that the statements are true and correct.

D.      To establish their Class Member Status, Non-Prequalified Class Members will only be required to provide the information that Prequalified Class Members must provide, their names, addresses, and sufficient proof that they bought a new Class Washer, as set out in the Settlement Agreement and Claim Form.

E.      Class Members will be able to electronically submit claims through the Settlement Website. The ICA shall prep-populate the online Claim Form with all information that is readily accessible in LG's databases.

F.      No Class Members whose Mold or Odor Problems were permanently remedied by LG for no cost (e.g., by a visit from a replacement technician or by provision of a replacement Washer that does not have Mold and/or Odor Problems, or by a refund of the Washer) will be entitled to further relief under the Settlement.

G.      Class Members who submit a Valid Claim will be eligible to receive either (a) a cash payment of $35 made via check or (b) a Washer Rebate Certificate.

H.      Each Class Member who makes a Valid Claim to receive a rebate benefit shall be entitled to a single rebate benefit for each subject Class Washer he or she purchased and for which he or she has a Valid Claim.

I.      After the ICA determines which claims are Valid Claims and which are not, the Settlement Administrator will email or mail to each Class Member who submits a Valid Claim for the Washer Rebate Certificate a rebate form that includes a unique authorization code identifying the rebate form as a valid rebate form.  Each unique rebate form and authorization code will be honored only one time to prevent fraudulent claims that seek to re-use the same authorization code.

J.      The Washer Rebate Certificate may not be applied toward any purchase of a Washer prior to the Effective Date.  The Washer Rebate Certificate will have an expiration date of, and must be redeemed by, twelve (12) months from the Effective Date.

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IN RE LG FRONT LOADING WASHING
MACHINE CLASS ACTION LITIGATION

Civil Action No. 08-51(MCA)(LDW)

**SCHEDULING ORDER**
**FOR APPROVAL OF PROPOSED**
**SETTLEMENT**

THIS MATTER having been opened to the Court jointly by counsel for Plaintiffs and

Counsel for Defendant, and good cause appearing for the reasons set forth in the Order

Preliminarily Certifying Settlement Classes, Granting Preliminary Approval Of Settlement, And

Approving Class Notice,

IT IS THIS          day of May, 2016

ORDERED that the following are the deadlines for events associated with approval of the

proposed Settlement:

1.      The Settlement Administrator shall mail and email the Settlement Notices no later

than _____ (within 30 days after entry of the Preliminary Approval Order);

2.      The Settlement Administrator shall file with the Court a declaration of

compliance with the notice requirements no later than _____ (within      45

days after entry of the Preliminary Approval Order)

3.      Class Counsel shall file their Fee Application no later than _____

_____ (within 60 days of entry of the Preliminary Approval Order).

4.      Any objectors shall file objections, together with all supporting memoranda and

other material, with the Court and serve that filing on Class Counsel and Defendants no later

than _____ (within 90 days after entry of the Preliminary Approval Order).  This

includes objections to: certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, the Settlement, the Agreement, or Class Counsel's Fee Application.

5.      Requests by Class Members to be excluded from the Settlement must be either postmarked by the United States Postal Service (in the case of mailed exclusions) or actually received by the Settlement Administrator (in the case of electronically submitted exclusions) no later than _____ (within 90 days after entry of the Preliminary Approval Order).

6.      Any Person or attorney seeking to appear at the Fairness Hearing must file with the Court and serve on Class Counsel and Defendants an entry of appearance and notice of intention to appear at the Fairness Hearing no later than _____ (Within 95 days after entry of the Preliminary Approval Order). This includes any person objecting to any or all of certification of the Settlement Class, designation of Plaintiffs as Class Representatives, appointment of Class Counsel, the Settlement, the Agreement, or Class Counsel's Fee Application.

7.      Class Counsel shall file their reply, if any, in support of their Fee Application no later than _____ (Within 110 days after entry of Preliminary Approval Order).

8.      Class Counsel shall file the proposed Final Approval Order and memorandum in support of Final Approval no later than _____ (within 120 days after entry of the Preliminary Approval Order).

9.      All claims by Class Members to the ICA for benefits shall be postmarked (in the case of mailed Claims Forms) or received (in the case of electronic Claims Forms) no later than _

_____ (120 days after the Preliminary Approval Order). Claims received after this date shall not be Valid Claims.

10.     At a date to be set by the Court more than Fairness Hearing to be held before the undersigned on _____ at _____ .m. (120 days after the Preliminary Approval Order.

_____
MADELINE COX ARLEO, U.S.D.J.

Exhibit C

# In re LG Front Load Washing Machine Class Action
# Litigation Settlement Claim Form Instructions

Civil Action No. 08-51(MCA)(LDW)

United States District Court for the District of New Jersey

## Instructions for Completing the Enclosed Claim Form

If you are an eligible Class Member and wish to make a claim for a reimbursement or rebate certificate incurred in connection with a Mold and/or Odor problem defined in the Settlement Agreement and Release, you must complete and submit a Claim Form.  You may file your claim via:

**WEB:**       Visit the Settlement website at: **www._____.com and submit your claim online.**

**MAIL**:       LG USA Front Loading Washing Machines Class Action Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

**FAX**:       (215) XXX-XXX

## Instructions:

1.   **If you registered your Washer in the LG USA Warranty Database at the time of purchase:**
- If you wish to file a claim online, please visit www._____.com and follow the instructions.
- If you wish to file a paper claim by mail or fax, please complete this form, **except Section III**.  Because you are registered in the LG USA Warranty Database, you do not need to return or complete Section III.

2.   **If you did not register your Washer in the LG USA Warranty Database at the time of purchase:**
- If you wish to file a claim online, please visit www._____.com and follow the instructions.
- If you wish to file a paper claim by mail or fax, please use this form.  Please be sure to complete Section III, which requires that you submit certain documentation to verify that you purchased an LG-brand washer.

3.   If you have more than one LG-brand Front Load Washer that you purchased between January 1, 2002 and December 31, 2006 for which you are making a claim pursuant to the Settlement, please complete a separate Claim Form for each Washer.

4.   Please check all the boxes or answer all the questions in this claim form.  Failure to provide the information requested could result in your claim being denied.  **Note**: if you registered your Washer in the LG USA Warranty Database at the time of purchase, you are not required to complete Section III of this form.  If you have questions about this form, please visit the website at www._____.com, or contact the Claims Administrator via email: [insert email address] or toll-free at [phone number].

5.   You must sign the Sworn Declaration to confirm that you have provided true, correct and complete information.  Your claim will be denied if you do not complete this step.

6.   You may select either a cash payment of $35 (in the form of a check) or a Washer Rebate Certificate worth $105. You may only select one of these benefits.

7.   Your claim must be submitted on-line or postmarked no later than _____.

## <u>CLAIM FORM REMINDER CHECKLIST</u>

**Before submitting this Claim Form, please make sure you:**

1. Complete the contact information section, providing your name, address, and other contact information.

2. Answer all of the questions in the Washer information section.

3. If you **<u>did not register</u>** your Washer in the LG USA Warranty Database at the time of purchase, include the required documentation with your Claim Form detailed in Section III (a photograph of the Serial Number from the Washer, or a document evidencing proof of purchase). Do not submit original documents.  ***If you registered your Washer in the LG USA Warranty Database at the time of purchase, you are not required to submit documentation with your claim***.

4. Select only one settlement compensation option (either $35 check or $105 Rebate).

5. Sign the declaration section.

**Please keep a copy of your Claim Form and documentation for your records.**

2

<table>
<tr><td>

**Your claim must be postmarked by: xxxx xx, 2016**

</td><td>

**In re LG Front Load Washing Machine Class Action Litigation Settlement Claim Form**

Civil Action No. 08-51(MCA)(LDW)
United States District Court for the District of New Jersey

</td><td>

**LGW-G**

</td></tr>
</table>

## SECTION I:   NAME AND CONTACT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Claims Administrator of any changes to your contact information after the submission of your Claim Form.

**First Name**                    **Last Name**

**Street Address**

**City**                    **State**        **Zip Code**

**Phone Number**                    **E-Mail Address**

## SECTION II:   INFORMATION ABOUT YOUR LG FRONT-LOADING WASHER

| | | |
|---|---|---|
| 1. | Are you a resident of the United States who was the **original** purchaser of an LG front-loading Washer at a retail store between January 1, 2002 and December 31, 2006? | Question 1:<br><br>Yes ◯  No ◯ |
| 2. | Did you purchase your LG front-loading Washer for personal/household use? | Question 2:<br><br>Yes ◯  No ◯ |
| 3. | Do you currently own your LG front-loading Washer? | Question 3:<br><br>Yes ◯  No ◯ |
| 4. | Please select the type of problem that you have experienced with your LG front-loading Washer (select all that apply):<br><br>(1) Odor from rubber<br><br>(2) Odor/accumulation of mildew, bacteria, fungi, mold, or biofilm<br><br>(3) Odor from motor<br><br>(4) Odor from minerals in water | |
| 5. | Has LG USA ever serviced your LG-front-loading Washer to permanently remedy the problem(s) you have identified at no cost to you? | Question 5:<br><br>Yes ◯  No ◯ |

| | | Question 6: |
|---|---|---|
| 6. | Have you received a full refund or a replacement Washer from LG at no cost to you? | Yes ◯   No ◯ |

Provide the **MODEL NUMBER** of your LG front-loading Washer:

Provide the **SERIAL NUMBER** of your LG front-loading Washer:

(Note that the Serial # should be xx digits/characters)

---

## SECTION III:   DOCUMENTATION   (*to be completed only if you did not register the Washer*)

---

If you **are not** a Prequalified Class Member, you must mail together with this Claim Form, one of the following:

- A **photograph** of the Washer's serial number if you still own the Washer; **OR**
- A document evidencing **proof of purchase** of the Washer such as: a credit card receipt, cancelled check, warranty card, invoice/receipt from an authorized LG USA dealer, proof of purchase of an extended warranty, etc.

---

## SECTION IV: SETTLEMENT COMPENSATION SELECTION

---

If your claim is deemed eligible for payment, select which settlement compensation you would like to receive (**Select one**):

☐   **$35 Cash Payment**   In the form of a check   **OR**

☐   **$105 Washer Rebate Certificate**   The Washer Rebate Certificate is redeemable after you purchase a new Washer from an authorized Washer dealer. The Rebate certificate will expire, and must be redeemed by, twelve (12) months from the Effective Date of this Settlement.

---

## SECTION V:  DECLARATION UNDER OATH

---

By signing below, you declare under oath that the information provided in this Claim Form is true, accurate and complete, and that you meet the following definition of the Settlement Class:

I am a resident of the United States who was the **original** purchaser of the Washer identified in this Claim Form, for home and not commercial use, between January 1, 2002 and December 31, 2006.  I am not: (1) LG USA; (2) a retailer who sells Washers, (3) a wholesaler of Washers, (4) the United States government or any agency or instrumentality thereof; and (5) the judge to whom this case is assigned or any member of the judge's immediate family.  I did not purchase the Washer for resale and have not timely requested exclusion from this Settlement.

I declare under oath that the foregoing (including this entire Claim Form) is true, accurate, and complete.

Signature                                                           Date

Print Name

4

**In re LG Front Load Washing Machine Class Action Litigation Settlement**

<u>**Prequalified**</u> **Claim Form Instructions**

Civil Action No. 08-51(MCA)(LDW)

United States District Court for the District of New Jersey

<u>**Instructions for Completing the Enclosed Prequalified Claim Form**</u>

You have been identified as an eligible Class Member because you registered your Washer in the LG USA Warranty Database at the time of purchase.  If you wish to make a claim, you must complete and submit a Claim Form.  You may submit your claim by:

<u>**WEB:**</u>  Visit the Settlement website at: **www._____.com and submit your claim online.**

<u>**MAIL**</u>:  LG USA Front Loading Washing Machines Class Action Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

<u>**FAX**</u>:  (215) XXX-XXX

<u>**Instructions:**</u>

1. If you wish to file a claim online, please visit www._____.com and follow the instructions for submitting your claim.  In Section I of the enclosed Claim Form, you will find your **Prequalified ("PQ") Claim Number** and **Confirmation Code**, which you will need.  Alternatively, if you wish to file a paper claim, please complete this Claim Form and mail or fax it to the address/fax number above.

2. Because you registered your Washer in the LG USA Warranty Database at the time of purchase, you are not required to submit supporting documentation to prove your purchase with your Claim, regardless of which filing method you choose.

3. If the Serial # pre-printed in Section I of this Claim Form is not the Serial # for the Washer that you originally purchased and you wish to file a claim for a different Serial #, you may file a Claim Form by visiting the Settlement website to either (1) file your claim online; or (2) print a blank Claim Form that you can submit by mail or fax.  Alternatively, you can email _____@_____.com or call (xxx) xxx-xxx to request a blank Claim Form.

4. If the pre-printed name in Section I of the Claim Form is not correct (e.g. it is not you, the name is incorrectly spelled, your name has changed, etc.) please indicate the correction in the correction box to the right of the pre-printed name and address in Section I.  If you have changed your name, please provide a copy of your government issued ID demonstrating your updated name. You may be asked to provide additional documentation to explain the name change.

5. If the pre-printed name in Section I of the Claim Form is that of a deceased person, and you are the legal heir/beneficiary, in the correction box to the right of the pre-printed name and address in Section I, please state that the Class member is deceased and provide your full name as the legal heir/beneficiary.  Please provide a copy of the decedent's death certificate.  You may be asked to provide documentation to prove that you are the legal heir/beneficiary.

6. If the pre-printed name in Section I is correct, but your address has changed, please provide your correct address in the correction box to the right of the pre-printed name and address in Section I.

7. If you have more than one LG-brand Front Load Washer that you purchased between January 1, 2002 and December 31, 2006 for which you are making a claim pursuant to the Settlement, please complete a separate Claim Form for each Washer.

8. Please check all the boxes and answer all the questions in this claim form.  Failure to provide the information requested could result in your claim being denied.  If you have questions about completing the Claim Form, please visit the website at www._____.com, or contact the Claims Administrator via email: [insert email address] or toll-free at [phone number].

9. You must sign the Sworn Declaration in Section V of the Claim Form to confirm that you have provided true, accurate, and complete information.  Your claim will be denied if it has not been signed.

10. You must select the settlement compensation of either a cash payment of $35 in the form of a check or a Washer Rebate Certificate worth $105 in Section IV of this Claim Form. You may only select one of these benefits.

11. Your Claim Form must be submitted no later than _____ if submitted via fax or electronically via the Settlement website. If submitted by mail, your submission must be postmarked no later than _____.

## <u>CLAIM FORM REMINDER CHECKLIST</u>

**Before submitting this Claim Form, please make sure you:**

1. Ensure that the name and address pre-printed in Section I of this Claim Form is correct.

2. Answer all of the questions in the Washer information section.

3. Select only one settlement compensation option (either $35 check or $105 Rebate).

4. Sign the declaration section.

**Please keep a copy of your Claim Form and documentation for your records.**

<table>
<tr><td>

**Your claim must be postmarked by: xxxx xx, 2016**

</td><td>

### In re LG Front Load Washing Machine Class Action Litigation Settlement Claim Form

Civil Action No. 08-51(MCA)(LDW)
United States District Court for the District of New Jersey

</td><td>

**LGW-PQ**

</td></tr>
</table>

## SECTION I:   NAME AND CONTACT INFORMATION- <u>PREQUALIFIED</u> CLASS MEMBER

According to our records the information in the LG USA Warranty Database for your Washer is:

| <u>Original Purchaser:</u> | Name/Address Corrections (if any): | <u>Reason(s) for Correction (check all that apply):</u> |
|---|---|---|
| JOHN SMITH 123 MAIN STREET ANYTOWN, ST, 99999 **PQ Claim #**: 1234567 **Confirmation Code**:12345 | | ◯ Misspelled name (no documentation required) ◯ Address Correction (no documentation required) ◯ Deceased (copy of death certificate)* ◯ Name Change (copy of a government issued ID)* |

\* See item #'s 4 – 6 on page 1 ("Instructions") of this Claim Form for documentation requirements.

**MODEL # OF WASHER**: LFX12345ST

**SERIAL # OF WASHER**: 208KR9999999

If this is not the correct Serial #, please visit the Settlement web site at www.____ .com to (1) file your claim online, or (2) print a blank claim form to complete and submit a claim for the correct Serial # instead of using this Claim Form. You may also email _____@____.com to request a blank Claim Form to complete and file it by mail.

## SECTION II:   INFORMATION ABOUT YOUR LG FRONT-LOADING WASHER

| | | |
|---|---|---|
| 1. | Are you a resident of the United States who was the **original** purchaser of an LG front-loading Washer at a retail store between January 1, 2002 and December 31, 2006? | Question 1: Yes ◯  No ◯ |
| 2. | Did you purchase your LG front-loading Washer for personal/household use? | Question 2: Yes ◯  No ◯ |
| 3. | Do you currently own your own LG front-loading Washer? | Question 3: Yes ◯  No ◯ |
| 4. | Please select the type of problem that you have experienced with your LG front-loading Washer (select all that apply): (1) Odor from rubber (2) Odor/accumulation of mildew, bacteria, fungi, mold, or biofilm (3) Odor from motor (4) Odor from minerals in water | |

3

| 5. | Has LG USA ever serviced your LG-front-loading Washer to permanently remedy the problem(s) you have identified at no cost to you? | Question 5:<br><br>Yes ⬭  No ⬭ |
|---|---|---|
| 6. | Have you received a full refund or a replacement Washer from LG at no cost to you? | Question 6:<br><br>Yes ⬭  No ⬭ |

## SECTION III: SETTLEMENT COMPENSATION SELECTION

If your claim is deemed eligible for payment, select which settlement compensation you would like to receive (**Select one**):

☐  **$35 Cash Payment**   In the form of a check   **OR**

☐  **$105 Washer Rebate Certificate**   The Washer Rebate Certificate is redeemable after you purchase a new Washer from an authorized Washer dealer. The Rebate certificate will expire, and must be redeemed by, twelve (12) months from the Effective Date of this Settlement.

## SECTION IV:  DECLARATION UNDER OATH

By signing below, you declare under oath that the information provided in this Claim Form is true, accurate and complete, and that you meet the following definition of the Settlement Class:

I am a resident of the United States who was the **original** purchaser of the Washer identified in this Claim Form, for home and not commercial use, between January 1, 2002 and December 31, 2006.  I am not: (1) LG USA; (2) a retailer who sells Washers, (3) a wholesaler of Washers, (4) the United States government or any agency or instrumentality thereof; and (5) the judge to whom this case is assigned or any member of the judge's immediate family.  I did not purchase the Washer for resale and have not timely requested exclusion from this Settlement.

I declare under oath that the foregoing (including this entire Claim Form) is true, accurate, and complete.

| | |
|---|---|
| Signature | Date |

Print Name

| | |
|---|---|
| Phone Number | E-Mail Address |

4

Exhibit D

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION | Civil Action No. 08-51(MCA)(LDW) |

**ORDER  PRELIMINARILY
CERTIFYING SETTLEMENT CLASSES,
GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT, AND
<u>APPROVING CLASS NOTICE</u>**

THIS MATTER having been opened to the Court by attorneys for Plaintiffs and attorneys for Defendant, by way of their joint motion for preliminary approval of the proposed Settlement in the above Actions;

WHEREAS, the Court having reviewed and considered the joint motion for preliminary approval and supporting materials filed by Settlement Class Counsel and the Company's Counsel, and having also reviewed the extensive Court file in this Action; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

IT IS THIS  ____  day of _____, 2016

ORDERED that the Settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby PRELIMINARILY APPROVED.  The Court further finds and orders as follows.

1.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2.    The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant.

3.      The Settlement was the result of the parties' good-faith negotiations.   The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations with the aid of an experienced mediator and judges.   The Settlement Agreement is not the result of collusion.

4.      The extensive proceedings that occurred before the Parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

5.      The Settlement falls well within the range of reason.   The Settlement has no obvious deficiencies.   The Proposed Settlement does not unreasonably favor the Plaintiffs or any segment of the Settlement Class.

6.      Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

7.      The Court finds, for settlement purposes only, that all requirements of Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied.   The Court certifies a Settlement Class, as follows:

> All residents of the United States who were the original purchasers of one or more LG-brand front-loading washing machines, for home and not commercial use, between January 1, 2002 and December 31, 2006.

Excluded from the Class are: (1) LG USA; (2) retailers, wholesalers, and other individuals or entities that purchased the Washers for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the

judge's immediate family; and (5) Settlement Class Members who timely and validly opt to exclude themselves from the Settlement Class.

8.     The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

(a)     Pursuant to Fed.R.Civ.P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

(b)     Pursuant to Fed.R.Civ.P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class as follows:

i.     Whether the Washing Machines are defective;

ii.     Whether LG knew that the Washing Machines were and are defective;

iii.     Whether LG violated various state consumer protection statutes

iv.     Whether LG breached its warranty and/or extended warranties;

v.     Whether LG breached its implied warranties;

vi.     Whether LG has been unjustly enriched;

vii.     Whether, as a result of LG's conduct, Plaintiffs and the Class have suffered damage.

(c)     Pursuant to Fed.R.Civ.P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Class Representatives allege that they are purchasers, owners and/or users of vehicles with Washers with Mold and/or Odor Problems.   The Court hereby appoints the following Plaintiffs as Class Representatives for the Class: Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill

Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman

(d)     Pursuant to Fed.R.Civ.P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class.   The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

9.     The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

(a)     Questions of law and fact common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

(b)     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10.     The Court finds that the content of the proposed Settlement Notices attached as Exhibits F and G to the Settlement Agreement, including the proposed Summary Notice, a proposed long-form Settlement Notice in the form of Frequently Asked Questions and Answers ("FAQ"), a proposed Publication Notice, and the proposed Claim Forms attached as Exhibit A to the Settlement Agreement, satisfy the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(1), and Due Process and accordingly approves those Settlement Notices and Claim Forms.

11.     This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval.   The Court has reviewed the notices attached as

4

exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances.  The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email.  The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet.  The Court also approves payment of notice costs as provided in the Settlement.  The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(1), and Due Process.

12.     The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints Chimicles & Tikellis, LLP, Carella Byrne Cecchi Olstein Brody & Agnello, P.C., Lieff Cabraser Heimann & Bernstein, LLP, Giskan, Solotaroff, & Anderson, LLP and Shepherd Finkelman Miller & Shah, LLP as Class Counsel for the Settlement Class.

13.     The Court directs that pursuant to Fed.R.Civ.P. 23(e)(2) a hearing will be held on_ _____, to consider final approval of the Settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues:  (a) whether the Subscriber Class and Provider Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of service payments to the

Representative Plaintiffs.  The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Claims Administrator's websites.

14.     Persons wishing to object to the proposed Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

(a)     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Clerk, and must also serve a copy thereof upon the following, by _____:

**<u>Counsel for Plaintiffs</u>**

Steven A. Schwartz
Alison G. Gushue
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Ave.
Haverford, PA 19041

James E. Cecchi
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068

Jonathan D. Selbin
Jason L. Lichtman
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

Oren S. Giskan
GISKAN, SOLOTAROFF, ANDERSEN
  & STEWART, LLP
11 Broadway, Suite 2150
New York, NY 10004

James C. Shah
SHEPHERD, FINKELMAN, MILLER
  & SHAH, LLP
35 East State Street
Media, PA 19063

**<u>Counsel for Defendants</u>**

Scott P. Glauberman
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601

(b)     Any member of the Settlement Class who files and serves a written objection by the deadline stated in Paragraph 22 of this Order containing a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Notice, may appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. Any attorney representing a member of one of the Settlement Class for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

(c)     Any objection to the Settlement must include (i) the Class Member's full name and current address and telephone number; (ii) the serial number of the Washer the Class Member owns or owned; (iii) a description of all of the Class Member's objections, the specific reasons therefore, and any and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; and (iv) the Class Member's signature.

15.     Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expense request in this or any other proceeding.

16.     The Court appoints Angeion Group as the Independent Claims Administrator ("ICA").  Class Counsel are hereby authorized to retain the ICA to supervise and administer the notice procedure as well as the processing of Claims.   Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a)     Not later than thirty (30) days after entry of this Order (the "Notice Date"), the ICA shall cause copies of the Summary Notice, substantially in the form attached hereto as Exhibit 1 to be mailed by first-class mail to all Class Members whose last-known mailing address is available, as further detailed in the Settlement Agreement;

(b)     Not later than the date Summary Notice is mailed, the ICA shall launch its Settlement Website, as further detailed in the Settlement Agreement;

(c)     Within seven (7) days after Summary Notice is mailed, the ICA shall send an electronic copy of the Summary notice to all Class Members for whom an email address is available, as further detailed in the Settlement Agreement;

(d)     Within seven (7) days after Summary Notice is mailed, the ICA shall cause to be published the Publication Notice in print and online, as further detailed in the proposed notice plan; and

(e)     Within forty-five (45) days after entry of this Order, the ICA shall file with the Court a declaration of compliance with the notice requirements.

17.     **Participation in Settlement** – Class Members who wish to participate in the Settlement and receive a distribution from the proceeds of the Settlement Fund must complete and submit a Claim Form, electronically or in paper copy, in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or

submitted online no later than one hundred and twenty (120) calendar days after the Notice Date. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

18.     Each Claim Form that is submitted must satisfy the following conditions:  (a) it must be properly completed, attested, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation, if documentation is required under the terms of the Settlement Agreement; and (c) it must be attested to under penalty of perjury.

19.     Any Class Member that does not submit a timely and valid Claim Form, or whose Claim is not otherwise approved by the Court:  (a) shall be deemed to have waived his, her, or its right to share in the Settlement; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement, and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any and all of the Releasees as more fully described  in  the Settlement Agreement.

20.     Members of either Settlement Class who elect not to participate in the Settlement (*i.e.*, "opt-out") must submit a written request for exclusion that is postmarked no later than sixty (60) days after the mailing of the Summary Notice.   The ICA shall compile a list of all Opt-Outs to be filed with the Court no later than the Fairness Hearing.

21.     Any member of the Settlement Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Settlement Class and shall be

bound by all the terms and provisions of the Settlement Agreement and the Settlement, including

the Release, and Order of Final Judgment.  The Court shall resolve any disputes concerning the

Opt-Out provisions of the Settlement Agreement.

22.     The following are the deadlines for the following events:

| **EVENT** | **DATE** |
|---|---|
| Summary Notice<br>Mailed and Settlement Website Created | Within 30 days after this Order |
| Publication Notice | Within 7 days after Summary Notice |
| Affidavit of Compliance with Notice Requirements | Within 45 days after this Order |
| Filing Motion for Attorney Fees,<br>Service Awards and Reimbursement of Expenses | Within 60 days after this Order |
| Postmark/Filing Deadline for Requests for Exclusions,<br>and Objections | Within 90 days after this Order |
| Service/Filing Notice of Appearance at Fairness Hearing | Within 95 days after this Order |
| Filing Reply to Objections to Settlement and/or<br>Attorneys' Fees and Expenses | Within 110 days after this Order |
| Filing Motion for Final Approval<br>To be Filed by Class Counsel | Within 120 days after this Order |
| Fairness Hearing | _____ |

23.     To the extent not otherwise defined herein, all defined terms in this order shall

have the meaning assigned in the Settlement Agreement.

24.     In the event that the Settlement does not become effective for any reason, this

Preliminary Approval Order and Judgment shall be rendered null and shall be vacated, and all

orders entered and released delivered in connection herewith shall be null and void to the extent

provided by and in accordance with the Agreement.  If the Settlement does not become effective,

the Company and any other Released Persons shall have retained any and all of their current

defenses and arguments thereto (including but not limited to arguments that the requirements of Fed.R.Civ.P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These actions shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

25. All other proceedings in the Actions are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement. No discovery with regarding to any of these Actions, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, all Settlement Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims.

26. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

_____

MADELINE COX ARLEO, U.S.D.J.

Exhibit E

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT – PREQUALIFIED CLASS MEMBER**
In re LG Front-Loading Washing Machine Class Action Litigation, Case Civil Action No. 08-51(MCA)(LDW)
United States District Court for the District of New Jersey

A Settlement has been reached in a class action lawsuit that claims LG-brand front-loading washing machines ("Washers") had an undisclosed propensity to develop a Mold and/or Odor Problem. LG denies it did anything wrong. The Court has not decided who is right.

**Who is Included?**  You are included if you are a resident of the United States who was the original purchaser of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006.  **You are receiving this Notice because you were identified as a "Prequalified" Class member, meaning that you have been identified by serial number as having purchased an eligible LG USA Front Load Washing Machine ("Washer") in LG USA's databases.**

**What are the Settlement Benefits?**  Under the proposed settlement, if you actually experienced a Mold and/or Odor Problem, you may be entitled to compensation in the form of either (1) a cash payment of thirty-five dollars ($35.00) in the form of a check, or (2) a Washer Rebate Certificate worth one hundred and five dollars ($105.00), redeemable after you purchase a new Washer from an authorized Washer retailer.  Visit the settlement website, www._____.com, to read more about the Settlement or call toll free 1-XXX-XXX-XXXX.

**Do I have to submit a Claim?**  In order to receive settlement compensation, you must submit a completed Claim Form by _____.  To submit a claim, visit the settlement website, www._____.com. **You will need the "Pre-Qualified Claim #" and "Confirmation Code" printed on the other side of this postcard**.  If you do not wish to file a Claim Form online, a Claim Form and instructions are available for download on the settlement website, or by calling toll free 1- XXX-XXX-XXXX.

**What are my other rights?**  If you wish to be excluded from the settlement class, you must submit a written exclusion request by _____.  If you submit a Claim Form or do nothing, you will be bound by the settlement terms and the orders issued by the Court concerning the settlement.  If you do not exclude yourself, you may still object to the settlement terms by submitting a written objection by _____.  For information concerning how to request exclusion or how to object, go to www.  .com or call toll free 1- XXX-XXX-XXXX.

**When is the Court's Fairness Hearing?**  The Court will hold a hearing on _____  to consider whether to approve the settlement, and to further consider requests by the plaintiffs' attorneys for attorneys' fees and expenses and for incentive awards for the individual plaintiffs.  The date and/or time of the hearing may change. Please check www._____.com for updates.

**How do I get more information?  THIS IS ONLY A SUMMARY.**  For more information regarding your rights and options, go to www.____.com. You may also call toll-free 1-XXX-XXX-XXXX, or write to: LG USA Front-Loading Washing Machine Settlement ICA, 1801 Market Street, Suite 660, Philadelphia, PA 19103.

**Please retain this postcard for your records. It contains your Pre-Qualified Claim # and Confirmation Code on the other side of this postcard.**

¿Preguntas? Llame 1-XXX-XXX-XXXX o visite **www._____.com**

**LG Front-Loading Washing Machine Settlement ICA**
1801 Market Street, Suite 660
Philadelphia, PA 19103


**Pre-Qualified Claim #:**  PQ1234567
**Confirmation Code:**  208KR9999999


[BAR CODE PQ CLAIM NUMBER]
JOHN Q CLASSMEMBER
123 MAIN ST.
ANYTOWN, ST 12345
[POSTAL BAR CODE]

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

In re LG Front Loading Washing Machine Class Action Litigation, Case Civil Action No. 08-51(MCA)(LDW)

United States District Court for the District of New Jersey

A Settlement has been reached in a class action lawsuit that claims LG-brand front-loading washing machines ("Washers") had an undisclosed propensity to develop a Mold and/or Odor Problem. LG denies it did anything wrong. The Court has not decided who is right.

**Who is Included?**  You are included if you are a resident of the United States who was the original purchaser of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006.

**What are the Settlement Benefits?**  Under the proposed settlement, if you actually experienced a Mold and/or Odor Problem, you may be entitled to compensation in the form of either (1) a cash payment of thirty-five dollars ($35.00) in the form of a check, or (2) a Washer Rebate Certificate worth one hundred and five dollars ($105.00), redeemable after you purchase a new Washer from an authorized Washer retailer.  Visit the settlement website, www._____.com, to read more about your potential eligibility for such compensation or call toll free 1-XXX-XXX-XXXX.

**Do I have to submit a Claim?**  In order to receive settlement compensation, you must submit a completed Claim Form by _____. To submit a claim online, visit the settlement website, www._____.com. If you do not wish to file a Claim Form online, a Claim Form and instructions are available for download on the settlement website, or by calling toll free 1-XXX-XXX-XXXX.

**What are my other rights?**  If you wish to be excluded from the settlement class, you must submit a written exclusion request by _____.  If you submit a Claim Form or do nothing, you will be bound by the settlement terms and the orders issued by the Court concerning the settlement.  If you do not exclude yourself, you may still object to the settlement terms by submitting a written objection by _____.  For information concerning how to request exclusion or how to object, go to www.___.com or call toll free 1- XXX-XXX-XXXX.

**When is the Court's Fairness Hearing?**  The Court will hold a hearing on _____ to consider whether to approve the settlement, and to further consider requests by the plaintiffs' attorneys for attorneys' fees and expenses and for incentive awards for the individual plaintiffs.  The date and/or time of the hearing may change. Please check www._____.com for updates.

**How do I get more information?  THIS IS ONLY A SUMMARY**.  For more information regarding your rights and options, go to www.___.com. You may also call toll-free 1-XXX-XXX-XXXX, or write to: LG USA Front-Loading Washing Machine Settlement ICA, 1801 Market Street, Suite 660, Philadelphia, PA 19103.

**Please retain this postcard for your records. It contains your Control # on the other side of this postcard.**

**¿Preguntas? Llame 1-XXX-XXX-XXXX o visite www._____.com**

**LG Front-Loading Washing Machine Settlement ICA**
1801 Market Street, Suite 660
Philadelphia, PA 19103


**CONTROL#:**   LG1234567

[BAR CODE CONTROL NUMBER]
JOHN Q CLASSMEMBER
123 MAIN ST.
ANYTOWN, ST 12345
[POSTAL BAR CODE]

Exhibit F

[Name]
[Street 1]
[Street 2]
[City, State Zip]

**Prequalified Claim #:** PQ1234567
**Confirmation Code:** 208KR9999999

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT – PREQUALIFIED CLASS MEMBER**
In re LG Front-Loading Washing Machine Class Action Litigation, Case Civil Action No. 08-51(MCA)(LDW)
United States District Court for the District of New Jersey

A Settlement has been reached in a class action lawsuit that claims LG-brand front-loading washing machines ("Washers") had an undisclosed propensity to develop a Mold and/or Odor Problem. LG denies it did anything wrong. The Court has not decided who is right.

**Who is Included?**  You are included if you are a resident of the United States who was the original purchaser of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006.  **You are receiving this Notice because you were identified as a "Prequalified" Class member, meaning that you have been identified by serial number as having purchased an eligible LG USA Front Load Washing Machine ("Washer") in LG USA's databases.**

**What are the Settlement Benefits?**  Under the proposed settlement, if you actually experienced a Mold and/or Odor Problem, you may be entitled to compensation in the form of either (1) a cash payment of thirty-five dollars ($35.00) in the form of a check, or (2) a Washer Rebate Certificate worth one hundred and five dollars ($105.00), redeemable after you purchase a new Washer from an authorized Washer retailer.  Visit the settlement website, www._____.com, to read more about your potential eligibility for such compensation or call toll free 1-XXX-XXX-XXXX.

**Do I have to submit a Claim?**  In order to receive settlement compensation, you must submit a completed Claim Form by _____.  To submit a claim online, visit the settlement website, www._____.com. **You will need your "Prequalified Claim #" and "Confirmation Code"**.  Please follow the instructions on the website to file your claim.  If you do not wish to file a Claim Form online, a Claim Form and instructions are available for download on the settlement website, or by calling toll free 1- XXX-XXX-XXXX.

**What are my other rights?**  If you wish to be excluded from the settlement class, you must submit a written exclusion request by _____.  If you submit a Claim Form or do nothing, you will be bound by the settlement terms and the orders issued by the Court concerning the settlement.  If you do not exclude yourself, you may still object to the settlement terms by submitting a written objection by _____.  For information concerning how to request exclusion or how to object, go to www.___.com or call toll free 1- XXX-XXX-XXXX.  You cannot request exclusion from the class or object to the settlement by email, phone or fax.  Your request for exclusion or objection must be in writing.

**When is the Court's Fairness Hearing?**  The Court will hold a hearing on _____ to consider whether to approve the settlement, and to further consider requests by the plaintiffs' attorneys for attorneys' fees and expenses and for incentive awards for the individual plaintiffs.  The date and/or time of the hearing may change. Please check www._____.com for updates.

**How do I get more information?  THIS IS ONLY A SUMMARY**. For more information regarding your rights and options, go to www._____.com. You may also contact the Class Action Administrator by calling toll-free 1-XXX-XXX-XXXX, or by writing to: LG USA Front-Loading Washing Machines Settlement ICA, 1801 Market Street, Suite 660, Philadelphia, PA 19103.

**Please retain this email for your records. It contains your Prequalified Claim # and Confirmation Code.**

**¿Preguntas? Llame 1-XXX-XXX-XXXX o visite www._____com**

**[Name]**
**[Street 1]**
**[Street 2]**
**[City, State Zip]**

**CONTROL #:**  LG1234567

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
In re LG Front-Loading Washing Machine Class Action Litigation, Case Civil Action No. 08-51(MCA)(LDW)
United States District Court for the District of New Jersey

A Settlement has been reached in a class action lawsuit that claims LG-brand front-loading washing machines ("Washers") had an undisclosed propensity to develop a Mold and/or Odor Problem. LG denies it did anything wrong. The Court has not decided who is right.

**Who is Included?**  You are included if you are a resident of the United States who was the original purchaser of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006.

**What are the Settlement Benefits?**  Under the proposed settlement, if you actually experienced a Mold and/or Odor Problem, you may be entitled to compensation in the form of either (1) a cash payment of thirty-five dollars ($35.00) in the form of a check, or (2) a Washer Rebate Certificate worth one hundred and five dollars ($105.00), redeemable after you purchase a new Washer from an authorized Washer retailer.  Visit the settlement website, www._____.com, to read more about your potential eligibility for such compensation or call toll free 1-XXX-XXX-XXXX.

**Do I have to submit a Claim?**  In order to receive settlement compensation, you must submit a completed Claim Form by _____.  To submit a claim online, visit the settlement website, www._____.com. If you do not wish to file a Claim Form online, a Claim Form and instructions are available for download on the settlement website, or by calling toll free 1-XXX-XXX-XXXX.

**What are my other rights?**  If you wish to be excluded from the settlement class, you must submit a written exclusion request by _____.  If you submit a Claim Form or do nothing, you will be bound by the settlement terms and the orders issued by the Court concerning the settlement.  If you do not exclude yourself, you may still object to the settlement terms by submitting a written objection by _____.  For information concerning how to request exclusion or how to object, go to www._____.com or call toll free 1- XXX-XXX-XXXX.  You cannot request exclusion from the class or object to the settlement by email, phone or fax.  Your request for exclusion or objection must be in writing.

**When is the Court's Fairness Hearing?**  The Court will hold a hearing on _____ to consider whether to approve the settlement, and to further consider requests by the plaintiffs' attorneys for attorneys' fees and expenses and for incentive awards for the individual plaintiffs.  The date and/or time of the hearing may change. Please check www._____.com for updates.

**How do I get more information?  THIS IS ONLY A SUMMARY**. For more information regarding your rights and options, go to www._____.com. You may also call toll-free 1-XXX-XXX-XXXX, or write to: LG USA Front-Loading Washing Machine Settlement ICA, 1801 Market Street, Suite 660, Philadelphia, PA 19103.

**Please retain this email for your records. It contains your Control #.**

**¿Preguntas? Llame 1-XXX-XXX-XXXX o visite www._____.com**

Exhibit G

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re LG Front-Loading Washing Machine Class Action Litigation*, Case Civil Action No. 08-51(MCA)(LDW)
United States District Court for the District of New Jersey

A settlement has been reached in a class action lawsuit that claims LG Front-Loading Washing Machines ("Washers") had an undisclosed propensity to develop a Mold and/or Odor Problem.  Defendant denies all wrongdoing or liability of any kind. The Court has not decided who is right.

### WHO IS INCLUDED?

You are included if you are a resident of the United States who was the original purchaser of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006.

### WHAT CAN YOU GET?

Under the proposed settlement, if you actually experienced a Mold and/or Odor Problem, you may be entitled to compensation in the form of either (1) a cash payment of thirty-five dollars ($35.00) in the form of a check, or (2) a Washer Rebate Certificate worth one hundred and five dollars ($105.00), redeemable after you purchase a new Washer from an authorized Washer retailer.  Visit the settlement website, www. .com, to read more about your potential eligibility for such compensation or call toll free 1-XXX-XXX-XXXX.

### DO I HAVE TO SUBMIT A CLAIM?

In order to be eligible to receive settlement compensation, you must submit a completed Claim Form by _____.  To submit a claim online, visit the settlement website, www. .com. The Claim Form is also available for download on the settlement website, or by calling toll free 1-XXX-XXX-XXXX.

### YOUR OTHER RIGHTS

If you wish to be excluded from the settlement class, you must submit a written exclusion request by ____.  If you submit a Claim Form or do nothing, you will be bound by the settlement terms and the orders issued by the Court concerning the settlement.  If you do not exclude yourself from the settlement class, you may still object to the settlement terms by submitting a written objection by _____.  For information concerning how, where and in what form to submit a written exclusion request or objection, go to www. .com.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing on _____ to consider whether to approve the settlement, and to further consider requests by the plaintiffs' attorneys for attorneys' fees and expenses and for incentive awards for the individual plaintiffs.  The date and/or time of the hearing may change. Please check www. .com for updates.

### FOR ADDITIONAL INFORMATION ABOUT THE SETTLEMENT

**THIS IS ONLY A SUMMARY**. For more information regarding your rights and options, you can visit the Settlement website: www. .com. You may also call toll-free 1-XXX-XXX-XXXX, or write to: LG USA Front-Loading Washing Machines ICA, 1801 Market Street, Suite 660, Philadelphia, PA 19103.

**For a copy of the Settlement Agreement or Claim Form, visit www._____.com or call toll-free (XXX) XXX-XXXX.**

**¿Preguntas? Llame 1-XXX-XXX-XXXX o visite www._____.com**

Exhibit H

# LG Front-Loading Washing Machine Class Action Litigation
# Frequently Asked Questions

Civil Action No. 08-51(MCA)(LDW)
United States District Court for the District of New Jersey

---

A class action lawsuit is pending in the U.S. District Court for the District of New Jersey before the Honorable Madeline C. Arleo, entitled *LG Front-Loading Washing Machine Class Action Litigation*, Civil Action No. 08-51(MCA)(LDW). The Parties have proposed to settle the Litigation. You may be a Settlement Class Member. The Proposed Settlement may affect your legal rights. You have a number of options, which are explained in greater detail below.

---

**1. What is this Lawsuit about?**

The lawsuit claims that certain LG front-loading washing machines ("Washers") had an undisclosed propensity to develop a Mold and/or Odor Problem. LG denies the claims. The parties have entered into the proposed settlement to avoid the risks and costs of further litigation.

---

**2. What is a class action?**

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on behalf of other people who have similar claims. The people together are "Class Members" or "Settlement Class Members". The persons who sued—and all of the Settlement Class Members like them—are called the Plaintiffs. The individual, and/or company they sued (in this case LG Electronics USA, Inc. or "LG USA") is called the Defendant. One Court resolves the issues for everyone in the Settlement Class—except for those people who choose to exclude themselves from the Settlement Class. Judge Madeline C. Arleo of the United States District Court for the District of New Jersey is in charge of this case and certified the lawsuit as a class action for settlement purposes only.

---

**3. How do I know if I am part of the Settlement Class?**

The Settlement Class means all residents of the United States who were the original purchasers of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006. Excluded from the Class are: (1) LG USA; (2) retailers, wholesalers, and other individuals or entities that purchased the Washers for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) Settlement Class Members who timely and validly opt to exclude themselves from the Settlement Class.

---

**4. What does the Settlement provide?**

Class Members who file valid, timely Claims are entitled to choose one of the following settlement benefits:

- $35 Cash Payment in the form of a check; <u>OR</u>

- $105 Washer Rebate Certificate. The Washer Rebate Certificate is redeemable after you purchase a new Washer from an authorized Washer dealer after the Effective Date of this Settlement. The Washer Rebate Certificate will expire, and must be redeemed by, twelve (12) months from the Effective Date of this Settlement.

---

### 5. How do I receive a settlement benefit? – Filing a Claim

In order to receive settlement compensation, you must submit a completed Claim Form.  To submit a claim online, please visit the settlement website:  www.____.com or by calling toll-free 1-XXX-XXX-XXXX. If you do not wish to file a Claim Form online, a Claim Form and instructions can also be downloaded from the settlement website. Your Claim Form must be submitted no later than _____ if submitted via fax or electronically via the Settlement website. If submitted by mail, your submission must be postmarked no later than _____.

---

### 6. Do I have to submit documentation with my Claim Form?

If you are not a Prequalified Class Member, you must submit together with your Claim Form, one of the following:

- A photograph of the Washer's serial number if you still own the Washer; OR
- A document evidencing proof of purchase of the Washer such as: a credit card receipt, cancelled check, warranty card, invoice/receipt from an authorized LG USA dealer, proof of purchase of an extended warranty, etc.

Prequalified Class Members are not required to submit supporting documentation to prove their purchase because they have been identified in LG's databases as having purchased a Washer.

---

### 7. What is a Prequalified Class Member?

Settlement Class Members who can be identified in LG USA's databases by serial number as having purchased an eligible LG USA Front-Loading Washing Machine.

---

### 8. I received a Postcard Notice regarding this Settlement in the mail with a Prequalified Claim # and Confirmation Code printed above my name and address – what do I need to do?

If your Postcard Notice has a "Prequalified Claim #" and "Confirmation Code" printed above your name and address on the front of the Postcard, you have been identified as a Prequalified Class Member. Prequalified Class Members are not required to submit supporting documentation to prove their purchase. Prequalified Class Members who wish to participate in the settlement may file a claim by any of these methods:

**ONLINE:**    Visit the Settlement website at: www.____.com and submit your claim online.  Click on the "File a Claim" link and you will be guided through the claim filing process.  Be sure to have your Prequalified Claim # and Confirmation Code from your postcard when filing online – you will be asked to provide that information to simplify the process.

**PAPER:**    Visit the Settlement website at www.____ .com, email ___@___.com, or call toll free (XXX) XXX-XXXX to obtain a Claim Form.  Then complete the claim form, and mail it to:

> LG USA Front-Loading Washing Machine Settlement ICA
> 1801 Market Street, Suite 660
> Philadelphia, PA 19103

> or fax  it to: (215) XXX-XXX

---

**9. I received a Postcard Notice regarding this Settlement in the mail with a CONTROL # printed above my name and address – what do I need to do?**

If you wish to participate in the settlement and submit a claim, you may file a claim by any of these methods:

**ONLINE:**    Visit the Settlement website at: www.___.com and submit your claim online.  Click on the "File a Claim" link and you will be guided through the claim filing process.

**PAPER:**    Visit the Settlement website at www.____ .com, email ___@___.com, or call toll free (XXX) XXX-XXXX to obtain a Claim Form.  Then complete the claim form, and mail it to:

> LG USA Front-Loading Washing Machine Settlement ICA
> 1801 Market Street, Suite 660
> Philadelphia, PA 19103

> or fax  it to: (215) XXX-XXX

---

**10. I saw a Notice in a magazine or online regarding this Settlement – what do I need to do?**

If you wish to participate in the settlement and submit a claim, you may file a claim by any of these methods:

**ONLINE:**    Visit the Settlement website at: www.___.com and submit your claim online.  Click on the "File a Claim" link and you will be guided through the claim filing process.

**PAPER:**    Visit the Settlement website at www.____ .com, email ___@___.com, or call toll free (XXX) XXX-XXXX to obtain a Claim Form.  Then complete the claim form, and mail it to:

> LG USA Front-Loading Washing Machine Settlement ICA
> 1801 Market Street, Suite 660
> Philadelphia, PA 19103

> or fax  it to: (215) XXX-XXX

---

**11. What if I do not want to participate in this Settlement?**

All Class Members shall have the right to exclude themselves or opt out of the Settlement Class at any time during the opt-out period. The postmark deadline to opt out of the Settlement is _____.

Any Class Member who wishes to opt out of the Class may do so by mailing a letter to the Independent Claims Administrator ("ICA"). The opt out request must include: (i) Your name and address; (ii) The date of purchase of your Washer; (iii) A statement clearly indicating that your intention to opt out of the *LG Front-Loading Washing Machine Class Action Litigation,* Civil Action No. 08-51(MCA)(LDW); and (iv) Your signature.

Mail your opt out request to the ICA at the address below postmarked no later than _____:

LG USA Front-Loading Washing Machine Settlement ICA
ATTN: Opt Out Requests
1801 Market Street, Suite 660
Philadelphia, PA 19103

Any Class Member who elects to opt out of the Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, this Agreement; (iii) shall not gain any rights by virtue of this Agreement; and (iv) shall not be entitled to object to any aspect of this Agreement.

Any Class Member who has opted out and wishes to revoke his or her request for exclusion may do so by mailing a letter stating clearly the desire to revoke the previous request for exclusion to the ICA before the _____ opt out deadline.

---

**12. How do I tell the Court if I do not like the Settlement?**

Class Members may serve written objections to the Settlement, or to Class Counsel's application for Attorneys' Fees and Expenses.

The objection must include (i) the Class Member's full name and current address and telephone number; (ii) the serial number of the Washer the Class Member owns or owned (or, for Prequalified Class members, their unique identification number); (iii) a description of all of the Class Member's objections, the specific reasons therefore, and any and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; and (iv) the Class Member's signature. Class Members submitting objections who wish to appear either personally or through counsel at the Fairness Hearing and present their objections to the Court orally must include a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Notice. Only Class Members who specify in their objections that they intend to appear personally or through counsel at the Fairness Hearing will have the right to present their objections orally at the Fairness Hearing. Settlement Class Members who do not submit timely written objections will not be permitted to present their objections at the Fairness Hearing.

To be considered, any such objection must be mailed to the Clerk of the Court, with copies to Class Counsel and counsel for LG USA not later than _____ (*i.e.*, must be either received by the Clerk or be postmarked no later than _____).

| Court | Class Counsel | Class Counsel |
|---|---|---|
|  |  |  |

| United States District Court for the District of New Jersey [insert address] | Steven A. Schwartz Alison G. Gushue CHIMICLES & TIKELLIS LLP One Haverford Centre 361 W. Lancaster Ave. Haverford, PA 19041 | James E. Cecchi CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C. 5 Becker Farm Road Roseland, NJ 07068 |
|---|---|---|
| **Class Counsel** | **Class Counsel** | **Class Counsel** |
| Jonathan D. Selbin Jason L. Lichtman LIEFF CABRASER HEIMANN & BERNSTEIN, LLP 250 Hudson Street, 8th Floor New York, NY 10013 | Oren S. Giskan GISKAN, SOLOTAROFF, ANDERSEN & STEWART, LLP 11 Broadway, Suite 2150 New York, NY 10004 | James C. Shah SHEPHERD, FINKELMAN, MILLER & SHAH, LLP 35 East State Street Media, PA 19063 |
| **Defense Counsel** | **Defense Counsel** | |
| Scott Glauberman Winston & Strawn LLP 35 W. Wacker Drive Chicago, IL 60601-9703 | James Richter Winston & Strawn LLP One Riverfront Plaza, Suite 730 Newark, NJ 07102-5401 | |

**13. When and where will the Court determine whether to approve the Settlement?**

The Court entered an order preliminarily approving the Settlement Agreement on _____.  The Court will hold a Final Approval Hearing at _____ a.m./p.m. on _____, at the United States District Court, District of New Jersey, Courtroom ____, _____.

**14. What if the proposed Settlement is not approved?**

If the proposed Settlement is not granted final approval, then the proposed Settlement will not become effective and will be voided, the Litigation will proceed without further notice, and none of the agreements set forth in the Notice will be valid or enforceable.

**15. Do I have a lawyer in the case?**

Yes.  The Court has appointed these lawyers and firms as "Class Counsel," meaning that they were appointed to represent all Class Members: Steven A. Schwartz and Alison G. Gushue of Chimicles & Tikellis, LLP; James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; Jonathan D. Selbin and Jason L. Lichtman of Lieff, Cabraser, Heimann & Bernstein, LLP; Oren S. Giskan of Giskan, Solotaroff, Andersen & Stewart, LLP; & James C. Shah of Shepherd, Finkelman, Miller & Shah, LLP.

You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**16. How do I get more information about the Settlement?**

The official terms of the proposed Settlement are in the settlement agreement. A copy of the settlement agreement, as well as other court documents and important deadline dates are located on the settlement website:  www.____.com.  If you have any questions regarding the settlement or the submission of the Claim Form, contact the ICA at:

Email:  [insert email address]

Phone: 1-XXX-XXX-XXXX

Mail: LG USA Front-Loading Washing Machine Settlement ICA
1801 Market Street, Suite 660
Philadelphia, PA 19103