Exhibit D

# Chimicles & Tikellis LLP

## Attorneys At Law

HAVERFORD, PA

361 West Lancaster Avenue
Haverford, PA 19041
Voice: 610-642-8500
Toll Free: 866-399-2487

WILMINGTON, DE

P.O. Box 1035
222 Delaware Avenue
Suite 1100
Wilmington, DE 19899
Voice: 302-656-2500
Fax: 302-656-9053

**3**    OUR ATTORNEYS

*Partners*

    **3**    Nicholas E. Chimicles

    **5**    Pamela S. Tikellis

    **7**    Robert J. Kriner, Jr.

    **8**    Steven A. Schwartz

    **11**    Kimberly Donaldson Smith

    **12**    Timothy N. Mathews

    **14**    A. Zachary Naylor

    **15**    Benjamin F. Johns

    **17**    Scott M. Tucker

*Of Counsel/Senior Counsel*

    **18**    Anthony Allen Geyelin

    **19**    David M. Maser

    **20**    Catherine Pratsinakis

    **22**    Christina Donato Saler

*Associates*

    **23**    Vera G. Belger

    **24**    Tiffany J. Cramer

    **25**    Andrew W. Ferich

    **26**    Alison G. Gushue

    **27**    Stephanie E. Saunders

**28**    PRACTICE AREAS

**31**    REPRESENTATIVE CASES

# Our Attorneys-Partners

**Practice Areas:**

- Antitrust
- Automobile Defects and False Advertising
- Corporate Mismanagement & Shareholder Derivative Action
- Defective Products and Consumer Protection
- Mergers & Acquisitions
- Non-Listed REITs
- Other Complex Litigation
- Securities Fraud

**Education:**

- University of Virginia School of Law, J.D., 1973
- University of Virginia Law Review; co-author of a course and study guide entitled "Student's Course Outline on Securities Regulation," published by the University of Virginia School of Law
- University of Pennsylvania, B.A., 1970

**Memberships & Associations:**

- Supreme Court of Pennsylvania Disciplinary Board Hearing Committee Member, 2008-2014.
- Past President of the National Association of Securities and Commercial Law Attorneys based in Washington, D.C., 1999-2001
- Chairman of the Public Affairs Committee of the American Hellenic Institute, Washington, D.C.
- Member of the Boards of Directors of Opera Philadelphia, Pennsylvanians for Modern Courts, and the Public Interest Law Center of Philadelphia.

**Admissions:**

- Supreme Court of Pennsylvania
- United States Supreme Court
- Second Circuit Court of Appeals
- Third Circuit Court of Appeals

# NICHOLAS E. CHIMICLES



Mr. Chimicles has been lead counsel and lead trial counsel in major complex litigation, antitrust, securities fraud and breach of fiduciary duty suits for over 40 years. Representative Cases include:

⇒ *W2007 Grace Acquisition I, Inc., Preferred Stockholder Litigation,* Civ. No. 2:13-cv-2777, involved various violations of contractual, fiduciary and corporate statutory duties by defendants who engaged in various related-party transactions, wrongfully withheld dividends and financial information, and failed to timely hold an annual preferred stockholder meeting. This litigation resulted in a swift settlement valued at over $76 million after ten months of hard-fought litigation.

⇒ *Lockabey v. American Honda Motor Co.,* Case No. 37-2010-87755 (Superior Ct., San Diego). A settlement valued at over $170 million resolved a consumer action involving false advertising claims relating to the sale of Honda Civic Hybrid vehicles as well as claims relating to a software update to the integrated motor assist battery system of the HCH vehicles. As a lead counsel, Mr. Chimicles led a case that, in the court's view, was "difficult and risky" and provided "significant public value."

⇒ *City of St. Clair Shores General Employees Retirement System, et al. v. Inland Western Retail Real Estate Trust, Inc.,* Case No. 07 C 6174 (N.D. Ill.). A $90 million settlement was reached in 2010 in this class action challenging the accuracy of a proxy statement that sought (and received) stockholder approval of the merger of an external advisor and property managers by a multi-billion dollar real estate investment trust, Inland Western Retail Real Estate, Inc. The settlement provided that the owners of the advisor/property manager entities (who are also officers and/or directors of Inland Western) had to return nearly 25% of the Inland Western stock they received in the merger.

⇒ *In re Real Estate Associates Limited Partnerships Litigation*, No. CV 98-7035 DDP, was tried in the federal district court in Los Angeles before the Honorable Dean D. Pregerson. Mr. Chimicles was lead trial counsel for the Class of investors in this six-week jury trial of a securities fraud/breach of fiduciary duty case that resulted in a $185 million verdict in late 2002 in favor of the Class (comprising investors in the eight REAL Partnerships) and against the REALs'

- Fourth Circuit Court of Appeals
- Sixth Circuit Court of Appeals
- Ninth Circuit Court of Appeals
- Tenth Circuit Court of Appeals
- Eleventh Circuit Court of Appeals
- Court of Appeals for the D.C. Circuit
- Eastern District of Pennsylvania
- Eastern District of Michigan
- Northern District of Illinois
- District of Colorado
- Eastern District of Wisconsin
- Court of Federal Claims
- Southern District of New York

**Honors:**

- Ellis Island Medal of Honor in May 2004, in recognition of his professional achievements and history of charitable contributions to educational, cultural and religious organizations.
- Pennsylvania and Philadelphia SuperLawyers, 2006-present.
- AV® rated by Martindale-Hubbell

managing general partner, National Partnership Investments Company ("NAPICO") and the four individual officers and directors of NAPICO. The verdict included an award of $92.5 million in punitive damages against NAPICO. This total verdict of $185 million was among the "Top 10 Verdicts of 2002," as reported by the National Law Journal (verdictsearch.com).  On post-trial motions, the Court upheld in all respects the jury's verdict on liability, upheld in full the jury's award of $92.5 million in compensatory damages, upheld the Class's entitlement to punitive damages (but reduced those damages to $2.6 million based on the application of California law to NAPICO's financial condition), and awarded an additional $25 million in pre-judgment interest. Based on the Court's decisions on the post-trial motions, the judgment entered in favor of the Class on April 28, 2003 totaled over $120 million.

⇒ *CNL Hotels & Resorts, Inc. Securities Litigation*, Case No. 6:04-cv-1231 (M.D. Fla., Orl. Div. 2006).  The case settled Sections 11 and 12 claims for $35 million in cash and Section 14 proxy claims by significantly reducing the merger consideration by nearly $225 million (from $300 million to $73 million) that CNL paid for internalizing its advisor/manager.

⇒ *Prudential Limited Partnerships Litigation*, MDL 1005 (S.D.N.Y.). Mr. Chimicles was a member of the Executive Committee in this case where the Class recovered from Prudential and other defendants $130 million in settlements, that were approved in 1995. The Class comprised limited partners in dozens of public limited partnerships that were marketed by Prudential.

⇒ *PaineWebber Limited Partnerships Litigation*, 94 Civ. 8547 (S.D.N.Y.). Mr. Chimicles was Chairman of the Plaintiffs' Executive Committee representing limited partners who had invested in more than 65 limited partnerships that PaineWebber organized and/or marketed. The litigation was settled for a total of $200 million, comprising $125 million in cash and $75 million in additional benefits resulting from restructurings and fee concessions and waivers.

⇒ *In Re Phoenix Leasing Incorporated Limited Partnership Litigation*, Superior Court of the State of California, County of Marin, Case No. 173739. In February 2002, the Superior Court of Marin County, California, approved the settlement of this case which involved five public partnerships sponsored by Phoenix Leasing Incorporated and its affiliates and resulting in entry of a judgment in favor of the class in the amount of $21 million.

⇒ *Continental Illinois Corporation Securities Litigation*, Civil Action No. 82 C 4712 (N.D. Ill.) involving a twenty-week jury trial in which Mr. Chimicles was lead trial counsel for the Class that concluded in July, 1987 (the Class ultimately recovered nearly $40 million).

# PAMELA S. TIKELLIS

**Practice areas:**

- Antitrust
- Corporate Mismanagement & Shareholder Derivative Action
- Mergers & Acquisitions
- Other Complex Litigation
- Securities Fraud

**Education:**

- Widener University School of Law, J.D., 1982
- Delaware Journal of Corporate Law, Managing Editor
- Graduate Faculty of the New School for Social Research, Master's in Psychology, 1976
- Manhattanville College, B.S., 1974

**Memberships and Associations:**

- Delaware Bar Association
- American Bar Association (Litigation and Business Sections)

**Admissions:**

- Delaware
- District of Delaware
- Third Circuit Court of Appeals

**Honors:**

- 1994–2012 Member of the Board of Bar Examiners of the Supreme Court of the State of Delaware, Chair from 2010-2012
- Historical Society of the Court of Chancery by Order of the Delaware Supreme Court, Director and Officer
- The Delaware Bar Admission Study Committee by Order of the Delaware Supreme Court, Member
- 1989-1992 Delaware Bar Association Ethics Committee, Chairman
- 2011 through Present – Chambers USA, Ranked As Leading Individual
- 2012 through Present – Best Lawyers



Pamela S. Tikellis is a name partner and member of the Firm's Executive Committee. Upon graduating from law school, Ms. Tikellis served as a law clerk in the nationally recognized Court of Chancery in Wilmington, Delaware. Before joining the Firm, Ms. Tikellis engaged in significant shareholder litigation practice. In 1987, she opened the Delaware office of the Firm, where she is a resident.

Ms. Tikellis served as Co-Lead Counsel in the class action challenging the $21 billion management-led buyout of Kinder Morgan, Inc. *In re Kinder Morgan, Inc. Shareholders Litigation*, Consol. C.A. No. 06-C-801 (Kan.). That action resulted in the creation of a $200 million settlement fund the largest common fund in a merger and acquisition settlement. She served as Lead Counsel in the class action challenging Roche Holding's buyout of Genentech, Inc., *In re Genentech, Inc. Shareholders Litigation*, Civil Action No. 3911-VCS. The litigation was settled shortly after the Court of Chancery held a hearing on Plaintiffs' motion for a preliminary injunction and prior to the closing of a transaction. The settlement provided for, among other things, the additional $4 billion in consideration paid to the minority shareholders in the transaction.

Additionally, she was Co-Lead Counsel in the successful class action litigation *In re J.Crew Group, Inc. Shareholder Litigation*, (C.A. No. 6043-CS; Court of Chancery). In that case, she obtained $16 million in settlement funds for the class of J.Crew stockholders and structural provisions to remedy a flawed sales process for J Crew Group.

Ms. Tikellis served as Co-Lead Counsel in the Court of Chancery derivative litigation arising from Barnes & Noble, Inc.'s acquisition of Barnes & Noble College Booksellers, Inc., *In re Barnes & Noble Stockholder Derivative Litigation*, Civil Action No. 4813-CS. The case settled for nearly $30 million.

From 2011-2014, Ms. Tikellis served as Co-Lead Counsel in the Court of Chancery derivative litigation *City of Roseville Employees Retirement System, et. al. v Lawrence J. Ellison, et. al.*, C.A. No. 6900-CS. This action arose out of Oracle Corporations acquisition of Pillar Data Systems, Inc. and alleged that the acquisition of Pillar was unfair to Oracle to Ellison's benefit. The Court approved the settlement of this case in August, 2014, resulting in Mr. Ellison's agreeing to return 95% of the amount Oracle pays for Pillar back to Oracle. The settlement created a benefit for Oracle and its shareholders valued at $440 million and is one of the larger derivative settlements in the history of the Court of Chancery.

- 2007 through Present – Named Delaware Super Lawyer
- Member, Richard S. Rodney Inn of Court
- Martindale Hubbell – AV rated

From 2012-2015, Ms. Tikellis served as Co-Lead Counsel in *In re Freeport-McMoran Copper & Gold Inc*, C.A. No. 8145-VN, a derivative action arising out of Freeport-McMoran Copper & Gold Inc.'s agreement to acquire Plains Exploration Production Co. and McMoran Exploration Production Co. The Court approved the settlement of this case in April, 2015, resulting in a dividend to be paid to Freeport stockholders, a credit redeemable by Freeport for financial advisory assignments, and other corporate governance enhancements. The settlement created a benefit for Freeport and its shareholders valued at nearly $154 million and is one of the largest stockholder derivative settlements and also believed to be the first to ensure the benefits of such a settlement flow to stockholders in the form of a cash dividend.

Additionally, Ms. Tikellis is co-lead counsel in a derivative action captioned *In re Sanchez Energy Derivative Litigation*, C.A. No. 9132-VCG (Del. Ch.) pending in the Court of Chancery of the State of Delaware. The action alleges wrongdoing by the directors of Sanchez Energy Corporation for causing the Company to acquire assets in the Tuscaloosa Marine Shale from Sanchez Resources LLC, an entity affiliated with Sanchez Energy's CEO, Tony Sanchez, III, and Executive Chairman Tony Sanchez, JR. at a grossly excessive price and at the expense of Sanchez Energy.

Named repeatedly in Chambers and Partners as a Leading Individual, Ms. Tikellis is "a seasoned plaintiff-side chancery practitioner. She has significant expertise in securities fraud, antitrust and other complex litigation."

# ROBERT J. KRINER, JR.

**Practice Areas:**

- Corporate Mismanagement & Shareholder Derivative Action

- Mergers & Acquisitions

**Education:**

- Delaware Law School of Widener University, J.D., 1988

- University of Delaware, B.S. Chemistry, 1983

**Memberships:**

- Delaware State Bar Association

**Admissions:**

- Supreme Court of Delaware



Robert K. Kriner, Jr. is a Partner in the Firm's Wilmington, Delaware office. From 1988 to 1989, Mr. Kriner served as law clerk to the Honorable James L. Latchum, Senior Judge of the United States District Court for the District of Delaware.  Following his clerkship and until joining the Firm, Mr. Kriner was an associate with a major Wilmington, Delaware law firm, practicing in the areas of corporate and general litigation.

Following his clerkship and until joining the Firm, Mr. Kriner was an associate with a major Wilmington, Delaware law firm, practicing in the areas of corporate and general litigation.

Mr. Kriner has prosecuted actions, including class and derivative actions, on behalf of stockholders, limited partners and other investors with claims relating to mergers and acquisitions, hostile acquisition proposals, the enforcement of fiduciary duties, the election of directors, and the enforcement of statutory rights of investors such as the right to inspect books and records. Among his recent achievements are Sample v. Morgan, C.A. No. 1214-VCS (obtaining full recovery for shareholders diluted by an issuance of stock to management), In re Genentech, Inc. Shareholders Litigation, Consolidated C.A. No. 3911-VCS (leading to a nearly $4 billion increase in the price paid to the Genentech stockholders) and In re Kinder Morgan, Inc. Shareholders Litigation, Consolidated Case No. 06-C-801 (action challenging the management led buyout of Kinder Morgan, settled for $200 million).

Recently, Mr. Kriner led the prosecution of a derivative action in the Delaware Court of Chancery by stockholders of Bank of America Corporation relating to the January 2009 acquisition of Merrill Lynch & Co. In re Bank of America Corporation Stockholder Derivative Litigation, C.A. No. 4307-CS. The derivative action concluded in a settlement which included a $62.5 million payment to Bank of America.

# Steven A. Schwartz

**Practice Areas:**

- Antitrust
- Corporate Mismanagement & Shareholder Derivative Action
- Defective Products and Consumer Protection
- Other Complex Litigation
- Securities Fraud

**Education:**

- Duke University School of Law, J.D., 1987
- ◊ Law & Contemporary Problems Journal, Senior Editor
- University of Pennsylvania, B.A., 1984 - *cum laude*

**Memberships & Associations:**

- National Association of Shareholder and Consumer Attorneys (NASCAT) Executive Committee Member
- American Bar Association
- Pennsylvania Bar Association

**Admissions:**

- United States Supreme Court
- Pennsylvania Supreme Court
- Third Circuit Court of Appeals
- Sixth Circuit Court of Appeals
- Eighth Circuit Court of Appeals
- Ninth Circuit Court of Appeals
- Eastern District of Pennsylvania
- Western District of Pennsylvania
- Eastern District of Michigan
- District of Colorado

**Honors:**

- AV Rating from Martindale Hubbell
- Pennsylvania Super Lawyer



Steven A. Schwartz, has prosecuted complex class actions in a wide variety of contexts. Notably, Mr. Schwartz has been successful in obtaining several settlements where class members received a full recovery on their damages. Representative cases include:

⇒ In re Apple iPhone/iPod Warranty Litigation, No. CV-10-01610 (N. D. Cal.). Plaintiffs alleged that Apple improperly denied warranty coverage for iPhone and iPod Touch devices based on external "Liquid Submersion Indicators" (LSIs), which are small paper-and-ink laminates, akin to litmus paper, which are designed to turn red upon exposure to liquid. Apple placed the external LSIs in the headphone jack and/or dock connector of certain iPhone and iPod Touch devices and denied warranty coverage if an external LSI had turned pink or red. Apple agreed to pay $53 million to settle the case. The Court approved the national settlement, and eligible Settlement Class Members received checks representing approximately 117 percent of their damages.

⇒ *International Fibercom*, No. 03-2161 (D. Ariz.). Mr. Schwartz was lead counsel in prosecuting several related actions in the United States District Court for the District of Arizona and New Jersey state court seeking to recover damages for an individual client who sold his closely-held wireless connectivity company to International Fibercom, Inc.("IFC") for $8 million in IFC stock that proved to be worthless due to alleged securities fraud. After extensive litigation, Mr. Schwartz secured an $8 million judgment against IFC's CEO, CFO and COO and collected over $6 million of that judgment from IFC's primary and excess D&O insurers even though those insures had denied coverage under their policies.

⇒ Wong v. T-Mobile, No. 05-cv-73922-NGE-VMM (E.D. Mich.). This case involved allegations that T-Mobile overcharged its subscribers by billing them for services for which they had already paid a flat rate monthly fee to receive unlimited access. The parties reached a settlement requiring T-Mobile to refund class members with a 100% net recovery of the overcharges, with all counsel fees and expenses to be paid by T-Mobile in addition to the class members' recovery.

⇒ Shared Medical Systems 1998 Incentive Compensation Plan Litig., March Term 2003, No. 0885 (Phila. C.C.P.). This case was brought on behalf of employees of Defendant Siemens who had their incentive compensation reduced by 30%, even though they had earned the full amount of their incentive compensation based on the targets, goals and quotas in their incentive compensation plans. After securing national class certification and summary

judgment as to liability, on the eve of trial, Mr. Schwartz negotiated a net recovery for class members of the full amount that their incentive compensation was reduced, with all counsel fees and expenses in addition to class members' recovery.  In approving the settlement, Judge Bernstein noted that it "...should restore anyone's faith in class action[s]..."

⇒ In re Pennsylvania Baycol: Third-Party Payor Litig., September Term 2001, No. 001874 (Phila. C.C.P.) This case was bought by various Health and Welfare Funds in connection with the withdrawal by Bayer of its anti-cholesterol drug Baycol.  After the court certified a nationwide class of third-party payors and granted plaintiffs' motion for summary judgment as to liability, the parties reached a settlement providing class members with a net recovery that approximated the maximum damages (including pre-judgment interest) suffered by class members. That settlement represented three times the net recovery of Bayer's voluntary claims process (which was accepted by various large insurers like AETNA and CIGNA).

⇒ In re Certainteed Corp. Roofing Shingle Products Liability Litigation, No, 07-MDL-1817-LP (E.D. Pa.).  Mr. Schwartz served as Chair of Plaintiffs' Discovery Committee. That case alleged that CertainTeed sold defective shingles. The parties reached a settlement which was approved and valued by the Court at between $687 to $815 million.

⇒ In re DVI, Inc. Securities Litigation, No. 2:03-CV-05674-LDD (E.D. Pa.). Mr. Schwartz served as Plaintiffs' Liaison Counsel in a securities fraud case with total settlements of almost $24 million, which represent a significant percentage of class members' provable damages and included substantial cash payments from the assets of several individual defendants above any payments from their D&O insurers.

⇒ In re Colonial BankGroup, Inc., No. 2:09-cv-104 (M.D. Ala.).   Mr. Schwartz helped achieve over $18 million in settlements for shareholders in this securities lawsuit involving one of the largest bank failures.

⇒ Wolens, et al. v. American Airlines, Inc. Mr. Schwartz served as plaintiffs' co-lead counsel.  Plaintiffs alleged that American Airlines breached its AAdvantage frequent flyer program contracts when it retroactively increased the number of frequent flyer miles needed to claim travel awards. In a landmark decision, the United States Supreme Court held that plaintiffs' claims were not preempted by the Federal Aviation Act. 513 U.S. 219 (1995). The parties reached a settlement in which American agreed to provide class members with mileage certificates that represented the full extent of their alleged damages, which the Court valued, after retaining its own valuation expert, at between $95.6 million and $141.6 million.

⇒ In Re Coin Fund Litigation, (Superior Court of the State of California for the County of Los Angeles).  Mr. Schwartz served as plaintiffs' co

-lead counsel and successfully obtained a settlement from defendant Merrill Lynch in excess of $35 million on behalf of limited partners, which represented a 100% net recovery of their initial investments.

$\Rightarrow$ Nelson v. Nationwide, March Term 1997, No. 045335 (Phila. C.C.P.).  Mr. Schwartz served as lead counsel on behalf of a certified class of Pennsylvania physicians and chiropractors who were not paid by Nationwide Mutual Insurance Company for physical therapy/physical medicine services provided to its insureds. After securing judgment as to liability from the Philadelphia Court of Common Pleas and Pennsylvania Superior Court, Mr. Schwartz negotiated as settlement whereby Nationwide agreed to pay class members approximately 130% of their bills.

# Kimberly  Donaldson Smith

**Practice Areas:**

- Securities Fraud
- Non-Listed REITs
- Corporate Mismanagement & Shareholder Derivative Action
- Mergers & Acquisitions

**Education:**

- Villanova University School of Law, J.D., 1999 - *cum laude*
- Boston University, B.A. Political Science, 1996
-

**Memberships & Associations:**

- Pennsylvania Bar Association
- Villanova Law School Alumni Association

**Admissions:**

- Pennsylvania Supreme Court
- New Jersey Supreme Court
- Third Circuit Court of Appeals
- District of New Jersey
- Eastern District of Pennsylvania

**Honors:**

- Pennsylvania SuperLawyer: 2013, 2014
- Named Pennsylvania Rising Star by Super Lawyers: 2006-2012
- Sutton Who's Who in American Law



Kimberly Donaldson Smith is a partner in the Firm's Haverford Office. Kimberly has been counseling clients and prosecuting cases on complex issues involving securities, business transactions and other class actions for over 15 years.

Kimberly concentrates her practice in sophisticated securities class action litigation in federal courts throughout the country, and has served as lead or co-lead counsel in over a dozen class actions. She is very active in investigating and initiating securities and shareholder class actions.

Kimberly is currently prosecuting federal securities claims on behalf of investors in numerous cases. Kimberly was instrumental in the outstanding settlements achieved for the investors in: *W2007 Grace Acquisition I, Inc., Preferred Stockholder Litigation,* Civ. No. 2:13-cv-2777 (W.D. Tenn.)(a settlement valued at over $76 million for current and former W2007 Grace preferred stockholders); *In re Empire State Realty Trust, Inc. Investor Litigation*, Case 650607/2012, NY Supreme Court (a $55,000,000 cash settlement fund and $100 million tax savings for the Empire investors); *CNL Hotels & Resorts Inc. Federal Securities Litigation*, Case No. 04-cv-1231 (M.D. Fla.)(a $35,000,000 cash settlement fund and a $225 million savings for the CNL shareholders); *Inland Western Retail Real Estate Trust, Inc., et al. Litigation*, Case 07 C 6174 (U.S.D.C. N.D. Ill) (a $90 million savings for the Inland shareholders subjected to a self-dealing transaction); and *Wells REIT Securities Litigation*, Case 1:07-cv-00862/1:07-cv-02660 (U.S.D.C. N.D. GA)(a $7 million cash settlement fund for the Wells REIT investors).

Notably, Kimberly was an integral member of the trial team that successfully litigated *the In re Real Estate Associates Limited Partnership Litigation*, No. CV 98-7035 DDP (CD. Cal.) through a six-week jury trial that resulted in a landmark $184 million plaintiffs' verdict, which is one of the largest jury verdicts since the passage of the Private Securities Litigation Reform Act of 1995. The Real Estate Associates judgment was settled for $83 million, which represented full recovery for the Class (and an amount in excess of the damages calculated by Plaintiffs' expert).

Kimberly's pro bono activities include serving as a volunteer attorney with the Support Center for Child Advocates, a Philadelphia-based, nonprofit organization that provides legal and social services to abused and neglected children. Since 2006, Kimberly has been recognized by Law & Politics and the publishers of Philadelphia Magazine as a Pennsylvania Super Lawyer or Rising Star, as listed in the Super Lawyers' publications.

**Practice Areas:**

- Antitrust
- Corporate Mismanagement & Shareholder Derivative Action
- Defective Products & Consumer Protection
- Securities Fraud

**Education:**

- Rutgers School of Law-Camden, J.D., 2003 - *with High Honors*
- Rutgers University-Camden, B.A., 2000 - *with Highest Honors*

**Memberships & Associations:**

- National Association of Shareholder and Consumer Attorneys (NASCAT) Amicus Committee Member
- Rutgers Journal of Law & Religion – Lead Marketing Editor (2002-2003)

**Admissions:**

- Pennsylvania
- New Jersey
- Eastern District of Pennsylvania
- District of New Jersey
- United States Court of Appeals for the Third Circuit
- United States Court of Appeals for the Fourth Circuit
- United States Court of Appeals for the Ninth Circuit
- United States Court of Appeals for the Eleventh Circuit

**Honors:**

- Pennsylvania Super Lawyers Rising Star 2008, 2010, 2013, 2014
- Rutgers Law Legal Writing Award 2003

# Timothy N. Mathews



Tim Mathews is a partner in the firm's Haverford, PA office.  He has helped recover hundreds of millions of dollars for plaintiffs in federal and state courts across the country.  Mr. Mathews' practice covers a broad array of subject matters, including securities, consumer protection, tax refund, shareholder derivative, insurance, and ERISA litigation.  Mr. Mathews is also an experienced appellate attorney in the United States Courts of Appeals for the Third, Fourth, Ninth, and Eleventh Circuits, as well as the Supreme Court of California.  He serves on the Amicus Committee for the National Association of Shareholder and Consumer Attorneys (NASCAT).

Mr. Mathews graduated from Rutgers School of Law-Camden with high honors, where he served as Lead Marketing Editor for the Rutgers Journal of Law & Religion, served as a teaching assistant for the Legal Research and Writing Program, received the 1L legal Writing Award, and received a Dean's Merit Scholarship and the Hamerling Merit Scholarship.  He received his B.A. from Rutgers University-Camden in 2000 with highest honors, where he was inducted into the Athenaeum honor society.

Immediately after law school, Mr. Mathews cut his teeth on one of the largest scandals ever to rock the mutual fund industry, the market timing and late trading scandal of 2003.  Filed just weeks after Mr. Mathews took the bar exam, by the end of this massive, multidistrict litigation Mr. Mathews had become among the most prominent attorneys involved, including arguing an appeal before the United States Court of Appeals for the Fourth Circuit.  The litigation involved eighteen mutual fund families and hundreds of parties, and resulted in numerous published decisions and settlements totaling over $250 million.

Among his recent achievements, Mr. Mathews is court-appointed co-lead counsel in the In re Apple iPhone/iPod Warranty Litigation, in which Plaintiffs recovered $53 million for consumers who were denied warranty coverage by Apple based on so-called liquid indicators, which are small pieces of paper, akin to litmus paper, installed in the headphone jack and/or charging port of certain iPhone and iPod touch devices. The average payment to Settlement Class Members was approximately $241 per iPhone/iPod touch, which represented about 117% of the replacement costs for those devices.

Mr. Mathews has been selected as a Rising Star by Pennsylvania Super Lawyers on numerous occasions.  His pro bono work has included representation of the Holmesburg Fish and Game Protective Association in Philadelphia. He is also a member of the Delaware County Field and Stream Association, and he enjoys boating, surfing, and sporting clays in his spare time.  He lives in Wynnewood, PA, with his wife and two children.

A few other representative actions in which Mr. Mathews holds a lead role include:

⇒ *Rodman v. Safeway* – Mr. Mathews is court-appointed co-lead counsel in this pending class action in the Northern District of California brought against Safeway, Inc. The lawsuit alleges that beginning in 2010 Safeway secretly began marking up the prices of groceries delivered through Safeway.com, Genuardis.com, and Vons.com in violation of its terms and conditions. The Court granted summary judgment in Plaintiff's favor in December 2014, holding that Class members are entitled to recover the full value of the markups from 2010 to present.

⇒ *In re Colonial Bancgroup, Inc.* – Mr. Mathews helped achieve a $10.5 million settlement for shareholders in this securities lawsuit involving one of the largest U.S. bank failures of all time.  Claims against the bank's underwriters and accountants are still pending.

⇒ *California Tax Refund Actions – (Ardon v. City of Los Angeles, McWilliams v. Long Beach,* and *Granados v. County of Los Angeles*) – Mr. Mathews has a lead role in these three pending cases seeking refunds of telephone user's taxes that were improperly collected by the City of Los Angeles, the County of Los Angeles, and the City of Long Beach.  In 2011 and 2013, plaintiffs won two landmark appeals in the Supreme Court of California which establish the rights of taxpayers to file class action tax refund claims under the Government Code.

⇒ *Chambers v. Whirlpool Corp., et al.* – Mr. Mathews has a lead role in this litigation involving alleged defects in Whirlpool, Kenmore, and Kitchenaid dishwashers which cause the control board to catch fire, presenting serious risk of fire and injury.  At least 20 million machines are impacted by the alleged defect.  The case has been the subject of several news stories, available at: www.kitchenaidfire.com.

⇒ *International Fibercom* – D&O Insurance Actions – Mr. Mathews had a central role in prosecuting several related actions in the United States District Court for the District of Arizona seeking to recover a securities fraud judgment from several Director's and Officer's Liability insurers. C&T achieved a nearly full recovery on behalf of its client.

**Practice Areas:**

- Antitrust

- Corporate Mismanagement and Shareholder Derivative Litigation

- Mergers and Acquisitions

**Education:**

- Widener University School of Law, J.D., 2003 - *magna cum laude*

- 2002-2003 Managing Editor of the *Delaware Journal of Corporate Law*

- University of Delaware, B.A. in Economics and Political Science, 2000

- Salesianum School, 1997

**Memberships & Associations:**

- Delaware State Bar Association

**Admissions:**

- Supreme Court of Delaware (2003)

- District of Delaware (2004)

- Third Circuit Court of Appeals (2005)

**Honors:**

- 2002-2003 Wolcott Law Clerk to the Honorable Joseph T. Walsh of the Supreme Court of Delaware.

- 2003 Russell R. Levin Memorial Award for outstanding service and dedication to the *Delaware Journal of Corporate Law*

# A. Zachary Naylor



Zach Naylor is a partner in the Firm's Wilmington Office. A Delaware native, his practice focuses on shareholder litigation in the Delaware Court of Chancery. Mr. Naylor began his career with Chimicles & Tikellis as a summer associate in 2002 and joined the Firm as an associate in 2003.

Since joining the Firm, Mr. Naylor has participated in many successful actions led by Chimicles & Tikellis challenging mergers and acquisitions and corporate mismanagement. Among his recent achievements are *In re Genentech, Inc. Shareholder Litig.*, C.A. No. 3911-VCS (Del. Ch.) (obtaining substantial increase in consideration paid by controlling stockholder for minority shares); *SEPTA v. Josey*, C.A. No. 5427-VCP (Del. Ch.) (resulting in, among other things, a complete elimination in the termination fee established in the merger agreement); and *Sample v. Morgan*, C.A. No. 1214-VCS (Del. Ch.) (obtaining full recovery for shareholders diluted by an issuance of stock to management).

Significantly, Zach was recently part of the lead team in *In re Freeport McMoRan Copper & Gold, Inc. Derivative Litig.*, C.A. No. 8145-VCN (Del. Ch.) which produced an unprecedented result in a stockholder derivative action including a $147.5 million dividend to be paid to Freeport's shareholders and substantial corporate governance and other benefits.

Mr. Naylor also practices regularly in the United States District Court for the District of Delaware. As liaison counsel in *In re TriCor Indirect Purchaser Antitrust Litigation*, he was part of the team that obtained a $65.7 million fund for consumers and third-party payors. He is also Delaware liaison counsel in *In re Wilmington Trust Securities Litigation*, C.A. no. 10-cv-990-SLR (U.S. Dist. Ct. Del.) which alleges reckless failure of a banking institution that had been one of Delaware's most respected corporations for generations.  Its failure and subsequent take-under cost investors much of their value.

**Practice Areas:**

- Antitrust
- Automobile Defects and False Advertising
- Defective Products and Consumer Protection
- Other Complex Litigation
- Securities Fraud

**Education:**

- Penn State Dickinson School of Law, J.D., 2005 - Woolsack Honor Society
- Penn State Harrisburg, M.B.A., 2004 - Beta Gamma Sigma Honor Society
- Washington and Lee University, B.S., 2002 - *cum laude*

**Memberships & Associations:**

- Executive Committee, Young Lawyers Division of the Philadelphia Bar Association
- Board Member, The Dickinson School of Law Alumni Society
- Editorial Board, Philadelphia Bar Reporter from 2013-16
- Member, Washington and Lee Alumni Admissions Program

**Admissions:**

- Third Circuit Court of Appeals
- D.C. Circuit Court of Appeals
- Eastern District of Pennsylvania
- Middle District of Pennsylvania
- District of New Jersey
- District of Colorado
- U.S. Court of Federal Claims

**Honors:**

- Named a "Lawyer on the Fast Track" by The Legal Intelligencer
- Named a Pennsylvania "Rising Star" in 2010, 2011, 2012, 2013, 2014
- Recognized as a "Top 40 Under 40" lawyer by The National Trial Lawyers

# Benjamin F. Johns



Benjamin F. Johns first began working at the firm as a Summer Associate while pursuing a J.D./M.B.A. joint degree program in business school and law school. He became a full-time Associate upon graduation, and is now a Partner. Over the course of his legal career, Ben has argued in the United States Court of Appeals for the District of Columbia Circuit, before the Judicial Panel for Multidistrict Litigation, and in other state and federal district courts across the country. He has argued and briefed dispositive motions to dismiss, for class certification and for summary judgment. He has also deposed prison guards, lawyers, bankers, engineers, I.R.S. officials, information technology personnel, and other witnesses.

Specifically, he has provided substantial assistance in the prosecution of the following cases:

⇒ *In re Checking Account Overdraft Litig.,* No. 1:09-MD-02036-JLK (S.D. Fla.). (Ben is actively involved in these Multidistrict Litigation proceedings, which involve allegations that dozens of banks reorder and manipulate the posting order of debit transactions. Settlements collectively in excess of $1 billion have been reached with several banks. Ben was actively involved in prosecuting the actions against U.S. Bank ($55 million settlement) and Comerica Bank ($14.5 million settlement).

⇒ *In re Flonase Antitrust Litig.,* 2:08-cv-03301-AB (E.D. Pa.). (indirect purchaser plaintiffs alleged that the manufacturer of Flonase (a nasal allergy spray) filed "sham" citizen petitions with the FDA in order to delay the approval of less expensive generic versions of the drug. A $46 million settlement was reached on behalf of all indirect purchasers. Ben argued a motion before the District Court.).

⇒ *In re TriCor Indirect Purchasers Antitrust Litig.,* No. 05-360-SLR (D. Del.). ($65.7 million settlement on behalf of indirect purchasers who claimed that the manufacturers of a cholesterol drug engaged in anticompetitive conduct designed to keep generic versions off of the market.)

⇒ *Physicians of Winter Haven LLC, d/b/a Day Surgery Center v. STERIS Corporation,* No. 1:10-cv-00264-CAB (N.D. Ohio). ($20 million settlement on behalf of hospitals and surgery centers that purchased a sterilization device that allegedly did not receive the required pre-sale authorization from the FDA.)

⇒ *West v. ExamSoft Worldwide, Inc.*, No. 14-cv-22950-UU (S.D. Fla.) ($2.1 million settlement on behalf of July 2014 bar exam applicants in several states who paid to use software for the written portion of the exam which allegedly failed to function properly).

⇒ *Henderson, v. Volvo Cars of North America, LLC,* No. 2:09-cv-04146-CCC-JAD (D. N.J.). (provided substantial assistance in this consumer automobile case that settled after the plaintiffs prevailed, in large part, on a motion to dismiss).

⇒ *In re Marine Hose Antitrust Litig.,* No. 08-MDL-1888 (S.D. Fla.) (Settlements totaling nearly $32 million on behalf of purchasers of

marine hose.)

⇒ *In re Philips/Magnavox Television Litig.,* No. 2:09-cv-03072-CCC-JAD (D. N.J.).  (Settlement in excess of $4 million on behalf of consumers whose flat screen televisions failed due to an alleged design defect.  Ben argued against one of the motions to dismiss.)

⇒ *Allison, et al. v. The GEO Group*, No. 2:08-cv-467-JD (E.D. Pa.), and *Kurian v. County of Lancaster*, No. 2:07-cv-03482-PD (E.D. Pa.).  (Settlements totaling $5.4 million in two civil rights class action lawsuits involving allegedly unconstitutional strip searches at prisons).

⇒ *In re Recoton Sec. Litig.*, 6:03-cv-00734-JA-KRS (M.D.Fla.).  ($3 million settlement for alleged violations of the Securities Exchange Act of 1934)

⇒ *Smith v. Gaiam, Inc.*, No. 09-cv-02545-WYD-BNB (D. Colo.). (Obtained a settlement in this consumer fraud case that provided full recovery to approximately 930,000 class members.)

Ben has also had success at the appellate level in cases to which he substantially contributed.  *See Cohen v. United States*, 578 F.3d 1 (D.C. Cir. 2009), *reh'g granted per curiam*, 599 F.3d 652 (D.C. Cir. 2010), *remanded by*, 650 F.3d 717 (D.C. Cir. 2011) (en banc) (reversing district court's decision to the extent that it dismissed taxpayers' claims under the Administrative Procedure Act); *Lone Star Nat'l Bank, N.A. v. Heartland Payment Sys.*, No. 12-20648, 2013 U.S. App. LEXIS 18283 (5th Cir. Sept. 3, 2013) (reversing district court's decision dismissing financial institutions' common law tort claims against a credit card processor).

Ben was elected to and served a three year term on the Executive Committee of the Philadelphia Bar Association's Young Lawyers Division (2011-2014). He also served on the Editorial Board of the Philadelphia Bar Reporter, and is presently on the Board of Directors for the Dickinson School of Law Alumni Society. Ben was also a head coach in the Narberth basketball summer league for several years.  He has been published in the Philadelphia Lawyer magazine and the Philadelphia Bar Reporter, presented a Continuing Legal Education course to fellow lawyers, and spoken to a class of law school students about the practice.  While in college, Ben was on the varsity basketball team and spent a semester studying abroad in Osaka, Japan. Ben has been named a "Lawyer on the Fast Track" by The Legal Intelligencer, a "Top 40 Under 40" attorney by The National Trial Lawyers, and a Pennsylvania "Rising Star" for the past five years.

**Practice areas:**

- Corporate Mismanagement and Shareholder Derivative Actions

- Mergers and Acquisitions

**Education:**

- SUNY Cortland, B.S., 2002, *cum laude*

- Syracuse University College of Law, 2006, J.D., *cum laude*

- Whitman School of Management at Syracuse University, 2006, M.B.A

**Memberships and Associations:**

- Board of Bar Examiners of the Supreme Court of the State of Delaware, Assistant Secretary

**Admissions:**

- Supreme Court of Delaware

- Supreme Court of Connecticut

- District of Delaware

- Third Circuit Court of Appeals

# Scott M. Tucker



Scott M. Tucker is a Partner in the Firm's Wilmington Office. Mr. Tucker is a member of the Firm's Mergers & Acquisitions and Corporate Mismanagement and Shareholder Derivative Action practice areas. Together with the Firm's Partners, Mr. Tucker assisted in the prosecution of the following actions:

⇒ *In re Kinder Morgan, Inc. Shareholders Litigation, Consol. C.A. No. 06-C-801 (Kan.)* (action challenging the management led buyout of Kinder Morgan Inc., which settled for $200 million).

⇒ *J.Crew Group, Inc., et al. v. New Orleans Employees' Retirement System, et al., C.A. No. 6479-VCS (Del. Ch.)* (action that challenged the fairness of a going private acquisition of J.Crew by TPG and members of J.Crew's management which resulted in a settlement fund of $16 million and structural changes to the go-shop process, including an extension of the go-shop process, elimination of the buyer's informational and matching rights and requirement that the transaction to be approved by a majority of the unaffiliated shareholders).

⇒ *In re Genentech, Inc. Shareholder Litigation, C.A. No. 3911-VCS (Del. Ch.)* (action challenging the attempt by Genentech's controlling stockholder to take Genentech private which resulted in a $4 billion increase in the offer).

⇒ *City of Roseville Employees' Retirement System, et al. v. Ellison, et al., C.A. No. 6900-VCP (Del. Ch.)* (action challenging the acquisition by Oracle Corporation of Pillar Data Systems, Inc., a company majority-owned and controlled by Larry Ellison, the Chief Executive Officer and controlling shareholder of Oracle, which led to a settlement valued at $440 million, one of the larger derivative settlements in the history of the Court of Chancery).

Mr. Tucker is the Assistant Secretary of the Board of Bar Examiners of the Supreme Court of the State of Delaware and a member of the Richard K. Hermann Technology Inn of Court. While attending law school, Mr. Tucker was a member of the Securities Arbitration Clinic and received a Corporate Counsel Certificate from the Center for Law and Business Enterprise.

# Our Attorneys-Of Counsel

**Practice Areas:**

- Antitrust
- Automotive Defects and False Advertising
- Defective Products and Consumer Protection
- Other Complex Litigation

**Education:**

- Villanova Law School, J.D. - *cum laude*
- ◊ *Villanova Law Review*, Associate Editor
- ◊ *Villanova Moot Court Board*
- ◊ Obert Corporation Law Prize
- University of Virginia, B.A., English literature

**Memberships & Associations:**

- Pennsylvania Bar Association
- Passe´ International

**Admissions:**

- Pennsylvania
- Eastern District of Pennsylvania
- Federal Circuit

# Anthony Allen Geyelin



Tony is of Counsel to the firm at the Haverford office, where for the last decade he has used his extensive private and public sector corporate and regulatory experience to assist the firm in the effective representation of its many clients. Tony has previously worked as an associate in the business department of a major Philadelphia law firm; served as Chief Counsel and then Acting Insurance Commissioner with the Pennsylvania Insurance Department in Harrisburg; and represented publicly traded insurance companies based in Pennsylvania and Georgia as their senior vice president, general counsel and corporate secretary.

Tony has represented the firm's clients in a number of significant litigations, including the AHERF, Air Cargo, Certainteed, Cipro, Clear Channel, Del Monte, Honda Hybrid Vehicles, Insurance Brokers, iPhone LDI, Intel, Marine Hoses, Phoenix Leasing, and Reliance Insolvency matters.

Outside of the office Tony's pro bono, professional and charitable activities have included volunteering as a Federal Public Defender; service as a member and officer of White-Williams Scholars, the Schuylkill Canal Association, and the First Monday Business Club of Philadelphia; and serving as a member of the National Association of Insurance Commissioners and the Radnor Township (PA) Planning Commission.

# David M. Maser

**Education:**

- Temple University School of Law, J.D., 1995
- Pennsylvania State University, B.S., Marketing, 1992

**Memberships & Associations:**

- Member, Board of Governors, Pennsylvania State System of Higher Education (PASSHE)
- Founding Board Member, Secretary and Spokesman of the Garces Foundation
- Founding Board Member & Treasurer of Keystone Weekend
- Secretary of Board, Second Chance Foundation
- Member Union League of Philadelphia since 2000
- Member of the Pennsylvania Society
- Temple Law Alumni Association

**Admissions:**

- Pennsylvania



David M. Maser is Of Counsel in the Firm's Haverford office, a member of the Firm's Client Development Group and works closely with the Firm's institutional clients.

David has worked in both law and government for the past 17 years.  He has been involved with multiple Presidential campaigns and numerous other federal, state and local campaigns.  Prior to joining the Firm, David worked with the Major League Baseball Players Association and as a government affairs specialist, representing numerous clients, including Fortune 500 companies & counseling them in legislative issues, appropriation requests, and business development opportunities at the federal, state and local levels.

David is a 1995 graduate of the Temple University School of Law and a 1992 graduate of the Pennsylvania State University where he received a B.S. in Marketing.

# Our Attorneys-Senior Counsel

**Practice Areas:**

- Securities Fraud
- Corporate Mismanagement and Shareholder Derivative Litigation

**Education:**

- Rutgers University - School of Law, J.D., *with honors, 2001- Rutgers Law Review*
- Rutgers University - School of Business, MBA, *with honors*, 2001
- University of Maryland – College Park, B.A. in psychology, 1997

**Memberships & Associations:**

- American Constitution Society
- National Association of Shareholder and Consumer Attorneys
- Public Justice
- Philadelphia Bar Association

**Admissions:**

- Delaware
- New Jersey
- Pennsylvania
- United States District Court for the Eastern District of Pennsylvania
- U.S. District Court of New Jersey
- Second Circuit Court of Appeals



# Catherine Pratsinakis

Catherine, Senior Counsel of the Firm, has represented institutional and retail investors in complex corporate governance and securities litigation for 15 years across the country.

Notably, Catherine represented lead plaintiffs in *In re Parmalat Sec. Litig.*, MDL 04-1653 (S.D.N.Y.) which resulted in nearly $100 million in settlements with Parmalat and its former officers, directors, banks and auditors. A highlight of this case included Catherine obtaining the Court's permission to prosecute Parmalat in the securities class action despite being a protected debtor under the bankruptcy code. Catherine also represented lead plaintiffs in one of the most infamous cases of self-dealing ever before seen. *In re Hollinger Int'l Sec. Litig.*, 04-CV-0834 (N.D. Ill.) (recovery of $37.5 million).

Catherine also achieved significant results for investors in the Delaware Court of Chancery with litigation such as *Teachers Retirement System of Louisiana v. Greenberg*, No. 20106 (Del. Ch.), where she overcame a special litigation committee review of the self-interested transactions at issue, and  went on to help secure one of the most significant settlements ($115 million) in the Court of Chancery on the eve of trial.

Catherine has also represented thousands of investors in "going dark" litigation whereby shareholders in once public companies are stranded in illiquid investments in private enterprises with limited access to financials. In *W2007 Grace Acquisition I, Inc., Preferred Stockholder Litigation, Civ. No.* 2:13-cv-2777 (W.D. Tenn.), Catherine brought a lawsuit against a once public company that stopped disseminating financials to its stockholders after it went private. After seven years of  being frozen out of any  benefits to ownership, the Firm recovered $76 million for shareholders in ten months of hard-fought litigation and an aggressive discovery plan.

Catherine also enjoys tackling important governance matters  such as in *Delaware County Retirement Fund v. Portnoy*, Civ. No. 1:13-cv-10405 (D. Mass.), she sought to invalidate a highly oppressive arbitration bylaw adopted by a multi-billion dollar REIT for the sole purpose of preventing a shareholder lawsuit against its self-dealing management.

She has litigated numerus class actions and derivative suits, including *BioScrip, Cablevision, HealthSouth, Mattel, Barnes & Noble, Covad Communications, Safety-Kleen, DVI Inc. and Constellation Energy Group*.

# Catherine Pratsinakis

**Practice Areas:**

- Securities Fraud
- Corporate Mismanagement and Shareholder Derivative Litigation

**Education:**

- Rutgers University - School of Law, J.D., *with honors, 2001- Rutgers Law Review*
- Rutgers University - School of Business, MBA, *with honors*, 2001
- University of Maryland – College Park, B.A. in psychology, 1997

**Memberships & Associations:**

- American Constitution Society
- National Association of Shareholder and Consumer Attorneys
- Public Justice
- Philadelphia Bar Association

**Admissions:**

- Delaware
- New Jersey
- Pennsylvania
- United States District Court for the Eastern District of Pennsylvania
- U.S. District Court of New Jersey
- Second Circuit Court of Appeals

Immediately out of law school, Catherine joined the litigation and bankruptcy departments of one of the largest defense firms in Philadelphia where she spent her time representing Fortune 500 companies in an array of commercial litigation, including antitrust, malpractice, shareholder, consumer and creditor actions.   She was recruited to join a specialized securities litigation boutique in Wilmington, DE, where she worked for seven years representing institutional clients before joining  Chimicles & Tikellis in 2013.

During law school, Catherine served as Law Clerk to the Honorable Joseph E. Irenas in the U.S. District Court for the District of New Jersey.

Catherine made law review in 1999 and served on the Rutgers Law Journal as a Notes and Casenotes Editor from 2000-2001.

She has participated in the Volunteer for the Indigence Program (VIP) in Philadelphia, served on the editorial board of the Philadelphia Bar Reporter and volunteers in her community through youth organizations, Friends **of** Weccacoe Playground, an organization committed to revitalizing an inner-city park and community center in Queen Village, Philadelphia where she lives with her husband and three children.

**Practice Areas:**

- Corporate Mismanagement & Shareholder Derivative Action
- Defective Products and Consumer Protection
- Non-Listed REITs
- Other Complex Litigation
- Securities Fraud

**Education:**

- Rutgers University School of Law – Camden, J.D., 2003 - *with honors*
- ◊ *Rutgers Law Journal*, Lead Articles Editor
- ◊ First Year Moot Court "Best Oralist"
- Fairfield University, B.A., 1995

**Memberships & Associations:**

- Pennsylvania Bar Association
- Philadelphia Bar Association

**Admissions:**

- Pennsylvania, 2003
- New Jersey, 2003
- Third Circuit Court of Appeals, 2011
- Eastern District Court of Pennsylvania, 2004
- District Court of New Jersey, 2003

**Honors:**

- 2011, 2012, and 2013 *Pennsylvania Rising Star*

# Christina Donato Saler



Christina Donato Saler is Senior Counsel in the Haverford Office.  She joined the firm in July 2011. Christina concentrates her practice on prosecuting class action litigation, including securities fraud, consumer protection, and ERISA cases on behalf of shareholders, consumers and institutional clients. Christina is a member of the Firm's Client Development Group which is charged with developing and maintaining strong client relations.

Following her 2003 law school graduation, Christina was an associate with the Philadelphia litigation boutique Kohn, Swift & Graf, P.C. where she prosecuted securities and consumer class actions as well as represented individual plaintiffs in First Amendment cases against media defendants. Christina gained extensive experience in all aspects of complex litigation and significant trial experience. Christina's accomplishments have been acknowledged by her peers. In 2011, 2012, and 2013 she was selected as a Pennsylvania Rising Star SuperLawyer by Law & Politics and the publishers of Philadelphia Magazine, a designation held by only 2.5 percent of lawyers statewide.

Christina's law school career was marked by several academic honors which included being named "Best Oralist" of her first year moot court class. She was also a member of the Rutgers Law Journal and served on the Editorial Board as the Lead Articles Editor. In 2002, the Rutgers Law Journal published her note, Pennsylvania Law Should No Longer Allow A Parent's Right to Testamentary Freedom to Outweigh the Dependent Child's "Absolute Right to Child Support," 34 Rutgers L.J. 235 (Fall 2002). Also in 2002, Christina served as law clerk to The Honorable Mark I. Bernstein, Court of Common Pleas – Commerce Court, First Judicial District of Pennsylvania.

As an attorney volunteer of the Volunteer for the Indigence Program (VIP) in Philadelphia, Christina represents individuals in jeopardy of losing their homes in the Philadelphia Common Pleas Court's Mortgage Foreclosure Program.

Christina's professional career began in advertising. She was a senior account executive with the Tierney Agency where she managed the execution of various advertising campaigns and Verizon's contractual relationship with its spokesperson, James Earl Jones.

# Our Attorneys-Associates

**Practice Areas:**

- Corporate Mismanagement & Shareholder Derivative Action
- Mergers & Acquisitions
- Securities Fraud

**Education:**

- University of Virginia School of Law, J.D., 2008
- University of Virginia, B.A., 2004

**Admissions:**

- Delaware
- New York
- Connecticut

## Vera G. Belger



Vera G. Belger is an associate in the Wilmington office.  Ms. Belger's practice focuses on shareholder and unitholder class and derivative actions arising pursuant to Delaware law.  Together with the Firm's Partners, Ms. Belger assisted in the prosecution of the following actions:

⇒  *In re Barnes & Noble Stockholder Derivative Litigation*, C.A. No. 4813-CS (Del. Ch.) (Co-Lead Counsel in the Court of Chancery derivative litigation arising from Barnes & Noble, Inc.'s acquisition of Barnes & Noble College Booksellers, Inc., which resulted in a settlement of nearly $30 million).

⇒  *City of Roseville Employees' Retirement System, et al. v. Ellison, et al.*, C.A. No. 6900-VCP (Del. Ch.) (Co-Lead Counsel in the Court of Chancery derivative action challenging the acquisition by Oracle Corporation of Pillar Data Systems, Inc., a company majority-owned and controlled by Larry Ellison, the Chief Executive Officer and largest shareholder of Oracle, which led to a settlement valued at $440 million, one of the larger derivative settlements in the history of the Court of Chancery).

Ms. Belger's pro bono activities included serving as a guardian ad litem through the Office of the Child Advocate.  While attending law school, Ms. Belger was a Board Member of the Public Interest Law Association and a participant in the William Minor Lile Moot Court Competition.  Following graduation, Ms. Belger was an associate with an international law firm where she practiced complex commercial litigation.

**Practice Areas:**

- Corporate Mismanagement & Shareholder Derivative Action

- Mergers & Acquisitions

**Education:**

- Villanova University School of Law, J.D., 2007

◊ Co-President of Asian-Pacific American Law Students Association

- Tufts University, B.A., 2002 – *cum laude* in Political Science

**Memberships & Associations:**

- Delaware State Bar Association

- The Richard S. Rodney American Inn of Court

**Admissions:**

- Delaware, 2007

- U.S. District Court for the District of Delaware, 2008

# Tiffany J. Cramer



Tiffany J. Cramer is an associate in the Wilmington office.  Her entire practice is devoted to litigation, with an emphasis on corporate mismanagement & derivative stockholder actions and mergers & acquisitions.

Together with the Firm's Partners, Ms. Cramer has assisted in the prosecution of numerous shareholder and unitholder class and derivative actions arising pursuant to Delaware law, including:

- *In re Barnes & Noble Stockholder Derivative Litigation*, C.A. No. 4813-CS (Del. Ch.) (Co-Lead Counsel in the Court of Chancery derivative litigation arising from Barnes & Noble, Inc.'s acquisition of Barnes & Noble College Booksellers, Inc., which resulted in a settlement of nearly $30 million).

- *In re Atlas Energy Resources, LLC Unitholder Litigation*, Consol. C.A. No. 4589-VCN (Co-Lead Counsel in the Court of Chancery class action litigation challenging Atlas America, Inc.'s acquisition of Atlas Energy Resources, LLC, which resulted in a settlement providing for an additional $20 million fund for former Atlas Energy Unitholders).

- *In Re Genentech, Inc. Shareholders Litigation*, Consol. C.A. No. 3911-VCS (Del. Ch.) (Co-Lead Counsel in the Court of Chancery class action litigation challenging Roche Holding's buyout of Genentech, Inc., which resulted in a settlement providing for, among other things, an additional $4 billion in consideration paid to the minority shareholders of Genentech, Inc.).

- *City of Roseville Employees' Retirement System, et al. v. Ellison, et al.*, C.A. No. 6900-VCP (Del. Ch.) (Co-Lead Counsel in the Court of Chancery derivative action challenging the acquisition by Oracle Corporation of Pillar Data Systems, Inc., a company majority-owned and controlled by Larry Ellison, the Chief Executive Officer and largest shareholder of Oracle, which led to a settlement valued at $440 million, one of the larger derivative settlements in the history of the Court of Chancery).

Tiffany's pro bono activities include serving as a volunteer attorney with the Delaware Volunteer Legal Services, an organization of volunteer attorneys who assist low income clients with problems in a variety of legal areas.  While in law school, she served as law clerk to the Honorable Jane R. Roth of the United States Court of Appeals for the Third Circuit.  While in college, she played the bassoon as a member of the Tufts Symphony Orchestra.

# Andrew W. Ferich

**Practice Areas:**

- Defective Products and Consumer Protection
- Automobile Defects & False Advertising
- Whistleblower/Qui Tam Lawsuits
- Other Complex Litigation
- Pharmaceutical & Medical Device Litigation
- Corporate Mismanagement & Shareholder Derivative Action

**Education:**

- Villanova University School of Law, J.D., 2012
- Journal of Catholic Social Thought – Executive Editor (2011-2012), Staff Editor (2010-2011)
- Georgetown University, B.A. (Government), 2009

**Memberships and Associations:**

- Member, Philadelphia Bar Association
- Member, D.C. Bar
- Member, New Jersey Bar Association
- Member, Georgetown University Alumni Admissions Program (AAP)
- Member, Young Friends of the Philadelphia Orchestra

**Admissions:**

Bar

- Pennsylvania
- New Jersey
- District of Columbia

Courts

- Eastern District of Pennsylvania
- District of New Jersey



Andrew W. Ferich is an associate in the Firm's Haverford office. Andy focuses his practice on complex litigation, including in the Firm's consumer protection and whistleblower/qui tam practice groups.

Prior to joining the Firm, Andy was an associate at a national litigation firm in Philadelphia where he focused his practice on commercial litigation, financial services litigation, and antitrust matters. Andy possesses major jury trial experience.

Andy currently assists in prosecuting the following matters, among others:

*DeMarco, et al. v. AvalonBay Communities, Inc., et al.*, No. 2:15-cv-00628-JLL-JAD (D.N.J.) (class action lawsuit on behalf of hundreds of tenants and former tenants of AvalonBay community that was destroyed in a massive fire, in which case C&T has been appointed interim co-lead counsel);

*Eberhart v. LG Electronics USA, Inc.*, No. 2:15-cv-01761-MCA-LDW (D.N.J.) (consumer action brought on behalf of class of purchasers of certain LG LCD televisions with allegedly misrepresented performance specifications);

*In re: Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litigation*, No. 2;15-cv-00018-JLL-JAD (D.N.J.) (litigating products liability case relating to allegedly defective wood-composite decking in which C&T has been appointed to the Plaintiffs' Steering Committee);

*Larsen v. Vizio, Inc.*, No. 8:14-cv-01865-CJC-JCG (C.D. Cal.) (consumer action brought on behalf of class of purchasers of certain Vizio LCD televisions with allegedly misrepresented performance specifications);

*Traxler, et al. v. PPG Industries, Inc.*, et al., No. 1:15-cv-00912-DAP (N.D. Ohio) (class action brought on behalf of property owners relating to allegedly defective deck restoration product);

*Williams v. Butler & Hosch, P.A.*, No. 0:15-cv-61139-CMA (S.D. Fla.) (class action lawsuit on behalf of hundreds of former employees improperly terminated under the WARN Act)

Andy received his law degree from Villanova University School of Law in 2012. While in law school, Andy clerked for a small suburban Philadelphia law firm. Prior to law school, Andy attended Georgetown University and was a member of the baseball team. During his time in college, Andy also worked on Capitol Hill and for a well-known D.C. think tank.

Andy is admitted to practice in Pennsylvania, New Jersey, and the District of Columbia.

**Practice Areas:**

- Automobile Defects and False Advertising
- Defective Products and Consumer Protection
- Other Complex Litigation
- Securities Fraud

**Education:**

- Villanova University School of Law, J.D., 2006
- ◊ Villanova Environmental Law Journal – managing editor of student works (2006), staff writer (2005)
- University of California, Los Angeles, B.A., 2003 – *cum laude*

**Membership & Associations:**

- Member, Philadelphia Bar Association

**Admissions:**

- Pennsylvania
- New Jersey
- Eastern District of Pennsylvania
- District of New Jersey

**Honors:**

- Pennsylvania Super Lawyers Rising Star 2013-2015

# Alison Gabe Gushue



Alison G. Gushue is an associate in the Firm's Haverford Office. Her practice is devoted to litigation, with an emphasis on consumer fraud, securities, and derivative cases. Ms. Gushue also provides assistance to the Firm's Institutional Client Services Group.

Prior to joining the firm, Ms. Gushue was counsel to the Pennsylvania Securities Commission in the Division of Corporation Finance. In this capacity, she was responsible for reviewing securities registration filings for compliance with state securities laws and for working with issuers and issuers' counsel to bring noncompliant filings into compliance.

Together with the Partners, Ms. Gushue has provided substantial assistance in the prosecution of the following cases:

- *Lockabey et al. v. American Honda Motor Co., Inc.*, Case No. 37-2010-00087755-CU-BT (San Diego Super. Ct.) (settlement valued by court at $170 million for a class of 460,000 purchasers and lessees of Honda Civic Hybrids to resolve claims that the vehicle was advertised with fuel economy representations it could not achieve under real-world driving conditions, and that a software update to the IMA system further decreased fuel economy and performance)

- *In re DVI Inc. Securities Litigation*, Case No. 2:03-cv-05336-LDD (over $17m in settlements recovered for the shareholder class in lawsuit alleging that the company's officers and directors, in conjunction with its external auditors and outside counsel, violated the federal securities laws)

- *In re LG Front Loading Washing Machine Litigation*, Case No. 2:08-cv-61 (D.N.J.); and In re Whirlpool Front Loading Washing Machine Litigation, Case No. 1:08-wp-65000 (N.D. Oh.) (pending cases which allege that LG and Whirlpool's front loading washing machines suffer from a defect that leads to the formation of mold and mildew on the inside of the washing machines and production of foul and noxious odors)

Ms. Gushue has also provided pro bono legal services to nonprofit organizations in Philadelphia such as the Philadelphia Bankruptcy Assistance Project and the Public Interest Law Center of Philadelphia.

**Practice Areas:**

- Securities Fraud
- Corporate Mismanagement and Shareholder Derivative Action
- Defective Products and Consumer Protection
- Other Complex Litigation

**Education:**

- Drexel University Thomas R. Kline School of Law, J.D., 2015
- Drexel University, B.S. in Business Administration, 2005

**Memberships and Associations:**

- Member, Philadelphia Bar Association
- Member, Pennsylvania Bar Association

**Admissions:**

- Pennsylvania, 2015

# Stephanie E. Saunders



Stephanie E. Saunders is an associate in the Firm's Haverford office.  She focuses her practice on complex litigation including securities fraud, shareholder derivative, and consumer protection cases.  She also provides assistance to the Firm's Client Development Group which is responsible for establishing and maintaining strong client relations.

Stephanie received her law degree from the Drexel University Thomas R. Kline School of Law in 2015.  Her law school career was marked by several academic honors which included being named the CALI Excellence for the Future Award[®] recipient in Legal Methods & Legal Writing for earning the highest grade in the class.  While in law school, she clerked for the Firm and conducted her practice-intensive semester long co-op with the Firm during her second year of law school.

Upon graduating from Drexel University's LeBow College of Business in 2005, Stephanie began her professional career in marketing.  She was an integrated marketing and promotions manager with Condé Nast Publications in Manhattan where she managed and executed print and digital advertising campaigns.  Upon returning to the Philadelphia region, she joined PNC Wealth Management where she was the marketing segment manager of Hawthorn, an ultra-high net worth multi-family office, where she was responsible for the development of integrated marketing plans, advertising, and client events.

# Practice Areas

**Health & Welfare Fund Assets**

*C&T Protects Clients' Health & Welfare Fund Assets Through Monitoring Services & Vigorously Pursuing Health & Welfare Litigation.*

At no cost to the client, C&T seeks to protect its clients' health & welfare fund assets against fraud and other wrongdoing by monitoring the health & welfare fund's drug purchases, Pharmacy benefit Managers and other health service providers.  In addition, C&T investigates potential claims and, on a fully-contingent basis, pursues legal action for the client on meritorious claims involving the clients' heath & welfare funds.  These claims could include: the recovery of excessive charges due to misconduct by health service providers; antitrust claims to recover excessive prescription drug charges and other costs due to corporate collusion and misconduct; and, cost-recovery claims where welfare funds have paid for health care treatment resulting from defective or dangerous drugs or medical devices.

**Monitoring Financial Investments**

*C&T Protects Clients' Financial Investments Through Securities Fraud Monitoring Services.*

Backed by extensive experience, knowledge of the law and successes in this field, C&T utilizes various information systems and resources (including forensic accountants, financial analysts, seasoned investigators, as well as technology and data collection specialists, who can cut to the core of complex financial and commercial documents and transactions) to provide our institutional clients with a means to actively protect the assets in their equity portfolios.  As part of this no-cost service, for each equity portfolio, C&T monitors relevant financial and market data, pricing, trading, news and the portfolio's losses.  C&T investigates and evaluates potential securities fraud claims and, after full consultation with the client and at the client's direction, C&T will, on a fully-contingent basis, pursue legal action for the client on meritorious securities fraud claims.

**Corporate Transactional**

*C&T Protects Shareholders' Interest by Holding Directors Accountable for Breaches of Fiduciary Duties*

Directors and officers of corporations are obligated by law to exercise good faith, loyalty, due care and complete candor in managing the business of the corporation.  Their duty of loyalty to the corporation and its shareholders requires that they act in the best interests of the corporation at all times.  Directors who breach any of these "fiduciary" duties are accountable to the stockholders and to the corporation itself for the harm caused by the breach.  A substantial part of the practice of Chimicles & Tikellis LLP involves representing shareholders in bringing suits for breach of fiduciary duty by corporate directors.

# Practice Areas

**Securities Fraud**

*C&T Protects and Recovers Clients' Assets Through the Vigorous Pursuit of Securities Fraud Litigation.*

C&T has been responsible for recovering over $1 billion for institutional and individual investors who have been victims of securities fraud. The prosecution of securities fraud often involves allegations that a publicly traded corporation and its affiliates and/or agents disseminated materially false and misleading statements to investors about the company's financial condition, thereby artificially inflating the price of that stock. Often, once the truth is revealed, those who invested at a time when the company's stock was artificially inflated incur a significant drop in the value of their stock. C&T's securities practice group comprises seasoned attorneys with extensive trial experience who have successfully litigated cases against some of the nation's largest corporations. This group is strengthened by its use of forensic accountants, financial analysts, and seasoned investigators.

**Antitrust and Unfair Competition**

*C&T Enforces Clients' Rights Against Those Who Violated Antitrust Laws.*

C&T successfully prosecutes an array of anticompetitive conduct, including price fixing, tying agreements, illegal boycotts and monopolization, anticompetitive reverse payment accords, and other conduct that improperly delays the market entry of less expensive generic drugs . As counsel in major litigation over anticompetitive conduct by the makers of brand-name prescription drugs, C&T has helped clients recover significant amounts of price overcharges for blockbuster drugs such as BuSpar, Coumadin, Cardizem, Flonase , Relafen, and Paxil, Toprol-XL, and TriCor.

**Real Estate Investment Trusts**

*C&T is a Trail Blazer in Protecting Clients' Investments in Non-Listed Equities.*

C&T represents limited partners and purchaser of stock in limited partnerships and real estate investment trusts (non-listed REITs) which are publicly-registered but not traded on a national stock exchange. These entities operate outside the realm of a public market that responds to market conditions and analysts' scrutiny, so the investors must rely entirely on the accuracy and completeness of the financial and other disclosures provided by the company about its business, its finances, and the value of its securities. C&T prosecutes: (a) securities law violations in the sale of the units or stock; (b) abusive management practices including self-dealing transactions and the payment of excessive fees; (c) unfair transactions involving sales of the entities' assets; and (d) buy-outs of the investors' interests.

# Practice Areas

**Shareholder Derivative Action**

*C&T is a Leading Advocate for Prosecuting and Protecting Shareholder Rights through Derivative Lawsuits and Class Actions.*

C&T is at the forefront of persuading courts to recognize that actions taken by directors (or other fiduciaries) of corporations or associations must be in the best interests of the shareholders. Such persons have duties to the investors (and the corporation) to act in good faith and with loyalty, due care and complete candor. Where there is an indication that a director's actions are influenced by self-interest or considerations other than what is best for the shareholders, the director lacks the independence required of a fiduciary and, as a consequence, that director's decisions cannot be honored. A landmark decision by the Supreme Court of Delaware underscored the sanctity of this principal and represented a major victory for C&T's clients.

**Corporate Mismanagement**

*C&T is a Principal Advocate for Sound Corporate Governance and Accountability.*

C&T supports the critical role its investor clients serve as shareholders of publicly held companies. Settlements do not provide exclusively monetary benefits to our clients. In certain instances, they may include long term reforms by a corporate entity for the purpose of advancing the interests of the shareholders and protecting them from future wrongdoing by corporate officers and directors. On behalf of our clients, we take corporate directors' obligations seriously. It's a matter of justice. That's why C&T strives not to only obtain maximum financial recoveries, but also to effect fundamental changes in the way companies operate so that wrongdoing will not reoccur.

**Defective Products and Consumer Protection**

*C&T Protects Consumers from Defective Products and Deceptive Conduct.*

C&T frequently represents consumers who have been injured by false advertising, or by the sale of defective goods or services. The firm has achieved significant recoveries for its clients in such cases, particularly in those involving defectively designed automobiles and other consumer products. C&T has also successfully prosecuted actions against banks and other large institutions for engaging in allegedly deceptive conduct.

# Representative Cases

## Securities Cases Involving Real Estate Investments

***CNL Hotels & Resorts Inc. Securities Litigation*, Case No. 6:04-CV-1231, United States District Court, Middle District of Florida.**

C&T was Lead Litigation Counsel in CNL Hotels & Resorts Inc. Securities Litigation**,** representing a Michigan Retirement System, other named plaintiffs and over 100,000 investors in this federal securities law class action that was filed in August 2004 against the nation's second largest hotel real estate investment trust, CNL Hotels & Resorts, Inc. (f/k/a CNL Hospitality Properties, Inc.) ("CNL Hotels") and certain of its affiliates, officers and directors.  CNL raised over $3 billion from investors pursuant to what Plaintiffs alleged to be false and misleading offering materials. In addition, in June 2004 CNL proposed an affiliated-transaction that was set to cost the investors and the Company over $300 million ("Merger").

The Action was filed on behalf of: (a) CNL Hotels shareholders entitled to vote on the proposals presented in CNL Hotels' proxy statement dated June 21, 2004 ("Proxy Class"); and (b) CNL Hotels' shareholders who acquired CNL Hotels shares pursuant to or by means of CNL Hotels' public offerings, registration statements and/or prospectuses between August 16, 2001 and August 16, 2004 ("Purchaser Class").

The Proxy Class claims were settled by (a) CNL Hotels having entered into an Amended Merger Agreement which significantly reduced the amount that CNL Hotels paid to acquire its Advisor, CNL Hospitality Corp., compared to the Original Merger Agreement approved by CNL Hotels' stockholders pursuant to the June 2004 Proxy; (b) CNL Hotels having entered into certain Advisor Fee Reduction Agreements, which significantly reduced certain historic, current, and future advisory fees that CNL Hotels paid its Advisor before the Merger; and (c) the adoption of certain corporate governance provisions by CNL Hotels' Board of Directors. **In approving the Settlement, the Court concluded that in settling the Proxy claims, "a substantial benefit [was] achieved (estimated at approximately $225,000,000)" and "this lawsuit was clearly instrumental in achieving that result."**   The Purchaser Class claims were settled by Settling Defendants' payment of **$35,000,000**, payable in three annual installments (January 2007 to January 2009).

On August 1, 2006, the Federal District Court in Orlando, Florida granted final approval of the Settlement as fair, reasonable, and adequate, and in rendering its approval of an award of attorneys' fees and costs to Plaintiffs' Counsel, the Court noted that "Plaintiffs' counsel pursued this complex case diligently, competently and professionally" and "achieved a successful result."  More than 100,000 class members received notice of the proposed settlement and no substantive objection to the settlement, plan of allocation or fee petition was voiced by any class member.

# Representative Cases

## Securities Cases Involving Real Estate Investments

***In re Real Estate Associates Limited Partnership Litigation*, Case No. CV 98-7035, United States District Court, Central District of California.**

Chimicles & Tikellis LLP achieved national recognition for obtaining, in a federal securities fraud action, the first successful plaintiffs' verdict under the PSLRA. Senior partner Nicholas E. Chimicles was Lead Trial Counsel in the six-week jury trial in federal court in Los Angeles, in October 2002. The jury verdict, in the amount of $185 million (half in compensatory damages; half in punitive damages), was ranked among the top 10 verdicts in the nation for 2002.  After the court reduced the punitive damage award because it exceeded California statutory limits, the case settled for $83 million, representing full recovery for the losses of the class**.**  At the final hearing, held in November 2003, the Court praised Counsel for achieving both a verdict and a settlement that "qualif[ied] as an exceptional result" in what the Judge regarded as "a very difficult case…" In addition, the Judge noted the case's "novelty and complexity…and the positive reaction of the class. Certainly, there have been no objections, and I think Plaintiffs' counsel has served the class very well."

**Case Summary:** In August of 1998, over 17,000 investors ("Investor Class") in 8 public Real Estate Associates Limited Partnerships ("REAL Partnerships") were solicited by their corporate managing general partner, defendant National Partnership Investments Corp. ("NAPICO"), and other Defendants via Consent Solicitations filed with the Securities and Exchange Commission ("SEC"), to vote in favor of the sale of the REAL Partnerships' interests in 98 limited partnerships ("Local Partnerships").  In a self-dealing and interested transaction, the Investor Class was asked to consent to the sale of these interests to NAPICO's affiliates ("REIT Transaction").  In short, Plaintiffs alleged that defendants structured and carried out this wrongful and self-dealing transaction based on false and misleading statements, and omissions in the Consent Solicitations, resulting in the Investor Class receiving grossly inadequate consideration for the sale of these interests.  Plaintiffs' expert valued these interests to be worth a minimum of $86,523,500 (which does not include additional consideration owed to the Investor Class), for which the Investor Class was paid only $20,023,859.

Plaintiffs and the Certified Class asserted claims under Section 14 of the Securities Exchange Act of 1934 ("the Exchange Act"), alleging that the defendants caused the Consent Solicitations to contain false or misleading statements of material fact and omissions of material fact that made the statements false or misleading.  In addition, Plaintiffs asserted that Defendants breached their fiduciary duties by using their positions of trust and authority for personal gain at the expense of the Limited Partners.  Moreover, Plaintiffs sought equitable relief for the Limited Partners including, among other things, an injunction under Section 14 of the Exchange Act for violation of the "anti-bundling rules" of the SEC, a declaratory judgment decreeing that defendants were not entitled to indemnification from the REAL Partnerships.

**Trial:** This landmark case is the *first* Section 14 – proxy law- securities class action seeking damages, a significant monetary recovery, for investors that has been tried, and ultimately won, before a jury anywhere in the United States since the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Trial began on October 8, 2002 before a federal court jury in Los Angeles.  The jury heard testimony from over 25 witnesses, and trial counsel moved into evidence approximately 4,810 exhibits; out of those 4,810 exhibits, witnesses were questioned about, or referred to, approximately 180 exhibits.

# Representative Cases

## Securities Cases Involving Real Estate Investments

On November 15, 2002, the ten‑member jury, after more than four weeks of trial and six days of deliberation, unanimously found that Defendants knowingly violated the federal proxy laws and that NAPICO breached its fiduciary duties, and that such breach was committed with oppression, fraud and malice.  The jury's unanimous verdict held defendants liable for compensatory damages of $92.5 million in favor of the Investor Class.  On November 19, 2002, a second phase of the trial was held to determine the amount of punitive damages to be assessed against NAPICO.  The jury returned a verdict of $92.5 million in punitive damages.  In total, trial counsel secured a unanimous jury verdict of $185 million on behalf of the Investor Class.

With this victory, Mr. Chimicles and the trial team secured the 10th largest verdict of 2002.  (See, National Law Journal, "The Largest Verdicts of 2002", February 2, 3003; National Law Journal, "Jury Room Rage", Feb. 3. 2002).  Subsequent to post-trial briefing and rulings, in which the court reduced the punitive damage award because it exceeded California statutory limits, the case settled for $83 million.  The settlement represented full recovery for the losses of the class.

**Prosecuting and trying this Case required dedication, tenacity, and skill:**  This case involved an extremely complex transaction.  As Lead Trial Counsel, C&T was faced with having to comprehensively and in an understandable way present complex law, facts, evidence and testimony to the jury, without having them become lost (and thus, indifferent and inattentive) in a myriad of complex terms, concepts, facts and law. The trial evidence in this case originated almost exclusively from the documents and testimony of Defendants and their agents.  As Lead Trial Counsel, C&T was able, through strategic cross-examination of expert witnesses, to effectively stonewall defendants' damage analysis.  In addition, C&T conducted thoughtful and strategic examination of defendants' witnesses, using defendants' own documents to belie their testimony.

**The significance of the case:** The significance of this trial and the result are magnified by the public justice served via this trial and the novelty of issues tried.  This case involved a paradigm of corporate greed, and C&T sent a message to not only the Defendants in this Action, but to all corporate fiduciaries, officers, directors and partners, that it does not pay to steal, lie and cheat.  There needs to be effective deterrents, so that "corporate greed" does not pay.  The diligent and unrelenting prosecution and trial of this case by C&T sent that message.

Moreover, the issues involved were novel and invoked the application of developing case law that is not always uniformly applied by the federal circuit courts.  In Count I, Plaintiffs alleged that defendants violated § 14 of the Exchange Act.  Subsequent to the enactment of the PLSRA, the primary relief sought and accorded for violations of the proxy laws is a preliminary injunction.  Here, the consummation of the REIT Transaction foreclosed that form of relief.  Instead, Plaintiffs' Counsel sought significant monetary damages for the Investor Class on account of defendants' violations of the federal proxy laws.  C&T prevailed in overcoming defendants' characterization of the measure of damages that the Investor Class was required to prove (defendants argued for a measure of damages equivalent to the difference in the value of the security prior to and subsequent to the dissemination of the Consent Solicitations), and instead, successfully recouped damages for the value of the interests and assets given up by the Investor Class.   The case is important in the area of enforcement of fiduciary duties in public partnerships which are a fertile ground for unscrupulous general partners to cheat the public investors.

# Representative Cases

## Securities Cases Involving Real Estate Investments

**Aetna Real Estate Associates LP**

Nicholas Chimicles and Pamela Tikellis represented a Class of unitholders who sought dissolution of the partnership because the management fees paid to the general partners were excessive and depleted the value of the partnership. The Settlement, valued in excess of $20 million, included the sale of partnership property to compensate the class members, a reduction of the management fees, and a special cash distribution to the class.

*City of St. Clair Shores General Employees Retirement System, et al. v. Inland Western Retail Real Estate Trust, Inc., Case No. 07 C 6174*, **United States District Court, Northern District of Illinois .**

C&T was principal litigation counsel for the plaintiff class of stockholders that challenged the accuracy of a proxy statement that was used to secure stockholder approval of a merger between an external advisor and property managers and the largest retail real estate trust in the country. In 2010, in a settlement negotiation lead by the Firm, we succeeded in having $90 million of a stock, or 25% of the merger consideration, paid back to the REIT.

*Wells and Piedmont Real Estate Investment Trust, Inc., Securities Litigation, Case Nos. 1:07-cv-00862, 02660*, **United States District Court, Northern District of Georgia.**

C&T served as co-lead counsel in this federal securities class action on behalf of Wells REIT/Piedmont shareholders. Filed in 2007, this lawsuit charged Wells REIT, certain of its directors and officers, and their affiliates, with violations of the federal securities laws for their conducting an improper, self-dealing transaction and recommending that shareholders reject a mid-2007 tender offer made for the shareholders' stock. On the verge of trial, the Cases settled for $7.5 million and the Settlement was approved in 2013.

*In re Cole Credit Property Trust III, Inc. Derivative and Class Litigation, Case No. 24-C-13-001563,* **Circuit Court for Baltimore City.**

In this Action filed in 2013, C&T, as chair of the executive committee of interim class counsel, represents Cole Credit Property Trust III ("CCPT III") investors, who were, without their consent, required to give Christopher Cole (CCPT III's founder and president) hundreds of millions of dollars' worth of consideration for a business that plaintiffs allege was worth far less. The Action also alleges that, in breach of their fiduciary obligations to CCPT III investors, CCPT III's Board of Directors pressed forward with this wrongful self-dealing transaction rebuffing an offer from a third party that proposed to acquire the investors' shares in a $9 billion dollar deal. Defendants have moved to dismiss the complaint, and plaintiffs have filed papers vigorously opposing the motion.

# Representative Cases

## Securities Cases Involving Real Estate Investments

***Delaware County Employees Retirement Fund v. Barry M. Portnoy, et al.***, **Case No. 1:13-cv-10405, United States District Court, District Court of Massachusetts.**

C&T is lead counsel in an action pending in federal court in Boston filed on behalf of Massachusetts-based CommonWealth REIT ("CWH") and its shareholders against CWH's co-founder Barry Portnoy and his son Adam Portnoy ("Portnoys"), and their wholly-owned entity Reit Management & Research, LLC ("RMR"), and certain other former and current officers and trustees of CWH (collectively, "Defendants"). The Action alleges a long history of management abuse, self-dealing, and waste by Defendants, which conduct constitutes violations of the federal securities laws and fiduciary duties owed by Defendants to CWH and its shareholders. Plaintiff seeks damages and to enjoin Defendants from any further self-dealing and mismanagement. The Defendants sought to compel the Plaintiff to arbitrate the claims, and Plaintiff has vigorously opposed such efforts on several grounds including that CWH and its shareholders did not consent to arbitration and the arbitration clause is facially oppressive and illegal. The parties are awaiting the Court's ruling on that matter.

***In re Empire State Realty Trust, Inc. Investor Litigation, Case 650607/2012,*** **New York Supreme Court.**

In this action filed in 2012, C&T represents investors who own the Empire State Building, as well as several other Manhattan properties, whose interests and assets are proposed to be consolidated into a new entity called Empire State Realty Trust Inc. The investors filed an action against the transaction's chief proponents, members of the Malkin family, certain Malkin-controlled companies, and the estate of Leona Helmsley, claiming breaches of fiduciary for, among other things, such proponents being disproportionately favored in the transaction. A Settlement of the Litigation has been reached and was approved in full by the Court. The Settlement consists of: a cash settlement fund of $55 million, modifications to the transaction that result in an over $100 million tax deferral benefit to the investors, and defendants will provide additional material information to investors about the transaction.

# Representative Cases

## Securities Cases (Non-Real Estate)

***Continental Illinois Corporation Securities Litigation***, **Civil Action No. 82 C 4712, United States District Court, Northern District of Illinois.**

Nicholas Chimicles served as lead counsel for the shareholder class in this action alleging federal securities fraud.  Filed in the federal district court in Chicago, the case arose from the 1982 oil and gas loan debacle that ultimately resulted in the Bank being taken over by the FDIC.  The case involved a twenty-week jury trial conducted by Mr. Chimicles in 1987.  Ultimately, the Class recovered nearly $40 million.

***PaineWebber Limited Partnerships Litigation, 94 Civ. 8547,*** **United States District Court, Southern District of New York**

The Firm was chair of the plaintiffs' executive committee in a case brought on behalf of tens of thousands of investors in approximately 65 limited partnerships that were organized or sponsored by PaineWebber.  In a landmark settlement, investors were able to recover $200 million in cash and additional economic benefits following the prosecution of securities law and RICO (Racketeer Influenced and Corrupt Organizations Act) claims.

***ML-Lee Litigation, ML Lee Acquisition Fund L.P.*** **and** ***ML-Lee Acquisition Fund II L.P.*** **and** ***ML-Lee Acquisition Fund (Retirement Accounts)***, **(C.A. Nos. 92-60, 93-494, 94-422, and 95-724), United States District Court, District of Delaware.**

C&T represented three classes of investors who purchased units in two investment companies, ML-Lee Funds (that were  jointly created by Merrill Lynch and Thomas H. Lee). The suits alleged breaches of the federal securities laws, based on the omission of material information and the inclusion of material misrepresentations in the written materials provided to the investors, as well as breaches of fiduciary duty and common law by the general partners in regard to conduct that benefited them at the expense of the limited partners. The complaint included claims under the often-ignored Investment Company Act of 1940, and the case witnessed numerous opinions that are considered seminal under the ICA.  The six-year litigation resulted in **$32 million** in cash and other benefits to the investors.

***Orrstown Financial Services, Inc., et al,*** **Securities Litigation***,* **Case No. 12-cv-00793 United States District Court, Middle District of Pennsylvania.**

In this federal securities fraud class action filed in 2012, C&T serves as Lead Counsel, and the Southeastern Pennsylvania Transportation Authority as Lead Plaintiff.  The action alleges that Defendants violated the Securities Act of 1933 and the Securities Exchange Act of 1934 by misleading investors concerning material information about Orrstown's loan portfolio, underwriting practices, and internal controls.  After extensive investigation, including having interviewed several confidential witnesses, C&T filed a 100+ page amended complaint in early 2012.  Defendants have moved to dismiss the complaint, and plaintiffs have filed papers vigorously opposing the motion.

# Representative Cases

## Securities Cases (Non-Real Estate)

***In re Colonial BancGroup, Inc. Securities Litigation***, **Case No. 09-CV-00104, United States District Court, Middle District of Alabama.**

C&T is actively involved in prosecuting this securities class action arising out of the 2009 failure of Colonial Bank, in which Norfolk County Retirement System, State-Boston Retirement System, City of Brockton Retirement System, and Arkansas Teacher Retirement System are the Court-appointed lead plaintiffs.  The failure of Colonial Bank was well-publicized and ultimately resulted in several criminal trials and convictions of Colonial officers and third parties involved in a massive fraud in Colonial's mortgage warehouse lending division.  The pending securities lawsuit includes allegations arising out of the mortgage warehouse lending division fraud, as well as allegations that Colonial misled investors concerning its operations in connection with two public offerings of shares and bonds in early 2008, shortly before the Bank's collapse.  In April 2012, the Court approved a $10.5 million settlement of Plaintiffs' claims against certain of Colonial's directors and officers.  Plaintiffs' claims against Colonial's auditor, PwC, and the underwriters of the 2008 offerings are ongoing.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

***In re Genentech, Inc. Shareholders Litigation***, C.A. No. 3911-VCS, Delaware Court of Chancery.

In this shareholder class action, C&T served as Co-Lead Counsel representing minority stockholders of Genentech, Inc. in an action challenging actions taken by Roche Holdings, Inc. ("Roche") to acquire the remaining approximately 44% of the outstanding common stock of Genentech, Inc. ("Genentech") that Roche did not already own. In particular, Plaintiffs challenged that Roche's conduct toward the minority was unfair and violated pre-existing governance agreements between Roche and Genentech. During the course of the litigation, Roche increased its offer from $86.50 per share to %95 per share, a $4 billion increase in value for Genentech's minority shareholders. That increase and other protections for the minority provided the bases for the settlement of the action, which was approved by the Court of chancery on July 9, 2009.

***In re Kinder Morgan Shareholder Litigation***, C.A. No. 06-c-801, District Court of Shawnee County, Kansas

In this shareholder class action, C&T served as Co-Lead Counsel representing former stockholders of Kinder Morgan, Inc. (KMI) in an action challenging the acquisition of Kinder Morgan by a buyout group lead by KMI's largest stockholder and Chairman, Richard Kinder. Plaintiffs alleged that Mr. Kinder and a buyout group of investment banks and private equity firms leveraged Mr. Kinder's knowledge and control of KMI to acquire KMI for less than fair value. As a result of the litigation, Defendants agreed to pay $200 million into a settlement fund, believed to be the largest of its kind in any buyout-related litigation. The district Court of Shawnee County, Kansas approved the settlement on November 19, 2010.

***In re Freeport-McMoran Sulphur, Inc. Shareholder Litigation***, C.A. No. 16729, Delaware Court of Chancery.

In this shareholder class action, C&T serves as Lead Plaintiffs' Counsel representing investors in a stock-for-stock merger of two widely held public companies, seeking to remedy the inadequate consideration the stockholders of Sulphur received as part of the merger. In June 2005, the Court of Chancery denied defendants' motions for summary judgment, allowing Plaintiffs to try each and every breach of fiduciary duty claim asserted in the Action. In denying defendants' motions for summary judgment the Court held there were material issues of fact regarding certain board member's control over the Board including the Special Committee members and the fairness of the process employed by the Special Committee implicating the duty of entire fairness and raising issues regarding the validity of the Board action authorizing the merger. The decision has broken new ground in the field of corporate litigation in Delaware. Before the trial commenced, Plaintiffs and Defendants agreed in principle to settle the case. The settlement, which was approved in April 2006, provides for a cash fund of $17,500,000.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

***In re Chiron Shareholder Deal Litigation**, Case No. RG05-230567 (Cal. Super.) &   In re Chiron Corporation Shareholder Litigation, C.A. No. 1602-N, Delaware Court of Chancery*

C&T represents stockholders of Chiron Corporation in an action which challenged the proposed acquisition of Chiron Corporation by its 42% stockholder, Novartis AG.  Novartis announced a $40 per share merger proposal on September 1, 2005, which was rejected by Chiron on September 5, 2005. On October 31, Chiron announced an agreement to merge with Novartis at a price of $45 per share. C&T was co-lead counsel in the consolidated action brought in the Delaware Court of Chancery. Other similar actions were brought by other Chiron shareholders in the Superior Court of California, Alameda City. The claims in the Delaware and California actions were prosecuted jointly in the Superior Court of California. C&T, together with the other counsel for the stockholders, obtained an order from the California Court granting expedited proceedings in connection with a motion preliminary to enjoin the proposed merger.  Following extensive expedited discovery in March and April, 2006, and briefing on the stockholders' motion for injunctive relief, and just days prior to the scheduled hearing on the motion for injunctive relief, C&T, together with Co-lead counsel in the California actions, negotiated an agreement to settle the claims which included, among other things, a further increase in the merger price to $48 per share, or an additional $330 million for the public stockholders of Chiron.  On July 25, 2006, the Superior Court of California, Alameda County, granted final approval to the settlement of the litigation.

***Gelfman v. Weeden Investors, L.P., Civ. Action No. 18519-NC, Delaware Court of Chancery***

Chimicles & Tikellis LLP served as class counsel, along with other plaintiffs' firms, in this action against the Weeden Partnership, its General Partner and various individual defendants filed in the Court of Chancery in the State of Delaware.  In this Class Action, Plaintiffs alleged that Defendants breached their fiduciary duties to the investors and breached the Partnership Agreement. The Delaware Chancery Court conducted a trial in this action which was concluded in December 2003. Following the trial, the Chancery Court received extensive briefing from the parties and heard oral argument.  On June 14, 2004, the Chancery Court issued a memorandum opinion, which was subsequently modified, finding that the Defendants breached their fiduciary duties and the terms of the Partnership Agreement, with respect to the investors, and that Defendants acted in bad faith ("Opinion"). This Opinion from the Chancery Court directed an award of damages to the classes of investors, in addition to other relief.  In July 2004, Class Counsel determined that it was in the best interests of the investors to settle the Action for over 90% of the value of the monetary award under the Opinion (over $8 million).

***I.G. Holdings Inc., et al.  v. Hallwood Realty, LLC, et al., C.A. No. 20283, Delaware Court of Chancery.***

In the Delaware Court of Chancery, C& T represented the public unitholders of Hallwood Realty L.P.  The action challenged the general partner's refusal to redeem the Partnership's rights plan or to sell the Partnership to maximize value for the public unitholders. Prior to the filing of the action, the Partnership paid no distributions and  Units of the Partnership normally traded in the range of $65 to $85 per unit. The prosecution of the action by C&T caused the sale of the Partnership, ultimately yielding approximately $137 per Unit for the unitholders plus payment of the attorneys' fees of the Class.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

***Southeastern Pennsylvania Transportation Authority v. Josey***, **et. al., C.A. No. 5427, Delaware Court of Chancery.**

Chimicles & Tikellis served as class counsel in this action challenging the acquisition of Mariner Energy, Inc. by Apache Corporation.  Following expedited discovery, C&T negotiated a settlement which led to the unprecedented complete elimination of the termination fee from the merger agreement and supplemental disclosures regarding the merger.  On March 15, 2011, the Delaware Court of Chancery granted final approval to the settlement of the litigation.

***In re Pepsi Bottling Group, Inc. Shareholders Litigation***, **C.A. No. 4526, Delaware Court of Chancery.**

The Firm served as class counsel, along with several other firms challenging PepsiCo's buyout of Pepsi Bottling Group, Inc. C&T's efforts prompted PepsiCo to raise its buyout offer for Pepsi Bottling Group, Inc. by approximately $1 billion and take other steps to improve the buyout on behalf of public stockholders.

***In re Atlas Energy Resources LLC, Unitholder Litigation***, **Consol C.A. No. 4589, Delaware Court of Chancery.**

The Firm was co-lead counsel in an action challenging the fairness of the acquisition of Atlas Energy Resources LLC by its controlling shareholder, Atlas America, Inc.  After over two-years of complex litigation, the Firm negotiated a $20 million cash settlement, which was finally approved by the court on May 14, 2012.

***In re J. Crew Group, Inc. S'holders Litigation***, **C.A. No. 6043, Delaware Court of Chancery.**

The Firm was co-lead counsel challenging the fairness of a going private acquisition of J.Crew by TPG and members of J.Crew's management.  After hard-fought litigation, the action resulted in a settlement fund of $16 million and structural changes to the go-shop process, including an extension of the go-shop process, elimination of the buyer's informational and matching rights and requirement that the transaction to be approved by a majority of the unaffiliated shareholders.  The settlement was finally approved on December 16, 2011.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

***In re McKesson Derivative Litigation, Saito**, et al.  v. McCall, et al., C.A. No. 17132, Delaware Court of Chancery.*

As Lead Counsel in this stockholder derivative action, C&T challenged the actions of the officers, directors and advisors of McKesson and HBOC in proceeding with the merger of the two companies when their managements were allegedly aware of material accounting improprieties at HBOC.  In addition, C&T also brought (under Section 220 of the Delaware Code) a books and records case to discover information about the underlying events. C&T successfully argued in the Delaware Courts for the production of the company's books and records which were used in the preparation of an amended derivative complaint in the derivative case against McKesson and its directors. Seminal opinions have issued from both the Delaware Supreme Court and Chancery Court about Section 220 actions and derivative suits as a result of this lawsuit. Plaintiffs agreed to a settlement of the derivative litigation subject to approval by the Delaware Court of Chancery, pursuant to which the Individual Defendants' insurers will pay $30,000,000 to the Company. In addition, a claims committee comprised of independent directors has been established to prosecute certain of Plaintiffs' claims that will not be released in connection with the proposed settlement. Further, the Company will maintain important governance provisions among other things ensuring the independence of the Board of Directors from management. On February 21, 2006, the Court of Chancery approved the Settlement and signed the Final Judgment and Order and Realignment Order.


***Barnes & Noble Inc.,** C.A. No. 4813, Delaware Court of Chancery.*

C&T served as Co-Lead Counsel in a shareholder lawsuit brought derivatively on behalf of Barnes & Noble ("B&N") alleging wrongdoing by the B&N directors for recklessly causing B&N to acquire Barnes & Noble College Booksellers, Inc. ("College Books") the "Transaction") from B&N's founder, Chairman and controlling stockholder, Leonard Riggio ("Riggio") at a grossly excessive price, subjecting B&N to excessive risk.  The case settled for nearly $30 million and finally approved by the court on September 4, 2012.


***Sample v. Morgan**, et. al., C.A. No. 1214-VCS, Delaware Court of Chancery.*

Action alleging that members of the board of directors of Randall Bearings, Inc. breached their fiduciary duties to the company and its stockholders and committed corporate waste. The action resulted in an eve-of-trial settlement including revocation of stock issued to insiders, a substantial cash payment to the corporation and reformation of the Company's corporate governance.  The Court finally approved the settlement on August 5, 2008.


***Manson v. Northern Plain Natural Gas Co**., LLC, et. al., C.A. No. 1973-N, Delaware Court of Chancery.*

Chimicles & Tikellis served as counsel in a class and derivative action asserting contract and fiduciary duty claims stemming from dropdown asset transactions to a partnership from an affiliate of its general partner. The case settled for a substantial adjustment (valued by Plaintiff's expert to be worth more than $100 million) to the economic terms of units issued by the partnership in exchange for the assets.  The settlement was finally approved by the Court on January 18, 2007

# Representative Cases

## Consumer Cases

***Lockabey v. American Honda Motors Co., Inc.*, Case No. 37-2010-00087755-CU-BT-CTL, San Diego County Superior Court**

Mr. Chimicles is co-lead counsel in a nationwide class action involving fuel economy problems encountered by purchasers of Honda Civic Hybrids ("HCH"). *Lockabey v. American Honda Motors Co., Inc.*, Case No. 37-2010-00087755-CU-BT-CTL (Super. Ct. San Diego). After nearly five years of litigation in both the federal and state courts in California, a settlement benefiting nearly 450,000 consumers who had leased or owned HCH vehicles from model years 2003 through 2009. Following unprecedented media scrutiny and review by the attorneys general of each state as well as major consumer protection groups, the settlement was approved on March 16, 2012 in a 40 page opinion by the Honorable Timothy B. Taylor of the San Diego County (CA) Superior Court in which the Court stated:

> *The court views this as a case which was difficult and risky... The court also views this as a case with significant public value which merited the 'sunlight' which Class Counsel have facilitated.*

Depending on the number of claims that are filed (deadline will not expire until 6 months after a pending single appeal is resolved), the Class will garner benefits ranging from $100 million to $300 million.

***In re Pennsylvania Baycol: Third-Party Payor Litigation*, Case No. 001874, Court of Common Pleas, Philadelphia County.**

In connection with the withdrawal by Bayer of its anti-cholesterol drug Baycol, C&T represents various Health and Welfare Funds, including the Pennsylvania Employees Benefit Trust Fund, and a certified national class of "third party payors" seeking damages for the sums paid to purchase Baycol for their members/insureds and to pay for the costs of switching their members/insureds from Baycol to an another cholesterol-lowering drug. The Philadelphia Court of Common Pleas granted plaintiffs' motion for summary judgment as to liability; this is the first and only judgment that has been entered against Bayer anywhere in the United States in connection with the withdrawal of Baycol. The Court subsequently certified a national class, and the parties reached a settlement (recently approved by the court) in which Bayer agreed to pay class members a net recovery that approximates the maximum damages (including pre-judgment interest) suffered by class members. The class settlement negotiated by C&T represents a net recovery for third party payors that is between double and triple the net recovery pursuant to a non-litigated settlement negotiated by lawyers representing third party payors such as AETNA and CIGNA that was made available to and accepted by numerous other third party payors (including the TRS). C&T had advised its clients to reject that offer and remain in the now settled class action. On June 15, 2006 the court granted final approval of the settlement.

# Representative Cases

## Consumer Cases

***Shared Medical Systems 1998 Incentive Compensation Plan Litigation, Philadelphia County Court of Common Pleas, Commerce Program, No. 0885.***

Chimicles & Tikellis LLP is lead counsel in this action brought in 2003 in the Philadelphia County Court of Common Pleas. The case was brought on behalf of approximately 1,300 persons who were employees of Defendant Siemens Medical Solutions Health Services Corporation (formerly Shared Medical Systems, Inc.) who had their 1998 incentive compensation plan ("ICP") compensation reduced 30% even though the employees had completed their performance under the 1998 ICP contracts and had earned their incentive compensation based on the targets, goals and quotas in the ICPs.   The Court had scheduled trial to begin on February 4, 2005. On the eve of trial, the Court granted Plaintiffs' motion for summary judgment as to liability on their breach of contract claim.  With the rendering of that summary judgment opinion on liability in favor of Plaintiffs, the parties reached a settlement in which class members will receive a net recovery of the full amount of the amount that their 1998 ICP compensation was reduced. On May 5, 2005, the Court approved the settlement, stating that the case "should restore anyone's faith in class actions as a reasonable way of proceeding on reasonable cases."

***Wong v. T-Mobile USA, Inc.*, Case No. CV 05-cv-73922-NGE-VMM, United States District Court, Eastern District of Michigan.**

Chimicles & Tikellis LLP and the Miller Law Firm P.C. filed a complaint alleging that defendant T-Mobile overcharged its subscribers by billing them for data access services even though T-Mobile's subscribers had already paid a flat rate monthly fee of $5 or $10 to receive unlimited access to those various data services. The data services include Unlimited T-Zones, Any 400 Messages, T-Mobile Web, 1000 Text Messages, Unlimited Mobile to Mobile, Unlimited Messages, T-Mobile Internet, T-Mobile Internet with corporate My E-mail, and T-Mobile Unlimited Internet and Hotspot. Chimicles & Tikellis LLP and the Miller Law Firm defeated a motion by T-Mobile to force resolution of these claims via arbitration and successfully convinced the Court to strike down as unconscionable a provision in T-Mobile's subscription contract prohibiting subscribers from bringing class actions. After that victory, the parties reached a settlement requiring T-Mobile to provide class members with a net recovery of the full amount of the un-refunded overcharges with all costs for notice, claims administration, and counsel fees paid in addition to class members' 100% net recovery. The gross amount of the overcharges, which occurred from April 2003 through June 2006, is approximately $6.7 million. To date, T-Mobile has refunded approximately $4.5 million of those overcharges. A significant portion of those refunds were the result of new policies T-Mobile instituted after the filing of the Complaint. Pursuant to the Settlement, T-Mobile will refund the remaining $2.2 million of un-refunded overcharges.

***In re Checking Account Overdraft Litig.*,  No. 1:09-MD-02036-JLK, United States District Court, Southern District of Florida.**

These Multidistrict Litigation proceedings involve allegations that dozens of banks reorder and manipulate the posting order of consumer debit transactions to maximize their revenue from overdraft fees.  Settlements in excess of $1 billion have been reached with several banks.  C&T was active in the overall prosecution of these proceedings, and was specifically responsible for prosecuting actions against US Bank (pending $55 million settlement) and Comerica Bank (pending $14.5 million settlement).

# Representative Cases

## Consumer Cases

***In re Apple iPhone/iPod Warranty Litig.,* No. 10-CV-01610, United States District Court, Northern District of California** .

C&T is interim co-lead counsel in this case brought by consumers who allege that that Apple improperly denied warranty coverage for their iPhone and iPod Touch devices based on external "Liquid Submersion Indicators" (LSIs).  LSIs are small paper-and-ink laminates, akin to litmus paper, which are designed to turn red upon exposure to liquid.  Plaintiffs alleged that external LSIs are not a reliable indicator of liquid damage or abuse and, therefore, Apple should have provided warranty coverage.   The district court recently granted preliminary approval to a settlement pursuant to which Apple has agreed to pay $53 million to settle these claims.

***Henderson v. Volvo Cars of North America LLC, et al.,* No. 2:09-CV-04146-CCC-JAD, United States District Court, District of New Jersey.**

C&T was lead counsel in this class action lawsuit brought behalf of approximately 90,000 purchasers and lessees of Volvo vehicles that contained allegedly defective automatic transmissions.  After the plaintiffs largely prevailed on a motion to dismiss, the district court granted final approval to a nationwide settlement in March 2013.

***In re Philips/Magnavox Television Litig.,* No. 2:09-cv-03072-CCC-JAD, United States District Court, District of New Jersey.**

This class action was brought by consumers who alleged that a defective electrical component was predisposed to overheating, causing their televisions to fail prematurely.  After the motion to dismiss was denied in large part, the parties reached a settlement in excess of $4 million.

***Physicians of Winter Haven LLC, d/b/a Day Surgery Center v. STERIS Corporation,* No. 1:10-cv-00264-CAB, United States District Court, Northern District of Ohio.**

This case was brought on behalf of a class of hospitals and surgery centers that purchased a sterilization device that allegedly did not receive the required pre-sale authorization from the FDA.  The case settled for approximately $20 million worth of benefits to class members.  C&T, which represented an outpatient surgical center, was the sole lead counsel in this case.

***Smith v. Gaiam, Inc.,* No. 09-cv-02545-WYD-BNB, United States District Court, District of Colorado.**

C&T was co-lead counsel in this consumer case in which a settlement that provided full recovery to approximately 930,000 class members was achieved.

***In re Certainteed Corp. Roofing Shingle Products Liability Litigation,* No, 07-MDL-1817-LP, United States District Court, Eastern District of Pennsylvania.**

This was a consumer class action involving allegations that CertainTeed sold defective roofing shingles. The parties reached a settlement which was approved and valued by the Court at between $687 to $815 million.

# Representative Cases

## Antitrust Cases

***In re TriCor Indirect Purchasers Antitrust Litig.*, No. 05-360-SLR, United States District Court, District of Delaware.**

C&T was liaison counsel in this indirect purchaser case which resulted in a $65.7 million settlement. The plaintiffs alleged that manufacturers of a cholesterol drug engaged in anticompetitive conduct, such as making unnecessary changes to the formulation of the drug, which was designed to keep generic versions off of the market.

***In re Flonase Antitrust Litig.*, No. 2:08-cv-3301, United States District Court, Eastern District of Pennsylvania.**

C&T was liaison counsel and trial counsel on behalf of indirect purchaser plaintiffs in this pending antitrust case. The plaintiffs allege that the manufacturer of Flonase engaged in campaign of filing groundless citizens petitions with the Food and Drug Administration which was designed to delay entry of cheaper, generic versions of the drug. The court has granted class certification, and denied motions to dismiss and for summary judgment filed by the defendant. A $46 million settlement was reached on behalf of all indirect purchasers a few months before trial was to commence.

***In re In re Metoprolol Succinate End-Payor Antitrust Litig.*, No. 1:06-cv-00071, United States District Court, District of Delaware.**

C&T was liaison counsel for the indirect purchaser plaintiffs in this case, which involved allegations that AstraZeneca filed baseless patent infringement lawsuits in an effort to delay the market entry of generic versions of the drug Toprol-XL. After the plaintiffs defeated a motion to dismiss, the indirect purchaser case settled for $11 million.

***In re Insurance Brokerage Antitrust Litigation*, No. 2:04-cv-05184-GEB-PS, United States District Court, District of New Jersey.**

This case involves allegations of bid rigging and steering against numerous insurance brokers and insurers. The district court has granted final approval to settlements valued at approximately $218 million.