UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION | Civil Action No. 08-51(MCA)(LDW)<br><br>**ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND <u>APPROVING CLASS NOTICE</u>** |

THIS MATTER having been opened to the Court by attorneys for Plaintiffs and attorneys for Defendant, by way of their joint motion for preliminary approval of the proposed Settlement in the above Actions;

WHEREAS, the Court having reviewed and considered the joint motion for preliminary approval and supporting materials filed by Settlement Class Counsel and the Company's Counsel, and having also reviewed the extensive Court file in this Action; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

IT IS THIS 14 day of June, 2016

ORDERED that the Settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby PRELIMINARILY APPROVED. The Court further finds and orders as follows.

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant.

3. The Settlement was the result of the parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations with the aid of an experienced mediator and judges. The Settlement Agreement is not the result of collusion.

4. The extensive proceedings that occurred before the Parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

5. The Settlement falls well within the range of reason. The Settlement has no obvious deficiencies. The Proposed Settlement does not unreasonably favor the Plaintiffs or any segment of the Settlement Class.

6. Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

7. The Court finds, for settlement purposes only, that all requirements of Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied. The Court certifies a Settlement Class, as follows:

> All residents of the United States who were the original purchasers of one or more LG-brand front-loading washing machines, for home and not commercial use, between January 1, 2002 and December 31, 2006.

Excluded from the Class are: (1) LG USA; (2) retailers, wholesalers, and other individuals or entities that purchased the Washers for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the

judge's immediate family; and (5) Settlement Class Members who timely and validly opt to exclude themselves from the Settlement Class.

8. The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

(a) Pursuant to Fed.R.Civ.P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed.R.Civ.P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class as follows:

   i. Whether the Washing Machines are defective;
   ii. Whether LG knew that the Washing Machines were and are defective;
   iii. Whether LG violated various state consumer protection statutes
   iv. Whether LG breached its warranty and/or extended warranties;
   v. Whether LG breached its implied warranties;
   vi. Whether LG has been unjustly enriched;
   vii. Whether, as a result of LG's conduct, Plaintiffs and the Class have suffered damage.

(c) Pursuant to Fed.R.Civ.P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Class Representatives allege that they are purchasers, owners and/or users of vehicles with Washers with Mold and/or Odor Problems. The Court hereby appoints the following Plaintiffs as Class Representatives for the Class: Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill

Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman

(d) Pursuant to Fed.R.Civ.P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

9. The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

(a) Questions of law and fact common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

(b) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10. The Court finds that the content of the proposed Settlement Notices attached as Exhibits F and G to the Settlement Agreement, including the proposed Summary Notice, a proposed long-form Settlement Notice in the form of Frequently Asked Questions and Answers ("FAQ"), a proposed Publication Notice, and the proposed Claim Forms attached as Exhibit A to the Settlement Agreement, satisfy the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(1), and Due Process and accordingly approves those Settlement Notices and Claim Forms.

11. This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as

exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(1), and Due Process.

12. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints Chimicles & Tikellis, LLP, Carella Byrne Cecchi Olstein Brody & Agnello, P.C., Lieff Cabraser Heimann & Bernstein, LLP, Giskan, Solotaroff, & Anderson, LLP and Shepherd Finkelman Miller & Shah, LLP as Class Counsel for the Settlement Class.

13. The Court directs that pursuant to Fed.R.Civ.P. 23(e)(2) a hearing will be held on *October 13, 2016* to consider final approval of the Settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Subscriber Class and Provider Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of service payments to the

5

Representative Plaintiffs. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Claims Administrator's websites.

14. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

(a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Clerk, and must also serve a copy thereof upon the following, by September 13, 2016.

**Counsel for Plaintiffs**

Steven A. Schwartz
Alison G. Gushue
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Ave.
Haverford, PA 19041

Jonathan D. Selbin
Jason L. Lichtman
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

James C. Shah
SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
35 East State Street
Media, PA 19063

James E. Cecchi
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068

Oren S. Giskan
GISKAN, SOLOTAROFF, ANDERSEN
 & STEWART, LLP
11 Broadway, Suite 2150
New York, NY 10004

**Counsel for Defendants**

Scott P. Glauberman
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601

6

(b) Any member of the Settlement Class who files and serves a written objection by the deadline stated in Paragraph 22 of this Order containing a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Notice, may appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. Any attorney representing a member of one of the Settlement Class for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

(c) Any objection to the Settlement must include (i) the Class Member's full name and current address and telephone number; (ii) the serial number of the Washer the Class Member owns or owned; (iii) a description of all of the Class Member's objections, the specific reasons therefore, and any and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; and (iv) the Class Member's signature.

15. Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expense request in this or any other proceeding.

16. The Court appoints Angeion Group as the Independent Claims Administrator ("ICA"). Class Counsel are hereby authorized to retain the ICA to supervise and administer the notice procedure as well as the processing of Claims. Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a) Not later than thirty (30) days after entry of this Order (the "Notice Date"), the ICA shall cause copies of the Summary Notice, substantially in the form attached hereto as Exhibit 1 to be mailed by first-class mail to all Class Members whose last-known mailing address is available, as further detailed in the Settlement Agreement;

(b) Not later than the date Summary Notice is mailed, the ICA shall launch its Settlement Website, as further detailed in the Settlement Agreement;

(c) Within seven (7) days after Summary Notice is mailed, the ICA shall send an electronic copy of the Summary notice to all Class Members for whom an email address is available, as further detailed in the Settlement Agreement;

(d) Within seven (7) days after Summary Notice is mailed, the ICA shall cause to be published the Publication Notice in print and online, as further detailed in the proposed notice plan; and

(e) Within forty-five (45) days after entry of this Order, the ICA shall file with the Court a declaration of compliance with the notice requirements.

17. **Participation in Settlement** – Class Members who wish to participate in the Settlement and receive a distribution from the proceeds of the Settlement Fund must complete and submit a Claim Form, electronically or in paper copy, in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or

submitted online no later than one hundred and twenty (120) calendar days after the Notice Date. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

18. Each Claim Form that is submitted must satisfy the following conditions: (a) it must be properly completed, attested, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation, if documentation is required under the terms of the Settlement Agreement; and (c) it must be attested to under penalty of perjury.

19. Any Class Member that does not submit a timely and valid Claim Form, or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Settlement; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement, and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any and all of the Releasees as more fully described in the Settlement Agreement.

20. Members of either Settlement Class who elect not to participate in the Settlement (*i.e.*, "opt-out") must submit a written request for exclusion that is postmarked no later than sixty (60) days after the mailing of the Summary Notice. The ICA shall compile a list of all Opt-Outs to be filed with the Court no later than the Fairness Hearing.

21. Any member of the Settlement Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Settlement Class and shall be

bound by all the terms and provisions of the Settlement Agreement and the Settlement, including the Release, and Order of Final Judgment. The Court shall resolve any disputes concerning the Opt-Out provisions of the Settlement Agreement.

22. The following are the deadlines for the following events:

| **EVENT** | **DATE** |
|---|---|
| Summary Notice Mailed and Settlement Website Created | Within 30 days after this Order |
| Publication Notice | Within 7 days after Summary Notice |
| Affidavit of Compliance with Notice Requirements | Within 45 days after this Order |
| Filing Motion for Attorney Fees, Service Awards and Reimbursement of Expenses | Within 60 days after this Order |
| Postmark/Filing Deadline for Requests for Exclusions, and Objections | Within 90 days after this Order |
| Service/Filing Notice of Appearance at Fairness Hearing | Within 95 days after this Order |
| Filing Reply to Objections to Settlement and/or Attorneys' Fees and Expenses | Within 110 days after this Order |
| Filing Motion for Final Approval To be Filed by Class Counsel | Within 120 days after this Order |
| Fairness Hearing | October 13, 2016 at 11:00 a.m. |

23. To the extent not otherwise defined herein, all defined terms in this order shall have the meaning assigned in the Settlement Agreement.

24. In the event that the Settlement does not become effective for any reason, this Preliminary Approval Order and Judgment shall be rendered null and shall be vacated, and all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement. If the Settlement does not become effective, the Company and any other Released Persons shall have retained any and all of their current

defenses and arguments thereto (including but not limited to arguments that the requirements of Fed.R.Civ.P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These actions shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

25. All other proceedings in the Actions are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement. No discovery with regarding to any of these Actions, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, all Settlement Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims.

26. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

_____
MADELINE COX ARLEO, U.S.D.J.