UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: LG FRONT LOAD WASHING MACHINE CLASS ACTION LITIGATION | Civil Action No. 08-51(MCA)(LDW) <br><br> **FINAL APPROVAL ORDER AND JUDGMENT** |

THIS MATTER having been opened to the Court by counsel for the Plaintiffs and the Class for final approval of the proposed class action settlement (the "Settlement"), in accordance with the Settlement Agreement and Release dated May 25, 2016 (the "Agreement") [D.E. 404-3] and on the motion for an award of attorneys' fees and costs and approval of incentive awards dated August 9, 2016 [D.E. 409]; and

WHEREAS, the Court finds that it has jurisdiction over this Action and each of the Parties and all Settlement Class Members under 28 U.S.C. § 1332(d) and that venue is proper in this district; and

WHEREAS the Court finds as follows: The Settlement was entered into at arm's length by experienced counsel and only after extensive negotiations with well-respected mediators and the Court. The Settlement is not the result of collusion. The Settlement is fair, reasonable, and adequate;

WHEREAS the Court having reviewed Plaintiffs' Counsel's submissions in support of their request for attorneys' fees, including their time summaries and hourly rates, the Court finds that the request for attorneys' fees is reasonable and appropriate and the hourly rates of each Lead Counsel firm are likewise reasonable and appropriate in a case of this complexity;

WHEREAS, the Court similarly finds that incentive awards to each Class Representative are fair and reasonable; and

WHEREAS, this Court conducted a hearing on October 13, 2016 and has fully considered the record of these proceedings, the representations, arguments and recommendations of counsel, and the requirements of the governing law; and for good cause shown;

IT IS THIS 14 day of October, 2016:

ORDERED that the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Agreement.

2. The "Settlement Class" certified for the sole purpose of consummating the settlement in this Action consists of and is hereinafter defined as:

> all residents of the United States who were the original purchasers of one or more Washers, for home and not commercial use, between January 1, 2002 and December 31, 2006.

Excluded from the Class are: (1) LG USA; (2) retailers, wholesalers, and other individuals or entities that purchased the Washers for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) Settlement Class Members who timely and validly opt to exclude themselves from the Settlement Class.

3. A list of all persons who have timely and validly requested to be excluded from the Settlement Class is annexed hereto as Exhibit A.

4. The Court finds that there have been a total of eight Objections filed to the Settlement that have not been withdrawn. The Court has duly considered these Objections and none provides a basis for not approving the Settlement.

2

5.      The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.

6.      The Court finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23, affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just, reasonable, and adequate.

7.      Based upon the Court's familiarity with the claims and parties, the Court finds that Ralph Ashe, Lyla Boone, Jill Burke, Nancy Cirillo, Paula Cook-Sommer, Richard Demski, Marcia Figueroa, Mike Franko, Glenn Grosso, Lori Grosso, Jason Harper, Gina Harper, Cristen Irving, Cindy Launch, Edward Manzello, Jill Olejniczak, Rick Quinn, Amy Quinn, Kim Scalise, Jonathan Zimmerman, and Carolyn Zimmerman adequately represent the interests of the Settlement Class and hereby appoints them as Class Representatives for the Settlement Class.

8.      The Court finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Lead Class Counsel pursuant to Rule 23:

| | |
|---|---|
| Steven A. Schwartz<br>Alison G. Gushue<br>CHIMICLES & TIKELLIS LLP<br>One Haverford Centre<br>361 W. Lancaster Ave.<br>Haverford, PA 19041 | James E. Cecchi<br>CARELLA, BYRNE, CECCHI,<br>OLSTEIN, BRODY & AGNELLO, P.C.<br>5 Becker Farm Road<br>Roseland, New Jersey 07068 |
| Jonathan D. Selbin<br>Jason L. Lichtman<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor | Oren S. Giskan<br>GISKAN, SOLOTAROFF, ANDERSEN<br>  & STEWART, LLP<br>11 Broadway, Suite 2150<br>New York, NY 10004 |

New York, NY  10013

James C. Shah
SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
35 East State Street
Media, PA  19063

9. The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed reimbursement program available from the Settlement are fair, reasonable and adequate. Accordingly, the Settlement is finally approved by the Court.

10. The Final Approval Order and Judgment as provided under the Agreement should be entered. Such order and judgment shall be fully binding with respect to all members of the Class and shall have res judicata, collateral estoppel, and all other preclusive effect for all of the Released Claims as set forth in the Agreement.

11. The operative complaint in this action, the Consolidated Amended Complaint [D.E. 31], is dismissed with prejudice, and the Released Claims against Defendant are released.

12. Settlement Class Members requesting exclusion from the Class shall not be entitled to receive any reimbursement as described in the Agreement.

13. The Settlement Administrator shall distribute to each Settlement Class Member who timely submitted a complete, properly executed, and valid Claim Form, and who are determined to be eligible to receive benefits under the Agreement, the benefits to which they are entitled.

14. Class Counsel is hereby awarded: (i) $ 5,775,000 in attorneys' fees & expenses

15. Each Class Representative is to receive an incentive award in the sum of $ 4,000.

4

16. The awarded attorneys' fees and costs, and Class Representative incentive awards are to be paid and distributed in accordance with the Agreement.

17. The Court authorizes Lead Class Counsel to allocate the fee and cost award among Class Counsel.

18. Each and every term and provision of the Settlement and Agreement shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

19. The terms of this Final Approval Order and Judgment, and the Settlement and Agreement are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

20. The parties and their counsel are ordered to implement and to consummate the Settlement and Agreement according to its terms and provisions.

21. Other than as set forth herein, the parties shall bear their own costs and attorneys' fees.

22. The releases set forth in the Agreement are incorporated by reference. All Class Members, as of the Effective Date, shall be bound by the releases set forth in the Agreement whether or not they have availed themselves of the benefits of the Settlement.

23. The parties are authorized, without further approval from the Court, to agree in writing to and to adopt such amendments, modifications, and expansions of the Settlement or Agreement as are consistent with the Final Approval Order and Judgment.

24. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid request for exclusion), shall commence, continue, or prosecute any action or proceeding against

Defendant or any other Releasee as set forth in the Agreement in any court or tribunal asserting any of the Released Claims, and are hereby permanently enjoined from so proceeding.

25. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over this action, the parties and the Settlement Class, and the administration and enforcement of the Settlement and Agreement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement or Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the parties' ability to exercise their rights under Paragraph 23 above.

26. Neither the Settlement or Agreement, nor any of its terms and provisions, nor any of the agreements, negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. Offered or received as evidence of or construed as or deemed to be evidence of liability or a presumption, concession or an admission by the Defendant of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action or in any litigation, or otherwise against the Defendant, or of any proposed liability, negligence, fault, wrongdoing or otherwise of the Defendant;

    b. Offered or received as evidence of or construed as or deemed to be evidence of a presumption, concession or an admission of any purported violation of law, breach of duty, liability, default, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by Defendant or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Agreement;

  c. Deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

  d. Construed as a concession or an admission that Class Representatives or the Settlement Class Members have suffered any injury or damage; or, as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to the Class Representatives or the Settlement Class Members, after trial.

  27. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith and designate this case as closed. The operative complaint in this action, the Consolidated Amended Complaint [D.E. 31], is dismissed with prejudice.

_____
MADELINE COX ARLEO, U.S.D.J.

| | Exclusion Requests |
|---|---|
| 1 | Antranette Robinson |
| 2 | Antranette Whitney Robinson |
| 3 | Ayden R Robinson |
| 4 | Barbara Gifford |
| 5 | Barbara Marsden |
| 6 | Belva M Countryman |
| 7 | Brandon Walton Robinson |
| 8 | Carol J Clift |
| 9 | Catherine J Baker |
| 10 | Cathy L Howle |
| 11 | Cheryl DeBriyn |
| 12 | David M Stewart |
| 13 | Debra Hagen |
| 14 | Donna Flowers |
| 15 | Donna Morrone |
| 16 | Garrett Wynne |
| 17 | Gloria Pauline Jackson |
| 18 | James Rains |
| 19 | Jan M Chubb |
| 20 | Jill Wynne |
| 21 | Joan D Kruse |
| 22 | Joan Ries |
| 23 | Judith P Hall |
| 24 | Keitha Jackson |
| 25 | Leonard Robinson |
| 26 | Levon Farra |
| 27 | Linda Lane |
| 28 | Margaret A Surrarrer |
| 29 | Nevaeh Tolliver |
| 30 | Pam Fischbach |
| 31 | Paulette Reitan |
| 32 | Philip E Waldbeser |
| 33 | Sister Francis Mensik on behalf of St Joseph Convent |
| 34 | Steven G Bonneville |
| 35 | Steven H MacLean |
| 36 | Teresita D Pasa |
| 37 | Theresa Gaffney |
| 38 | Tracy Froebel |